# EXHIBIT 1

In the Court of Common Pleas of Philadelphia County
Commonwealth of Pennsylvania

Filed and Attested by the
Office of Judicial Records
01 APR 2020 01:04 pm
A. SILIGRINI

April Ploeger
505 S. 42nd St., Apt. 1F
Philadelphia, PA 19104
      Plaintiff,
      v.

Case No. ____ _____

Trustees of the University of Pennsylvania,
*d.b.a.* The University of Pennsylvania,
a Pennsylvania nonprofit corporation
University of Pennsylvania
Philadelphia PA 19104.
      Defendant

## NOTICE TO DEFEND

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

<div align="center">

Philadelphia Bar Association
Lawyer Referral and Information Service
One Reading Center
Philadelphia PA 19107
Telephone: (215) 238-1701

</div>

# AVISO

Le han demando a usted en la corte. Si usted quiere defenderse de estas demandas expuestas e las paginas siguientes, usted tiene veinte dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no de defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

**LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE, SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION DE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.**

Asociacion De Licenciados De Filadelfia
Servicio De Referencia E Informacion Legal
One Reading Center
Filadelfia, Pennsylvania 19107
Telefono: (215) 238-1701

COMPLAINT

Parties

1. Plaintiff herein is April Ploeger ("Ploeger"), an adult individual currently residing at 505 S. 42nd St., Apt. 1F, Philadelphia, PA 19104.

2. Defendants herein are the Trustees of the University of Pennsylvania, *d.b.a.* The University of Pennsylvania (hereafter, "the University"), a Pennsylvania nonprofit corporation with an address at University of Pennsylvania, Philadelphia PA 19104.

Allegations upon which the Complaint rests

3. This is a Complaint for breach of contract, brought under the common law of Pennsylvania and seeking damages mandated by the common law of contract damages upon a finding of liability against Defendant.

4. Ploeger has suffered financial harm, caused by the University's wrongful actions and inaction, including those set forth in this Complaint.

5. Ploeger was admitted to the University as a full-time, undergraduate student for Fall Semester, 2006.

6. Her health compelled her to request, and the University granted, a leave of absence for that and the following semester (i.e., Fall 2006; Spring 2007).

7. She returned to the University for the Fall 2007 semester, expecting to begin her undergraduate work.

1.

Case ID: 200302766

8. Ploeger quickly realized that she would be unable to pursue her studies without the University's granting her reasonable modifications ("Modifications") in policies, practices, or procedures governing, *inter alia*, the places in which, and the amount of time during which, academic work could be completed at the University.

9. She sought and was granted a second leave of absence, to run through the Fall 2007 and Spring 2008 semesters, during which time she undertook to learn, and did learn, the process governing requests for Modifications at the University.

10.  Upon resumption of her studies at the University in Fall Semester 2008, she sought and was granted Modifications from the University's policies to enable her to proceed with her studies.

11. The Modifications granted for Fall Semester 2008 permitted Ploeger to complete that semester.

12.

   a. Her health did not permit her to continue in Spring 2009, compelling her to request a leave of absence.

   b. The University granted that request.

13.  Each semester through and including Spring 2015, Ploeger requested Modifications and they were granted to her through the actions of William Alexander ("Alexander"), at times relevant to this action Director of the University's Counseling and Psychological Services ("CAPS").

Case ID: 200302766

14.

    a. During spring 2015, responding to ongoing stress and despair, Ploeger tried to commit suicide via overdose.

    b. Her attempt failed, for which Ploeger was then and remains now grateful.

15. Ploeger remained acutely aware of the danger in which her mental health placed her and reported her suicide attempt to CAPS the day after her failed attempt.

16. CAPS' response was to release Ploeger and send her home with a prescription for more of the same pills on which she had overdosed.

17. Ploeger detailed this response to University officials, including the University President and the Vice Provost for University Life.

18. The University's response was to threaten Ploeger with arrest if she again sought to contact the University president.

19. The Vice Provost for Student Life then arranged to meet Ploeger on the University campus.

20. Ploeger went to the meeting hoping to discuss the action and inaction of CAPS and the University's threat of arrest should she again seek to contact the University President.

21. The University police were sent to, and did, enter Ploeger's apartment during her meeting with the Vice Provost.

3.

22. Despite being granted the Modifications she sought for Spring 2015, Ploeger was unable to continue through the Spring 2015 semester because of the distress caused her by the intimidating actions undertaken against her by the University and the harmful inaction of CAPS.

23.

a. She did seek to resume her studies in the Spring, 2016, semester, with at least the Modifications that had been previously granted to her.

b. Her continuing need for the requested Modifications was supported by her physicians.

24.

a. The University's Student Disability Services refused to meet with her under conditions providing for Ploeger's sense of security in such meetings.

b. The Modifications previously granted to Ploeger were not granted for Spring 2016.

25. The direct result of that refusal was Ploeger's inability to complete her semester midterms.

26. The direct result of that inability in turn compelled Ploeger to take a leave of absence for the Spring, 2016, semester.

27. Repeated requests from Ploeger's legal counsel to meet with the University General Counsel's office in pursuit of an amicable resolution were rebuffed.

4.

Case ID: 200302766

28.

    a. Ploeger's education at the University has been and continues to be disrupted.

    b. That disruption alone would and does create an increasingly grave burden upon Ploeger.

29. She is in increasingly grave financial distress.

30. Her health, already needful of care before these actions and inactions by the University, has suffered and continues to suffer increasingly from the latter.

31.

    a. She feels, for the reasons and under the circumstances alleged above, worse than abandoned by the University.

    b. she feels utterly rebuffed by and denied the special services within the University that the University presents to the public and presented to Ploeger as supported by the premier health facilities at the University and specifically at the service of the University's students.

## CONCLUSION

32. In short, a material term of the contractual provisions offered to Ploeger, provisions of the utmost necessity to Ploeger and ones that she accepted by her enrollment at the University, have been breached and remain in breach.

33. That breach, in all its manifestations is the material cause of the distress – financial, physical, educational – in which she has for long been placed by the University and in which she now remains.

Case ID: 200302766

34. The allegations set forth in Paragraphs 1 through 33 above are incorporated in this Paragraph 34 as if set forth herein in full.

35.

    a. The allegations set forth in Paragraph 34 state a claim for breach of contract.

    b. That breach, and the damage it has caused and is causing, continues through the present and despite efforts by Ploeger and her counsel to resolve this dispute.

## DEMAND FOR RELIEF

36. **WHEREFORE**, for the reasons and under the circumstances set forth above, Ploeger with respect for the Court and in reliance upon the law and facts demands of the Court a trial on the merits of this matter and will at the end of such trail seek an order in favor of Plaintiff and against Defendant; money damages in an amount in excess of the jurisdictional amount and in such specific amount as the Court finds just under applicable law applied to the evidence of record; and such further relief as the Court may determine to be just.

/s/ E. Daniel Larkin
E. Daniel Larkin - Counsel for Plaintiff
PA Atty. ID 32395
742 S. Latches Lane
Merion Station PA 19066
610.660.5201 (ph.); 610.660.5940 (fax)
dan@danlarkinlaw.com

Dated: March 4, 2020

6

Case ID: 200302766

**Dated: March 4, 2020**

## VERIFICATION

The undersigned, April Ploeger, affirms and verifies that she is the Plaintiff named in the foregoing Complaint filed on her behalf with this Verification in the matter known as *Ploeger v. Trustees of the University of Pennsylvania, d.b.a University of Pennsylvania* (Philadelphia Court of Common Pleas); that she has read the foregoing Complaint; that she is familiar, through personal knowledge, with the facts averred therein; and that all factual averments in such Complaint are true and correct to the best of her knowledge.

The undersigned makes this statement subject to the penalties provided by 18 Pa.C.S. Section 4904 relating to unsworn falsification to authorities.

April Ploeger
Plaintiff in the matter referred

to above

Dated: March 4, 2020

Case ID: 200302766

CERTIFICATE OF SERVICE

I certify that on April 1, 2020, I caused a true and correct copy of the foregoing verified Complaint to be served upon Defendant by first class mail addressed to Wendy S. White, Esquire, identified as Defendant's Senior Vice President and General Counsel (*see*, https://www.upenn.edu/ogc/white.html, on this date) at the following address:

Wendy S. White, Esquire
Office of The Sr. Vice President and General Counsel
FMC Tower At Cira Centre South
2929 Walnut Street, Suite 400
Philadelphia, Pa 19104

and:

By attachment to an e-mail addressed to the General Counsel at wendy.white@ogc.upenn.edu

/s/E. Daniel Larkin
E. Daniel Larkin
742 S. Latches Lane
Merion PA 19066
610.660.5201

# EXHIBIT 2

In the Court of Common Pleas of Philadelphia County,
Commonwealth of Pennsylvania

Filed and Attested by the
Office of Judicial Records
04 JUN 2020 07:35 pm
M. RUSSO

April Ploeger
505 S. 42nd St., Apt. 1F
Philadelphia, PA 19104
     Plaintiff,

       v.

**March Term 2020**
**Case No.: 2766**

Trustees of the University of Pennsylvania,
*d.b.a.* The University of Pennsylvania,
a Pennsylvania nonprofit corporation
University of Pennsylvania
Philadelphia PA 19104.
     Defendant

## NOTICE TO DEFEND

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

**Philadelphia Bar Association**
**Lawyer Referral and Information Service**
**One Reading Center**
**Philadelphia PA 19107**
**Telephone: (215) 238-1701**

## AVISO

Le han demando a usted en la corte. Si usted quiere defenderse de estas demandas expuestas e las paginas siguientes, usted tiene veinte dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no de defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

**LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE, SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION DE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.**

**Asociacion De Licenciados De Filadelfia**
**Servicio De Referencia E Informacion Legal**
**One Reading Center**
**Filadelfia, Pennsylvania 19107**
**Telefono: (215) 238-1701**

FIRST AMENDED COMPLAINT

Parties

1. Plaintiff herein is April Ploeger ("Ploeger"), an adult individual currently residing at 505 S. 42nd St., Apt. 1F, Philadelphia, PA 19104.

2. Defendants herein are the Trustees of the University of Pennsylvania, *d.b.a.* The University of Pennsylvania (hereafter, "the University"), a Pennsylvania nonprofit corporation with an address at University of Pennsylvania, Philadelphia PA 19104.

Allegations upon which the Complaint rests

3. This is an Amended Complaint for breach of contract, brought under the common law of Pennsylvania and seeking damages mandated by the common law of contract damages upon a finding of liability against Defendant.

4. Ploeger has suffered financial harm, caused by the University's wrongful actions and inaction, including those set forth in this Complaint.

5. Ploeger was admitted to the University as a full-time, undergraduate student for Fall Semester, 2006.

6. Her health compelled her to request, and the University granted, a leave of absence for that and the following semester (i.e., Fall 2006; Spring 2007).

7. She returned to the University for the Fall 2007 semester, expecting to begin her undergraduate work.

1.

Case ID: 200302766

8. Ploeger quickly realized that she would be unable to pursue her studies without the University's granting her reasonable modifications ("Modifications") in policies, practices, or procedures governing, *inter alia*, the places in which, and the amount of time during which, academic work could be completed at the University.

9. She sought and was granted a second leave of absence, to run through the Fall 2007 and Spring 2008 semesters, during which time she undertook to learn, and did learn, the process governing requests for Modifications at the University.

10. Upon resumption of her studies at the University in Fall Semester 2008, she sought and was granted Modifications from the University's policies to enable her to proceed with her studies.

11. The Modifications granted for Fall Semester 2008 permitted Ploeger to complete that semester.

12.

    a. Her health did not permit her to continue in Spring 2009, compelling her to request a leave of absence.

    b. The University granted that request.

2.

13. Each semester through and including Spring 2015, Ploeger requested Modifications and they were granted to her through the actions of William Alexander ("Alexander"), at times relevant to this action Director of the University's Counseling and Psychological Services ("CAPS").

14.

    a. During spring 2015, responding to ongoing stress and despair, Ploeger tried to commit suicide via overdose.

    b. Her attempt failed, for which Ploeger was then and remains now grateful.

15. Ploeger remained acutely aware of the danger in which her mental health placed her and reported her suicide attempt to CAPS the day after her failed attempt.

16. CAPS' response was to release Ploeger and send her home with a prescription for more of the same pills on which she had overdosed.

17. Ploeger detailed this response to University officials, including the University President and the Vice Provost for University Life.

18. The University's response was to threaten Ploeger with arrest if she again sought to contact the University president.

3.

19. The Vice Provost for Student Life then arranged to meet Ploeger on the University campus.

20. Ploeger went to the meeting hoping to discuss the action and inaction of CAPS and the University's threat of arrest should she again seek to contact the University President.

21. The University police were sent to, and did, enter Ploeger's apartment during her meeting with the Vice Provost.

22. Despite being granted the Modifications she sought for Spring 2015, Ploeger was unable to continue through the Spring 2015 semester because of the distress caused her by the intimidating actions undertaken against her by the University and the harmful inaction of CAPS.

23.

    a. She did seek to resume her studies in the Spring, 2016, semester, with at least the Modifications that had been previously granted to her.

    b. Her continuing need for the requested Modifications was supported by her physicians.

4.

Case ID: 200302766

24.

    a. The University's Student Disability Services refused to meet with her under conditions providing for Ploeger's sense of security in such meetings.

    b. The Modifications previously granted to Ploeger were not granted for Spring 2016.

25. The direct result of that refusal was Ploeger's inability to complete her semester midterms.

26. The direct result of that inability in turn compelled Ploeger to take a leave of absence for the Spring, 2016, semester.

27. Repeated requests from Ploeger's legal counsel to meet with the University General Counsel's office in pursuit of an amicable resolution were rebuffed.

28.

    a. Ploeger's education at the University has been and continues to be disrupted.

    b. That disruption alone would and does create an increasingly grave burden upon Ploeger.

29. She is in increasingly grave financial distress.

30. Her health, already needful of care before these actions and inactions by the University, has suffered and continues to suffer increasingly from the latter.

Case ID: 200302766

31.

a. She feels, for the reasons and under the circumstances alleged above, worse than abandoned by the University.

b. she feels utterly rebuffed by and denied the special services within the University that the University presents to the public and presented to Ploeger as supported by the premier health facilities at the University and specifically at the service of the University's students.

## CONCLUSION

32.

a. In short, a material terms of the contractual provisions (the "Contractual Provisions") offered to Ploeger by the University, provisions of the utmost necessity to Ploeger and ones that she accepted by her enrollment at the University, have been breached and remain in breach.

b. The terms alleged by Ploeger to have been breached are set forth by the University on its website and are cited to with specificity at Exhibit "A" to this Amended Complaint and are incorporated herein as if set forth in full.

33. That breach, in all its manifestations is the material cause of the distress – financial, physical, educational – in which she has for long been placed by the University and in which she now remains.

6.

Case ID: 200302766

34. The allegations set forth in Paragraphs 1 through 33 above are incorporated in this Paragraph 34 as if set forth herein in full.

35.

    a. The allegations set forth in Paragraph 34 state a claim for breach of contract.

    b. That breach, and the damage it has caused and is causing, continues through the present and despite efforts by Ploeger and her counsel to resolve this dispute.

<u>DEMAND FOR RELIEF</u>

36. **WHEREFORE**, for the reasons and under the circumstances set forth above, Ploeger with respect for the Court and in reliance upon the law and facts demands of the Court a trial on the merits of this matter and will at the end of such trail seek an order in favor of Plaintiff and against Defendant; money damages in an amount in excess of the jurisdictional amount and in such specific amount as the Court finds just under applicable law applied to the evidence of record; and such further relief as the Court may determine to be just.

<u>/s/ E. Daniel Larkin</u>
E. Daniel Larkin - Counsel for Plaintiff
PA Atty. ID 32395
742 S. Latches Lane
Merion Station PA 19066
610.660.5201 (ph.); 610.660.5940 (fax)
dan@danlarkinlaw.com

Dated: June 3, 2020

7.

Case ID: 200302766

*Ploeger v. Trustees of the University of Pennsylvania*

**First Amended Complaint**

**Philadelphia County Court of Common Pleas**

**March Term 2020 No: 2766**

**Exhibit "A"**
Health & Wellness

Home to a world-class medical, nursing and veterinary school, Penn is deeply dedicated to high-quality patient care and the advancement of medical, nursing and veterinary science. https://www.wellnessatpenn.com/

Medical Service Providers

**<u>University of Pennsylvania Health System</u>**

Penn Medicine's central source for information, including physician directories, directions to facilities, online appointment scheduling, and health advice from one of America's best hospitals. https://www.pennmedicine.org/

Health, Counseling, & Mediation for the Penn Community

**<u>Campus Health</u>**

The public health division of Penn's Student Health Service, Campus Health seeks to improve health and well-being across campus through policy, health education, and epidemiology. https://campushealth.wellness.upenn.edu/

**<u>Office of the Chaplain</u>**

Chaplains to the University Community are available to students, faculty and staff for pastoral support, guidance, or informal advising and counseling. https://chaplain.upenn.edu/

Exhibit "A" – p. 1

## Counseling & Psychological Services

CAPS offers confidential free professional mental health care for all Penn students. Available services include individual and group therapy, crisis intervention, structured workshops, psychological testing, medication reviews, and more. https://caps.wellness.upenn.edu/

## Student Health Service

Schedule appointments online and learn about health services available at Penn, including emergency care, insurance, vaccines, and women's health. https://shs.wellness.upenn.edu/

## Wellness at Penn

A core priority for Penn, Wellness at Penn emphasizes holistic health that considers safety, happiness, mental health, resilience, financial well-being. https://www.wellnessatpenn.com/

Exhibit "A" – p. 2

IMG-5119.jpg

Exhibit "A" – p. 2

## VERIFICATION

The undersigned, April Ploeger, affirms and verifies that she is the Plaintiff named in the foregoing Amended Complaint filed on her behalf with this Verification in the matter known as *Ploeger v. Trustees of the University of Pennsylvania, d.b.a University of Pennsylvania* (Philadelphia Court of Common Pleas); that she has read the foregoing Amended Complaint; that she is familiar, through personal knowledge or through information and belief, as pled with specificity in the foregoing Amended Complaint, with the facts averred therein; and that all factual averments in such Amended Complaint are true and correct to the best of her knowledge, information or belief, as specified in the Amended Complaint.

The undersigned makes this statement subject to the penalties provided by 18 Pa.C.S. Section 4904 relating to unsworn falsification to authorities.

April Ploeger
Plaintiff in the matter

referred to above

Dated: June 4, 2020

Case ID: 200302766

1/1

CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania, Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

/s/E. Daniel Larkin
E. Daniel Larkin
742 S. Latches Lane
Merion PA 19066
610.660.5201

CERTIFICATE OF SERVICE

I certify that on June 4, 2020, I caused a true and correct copy of the foregoing First Amended Complaint to be served upon Defendant's counsel of record, Leslie M. Greenspan, Esquire, by first class mail, postage prepaid, at the following address:

Leslie M. Greenspan, Esquire
TUCKER LAW GROUP
Ten Penn Center
1801 Market Street, Suite 2500
Philadelphia PA 19103

and:

By e-mail attachment sent to lgreenspan@tlgattorneys.com

/s/E. Daniel Larkin
E. Daniel Larkin
742 S. Latches Lane
Merion PA 19066
610.660.5201

CERTIFICATE OF SERVICE

*Filed and Attested by the
Office of Judicial Records
04 JUN 2020 07:35 pm
M. RUSSO*

I certify that on June 4, 2020, I caused a true and correct copy of the foregoing First Amended Complaint to be served upon Defendant's counsel of record, Leslie M. Greenspan, Esquire, by first class mail, postage prepaid, at the following address:

Leslie M. Greenspan, Esquire
TUCKER LAW GROUP
Ten Penn Center
1801 Market Street, Suite 2500
Philadelphia PA 19103

and:

By e-mail attachment sent to lgreenspan@tlgattorneys.com

/s/E. Daniel Larkin
E. Daniel Larkin
742 S. Latches Lane
Merion PA 19066
610.660.5201

# EXHIBIT 3

In the Court of Common Pleas of Philadelphia County
Commonwealth of Pennsylvania

*Filed and Attested by the
Office of Judicial Records
07 AUG 2020 12:43 am
M. RUSSO*

April Ploeger
505 S. 42nd St., Apt. 1F
Philadelphia, PA 19104
    Plaintiff,

       v.

**March Term 2020**
**Case No.: 2766**

Trustees of the University of Pennsylvania,
*d.b.a.* The University of Pennsylvania,
a Pennsylvania nonprofit corporation
University of Pennsylvania
Philadelphia PA 19104.
    Defendant

### NOTICE TO DEFEND

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

Case ID: 200302766

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

**Philadelphia Bar Association**
**Lawyer Referral and Information Service**
**One Reading Center**
**Philadelphia PA 19107**
**Telephone: (215) 238-1701**

**AVISO**

Le han demando a usted en la corte. Si usted quiere defenderse de estas demandas expuestas e las paginas siguentes, usted tiene veinte dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no de defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

**LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE, SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION DE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.**

**Asociacion De Licenciados De Filadelfia**
**Servicio De Referencia E Informacion Legal**
**One Reading Center**
**Filadelfia, Pennsylvania 19107**
**Telefono: (215) 238-1701**

## SECOND AMENDED COMPLAINT

### Parties

1. Plaintiff herein is April Ploeger ("Ploeger"), an adult individual currently residing at 505 S. 42nd St., Apt. 1F, Philadelphia, PA 19104.

2. Defendants herein are the Trustees of the University of Pennsylvania, *d.b.a.* The University of Pennsylvania (hereafter, "the University"), a Pennsylvania nonprofit corporation with an address at University of Pennsylvania, Philadelphia PA 19104.

### Causes of Action Pled

3. This is an action for damages brought under the common law of contract controlling in Pennsylvania or, in the alternative, under the doctrine of equitable estoppel.

### Allegations upon which the Complaint rests

4.

    a. Ploeger has suffered financial harm, caused by the University's material breaches of its contractual obligations to Ploeger, both through actions and failures to act, including those set forth in this Amended Complaint.

    b. She has paid money to, and incurred debt owed to, the University in reliance upon and in payment for the University's promise of services to her.

1.

5.

a. When Ploeger began here search for a college or university to attend she did so in the context of a superior academic record and precarious health.

b. Her health concerns included several autoimmune disorders and severe depression and anxiety

c. It was, therefore, both realistic to consider highly selective universities and essential that she choose a school that provided outstanding, compassionate, student health care.

6.

a. Ploeger learned that the University's Counseling and Psychological Services ("CAPS") provided free counseling to students.

b. She also learned that the University's Student Health Service ("SHS") provided physical healthcare to the University's students; unlike CAPS, there is a fee for SHS, paid by obligatory insurance coverage, but the University offered Ploeger a grant to pay for the insurance premiums.

7. She learned of these benefits by:

a. reading the University's own proclamations on its website; and

2

Case ID: 200302766

b. by a reaffirmation given to her in a phone conversation with University officials serving in what Ploeger recalls was referred to as the "College office;" and

c. by being told, by the University's "College office," that the University's health services were not only free, they were very good.

8 The University's provision of these healthcare services, and its official's reaffirming them, was:

a. "one of the top reasons" Ploeger chose to enroll in the University; and

b. *the* reason she chose the University rather than Dartmouth.

9. Thus convinced, and motivated by the benefit of the health services promised her should she reroll at the University, Ploeger applied for admission to the University as a full-time, undergraduate student for Fall Semester, 2006.

10. Her application was accepted, and she entered her freshman year.

11. Her ill-health, however, compelled her to request, and the University granted, a leave of absence for what would have been her first two semesters at the University (i.e., Fall 2006; Spring 2007).

12. She returned to the University for the Fall 2007 semester, expecting then to begin her undergraduate work.

3

13. Upon her return Ploeger quickly realized that she would be unable to pursue her studies without the University's granting her reasonable modifications ("Modifications") in policies, practices, or procedures governing, *inter alia*, the places in which, and the amount of time during which, academic work could be completed at the University.

14. Not knowing the process governing requests for Modifications at the University. Ploeger sought and was granted a second leave of absence, to run through the Fall 2007 and Spring 2008 semesters, during which time she undertook to learn, and did learn, the process governing requests for Modifications at the University.

15. Upon resumption of her studies at the University in Fall Semester 2008, she sought and was granted Modifications from the University's policies to enable her to proceed with her studies.

16. The Modifications granted for Fall Semester 2008 permitted Ploeger to complete that semester.

17.

    a. Beneficial as the Modifications were, Ploeger's health nonetheless did not permit her to continue in Spring 2009, but compelled her to request a leave of absence.

Case ID: 200302766

b. The University granted that request.

18. Each semester through and including Spring 2015, Ploeger requested Modifications, and they were granted to her upon request through the actions of Dr. William Alexander ("Alexander"), at times relevant to this action Director of the University's CAPS.

19. Despite the benefit provided by the Modifications, and despite the University's proclaimed devotion to caring for the mental and physical health of its students, Ploeger's mental and physical health in fact continued to deteriorate because of improper treatment and actual cruelty at the hands of CAPS.

20.

a. In 2008 Ploeger showed Dr. Alexander where she had cut herself along her left arm and one of her wrists in an attempt to self-harm and attempt suicide.

b. Dr. Alexander told Ploeger to go home and "put a band aid on it."

21. In 2015 Dr. Alexander threatened Ploeger after she made it known that after she had tried to overdose and told Dr. Alexander what she had done, in hopes of being admitted to the University's mental health center,  Dr. Alexander instead gave her more of the same pills on which she had overdosed the night before.

5

22.

    a. In 2008 Ploeger sought out a radiologist at the University, Dr. Deborah Niles, complaining of intense pain in her back.

    b. Dr. Niles took x-rays of Ploeger's back.

    c. Instead of telling Ploeger -- as Ploeger was told by another doctor years later -- that the x-ray showed several compression fractures, Dr. Niles permitted Ploeger to believe that her pain was just a generalized problem.

23.

    a. In 2007 Ploeger went to a counselor at CAPS and told the counselor that she, Ploeger, was suicidal.

    b. The counselor in reply told Ploeger to "do what you have to do, I don't have time for this."

24. Rather than providing the superior health care of which the University boasted, Dr. Alexander's social behavior toward Ploeger materially harmed her already fragile mental health.

25. When Ploeger sought refuge from the distress of these actions by speaking of them in 2015 to Dr. Max King, Vice Provost for University Life and University President Dr. Amy Guttman, she was rebuffed and told by phone that she would be arrested if she addressed these issues with President Guttman again or attempted to

Case ID: 200302766

say anything to anyone about Dr. Alexander's behavior.

26. Also in 2015, when Ploeger was meeting in the office of the Vice Provost for University Life the University police gained access to Ploeger's apartment and left it ransacked.

27.

a. In 2016, on her attempt to resume studies at the University, Ploeger brought notes from three medical professionals, including a psychologist and a psychiatrist, all speaking of Ploeger's need for Modifications.

b. Rather than granting Ploeger the Modifications she sought upon her request and the support of medical professionals, as had been done in the past, she was told that she would have to meet with counsellors at CAPS.

c. She asked leave to bring an advocate with her, and was refused.

28.

a. Unable to gain the accommodations she sought, and had always in the past been granted, Ploeger was not able to complete her midterms.

b. That in turn forced her to drop the semester.

c. That in turn destroyed her mental health and left her destitute and homeless.

Case ID: 200302766

29. Ploeger will testify that had she known the truth, rather than simply the claims presented, of CAPS she would, without question, have chosen to attend a different university.

30.

    a. Ploeger's education at the University has been and continues to be disrupted.

    b. That disruption alone would and does create an increasingly grave burden upon Ploeger.

31. She is in increasingly grave financial distress.

32. Her health, already needful of care before these actions and inactions by the University, has suffered and continues to suffer increasingly from the latter.

33.

    a. She feels, for the reasons and under the circumstances alleged above, worse than abandoned by the University.

    b. She feels utterly rebuffed by and denied the special services within the University that the University presents to the public and presented to Ploeger as supported by the premier health facilities at the University and specifically at the service of the University's students.

8

Case ID: 200302766

# CONCLUSION

34.

a. In short, material terms of the contractual provisions (the "Contractual Provisions") offered to Ploeger by the University, provisions of the utmost necessity to Ploeger and ones that she accepted by her enrollment at the University, have been breached and remain in breach.

b. The terms alleged by Ploeger to have been breached are set forth by the University on its website and are cited to with specificity at Exhibit "A" to the First Amended Complaint and are incorporated herein as if set forth in full.

35. That breach, in all its manifestations, is the material cause of the distress – financial, physical, educational – in which she has for long been placed by the University and in which she now remains.

36. The allegations set forth in Paragraphs 1 through 35 above are incorporated in this Paragraph 36 as if set forth herein in full.

37.

a. The allegations set forth in Paragraph 36 state a claim for breach of contract or in the alternative for equitable relief under the doctrine of estoppel.

b. That breach, and the damage it has caused and is causing, continues through the present.

Case ID: 200302766

<u>DEMAND FOR RELIEF</u>

38. **WHEREFORE**, for the reasons and under the circumstances set forth above, Ploeger with respect for the Court and in reliance upon the law and facts demands of the Court a trial on the merits of this matter and will at the end of such trail seek an order in favor of Plaintiff and against Defendant; money damages in an amount in excess of the jurisdictional amount and in such specific amount as the Court finds just under applicable law applied to the evidence of record; and such further relief as the Court may determine to be just.

<u>/s/ E. Daniel Larkin</u>
E. Daniel Larkin,
Counsel for Plaintiff
PA Atty. ID 32395
742 S. Latches Lane
Merion Station PA 19066
610.660.5201 (ph.)
610.660.5940 (fax)
dan@danlarkinlaw.com

Tendered August 7, 2020, at c. 12:15 a.m.

10

CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania, Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

/s/E. Daniel Larkin
E. Daniel Larkin
742 S. Latches Lane
Merion PA 19066
610.660.5201

CERTIFICATE OF SERVICE

I certify that on August 7, 2020, at c. 12:15 a.m., I caused a true and correct copy of

the foregoing Second Amended Complaint to be served upon Defendant's counsel

of record, Leslie M. Greenspan, Esquire, by first class mail, postage prepaid, at the

following address:

<div align="center">

Leslie M. Greenspan, Esquire
TUCKER LAW GROUP
Ten Penn Center
1801 Market Street, Suite 2500
Philadelphia PA 19103

</div>

and:

By e-mail attachment sent to lgreenspan@tlgattorneys.com

<div align="center">

_____/s/E. Daniel Larkin_____
E. Daniel Larkin

</div>

*Filed and Attested by the*
*Office of Judicial Records*
*07 AUG 2020 12:43 am*
*M. RUSSO*

VERIFICATION

The undersigned, April Ploeger, affirms and verifies that she is the Plaintiff named in the foregoing Second Amended Complaint filed on her behalf with this Verification in the matter known as *Ploeger v. Trustees of the University of Pennsylvania, d.b.a University of Pennsylvania* (Philadelphia Court of Common Pleas); that she has read the foregoing Second Amended Complaint; that she is familiar, through personal knowledge or through information and belief, as pled with specificity in the foregoing Second Amended Complaint, with the facts averred therein; and that all factual averments in such Second Amended Complaint are true and correct to the best of her knowledge, information or belief, as specified in the Amended Complaint.

The undersigned makes this statement subject to the penalties provided by 18 Pa.C.S. Section 4904 relating to unsworn falsification to authorities.

April Ploeger
Plaintiff in the matter referred to above

Dated: August 5, 2020

Case ID: 200302766

# EXHIBIT 4

In the Court of Common Pleas of Philadelphia County
Commonwealth of Pennsylvania

*Filed and Attested by the*
*Office of Judicial Records*
*15 SEP 2020 11:47 pm*
*A. SILIGRINI*

April Ploeger
505 S. 42nd St., Apt. 1F
Philadelphia, PA 19104
      Plaintiff,

        v.

Trustees of the University of Pennsylvania,
*d.b.a.* The University of Pennsylvania,
a Pennsylvania nonprofit corporation
University of Pennsylvania
Philadelphia PA 19104.
      Defendant

**March Term 2020**
**Case No.: 2766**

## NOTICE TO DEFEND

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

**Philadelphia Bar Association**
**Lawyer Referral and Information Service**
**One Reading Center**
**Philadelphia PA 19107**
**Telephone: (215) 238-1701**

## AVISO

Le han demando a usted en la corte. Si usted quiere defenderse de estas demandas expuestas e las paginas siguientes, usted tiene veinte dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no de defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

**LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE, SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION DE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.**

**Asociacion De Licenciados De Filadelfia**
**Servicio De Referencia E Informacion Legal**
**One Reading Center**
**Filadelfia, Pennsylvania 19107**
**Telefono: (215) 238-1701**

THIRD AMENDED COMPLAINT

Parties

1. Plaintiff herein is April Ploeger ("Ploeger"), an adult individual currently residing at 505 S. 42nd St., Apt. 1F, Philadelphia, PA 19104.

2. Defendants herein are the Trustees of the University of Pennsylvania, *d.b.a.* The University of Pennsylvania (hereafter, "the University" or "Penn"), a Pennsylvania nonprofit corporation with an address at University of Pennsylvania, Philadelphia PA 19104.

Causes of Action Pled

3. This is an action in two counts for damages brought under the common law of contract controlling in Pennsylvania (Count 1.) or, in the alternative, under the doctrine of equitable estoppel (Count 2.)

Factual Allegations upon which the Complaint Rests

**Count 1.**

4.

    a. Ploeger began her search for a college or university to attend in the context of a superior academic record and precarious health.

1.

Case ID: 200302766

b. Her health concerns included several autoimmune disorders and severe depression and anxiety.

c. It was, therefore, both realistic for her to consider highly selective universities and essential that she choose a school that both offered and provided outstanding, compassionate, student health care.

5.

a. Ploeger's quest for a university offering outstanding, compassionate, student health care brought the University's offering to her attention.

b. Ploeger learned that the University's Counseling and Psychological Services ("CAPS") provided free counseling to students.

c. She also learned that the University's Student Health Service ("SHS") provided physical healthcare to the University's students; unlike CAPS, there is a fee for SHS, paid by obligatory insurance coverage, but the University offered Ploeger a grant to pay for the insurance premiums.

6. She learned of these benefits by:

a. reading the University's own proclamations on its website;

b. by a reaffirmation of those proclamations given to her in a phone conversation with University officials serving in what Ploeger recalls was referred then referred to as the "College office;" and

2.

Case ID: 200302766

c. by being told, by the University's "College office," that the University's health services were not only free, they were very good.

7 The University's provision of these healthcare services, and its officials' reaffirming them, was:

a. "one of the top reasons" Ploeger chose to enroll in the University; and

b. **the** reason she chose the University rather than Dartmouth.

8. Motivated by the benefit of the health services promised her by the University should she enroll at Penn, Ploeger applied for admission to the University as a full-time, undergraduate student for Fall Semester, 2006.

9. Her application was accepted, and she expected to begin her freshman year in Fall 2006.

10. Her ill-health, however, compelled her to request, and the University granted, a leave of absence for what would have been her first two semesters at the University (i.e., Fall 2006; Spring 2007).

11. She returned to the University for the Fall 2007 semester, expecting then to begin her undergraduate work.

Case ID: 200302766

12. Upon her return Ploeger quickly realized that she would be unable to pursue her studies without the University's granting her reasonable modifications ("Modifications") in policies, practices, or procedures governing, *inter alia*, the places in which, and the amount of time during which, academic work could be completed at the University.

13. Not knowing the process governing requests for Modifications at the University. Ploeger sought and was granted a second leave of absence, to run through the Fall 2007 and Spring 2008 semesters, during which time she undertook to learn, and did learn, the process governing requests for Modifications at the University.

14.  Upon resumption of her studies at the University in Fall Semester 2008, she sought and was granted Modifications from the University's policies to enable her to proceed with her studies.

15. The Modifications granted for Fall Semester 2008 permitted Ploeger to complete that semester.

16.

   a. The Modifications continued to be beneficial for Ploeger, but her health did not permit her to continue in Spring 2009.

   b. She was compelled her to request a leave of absence.

   c. The University granted that request.

<div align="center">4.</div>

Case ID: 200302766

17.

a. Ploeger requested Modifications for each semester through and including Spring 2015.

b. Her requests were uncontested, and granted to her upon request through the actions of Dr. William Alexander ("Alexander"), at times relevant to this action Director of the University's CAPS.

18. Despite the benefit provided by the Modifications, and despite the University's proclaimed devotion to caring for the mental and physical health of its students, Ploeger's mental and physical health in fact continued to deteriorate because of improper treatment and actual cruelty at the hands of the University's health services.

19.

a. In 2008 Ploeger showed Dr. Alexander cuts that she had inflicted along her left arm and on one of her wrists in an attempt to self-harm and attempt suicide.

b. Her hope, having survived, had been to be admitted to Hall Mercer, a mental health care clinic.

c. Dr. Alexander instead gave her a prescription for the same pills on which she had overdosed the night before and told Ploeger to go home and "put a band aid on it."

5.

d. In addition to the harm done to her by Alexander's response to her physical and mental health needs, Ploeger was caused deep distress by his pursuit of personal intimacy with her.

20.

a. Ploeger subsequently disclosed Dr. Alexander's response to her physical and mental health needs, the circumstances in which that response had been made, and the distress caused her by Alexander's pursuit of personal intimacy with her.

b. In 2015 Dr. Alexander threatened Ploeger with retribution for that disclosure.

c. Rather than providing the superior health care offered by the University as a material inducement to her enrollment at the University, Dr. Alexander's conduct toward Ploeger materially harmed her already fragile mental health.

21.

a. In 2008, suffering from intense pain in her back, Ploeger sought out Dr. Deborah Niles, a doctor at the University's Student Health Services.

b. Dr. Niles wrote orders for x-rays of Ploeger's back.

c.

i. Dr. Niles did not tell Ploeger -- as Ploeger was told by another doctor years later -- that the x-ray showed several compression fractures.

6.

Case ID: 200302766

ii. Rather, Dr. Niles permitted Ploeger to believe that her pain was just a generalized problem.

22.

a. In 2007 Ploeger called a counselor at CAPS' afterhours service and told the counselor that she, Ploeger, was suicidal.

b. The counselor in reply told Ploeger to "do what you have to do, I don't have time for this."

23.

a. In 2015 Ploeger sought refuge from the distress of these actions by speaking of them to Dr. Max King, Vice Provost for University Life, as well as to University President Dr. Amy Guttman.

b. The University's response was to rebuff her, telling her by phone that she would be arrested if she addressed these issues with President Guttman again or attempted to say anything to anyone about Dr. Alexander's behavior.

24. Also in 2015, while Ploeger was meeting with the Vice Provost for University Life in the Vice Provost's office, the University police gained access to Ploeger's apartment without Ploeger's permission or prior knowledge and left the apartment ransacked.

7.

25.

    a. In 2016 Ploeger sought to resume her studies at the University, and sought the same Modifications that had been granted to her in the past.

    b. In support of her request, Ploeger brought notes from three medical professionals, including a psychologist and a psychiatrist, all speaking of Ploeger's need for Modifications.

    c. On prior occasions tendering such support sufficient to gain Ploeger the Modifications she sought.

    d. In 2016 she was told that she would have to meet with counsellors at SDS.

26.

    a. Ploeger's experiences with SDS in the Spring of 2015 made her feel unsafe about such a meeting, and she asked leave to bring an advocate with her.

    b. Her request was refused.

27.

    a. When exam dates approached Ploeger felt a desperate need for Modifications.

    b. Impelled by her desperation, she made numerous calls to SDS to state that she would meet with them under any terms just to gain the same Modifications she had always had in the past.

8.

c. Her calls were ignored by SDS.

28.

a. Unable to gain the Modifications she sought, and had always in the past been granted, Ploeger was not able to complete her midterms.

b. That in turn forced her to drop the semester.

c. That in turn destroyed her mental health and left her destitute and homeless.

29. Ploeger will testify that had she known how she brutally different her treatment by CAPS and SDS would be from the claims set forth in the University's offer tendered to entice her enrollment, she would, without question, have chosen to attend a different university.

30.

a. Ploeger's education at the University has been and continues to be disrupted by the breaches cited above of the University's contractual obligations.

b. That disruption alone would and does create an increasingly grave burden upon Ploeger.

31. She is also in increasingly grave financial distress.

32. Her health, already needful of care before these actions and inactions by the University, has suffered and continues to suffer increasingly from the latter.

9.

Case ID: 200302766

33.

a. She feels, for the reasons and under the circumstances alleged above, worse than abandoned by the University.

b. She feels utterly rebuffed by and denied the special services within the University that the University presents to the public and presented to Ploeger as supported by the premier health facilities at the University and specifically at the service of the University's students.

34. Ploeger incorporates the allegations set forth in Paragraphs 4 through 33 in this Paragraph 34.

35. The allegations set forth by incorporation in Paragraph 34 state a claim for breach of contract.

**<u>Count 2.</u>**

36. The allegations of fact set forth by incorporation in Paragraph 34 above are set forth by incorporation in this Paragraph 36.

37. The allegations of fact set forth by incorporation in Paragraph 36 above state, in the alternative, a breach under the equitable doctrine of estoppel.

**10.**

Case ID: 200302766

## CONCLUSION

38.

a. By 2017 Ploeger despaired of her ability to persuade the University to provide the benefits whose offer to her had induced her to enroll at Penn.

b. She therefore engaged the undersigned as legal counsel, with the mutual understanding that every effort would be obtain for Ploeger, without litigation, the support that she had been offered prior to, and whose offer induced, her enrollment at the University.

c. Those efforts having failed to achieve their desired end, this litigation followed.

39. The material terms of the contractual provisions (the "Contractual Provisions") offered to Ploeger by the University and by Ploeger accepted through her enrollment, including the promise of skilled, compassionate health set forth in Exhibit A and of the utmost necessity to Ploeger, have been breached and remain in breach.

40. That breach, in all its manifestations, is the material cause of the distress – financial, physical, educational – in which she has for long been placed by the University and in which she now remains.

11.

Case ID: 200302766

<u>DEMAND FOR RELIEF</u>

41. **WHEREFORE**, for the reasons and under the circumstances set forth above,

Ploeger with respect for the Court and in reliance upon the law and facts demands

of the Court a trial on the merits of this matter and will at the end of such trial seek

an order in favor of Plaintiff and against Defendant; money damages in an amount

in excess of the jurisdictional amount and in such specific amount as the Court finds

just under applicable law applied to the evidence of record; and such further relief

as the Court may determine to be just.

<div style="margin-left:50%;">
/s/ E. Daniel Larkin
E. Daniel Larkin,
Counsel for Plaintiff
PA Atty. ID 32395
742 S. Latches Lane
Merion Station PA 19066
610.660.5201 (ph.)
610.660.5940 (fax)
dan@danlarkinlaw.com
</div>

Tendered September 15, 2020

12

**<u>Exhibit "A"</u>**

Case ID: 200302766

<u>VERIFICATION</u>

The undersigned, April Ploeger, affirms and verifies that she is the Plaintiff named in the foregoing Third Amended Complaint filed on her behalf with this Verification in the matter known as *Ploeger v. Trustees of the University of Pennsylvania, d.b.a University of Pennsylvania* (Philadelphia Court of Common Pleas); that she has read the foregoing Third Amended Complaint; that she is familiar, through personal knowledge or through information and belief, as pled with specificity in the foregoing Third Amended Complaint, with the facts averred therein; and that all factual averments in such Third Amended Complaint are true and correct to the best of her knowledge, information or belief, as specified in the Amended Complaint.

The undersigned makes this statement subject to the penalties provided by 18 Pa.C.S. Section 4904 relating to unsworn falsification to authorities.

_____
April Ploeger
Plaintiff in the matter referred to above

Dated:  September 15, 2020

CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania, Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

                    /s/E. Daniel Larkin
                    E. Daniel Larkin
                    742 S. Latches Lane
                    Merion PA 19066
                    610.660.5201

CERTIFICATE OF SERVICE

I certify that on September 15, 2020, I caused a true and correct copy of the foregoing

Third Amended Complaint to be served upon Defendant's counsel of record, Leslie

M. Greenspan, Esquire, by the Court's civil e-service

and:

By e-mail attachment sent to lgreenspan@tlgattorneys.com

<div align="center">

/s/E. Daniel Larkin
E. Daniel Larkin

</div>

Case ID: 200302766

# EXHIBIT 5

**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY**

**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**

**TRIAL DIVISION- CIVIL**

| | |
|---|---|
| **APRIL PLOEGER,** | Case No.  200302766 |
| Plaintiff, | |
| vs. | **FOURTH AMENDED COMPLAINT IN CIVIL ACTION BY CONSENT PURSUANT TO PA.R.CIV.P. 1033(a)** |
| **TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA,** | |
| Defendant. | Filed on behalf of: Plaintiff, April Ploeger |

Filed by:
**THE TRIAL LAW FIRM, LLC**
Mart Harris, Esquire
Pa. Id. No. 319504
428 Forbes Avenue, Suite 1700
Pittsburgh Pennsylvania, 15219
412.588.0030 (p)
412.265.6505 (f)
MH@TLawF.com

**JURY TRIAL DEMANDED**

Filed and Attested by the
Office of Judicial Records
08 JUN 2022 07:17 am
I. LOWELL

**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY**

**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**

**TRIAL DIVISION- CIVIL**

| | |
|---|---|
| **APRIL PLOEGER,** | Case No.  200302766 |
| Plaintiff, | |
| **vs.** | **FOURTH AMENDED COMPLAINT IN CIVIL ACTION BY CONSENT PURSUANT TO PA.R.CIV.P. 1033(a)** |
| **TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA,** | |
| Defendant. | |

## NOTICE TO DEFEND

   **You have been sued in court.**  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the Case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any claim or relief requested by the Plaintiff.  You may lose money or property or other rights important to you.

   **YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.**

<div align="center">

**PHILADELPHIA BAR ASSOCIATION**
**LAWYER REFERRAL AND INFORMATION SERVICE**
**1101 Market Street, 11th Floor**
**Philadelphia, Pennsylvania 19107**
**(215) 238-6333**

</div>

**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY**

**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**

**TRIAL DIVISION- CIVIL**

| | |
|---|---|
| **APRIL PLOEGER,** | Case No.  200302766 |
| Plaintiff, | |
| **vs.** | **FOURTH AMENDED COMPLAINT IN CIVIL ACTION BY CONSENT PURSUANT TO PA.R.CIV.P. 1033(a)** |
| **TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA,** | |
| Defendant. | |

**<u>AVISO</u>**

**Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted. Lleve esta demanda a un abogado immediatamente. Si no tiene abogado o si ni tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.**

**Asociacion De Licenciados
De Filadelfia Servicio De Referencia E
Informacion Legal
1101 Market St., 11th Piso Filadelfia,
Pennsylvania 19107
(215) 238-6333**

# **FOURTH AMENDED COMPLAINT**

1

2       NOW COMES the Plaintiff, April Ploeger, by and through The Trial Law Firm, LLC

3   and files the within Fourth Amended Complaint in Civil Action, and in support thereof avers

4   that:

5   **Parties, Jurisdiction, and Venue**

6       1.      The Plaintiff is APRIL PLOEGER ("PLOEGER"). PLOEGER is an adult

7   female individual with an address of 505 S. 42nd Street, Apartment 1F, Philadelphia

8   Pennsylvania, 19104.

9       2.      The Defendant is the TRUSTEES OF THE UNIVERSITY OF

10  PENNSYLVANIA ("PENN"). PENN is a private university of higher learning, located in

11  Philadelphia Pennsylvania.

12      3.      Personal jurisdiction over PLOEGER exists, by consent of PLOEGER.

13      4.      Personal jurisdiction over PENN exists pursuant to 42 Pa.C.S. § 5301, et seq.,

14  because it is domiciled and does continuous business in the Commonwealth.

15      5.      This action is brought pursuant to the Pennsylvania Commonlaw, therefore the

16  Pennsylvania Courts of Common Pleas have original subject matter jurisdiction pursuant to 42

17  Pa.C.S. § 931(a).

18      6.      The acts and/or omissions complained of in this lawsuit occurred in and around

19  Philadelphia, Pennsylvania. Therefore, pursuant to 42 Pa.C.S. § 931(c), venue is proper in the

20  Court of Common Pleas of Philadelphia County, First Judicial District of Pennsylvania.

21  **Background Facts- Ploeger's Enrollment and Initial Attendance**

22      7.      All other paragraphs of this lawsuit are incorporated.

23      8.      PLOEGER suffers from auto-immune disease, depression, and anxiety.

24      9.      These conditions, of which she has a record, severely impair her activities of daily

25  living, including but not limited to, proper functioning of her immune system.

Case ID: 200302766

10.     In or around 2006, PLOEGER decided to attend college at PENN instead of Dartmouth College.

11.     PLOEGER chose PENN over Dartmouth College due to PENN's emphasis on student health and wellness, and specifically its statement that PENN's health services were "free" and "very good" as well as similar statements made by PENN to PLOEGER regarding the superiority of their student health services.

12.     PENN awarded PLOEGER a scholarship which covered a substantial amount of education expenses.

13.     PLOEGER made her conditions known to PENN, through its' "Disability Services" ("SDS") department, which granted her accommodation in the form of a leave of absence for her conditions in Fall 2006 and Spring 2007.

14.     In Fall 2007, PLOEGER made an additional accommodation request for a leave of absence, which was granted for Fall 2007 and Spring 2008.

15.     In Spring 2009, PLOEGER made an additional accommodation request for, *inter alia*, testing modifications which was granted.

**Background Facts- Penn's Initial Discrimination, Assault, and Retaliation**

16.     All other paragraphs of this lawsuit are incorporated.

17.     PLOEGER attempted to utilize PENN's health and/or disability services, by way of her seeking mental health treatment through PENN. In response, PENN employee Dr. William Alexander ("ALEXANDER") was assigned to PLOEGER for mental health care.

18.     On numerous occasions, ALEXANDER made his sexual interest in PLOEGER known to PLOEGER. PLOEGER informed ALEXANDER that his interest was not reciprocated. On at least one occasion, ALEXANDER touched PLOEGER's body in the context of his previously stated sexual interest in her.

Case ID: 200302766

1   19.    In 2009, due in part to ALEXANDER's continued inappropriate attempts to

2   sexually engage with his own patient, which he knew PLOEGER did not want, PLOEGER,

3   unsuccessfully attempted suicide, by cutting her arms and wrists.

4   20.    When ALEXANDER learned of PLOEGER's suicide attempt, instead of

5   providing counseling services, ALEXANDER told PLOEGER to "go home and put a band-aid

6   on it."

7   21.    PLOEGER contacted PENN's "Counseling and Psychological Services"

8   ("CAPS") department.

9   22.    ALEXANDER was at the time, the Interim Director of CAPS.

10   23.    PENN refused to provide services to PLOEGER.

11   24.    In Spring 2009, PLOEGER had to request a leave of absence as an

12   accommodation, which was again granted by PENN.

13   25.    PLOEGER needed a leave of absence as an accommodation at that time, because

14   ALEXANDER, though thoroughly rebuffed by PLOEGER, continuously pursued a sexual

15   relationship with PLOEGER, and sexually battered her in his office during a "counseling"

16   session.

17   26.    ALEXANDER handled PLOEGER's accommodation requests, and from Fall

18   2009 through Spring 2015 PLOEGER made accommodation requests, which PENN granted.

19   27.    In or around 2015, PLOEGER reported ALEXANDER's inappropriate behavior

20   to PENN, including that in response to her 2015 suicide attempt via overdosing on pills,

21   ALEXANDER caused PLOEGER to be issued her *another pill prescription* instead of sending

22   her for further mental health treatment or otherwise providing same to her.

23   28.    Almost immediately after PLOEGER reported ALEXANDER to PENN,

24   ALEXANDER threatened PLOEGER because she reported his sexual and medical misconduct.

25

29.      PLOEGER further reported ALEXANDER to his supervisor, PENN employee Dr. Max King ("KING"), as well as Dr. Amy Guttman, PENN's University President ("GUTTMAN").

30.      Almost immediately after PLOEGER reported ALEXANDER to KING and GUTTMAN, PLOEGER was informed by PENN that she would be arrested if she continued to make reports about ALEXANDER.

31.      PLOEGER continued to pursue her rights to a learning environment free from sexual harassment and assault, as well as proper medical treatment, and insisted on having a meeting with PENN administrators to discuss her concerns about ALEXANDER.

32.      She was eventually able to meet with Hikaru Kozuma ("KOZUMA") as well as another unidentified female.

33.      During PLOEGER's meeting with KOZUMA, during which PLOEGER was threatened for complaining about ALEXANDER, PENN's police department left their jurisdiction (PENN's campus) and traveled to PLOEGER's off-campus and non-PENN affiliated apartment.

34.      While at PLOEGER's apartment, PENN's police officers ransacked the apartment. Immediately before the raid, PLOEGER had numerous items in her possession (by way of their being kept in her apartment), specifically, the prescription for pills that ALEXANDER sent her away with ad discussed *supra*, and an itemized list of grievances against PENN. Immediately after the raid, those items were gone.

35.      Shortly before the Spring 2016 semester, PLOEGER sought to return to PENN and finish her studies.

36.      In accordance with this plan, she sought the same accommodations which had been granted in Fall 2008 and each time they were requested through the Spring 2015 semester.

37.     PLOEGER supported her request, with three medical opinions including a psychologist and a psychiatrist. In the past, she had only used one opinion, ALEXANDER's.

38.     Instead of granting the accommodations as it had in the past, based on PLOEGER's medical opinions, PENN informed PLOEGER that in order to gain the sought-after accommodations, she would have to meet with SDS.

39.     PLOEGER, terrified due to her previous meeting with PENN (during which she was threatened and PENN's police ransacked her apartment without jurisdiction or probable cause, and in retaliation for her report against ALEXANDER) PLOEGER requested that she be allowed to bring an advocate/witness to the meeting.

40.     PENN refused PLOEGER's request to have an advocate/witness present in the meeting.

41.     PLOEGER declined a meeting with PENN under those conditions, specifically that she could not have an advocate/witness present, and in response, PENN refused to grant her requested accommodation, despite having granted the identical accommodation in the past without the requirement to have a meeting at all.

42.     As the semester went on, PLOEGER, who had been denied her requested accommodations grew desperate; she knew she needed the accommodations in order to be able to access PENN's educational programs.

43.     PLOEGER therefore made numerous calls to PENN's SDS to meet "under any terms" in order to gain the modifications that had been granted prior to her report about ALEXANDER, but denied after her report about ALEXANDER.

44.     SDS did not return PLOEGER's calls or otherwise offer any kind of assistance to, *inter alia*, engage in the interactive process.

45.     Due to PENN's refusal to communicate with PLOEGER regarding her requested accommodations, even though she had acquiesced to PENN's demand that she meet with SDS

1  and without an advocate/witness, PLOEGER dropped the semester since, without her requested

2  accommodations she could not sit for her mid-terms, thus PLOEGER would have failed same.

3      46.    In 2017, PLOEGER hired a lawyer to try to entice PENN to follow the law and

4  cease retaliating against her.

5      47.    On or about April 17, 2017, PLOEGER's lawyer sent a letter to PENN

6  stating, *inter alia*, that PLOEGER had a "dispute with [PENN]" which "arises from [PENN]'s

7  Spring Semester 2016 rejection of [PLOEGER]'s request for accommodations for her medically

8  diagnosed mental health disabilities. Accommodations for the same disability had been granted

9  for prior semesters."

10     48.    PLOEGER's lawyer had numerous phone conferences with various PENN

11  officials, during which he, upon information and belief, further referenced PLOEGER's denied

12  accommodations, as well as ALEXANDER's predatory sexual behaviors as described in this

13  lawsuit.

14     49.    PLOEGER re-enrolled at PENN for the Spring 2018 semester. To re-enroll,

15  PLOEGER had to provide PENN with a "return from leave" letter. PENN accepted PLOEGER's

16  letter and re-enrollment, but confronted her with a several hundred dollar fee (which had not

17  been demanded when she had previously returned from leave), and fearful of further retaliation,

18  PLOEGER did not sign up for classes.

19     50.    PLOEGER applied to be re-enrolled at PENN for the Fall 2018 semester, but

20  PENN, outright rejected PLOEGER's re-enrollment despite that it was identical to her previous

21  re-enrollment paperwork which had been previously approved a few months earlier.

22  **Facts of the Case**

23     51.    All other paragraphs of this lawsuit are incorporated.

24     52.    PENN continued to stall and delay private discussions with PLOEGER's lawyer,

25  and on April 1, 2020, PLOEGER filed a lawsuit against PENN.

53.     In her lawsuit (and subsequent amendments thereto), PLOEGER alleged, *inter alia*:

    a.   PENN sent her home with the pills she just tried to kill herself with

    b.   PENN threatened PLOEGER in response to her report against ALEXANDER;

    c.   PENN sent the police to PLOEGER's apartment in response to her report against ALEXANDER;

    d.   PENN refused to honor her accommodations or even engage in the interactive process after she reported ALEXANDER; and

    e.   ALEXANDER caused PLOEGER distress by pursuing intimate contact with her, which she reported to ALEXANDER and higher authorities.

54.     When PLOEGER provided PENN with the same "return from leave" letter just prior to the Fall 2021 semester (after suing PENN), PENN blocked the re-enrollment unless PLOEGER paid thousands of dollars (as opposed to the hundreds of dollars demanded prior to the filing of a lawsuit yet after the privately communicated protected activity, as compared to after the public protected activity of a lawsuit in open court).

55.     PENN continues to block PLOEGER's re-enrollment unless PLOEGER pays thousands of dollars, which was only demanded *after* PLOEGER sued PENN, when prior to the suit, PENN only demanded hundreds of dollars.

56.     These causes of action follow:

<p align="center"><b><u>COUNT I</u></b></p>

<p align="center"><b>(Incorporated and Clarified from PLOEGER's September 15, 2020 Third Amended Complaint)</b></p>

<p align="center"><b>Pennsylvania Commonlaw Breach of Contract</b></p>

57.     All other paragraphs of this lawsuit are incorporated.

1    58.    PLOEGER also incorporates ¶¶ 4-35 and 39-41 of her September 15, 2020

2  Amended Complaint docketed in this case on September 16, 2020 at 9:28p.m., as subject to the

3  Court's November 24, 2020 Order, docketed in this case on November 24, 2020 at 4:10p.m.

4  Said Amended Complaint ¶¶ 4-35 and 39-41 were Answered by PENN, subject to the

5  November 24, 2020 Order on January 28, 2021 and docketed in this case on January 29, 2021

6  at 11:29a.m.

7    59.    A contract exists in this case, pursuant to PENN's statements, accepted by

8  PLOEGER, that PENN would provide PLOEGER with "free" and "very good" healthcare.

9  Additionally, PENN promised, and PLOEGER accepted that PENN would provide:

10       a.  "confidential free professional mental healthcare";

11       b.  "a core [PENN] priority" to "emphasize holistic health that considers safety,

12          happiness, mental health, resilience, and financial well-being";

13       c.  "a dedicated team" that "is committed to the health and well-being of

14          [PLOEGER], and providing safe, accessible, cost-effective, culturally-sensitive,

15          and [PLOEGER]-focused care";

16       d.  "state-of-the-art medical and counseling centers" which are designed to

17          "provide high-quality, compassionat (sic) care for [PLOEGER] during [her]

18          academic journey"; and

19       e.  "The bottom line? You [PLOEGER] are not alone. And there is hope."

20    60.    PENN breached its promises to PLOEGER by:

21       a.  ALEXANDER's ignoring and mocking PLOEGER's suicide attempts;

22       b.  ALEXANDER trying to cause PLOEGER's suicide;

23       c.  PENN enabling ALEXANDER and covering for his behaviors towards

24          PLOEGER;

25

1    d. PENN leaving PLOEGER under ALEXANDER's control when she had already

2     reported ALEXANDER to PENN instead of providing the promised and

3     accepted "community of care."

4   61. As a direct and proximate cause of PENN's breaches as described in the

5 previous two (2) paragraphs of this lawsuit, PLOEGER suffered injuries and is entitled to

6 damages as follows:

7    a. PENN's promise to provide cost-effective (free) healthcare that emphasized

8     PLOEGER's financial well-being was breached when PENN charged

9     PLOEGER for student health insurance premiums and interest for such times

10    that PLOEGER was on a leave of absence in the amount as of May 12, 2022 of

11    approximately $13,000.00;

12    b. PENN's promise to provide free and very good healthcare was breached on

13     numerous occasions when ALEXANDER behaved towards PLOEGER as

14     described throughout this Lawsuit, and also when PENN refused to control

15     ALEXANDER and/or otherwise cease ALEXANDER's access to and control

16     over PLOEGER, causing PLOEGER to take numerous leaves of absence,

17     directly and proximately resulting in PLOEGER's delay to enter her career field

18     of actuarial mathematics, resulting in approximately $1,540,000.00 in lost

19     wages.

20    c. PENN's broken promises to PLOEGER have resulted in severe emotional

21     distress for which PLOEGER treated and is treating. A mental health

22     professional persisted in the sexual pursuit of his patient rather than providing

23     the "free" and "very good" healthcare promised by his employer, PENN,

24     therefore, damages for said distress (to be determined by a jury) are available

25     pursuant to, *inter alia*, ***Rittenhouse Regency Affiliates v. Passen***, 482 A.2d

1042, 1043 (Pa. Super. 1984)("[ an exception to the general rule barring emotional distress damages in a breach of contract action] occurs where the breach is of such type that serious emotional disturbance is a particularly likely result.").

WHEREFORE, the Plaintiff, APRIL PLOEGER, respectfully requests judgment be entered in her favor, and that damages be assessed as follows:

a. $13,000.00 in payments and interest charged to PLOEGER for student health insurance while she was on a leave of absence;

b. $400,000.00 to cover tuition;

c. $1,540,000.00 in lost wage damages; and

d. Non-economic compensatory damages to be determined by the fact-finder at trial.

## COUNT II

### (Dismissed pursuant to Preliminary Objections)

## COUNT III

### (First Amended Count)

### 42 U.S.C. § 12182(A)(ii)- Failure to Accommodate

62. All other paragraphs of this lawsuit are incorporated.

63. PLOEGER put PENN on notice of her needs for accommodation as demonstrated in ¶¶ 42-45 of this lawsuit.

64. PENN denied PLOEGER's requested accommodations as demonstrated in ¶¶ 54-55 of this lawsuit.

65. As a direct and proximate result of the denial of accommodations, despite notice as demonstrated in ¶¶ 42-45 of this lawsuit, PLOEGER has been unable to receive

Case ID: 200302766

accommodations, and is therefore denied her rights under the ADA, and she is therefore

entitled to injunctive relief as follows:

    a.   PENN must process and re-enroll PLOEGER for classes;

    b.   PENN must allow PLOEGER an advocate in any meetings with PENN related

        to requests for accommodations;

    c.   PENN is prohibited from directing or otherwise allowing ALEXANDER to

        participate in or otherwise influence any of PENN's interactions with

        PLOEGER; and

    d.   PENN must grant, at least, the accommodations that it has granted to

        PLOEGER in the past.

    e.   PENN must pay PLOEGER's reasonable attorney fees.

<div align="center">

**COUNT IV**

**(Second Amended Count)**

**42 U.S.C. § 12182(A)(iii)- Failure to Engage in the Interactive Process**

</div>

66.    All other paragraphs of this lawsuit are incorporated.

67.    PENN was on notice that PLOEGER required PENN to take steps as may have

been necessary to ensure that she was not excluded, denied services, or otherwise treated

differently related to PENN's services as demonstrated in ¶¶ 42-45 of this lawsuit.

68.    Despite being on notice, PENN did not take any such steps as demonstrated in

¶¶ 54-55 of this lawsuit.

69.    Alternatively, despite being on notice, PENN took only pretextual steps to

accommodate PLOEGER.

70.    As a direct and proximate result of PENN's lack of action, despite notice as

demonstrated in ¶¶ 42-45 of this lawsuit, PLOEGER has been unable to receive

Case ID: 200302766

accommodations, and is therefore denied her rights under the ADA, and she is therefore

entitled to injunctive relief as follows:

    a.   PENN must process and re-enroll PLOEGER for classes;

    b.   PENN must allow PLOEGER an advocate in any meetings with PENN related to requests for accommodations;

    c.   PENN is prohibited from directing or otherwise allowing ALEXANDER to participate in or otherwise influence any of PENN's interactions with PLOEGER; and

    d.   PENN must grant, at least, the accommodations that it has granted to PLOEGER in the past.

    e.   PENN must pay PLOEGER's reasonable attorney fees.

<u>**COUNT V**</u>

**(Third Amended Count)**

**42 U.S.C. § 12203- Retaliation**

71.    All other paragraphs of this lawsuit are incorporated.

72.    PLOEGER is a qualified individual under the Americans with Disabilities Act as demonstrated in ¶¶ 8-9 of this lawsuit.

73.    PENN is a recipient of federal funds.

74.    PLOEGER engaged in protected activity as demonstrated in ¶¶ 13-15, 17, 21, 24, 26, 29, 31-33, 35-37, 39, 41, 43, 45, 47-50, 52-54 of this lawsuit.

75.    PLOEGER suffered adverse actions as demonstrated in ¶¶ 54-55 of this lawsuit.

76.    The adverse actions are causally connected to the protected activity as demonstrated in ¶¶ 20, 22-23, 25-28, 30, 33-34, 36-41, 43-45, 47-50, 52, 54-55 of this lawsuit which show an unduly suggestive temporal proximity and a pattern of antagonism between the

various instances of protected activity and the adverse actions identified in the previous paragraph of this lawsuit.

77.     As a direct and proximate result of the adverse actions, PLOEGER was injured and is therefore entitled to nominal damages, as well as non-economic compensatory damages for emotional distress, humiliation, embarrassment, pain and suffering, and loss of enjoyment of life to be determined by a jury at trial, and reasonable attorney fees and costs.

<u>**COUNT VI**</u>

**(Fourth Amended Count)**

**20 U.S.C. § 1681(a)- Retaliation**

78.     All other paragraphs of this lawsuit are incorporated.

79.     PLOEGER engaged in protected activity as demonstrated in ¶¶ 18, 27, 29, 31-33, 47-48, 52-53 of this lawsuit.

80.     PLOEGER suffered adverse actions as demonstrated in ¶¶ 54-55 of this lawsuit.

81.     The adverse actions are causally connected to the protected activity as demonstrated in ¶¶ 20-23, 26, 28, 30, 33-38, 40-41, 43-45, and 49-50 of this lawsuit which show an unduly suggestive temporal proximity and a pattern of antagonism between the various instances of protected activity and the adverse actions identified in the previous paragraph of this lawsuit.

82.     As a direct and proximate result of the adverse actions, PLOEGER was injured and is therefore entitled to nominal damages, as well as non-economic compensatory damages for emotional distress, humiliation, embarrassment, pain and suffering, and loss of enjoyment of life to be determined by a jury at trial and reasonable attorney fees and costs.

<u>**COUNT VII**</u>

**(Fifth Amended Count)**

**Pennsylvania Commonlaw Negligent Supervision**

Case ID: 200302766

1    83.    All other paragraphs of this lawsuit are incorporated.

2    84.    PENN has a duty and responsibility of care to, *inter alia*, PLOEGER, to

3    reasonably supervise its employees to ensure that the performance of its employees' duties are

4    completed without violating the contractual and/or civil rights of, *inter alia*, PLOEGER.

5    85.    PENN breached its duty and responsibility of care by allowing its employees to

6    breach contracts, discriminate and retaliate against PLOEGER as demonstrated in Counts I and

7    III-VI of this lawsuit.

8    86.    As a direct and proximate result of PENN's breach, PLOEGER was injured as

9    follows:

10        a.    PLOEGER was billed for student health insurance premiums and interest for

11              such times that PLOEGER was on a leave of absence in the amount as of May

12              19, 2022 of approximately $16,000.00;

13        b.    Lost wages due to delay in graduation and entry into the workforce resulting in

14              approximately $1,540,000.00 in lost wages; and

15        c.    Non-economic compensatory damages to be determined by the fact-finder at

16              trial for emotional distress, humiliation, embarrassment, pain and suffering, and

17              loss of enjoyment of life.

18    **<u>COUNT VIII</u>**

19    **(Sixth Amended Count)**

20    **Pennsylvania Commonlaw Recklessness**

21    87.    All other paragraphs of this lawsuit are incorporated.

22    88.    PENN's recklessness in supervising it's employees is demonstrated in ¶¶ 49-50,

23    54-55 which demonstrate that despite being on notice that its employees were being accused of

24    discriminating and retaliating against PLOEGER, PENN's steps, if any, taken were insufficient

25

1    to prevent its employees from continuing to discriminate and retaliate against PLOEGER as

2    demonstrated in ¶¶ 54-55 of this lawsuit.

3        89.    As a direct and proximate result of PENN's recklessness, PLOEGER was

4    injured and is therefore entitled to damages as follows:

5            a.   PLOEGER was billed for student health insurance premiums and interest for

6                 such times that PLOEGER was on a leave of absence in the amount as of May

7                 12, 2022 of approximately $13,000.00;

8            b.   Lost wages due to delay in graduation and entry into the workforce resulting in

9                 approximately $1,540,000.00 in lost wages;

10           c.   Non-economic compensatory damages to be determined by the fact-finder at

11                trial for emotional distress, humiliation, embarrassment, pain and suffering, and

12                loss of enjoyment of life; and

13           d.   Punitive damages to be determined by the fact-finder at trial to punish PENN

14                for its actions and/or inactions towards PLOEGER, as well as to dissuade

15                similarly situated entities from acting in a similar manner towards others.

16       WHEREFORE, Plaintiff respectfully requests Judgment against Defendant, jointly and

17   severally where appropriate, to include both economic and non-economic compensatory

18   damages to include emotional damages, humiliation, embarrassment, pain and suffering, and

19   loss of enjoyment of life, as well as punitive damages, attorney's fees, and cost of suit as

20   requested in the above Counts.

21

22

23

24

25

Case ID: 200302766

1    Respectfully submitted on June 6, 2022

2                     **THE TRIAL LAW FIRM, LLC**

3

4            **By:**                   _____

                               Mart Harris, Esquire

5                             Pa. Id. No. 319504

                            428 Forbes Avenue, Suite 1700

6                             Pittsburgh PA 15219

                            412.588.0030 (p)

7                             412.265.6505 (f)

                            MH@TLawF.com

8                             *Trial Lawyer for April Ploeger*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Case ID: 200302766

1

<u>**CERTIFICATE**</u>

2      The undersigned hereby certifies that the within complies with the *Public Access Policy*

3  *of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial*

4  *Courts* regarding confidential information and documents.

5      The undersigned further certifies that the within has been served on counsel for the

6  Defendant by way of electronic service through the e-filing system, and electronic mail.

7  Dated this 6th day of June 2022

8

9                              **THE TRIAL LAW FIRM, LLC**

10  _____

11  Mart Harris, Esquire
   *Trial Lawyers for April Ploeger*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Case ID: 200302766

1

## **VERIFICATION**

2    The undersigned, April Ploeger, affirms and verifies that she is the Plaintiff named in

3    the foregoing Fourth Amended Complaint filed on her behalf, and that all factual averments

4    therein are true and correct to the best of her knowledge, information, and belief. This

5    verification is signed subject to the penalties provided by 18 Pa.C.S. § 4904 related to unsworn

6    falsification to authorities.

7

8

9                                                        April Ploeger, Plaintiff

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

# EXHIBIT 6

**From:**            Mart Harris <mh@tlawf.com>
**Sent:**            Thursday, May 19, 2022 3:12 PM
**To:**              Leslie Greenspan
**Subject:**         Ploeger v. Penn (200302766)
**Attachments:**     DRAFT Amended Complaint for Meet and Confer.pdf


Hi Leslie,

In advance of our discussion tomorrow, here is a draft of the proposed amended
complaint.

Thanks,


--
Mart Harris, Esquire

**THE TRIAL LAW FIRM, LLC**
The Pittsburgher
428 Forbes Avenue, Suite 1700
Pittsburgh Pennsylvania 15219
412.588.0030 (p)
412.265.6505 (f)

**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY**

**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**

**TRIAL DIVISION- CIVIL**

| | |
|---|---|
| **APRIL PLOEGER,** | Case No. 200302766 |
| Plaintiff, | |
| **vs.** | **AMENDED COMPLAINT IN CIVIL ACTION** |
| **TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA,** | Filed on behalf of:<br>Plaintiff, April Ploeger |
| Defendant. | Filed by:<br>**THE TRIAL LAW FIRM, LLC**<br>Mart Harris, Esquire<br>Pa. Id. No. 319504<br>428 Forbes Avenue, Suite 1700<br>Pittsburgh Pennsylvania, 15219<br>412.588.0030 (p)<br>412.265.6505 (f)<br>MH@TLawF.com |
| | **JURY TRIAL DEMANDED** |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY**

**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**

**TRIAL DIVISION- CIVIL**

| | |
|---|---|
| **APRIL PLOEGER,** | Case No.  200302766 |
| Plaintiff, | |
| **vs.** | **AMENDED COMPLAINT IN CIVIL ACTION** |
| **TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA,** | |
| Defendant. | |

## <u>NOTICE TO DEFEND</u>

    **You have been sued in court.**  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the Case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any claim or relief requested by the Plaintiff.  You may lose money or property or other rights important to you.

    **YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.**

**PHILADELPHIA BAR ASSOCIATION**
**LAWYER REFERRAL AND INFORMATION SERVICE**
**1101 Market Street, 11th Floor**
**Philadelphia, Pennsylvania 19107**
**(215) 238-6333**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY**

**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**

**TRIAL DIVISION- CIVIL**

| | |
|---|---|
| **APRIL PLOEGER,** | Case No.  200302766 |
| Plaintiff, | |
| **vs.** | **AMENDED COMPLAINT IN CIVIL ACTION** |
| **TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA,** | |
| Defendant. | |

## AVISO

**Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted. Lleve esta demanda a un abogado immediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.**

**Asociacion De Licenciados
De Filadelfia Servicio De Referencia E
Informacion Legal
1101 Market St., 11th Piso Filadelfia,
Pennsylvania 19107
(215) 238-6333**

**<u>COMPLAINT</u>**

NOW COMES the Plaintiff, April Ploeger, by and through The Trial Law Firm, LLC and files the within Amended Complaint in Civil Action, and in support thereof avers that:

**Parties, Jurisdiction, and Venue**

1.     The Plaintiff is APRIL PLOEGER ("PLOEGER"). PLOEGER is an adult female individual with an address of 505 S. 42nd Street, Apartment 1F, Philadelphia Pennsylvania, 19104.

2.     The Defendant is the TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA ("PENN"). PENN is a private university of higher learning, located in Philadelphia Pennsylvania.

3.     Personal jurisdiction over PLOEGER exists, by consent of PLOEGER.

4.     Personal jurisdiction over PENN exists pursuant to 42 Pa.C.S. § 5301, et seq., because it is domiciled and does continuous business in the Commonwealth.

5.     This action is brought pursuant to the Pennsylvania Commonlaw, therefore the Pennsylvania Courts of Common Pleas have original subject matter jurisdiction pursuant to 42 Pa.C.S. § 931(a).

6.     The acts and/or omissions complained of in this lawsuit occurred in and around Philadelphia, Pennsylvania. Therefore, pursuant to 42 Pa.C.S. § 931(c), venue is proper in the Court of Common Pleas of Philadelphia County, First Judicial District of Pennsylvania.

**Background Facts- Ploeger's Enrollment and Initial Attendance**

7.     All other paragraphs of this lawsuit are incorporated.

8.     PLOEGER suffers from auto-immune disease, depression, and anxiety.

9.     These conditions, of which she has a record, severely impair her activities of daily living, including but not limited to, proper functioning of her immune system.

10. In or around 2006, PLOEGER decided to attend college at PENN instead of Dartmouth College.

11. PLOEGER chose PENN over Dartmouth College due to PENN's emphasis on student health and wellness, and specifically its statement that PENN's health services were "free" and "very good" as well as similar statements made by PENN to PLOEGER regarding the superiority of their student health services.

12. PENN awarded PLOEGER a scholarship which covered a substantial amount of education expenses.

13. PLOEGER made her conditions known to PENN, through its' "Disability Services" ("SDS") department, which granted her accommodation in the form of a leave of absence for her conditions in Fall 2006 and Spring 2007.

14. In Fall 2007, PLOEGER made an additional accommodation request for a leave of absence, which was granted for Fall 2007 and Spring 2008.

15. In Spring 2009, PLOEGER made an additional accommodation request for, *inter alia*, testing modifications which was granted.

**Background Facts- Penn's Initial Discrimination, Assault, and Retaliation**

16. All other paragraphs of this lawsuit are incorporated.

17. PLOEGER attempted to utilize PENN's health and/or disability services, by way of her seeking mental health treatment through PENN. In response, PENN employee Dr. William Alexander ("ALEXANDER") was assigned to PLOEGER for mental health care.

18. On numerous occasions, ALEXANDER made his sexual interest in PLOEGER known to PLOEGER. PLOEGER informed ALEXANDER that his interest was not reciprocated. On at least one occasion, ALEXANDER touched PLOEGER's body in the context of his previously stated sexual interest in her.

19.     In 2009, due in part to ALEXANDER's continued inappropriate attempts to sexually engage with his own patient, which he knew PLOEGER did not want, PLOEGER, unsuccessfully attempted suicide, by cutting her arms and wrists.

20.     When ALEXANDER learned of PLOEGER's suicide attempt, instead of providing counseling services, ALEXANDER told PLOEGER to "go home and put a band-aid on it."

21.     PLOEGER contacted PENN's "Counseling and Psychological Services" ("CAPS") department.

22.     ALEXANDER was at the time, the Interim Director of CAPS.

23.     PENN refused to provide services to PLOEGER.

24.     In Spring 2009, PLOEGER had to request a leave of absence as an accommodation, which was again granted by PENN.

25.     PLOEGER needed a leave of absence as an accommodation at that time, because ALEXANDER, though thoroughly rebuffed by PLOEGER, continuously pursued a sexual relationship with PLOEGER, and sexually battered her in his office during a "counseling" session.

26.     ALEXANDER handled PLOEGER's accommodation requests, and from Fall 2009 through Spring 2015 PLOEGER made accommodation requests, which PENN granted.

27.     In or around 2015, PLOEGER reported ALEXANDER's inappropriate behavior to PENN, including that in response to her 2015 suicide attempt via overdosing on pills, ALEXANDER caused PLOEGER to be issued her *another pill prescription* instead of sending her for further mental health treatment or otherwise providing same to her.

28.     Almost immediately after PLOEGER reported ALEXANDER to PENN, ALEXANDER threatened PLOEGER because she reported his sexual and medical misconduct.

29.      PLOEGER further reported ALEXANDER to his supervisor, PENN employee Dr. Max King ("KING"), as well as Dr. Amy Guttman, PENN's University President ("GUTTMAN").

30.      Almost immediately after PLOEGER reported ALEXANDER to KING and GUTTMAN, PLOEGER was informed by PENN that she would be arrested if she continued to make reports about ALEXANDER.

31.      PLOEGER continued to pursue her rights to a learning environment free from sexual harassment and assault, as well as proper medical treatment, and insisted on having a meeting with PENN administrators to discuss her concerns about ALEXANDER.

32.      She was eventually able to meet with Hikaru Kozuma ("KOZUMA") as well as another unidentified female.

33.      During PLOEGER's meeting with KOZUMA, during which PLOEGER was threatened for complaining about ALEXANDER, PENN's police department left their jurisdiction (PENN's campus) and traveled to PLOEGER's off-campus and non-PENN affiliated apartment.

34.      While at PLOEGER's apartment, PENN's police officers ransacked the apartment. Immediately before the raid, PLOEGER had numerous items in her possession (by way of their being kept in her apartment), specifically, the prescription for pills that ALEXANDER sent her away with ad discussed *supra*, and an itemized list of grievances against PENN. Immediately after the raid, those items were gone.

35.      Shortly before the Spring 2016 semester, PLOEGER sought to return to PENN and finish her studies.

36.      In accordance with this plan, she sought the same accommodations which had been granted in Fall 2008 and each time they were requested through the Spring 2015 semester.

37.     PLOEGER supported her request, with three medical opinions including a psychologist and a psychiatrist. In the past, she had only used one opinion, ALEXANDER's.

38.     Instead of granting the accommodations as it had in the past, based on PLOEGER's medical opinions, PENN informed PLOEGER that in order to gain the sought-after accommodations, she would have to meet with SDS.

39.     PLOEGER, terrified due to her previous meeting with PENN (during which she was threatened and PENN's police ransacked her apartment without jurisdiction or probable cause, and in retaliation for her report against ALEXANDER) PLOEGER requested that she be allowed to bring an advocate/witness to the meeting.

40.     PENN refused PLOEGER's request to have an advocate/witness present in the meeting.

41.     PLOEGER declined a meeting with PENN under those conditions, specifically that she could not have an advocate/witness present, and in response, PENN refused to grant her requested accommodation, despite having granted the identical accommodation in the past without the requirement to have a meeting at all.

42.     As the semester went on, PLOEGER, who had been denied her requested accommodations grew desperate; she knew she needed the accommodations in order to be able to access PENN's educational programs.

43.     PLOEGER therefore made numerous calls to PENN's SDS to meet "under any terms" in order to gain the modifications that had been granted prior to her report about ALEXANDER, but denied after her report about ALEXANDER.

44.     SDS did not return PLOEGER's calls or otherwise offer any kind of assistance to, *inter alia*, engage in the interactive process.

45.     Due to PENN's refusal to communicate with PLOEGER regarding her requested accommodations, even though she had acquiesced to PENN's demand that she meet with SDS

and without an advocate/witness, PLOEGER dropped the semester since, without her requested accommodations she could not sit for her mid-terms, thus PLOEGER would have failed same.

46.     In 2017, PLOEGER hired a lawyer to try to entice PENN to follow the law and cease retaliating against her.

47.     On or about April 17, 2017, PLOEGER's lawyer sent a letter to PENN stating, *inter alia*, that PLOEGER had a "dispute with [PENN]" which "arises from [PENN]'s Spring Semester 2016 rejection of [PLOEGER]'s request for accommodations for her medically diagnosed mental health disabilities. Accommodations for the same disability had been granted for prior semesters."

48.     PLOEGER's lawyer had numerous phone conferences with various PENN officials, during which he, upon information and belief, further referenced PLOEGER's denied accommodations, as well as ALEXANDER's predatory sexual behaviors as described in this lawsuit.

49.     PLOEGER re-enrolled at PENN for the Spring 2018 semester. To re-enroll, PLOEGER had to provide PENN with a "return from leave" letter. PENN accepted PLOEGER's letter and re-enrollment, but confronted her with a several hundred dollar fee (which had not been demanded when she had previously returned from leave), and fearful of further retaliation, PLOEGER did not sign up for classes.

50.     PLOEGER applied to be re-enrolled at PENN for the Fall 2018 semester, but PENN, outright rejected PLOEGER's re-enrollment despite that it was identical to her previous re-enrollment paperwork which had been previously approved a few months earlier.

**Facts of the Case**

51.     All other paragraphs of this lawsuit are incorporated.

52.     PENN continued to stall and delay private discussions with PLOEGER's lawyer, and on April 1, 2020, PLOEGER filed a lawsuit against PENN.

53. In her lawsuit (and subsequent amendments thereto), PLOEGER alleged, *inter alia*:

    a. PENN sent her home with the pills she just tried to kill herself with

    b. PENN threatened PLOEGER in response to her report against ALEXANDER;

    c. PENN sent the police to PLOEGER's apartment in response to her report against ALEXANDER;

    d. PENN refused to honor her accommodations or even engage in the interactive process after she reported ALEXANDER; and

    e. ALEXANDER caused PLOEGER distress by pursuing intimate contact with her, which she reported to ALEXANDER and higher authorities.

54. When PLOEGER provided PENN with the same "return from leave" letter just prior to the Fall 2021 semester (after suing PENN), PENN blocked the re-enrollment unless PLOEGER paid thousands of dollars (as opposed to the hundreds of dollars demanded prior to the filing of a lawsuit yet after the privately communicated protected activity, as compared to after the public protected activity of a lawsuit in open court).

55. PENN continues to block PLOEGER's re-enrollment unless PLOEGER pays thousands of dollars, which was only demanded *after* PLOEGER sued PENN, when prior to the suit, PENN only demanded hundreds of dollars.

56. These causes of action follow:

**<u>COUNT I</u>**

**(Incorporated and Clarified from PLOEGER's September 15, 2020 Third Amended Complaint)**

**Pennsylvania Commonlaw Breach of Contract**

57. All other paragraphs of this lawsuit are incorporated.

58.     PLOEGER also incorporates ¶¶ 4-35 and 39-41 of her September 15, 2020

Amended Complaint docketed in this case on September 16, 2020 at 9:28p.m., as subject to the

Court's November 24, 2020 Order, docketed in this case on November 24, 2020 at 4:10p.m.

Said Amended Complaint ¶¶ 4-35 and 39-41 were Answered by PENN, subject to the

November 24, 2020 Order on January 28, 2021 and docketed in this case on January 29, 2021

at 11:29a.m.

59.     A contract exists in this case, pursuant to PENN's statements, accepted by

PLOEGER, that PENN would provide PLOEGER with "free" and "very good" healthcare.

Additionally, PENN promised, and PLOEGER accepted that PENN would provide:

     a.  "confidential free professional mental healthcare";

     b.  "a core [PENN] priority" to "emphasize holistic health that considers safety,

        happiness, mental health, resilience, and financial well-being";

     c.  "a dedicated team" that "is committed to the health and well-being of

        [PLOEGER], and providing safe, accessible, cost-effective, culturally-sensitive,

        and [PLOEGER]-focused care";

     d.  "state-of-the-art medical and counseling centers" which are designed to

        "provide high-quality, compassionat (sic) care for [PLOEGER] during [her]

        academic journey"; and

     e.  "The bottom line? You [PLOEGER] are not alone. And there is hope."

60.     PENN breached its promises to PLOEGER by:

     a.  ALEXANDER's ignoring and mocking PLOEGER's suicide attempts;

     b.  ALEXANDER trying to cause PLOEGER's suicide;

     c.  PENN enabling ALEXANDER and covering for his behaviors towards

        PLOEGER;

1        d.  PENN leaving PLOEGER under ALEXANDER's control when she had already

2           reported ALEXANDER to PENN instead of providing the promised and

3           accepted "community of care."

4     61.   As a direct and proximate cause of PENN's breaches as described in the

5 previous two (2) paragraphs of this lawsuit, PLOEGER suffered injuries and is entitled to

6 damages as follows:

7        a.  PENN's promise to provide cost-effective (free) healthcare that emphasized

8           PLOEGER's financial well-being was breached when PENN charged

9           PLOEGER for student health insurance premiums and interest for such times

10          that PLOEGER was on a leave of absence in the amount as of May 12, 2022 of

11          approximately $13,000.00;

12       b.  PENN's promise to provide free and very good healthcare was breached on

13          numerous occasions when ALEXANDER behaved towards PLOEGER as

14          described throughout this Lawsuit, and also when PENN refused to control

15          ALEXANDER and/or otherwise cease ALEXANDER's access to and control

16          over PLOEGER, causing PLOEGER to take numerous leaves of absence,

17          directly and proximately resulting in PLOEGER's delay to enter her career field

18          of actuarial mathematics, resulting in approximately $1,540,000.00 in lost

19          wages.

20       c.  PENN's broken promises to PLOEGER have resulted in severe emotional

21          distress for which PLOEGER treated and is treating. A mental health

22          professional persisted in the sexual pursuit of his patient rather than providing

23          the "free" and "very good" healthcare promised by his employer, PENN,

24          therefore, damages for said distress (to be determined by a jury) are available

25          pursuant to, *inter alia*, ***Rittenhouse Regency Affiliates v. Passen***, 482 A.2d

1042, 1043 (Pa. Super. 1984)("[ an exception to the general rule barring emotional distress damages in a breach of contract action] occurs where the breach is of such type that serious emotional disturbance is a particularly likely result.").

WHEREFORE, the Plaintiff, APRIL PLOEGER, respectfully requests judgment be entered in her favor, and that damages be assessed as follows:

    a.  $13,000.00 in payments and interest charged to PLOEGER for student health insurance while she was on a leave of absence;

    b.  $400,000.00 to cover tuition;

    c.  $1,540,000.00 in lost wage damages; and

    d.  Non-economic compensatory damages to be determined by the fact-finder at trial.

## COUNT II

**(Dismissed pursuant to Preliminary Objections)**

## COUNT III

**(First Amended Count)**

**42 U.S.C. § 12182(A)(ii)- Failure to Accommodate**

62.    All other paragraphs of this lawsuit are incorporated.

63.    PLOEGER put PENN on notice of her needs for accommodation as demonstrated in ¶¶ 42-45 of this lawsuit.

64.    PENN denied PLOEGER's requested accommodations as demonstrated in ¶¶ 54-55 of this lawsuit.

65.    As a direct and proximate result of the denial of accommodations, despite notice as demonstrated in ¶¶ 42-45 of this lawsuit, PLOEGER has been unable to receive

1   accommodations, and is therefore denied her rights under the ADA, and she is therefore

2   entitled to injunctive relief as follows:

3           a.   PENN must process and re-enroll PLOEGER for classes;

4           b.   PENN must allow PLOEGER an advocate in any meetings with PENN related

5                to requests for accommodations;

6           c.   PENN is prohibited from directing or otherwise allowing ALEXANDER to

7                participate in or otherwise influence any of PENN's interactions with

8                PLOEGER; and

9           d.   PENN must grant, at least, the accommodations that it has granted to

10               PLOEGER in the past.

11           e.   PENN must pay PLOEGER's reasonable attorney fees.

12                          **<u>COUNT IV</u>**

13                        **(Second Amended Count)**

14   **42 U.S.C. § 12182(A)(iii)- Failure to Engage in the Interactive Process**

15     66.     All other paragraphs of this lawsuit are incorporated.

16     67.     PENN was on notice that PLOEGER required PENN to take steps as may have

17   been necessary to ensure that she was not excluded, denied services, or otherwise treated

18   differently related to PENN's services as demonstrated in ¶¶ 42-45 of this lawsuit.

19     68.     Despite being on notice, PENN did not take any such steps as demonstrated in

20   ¶¶ 54-55 of this lawsuit.

21     69.     Alternatively, despite being on notice, PENN took only pretextual steps to

22   accommodate PLOEGER.

23     70.     As a direct and proximate result of PENN's lack of action, despite notice as

24   demonstrated in ¶¶ 42-45 of this lawsuit, PLOEGER has been unable to receive

25

accommodations, and is therefore denied her rights under the ADA, and she is therefore entitled to injunctive relief as follows:

    a.   PENN must process and re-enroll PLOEGER for classes;

    b.   PENN must allow PLOEGER an advocate in any meetings with PENN related to requests for accommodations;

    c.   PENN is prohibited from directing or otherwise allowing ALEXANDER to participate in or otherwise influence any of PENN's interactions with PLOEGER; and

    d.   PENN must grant, at least, the accommodations that it has granted to PLOEGER in the past.

    e.   PENN must pay PLOEGER's reasonable attorney fees.

## <u>COUNT V</u>

**(Third Amended Count)**

**42 U.S.C. § 12203- Retaliation**

71.    All other paragraphs of this lawsuit are incorporated.

72.    PLOEGER is a qualified individual under the Americans with Disabilities Act as demonstrated in ¶¶ 8-9 of this lawsuit.

73.    PENN is a recipient of federal funds.

74.    PLOEGER engaged in protected activity as demonstrated in ¶¶ 13-15, 17, 21, 24, 26, 29, 31-33, 35-37, 39, 41, 43, 45, 47-50, 52-54 of this lawsuit.

75.    PLOEGER suffered adverse actions as demonstrated in ¶¶ 54-55 of this lawsuit.

76.    The adverse actions are causally connected to the protected activity as demonstrated in ¶¶ 20, 22-23, 25-28, 30, 33-34, 36-41, 43-45, 47-50, 52, 54-55 of this lawsuit which show an unduly suggestive temporal proximity and a pattern of antagonism between the

various instances of protected activity and the adverse actions identified in the previous paragraph of this lawsuit.

77.     As a direct and proximate result of the adverse actions, PLOEGER was injured and is therefore entitled to nominal damages, as well as non-economic compensatory damages for emotional distress, humiliation, embarrassment, pain and suffering, and loss of enjoyment of life to be determined by a jury at trial, and reasonable attorney fees and costs.

## COUNT VI

### (Fourth Amended Count)

### 20 U.S.C. § 1681(a)- Retaliation

78.     All other paragraphs of this lawsuit are incorporated.

79.     PLOEGER engaged in protected activity as demonstrated in ¶¶ 18, 27, 29, 31-33, 47-48, 52-53 of this lawsuit.

80.     PLOEGER suffered adverse actions as demonstrated in ¶¶ 54-55 of this lawsuit.

81.     The adverse actions are causally connected to the protected activity as demonstrated in ¶¶ 20-23, 26, 28, 30, 33-38, 40-41, 43-45, and 49-50 of this lawsuit which show an unduly suggestive temporal proximity and a pattern of antagonism between the various instances of protected activity and the adverse actions identified in the previous paragraph of this lawsuit.

82.     As a direct and proximate result of the adverse actions, PLOEGER was injured and is therefore entitled to nominal damages, as well as non-economic compensatory damages for emotional distress, humiliation, embarrassment, pain and suffering, and loss of enjoyment of life to be determined by a jury at trial and reasonable attorney fees and costs.

## COUNT VII

### (Fifth Amended Count)

### Pennsylvania Commonlaw Negligent Supervision

83.    All other paragraphs of this lawsuit are incorporated.

84.    PENN has a duty and responsibility of care to, *inter alia*, PLOEGER, to reasonably supervise its employees to ensure that the performance of its employees' duties are completed without violating the contractual and/or civil rights of, *inter alia*, PLOEGER.

85.    PENN breached its duty and responsibility of care by allowing its employees to breach contracts, discriminate and retaliate against PLOEGER as demonstrated in Counts I and III-VI of this lawsuit.

86.    As a direct and proximate result of PENN's breach, PLOEGER was injured as follows:

    a.    PLOEGER was billed for student health insurance premiums and interest for such times that PLOEGER was on a leave of absence in the amount as of May 19, 2022 of approximately $16,000.00;

    b.    Lost wages due to delay in graduation and entry into the workforce resulting in approximately $1,540,000.00 in lost wages; and

    c.    Non-economic compensatory damages to be determined by the fact-finder at trial for emotional distress, humiliation, embarrassment, pain and suffering, and loss of enjoyment of life.

**<u>COUNT VIII</u>**

**(Sixth Amended Count)**

**Pennsylvania Commonlaw Recklessness**

87.    All other paragraphs of this lawsuit are incorporated.

88.    PENN's recklessness in supervising it's employees is demonstrated in ¶¶ 49-50, 54-55 which demonstrate that despite being on notice that its employees were being accused of discriminating and retaliating against PLOEGER, PENN's steps, if any, taken were insufficient

to prevent its employees from continuing to discriminate and retaliate against PLOEGER as demonstrated in ¶¶ 54-55 of this lawsuit.

89.     As a direct and proximate result of PENN's recklessness, PLOEGER was injured and is therefore entitled to damages as follows:

        a.   PLOEGER was billed for student health insurance premiums and interest for such times that PLOEGER was on a leave of absence in the amount as of May 12, 2022 of approximately $13,000.00;

        b.   Lost wages due to delay in graduation and entry into the workforce resulting in approximately $1,540,000.00 in lost wages;

        c.   Non-economic compensatory damages to be determined by the fact-finder at trial for emotional distress, humiliation, embarrassment, pain and suffering, and loss of enjoyment of life; and

        d.   Punitive damages to be determined by the fact-finder at trial to punish PENN for its actions and/or inactions towards PLOEGER, as well as to dissuade similarly situated entities from acting in a similar manner towards others.

WHEREFORE, Plaintiff respectfully requests Judgment against Defendant, jointly and severally where appropriate, to include both economic and non-economic compensatory damages to include emotional damages, humiliation, embarrassment, pain and suffering, and loss of enjoyment of life, as well as punitive damages, attorney's fees, and cost of suit as requested in the above Counts.

Respectfully submitted on May 20, 2022

**THE TRIAL LAW FIRM, LLC**


**By:** _____
Mart Harris, Esquire
Pa. Id. No. 319504
428 Forbes Avenue, Suite 1700
Pittsburgh PA 15219
412.588.0030 (p)
412.265.6505 (f)
MH@TLawF.com
*Trial Lawyer for April Ploeger*

# EXHIBIT 7

E. Daniel Larkin
Attorney at Law
742 S. Latches Lane
Merion Station PA 19066

610.660.5201
610.505.7856 (cell ph.)
610.660.5940 (fax)
dan@danlarkinlaw.com

*By signed, e-mail attachment to wendy.white@ogc.upenn.edu*

April 17, 2020

Wendy White, Esquire
Senior Vice President & General Counsel for the University of Pennsylvania & Penn Medicine
Office of The Sr. Vice President and General Counsel
FMC Tower At Cira Centre South
2929 Walnut Street, Suite 400
Philadelphia, Pa 19104

### *Re: April Ploeger v. Trustees of the University of Pennsylvania*

General Counsel –

In addition to again expressing my thanks to you for your gracious response to my phone call of two evenings ago, I affirm here that:

1). Although neither knowingly nor intentionally, and contrary to my signed Certificate of Service filed with the Complaint, I did not in fact place the Complaint in this matter in your hands, or in the hands of your office, until April 15, 2020.

2). In the event that you require more than 20 days [PA.R.C.P. 1026 (a)] within which to file your responsive pleading, I will have no objection to an extension's being granted until Friday, May 15, 2020.

And I reaffirm that, while my duty and commitment is to represent my client's interests, as it is yours to represent your client's, I take my duty to be well-discharged if discussion / negotiation in pursuit of a settlement reasonably acceptable to both parties is in progress and look forward to engaging in the same.

Best regards,

E. Daniel Larkin
Counsel for Plaintiff

In the Court of Common Pleas of Philadelphia County
Commonwealth of Pennsylvania

*Filed and Attested by the Office of Judicial Records 01 APR 2020 01:04 pm A. SILIGRINI*

April Ploeger
505 S. 42nd St., Apt. 1F
Philadelphia, PA 19104
      Plaintiff,

      v.

                         Case No. _____ _____

Trustees of the University of Pennsylvania,
*d.b.a.* The University of Pennsylvania,
a Pennsylvania nonprofit corporation
University of Pennsylvania
Philadelphia PA 19104.
      Defendant

## NOTICE TO
## DEFEND

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

<div align="center">

**Philadelphia Bar Association**
**Lawyer Referral and Information Service**
**One Reading Center**
**Philadelphia PA 19107**
**Telephone: (215) 238-1701**

</div>

## AVISO

Le han demando a usted en la corte. Si usted quiere defenderse de estas demandas expuestas e las paginas siguientes, usted tiene veinte dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no de defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE, SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION DE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

Asociacion De Licenciados De Filadelfia
Servicio De Referencia E Informacion Legal
One Reading Center
Filadelfia, Pennsylvania 19107
Telefono: (215) 238-1701

COMPLAINT

<u>Parties</u>

1. Plaintiff herein is April Ploeger ("Ploeger"), an adult individual currently residing at 505 S. 42nd St., Apt. 1F, Philadelphia, PA 19104.

2. Defendants herein are the Trustees of the University of Pennsylvania, *d.b.a.* The University of Pennsylvania (hereafter, "the University"), a Pennsylvania nonprofit corporation with an address at University of Pennsylvania, Philadelphia PA 19104.

<u>Allegations upon which the Complaint rests</u>

3. This is a Complaint for breach of contract, brought under the common law of Pennsylvania and seeking damages mandated by the common law of contract damages upon a finding of liability against Defendant.

4. Ploeger has suffered financial harm, caused by the University's wrongful actions and inaction, including those set forth in this Complaint.

5. Ploeger was admitted to the University as a full-time, undergraduate student for Fall Semester, 2006.

6. Her health compelled her to request, and the University granted, a leave of absence for that and the following semester (i.e., Fall 2006; Spring 2007).

7. She returned to the University for the Fall 2007 semester, expecting to begin her undergraduate work.

1.

Case ID: 200302766

8. Ploeger quickly realized that she would be unable to pursue her studies without the University's granting her reasonable modifications ("Modifications") in policies, practices, or procedures governing, *inter alia*, the places in which, and the amount of time during which, academic work could be completed at the University.

9. She sought and was granted a second leave of absence, to run through the Fall 2007 and Spring 2008 semesters, during which time she undertook to learn, and did learn, the process governing requests for Modifications at the University.

10.  Upon resumption of her studies at the University in Fall Semester 2008, she sought and was granted Modifications from the University's policies to enable her to proceed with her studies.

11. The Modifications granted for Fall Semester 2008 permitted Ploeger to complete that semester.

12.

    a. Her health did not permit her to continue in Spring 2009, compelling her to request a leave of absence.

    b. The University granted that request.

13.  Each semester  through  and  including  Spring  2015,  Ploeger  requested Modifications and they were granted to her through the actions of William Alexander ("Alexander"), at times relevant to this action Director of the University's Counseling and Psychological Services ("CAPS").

Case ID: 200302766

14.

a. During spring 2015, responding to ongoing stress and despair, Ploeger tried to commit suicide via overdose.

b. Her attempt failed, for which Ploeger was then and remains now grateful.

15. Ploeger remained acutely aware of the danger in which her mental health placed her and reported her suicide attempt to CAPS the day after her failed attempt.

16. CAPS' response was to release Ploeger and send her home with a prescription for more of the same pills on which she had overdosed.

17. Ploeger detailed this response to University officials, including the University President and the Vice Provost for University Life.

18. The University's response was to threaten Ploeger with arrest if she again sought to contact the University president.

19. The Vice Provost for Student Life then arranged to meet Ploeger on the University campus.

20. Ploeger went to the meeting hoping to discuss the action and inaction of CAPS and the University's threat of arrest should she again seek to contact the University President.

21. The University police were sent to, and did, enter Ploeger's apartment during her meeting with the Vice Provost.

3.

Case ID: 200302766

22. Despite being granted the Modifications she sought for Spring 2015, Ploeger was unable to continue through the Spring 2015 semester because of the distress caused her by the intimidating actions undertaken against her by the University and the harmful inaction of CAPS.

23.

    a. She did seek to resume her studies in the Spring, 2016, semester, with at least the Modifications that had been previously granted to her.

    b. Her continuing need for the requested Modifications was supported by her physicians.

24.

    a. The University's Student Disability Services refused to meet with her under conditions providing for Ploeger's sense of security in such meetings.

    b. The Modifications previously granted to Ploeger were not granted for Spring 2016.

25. The direct result of that refusal was Ploeger's inability to complete her semester midterms.

26. The direct result of that inability in turn compelled Ploeger to take a leave of absence for the Spring, 2016, semester.

27. Repeated requests from Ploeger's legal counsel to meet with the University General Counsel's office in pursuit of an amicable resolution were rebuffed.

4.

28.

   a. Ploeger's education at the University has been and continues to be disrupted.

   b. That disruption alone would and does create an increasingly grave burden upon Ploeger.

29. She is in increasingly grave financial distress.

30. Her health, already needful of care before these actions and inactions by the University, has suffered and continues to suffer increasingly from the latter.

31.

   a. She feels, for the reasons and under the circumstances alleged above, worse than abandoned by the University.

   b. she feels utterly rebuffed by and denied the special services within the University that the University presents to the public and presented to Ploeger as supported by the premier health facilities at the University and specifically at the service of the University's students.

## CONCLUSION

32. In short, a material term of the contractual provisions offered to Ploeger, provisions of the utmost necessity to Ploeger and ones that she accepted by her enrollment at the University, have been breached and remain in breach.

33. That breach, in all its manifestations is the material cause of the distress – financial, physical, educational – in which she has for long been placed by the University and in which she now remains.

Case ID: 200302766

34. The allegations set forth in Paragraphs 1 through 33 above are incorporated in this Paragraph 34 as if set forth herein in full.

35.

    a. The allegations set forth in Paragraph 34 state a claim for breach of contract.

    b. That breach, and the damage it has caused and is causing, continues through the present and despite efforts by Ploeger and her counsel to resolve this dispute.

<div align="center">DEMAND FOR RELIEF</div>

36. **WHEREFORE**, for the reasons and under the circumstances set forth above, Ploeger with respect for the Court and in reliance upon the law and facts demands of the Court a trial on the merits of this matter and will at the end of such trail seek an order in favor of Plaintiff and against Defendant; money damages in an amount in excess of the jurisdictional amount and in such specific amount as the Court finds just under applicable law applied to the evidence of record; and such further relief as the Court may determine to be just.

/s/ E. Daniel Larkin
E. Daniel Larkin - Counsel for Plaintiff
PA Atty. ID 32395
742 S. Latches Lane
Merion Station PA 19066
610.660.5201 (ph.); 610.660.5940 (fax)
dan@danlarkinlaw.com

Dated: March 4, 2020

Case ID: 200302766

**Dated: March 4, 2020**

## VERIFICATION

The undersigned, April Ploeger, affirms and verifies that she is the Plaintiff named in the foregoing Complaint filed on her behalf with this Verification in the matter known as *Ploeger v. Trustees of the University of Pennsylvania, d.b.a University of Pennsylvania* (Philadelphia Court of Common Pleas); that she has read the foregoing Complaint; that she is familiar, through personal knowledge, with the facts averred therein; and that all factual averments in such Complaint are true and correct to the best of her knowledge.

The undersigned makes this statement subject to the penalties provided by 18 Pa.C.S. Section 4904 relating to unsworn falsification to authorities.

April Ploeger
Plaintiff in the matter referred

to above

Dated: March 4, 2020

Case ID: 200302766

## CERTIFICATE OF SERVICE

I certify that on April 1, 2020, I caused a true and correct copy of the foregoing verified Complaint to be served upon Defendant by first class mail addressed to Wendy S. White, Esquire, identified as Defendant's Senior Vice President and General Counsel (*see*, https://www.upenn.edu/ogc/white.html, on this date) at the following address:

> Wendy S. White, Esquire
> Office of The Sr. Vice President and General Counsel
> FMC Tower At Cira Centre South
> 2929 Walnut Street, Suite 400
> Philadelphia, Pa 19104

and:

By attachment to an e–mail addressed to the General Counsel at wendy.white@ogc.upenn.edu

<div style="text-align:right">

/s/E. Daniel Larkin
E. Daniel Larkin
742 S. Latches Lane
Merion PA 19066
610.660.5201

</div>

# EXHIBIT 8

April Ploeger, :
:
             Plaintiff, : **PHILADELPHIA COUNTY**
: **COURT OF COMMON PLEAS**
v. :
: **MARCH TERM 2020**
:
Trustees of the University of Pennsylvania, : **No: 2766**
d/b/a The University of Pennsylvania, :
:
            Defendant. :

*Filed and Attested by the
Office of Judicial Records
MAY 2020 08:32 am
E. RUSSO*

## ORDER

    **AND NOW** this _____ day of _____2020, upon consideration of the

Preliminary Objections to Plaintiff's Complaint filed by Defendant, The Trustees of the

University of Pennsylvania, and any response thereto, it is hereby **ORDERED** that the

Preliminary Objections are hereby **SUSTAINED**, and the Complaint is dismissed, with

prejudice.


                    **BY THE COURT:**


                    _____
                                         J.

**Notice to Plead to the Plaintiff:**

**You are hereby notified to file a response to the within Preliminary Objections within twenty (20) days from service hereof or a judgment may be entered against you.**

**/s/ Leslie M. Greenspan**
**Leslie M. Greenspan, Esquire**
**Attorney for Defendant**

**TUCKER LAW GROUP, LLC**
Joe H. Tucker, Jr., Esquire (#56617)
Leslie Miller Greenspan, Esquire (#91639)
Dimitrios Mavroudis, Esquire (#93773)
Ten Penn Center
1801 Market Street, Suite 2500
Philadelphia, PA  19103
(215) 875-0609
jtucker@tlgattorneys.com
lgreenspan@tlgattorneys.com
dmavroudis@tlgattorneys.com

**ATTORNEYS FOR DEFENDANT,**
**THE TRUSTEES OF THE UNIVERSITY**
**OF PENNSYLVANIA**

| | |
|---|---|
| April Ploeger, | **PHILADELPHIA COUNTY** |
| | **COURT OF COMMON PLEAS** |
| Plaintiff, | |
| | **MARCH TERM 2020** |
| v. | |
| | **No:  2766** |
| Trustees of the University of Pennsylvania, d/b/a The University of Pennsylvania, | |
| | |
| Defendant. | |

**PRELIMINARY OBJECTIONS OF DEFENDANT, THE TRUSTEES OF THE**
**UNIVERSITY OF PENNSYLVANIA, TO PLAINTIFF'S COMPLAINT**

Defendant, The Trustees of the University of Pennsylvania ("Penn" or the

"University"), by and through its counsel, hereby files Preliminary Objections to Plaintiff's

Complaint pursuant to Pa.R.Civ.P. 1028(a)(2), and in support thereof, avers as follows:

Case ID: 200302766
Control No.: 20051113

## I.     Relevant Facts

1.      Plaintiff, who was admitted as an undergraduate student at Penn in the Fall of 2006, asserts a breach of contract claim against Penn.  (Complaint, attached as Exhibit 1 at ¶¶ 3, 5.)

2.      Plaintiff alleges that her health compelled her to take multiple leaves of absence from Penn between 2006 and 2016 and that Penn granted those requests for leave.  (Id. at ¶¶ 6, 9,12.)

3.      Plaintiff also alleges that during the semesters she did attend college at Penn, Penn granted her "reasonable modifications" of its policies, including the "places in which, and the amount of time during which, academic work could be completed at the University."  (Id. at ¶¶ 8, 10-11, 13.)

4.      Plaintiff avers that in the Spring of 2015, she attempted to commit suicide by overdose and reported that suicide attempt to the University's Counseling and Psychological Services office ("CAPS").  (Id. at ¶¶ 14-15.)

5.      According to the Complaint, the response from CAPS was to release Plaintiff and prescribe more of the same medications on which she had overdosed.  (Id. at ¶ 16.)

6.      Plaintiff claims that when she tried to meet with the University's top officials about CAPS' response, she was threatened with arrest, and University police entered her apartment.  (Id. at ¶¶ 17-21.)

7.      When Plaintiff sought to resume her studies in the Spring of 2016, she claims that the University's Students with Disabilities Services office refused to meet with her "under conditions providing for [Plaintiff's] sense of security during such

Case ID: 200302766
Control No.: 20051113

meetings" and did not grant her the modifications she previously had been granted.  (Id. at ¶¶ 23-24.)

8.      As a result, Plaintiff was unable to complete the Spring 2016 semester and took a leave of absence.  (Id. at ¶¶ 25-26.)

9.      In the Conclusion section of the Complaint, Plaintiff makes her first mention of a contract by generically pleading that "a material term of the contractual provisions offered to [Plaintiff], provisions of the utmost necessity to [Plaintiff] and ones which she accepted by her enrollment at the University, have been breached and remain in breach."  (Id. at ¶ 32.)

10.     Plaintiff does not identify the contract allegedly breached, does not identify the "contractual provisions" allegedly breached, and does not attach any contracts or other documents to the Complaint.

## II.    Preliminary Objection Pursuant to Pa.R.C.P.1028(a)(2) Because Plaintiff Violates Pa.R.Civ.P. 1019(h) and (i) By Failing to Identify or Attach the Alleged Contract at Issue.

11.     Penn moves to dismiss Plaintiff's Complaint pursuant to Pa.R.Civ.P.1028(a)(2), which provides that a party may preliminarily object to a complaint for "failure . . . to conform to law or rule of court."   Pa.R.Civ.P.1028(a)(2).

12.     Rule 1019(h) requires that, when any claim is based upon an agreement, the pleading must state specifically if the agreement is oral or written.  Pa.R.C.P. 1019(h).

13.     The Official Note to Rule 1019(h) confirms that "[i]f the agreement is in writing, it must be attached to the pleading."  Id., Official Note.

14.     Pennsylvania Rule of Civil Procedure 1019(i) further provides:

<center>3</center>

> When any claim or defense is based upon a writing, the pleader shall attach a copy of the writing, or the material part thereof, but if the writing or copy is not accessible to the pleader, it is sufficient so to state, together with the reason, and to set forth the substance in writing.

Pa. R.C.P. No. 1019(i).

15.     In her Complaint, Plaintiff makes a single passing reference to "contractual provisions" that were allegedly breached, but does not identify what contract or contractual provisions were allegedly breached, nor does Plaintiff attach any documents to the Complaint or account for their absence or whereabouts, as required by the Pennsylvania Rules of Civil Procedure.  (Complaint at ¶ 32.)

16.     Penn cannot be expected to defend this lawsuit without even the most basic notice of the contract and contractual provisions Plaintiff claims were breached.

17.     Thus, Plaintiff's breach of contract claim should be dismissed for failure to conform to Rules 1019(h) and (i).  See Precision Towers, Inc. v. Nat-Com, Inc., No. 2143, 2002 Phila. Ct. Com. Pl. LEXIS 16, *16 (Phila. C.C.P. Sept. 23, 2002) (Cohen, G., J.) (sustaining preliminary objection and dismissing contract claim for failure to attach a writing pursuant to Rule 1019(h)); Gemini Bakery Equip. v. Baktek, No. 3204, 2005 Phila. Ct. Com. Pl. LEXIS 121, *8-9 (Phila. C.C.P. Apr. 11, 2005) (Abramson, J.) (same).

Case ID: 200302766
Control No.: 20051113

**WHEREFORE,** Defendant, The Trustees of the University of Pennsylvania, respectfully requests the Court to sustain its Preliminary Objections and dismiss Plaintiff's Complaint with prejudice.  A proposed order is attached.

Respectfully submitted,

**TUCKER LAW GROUP, LLC**

Date:  May 15, 2020

/s/ Leslie M. Greenspan
Joe H. Tucker, Jr., Esquire
Leslie M. Greenspan, Esquire
Dimitrios Mavroudis, Esquire
Ten Penn Center
1801 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 875-0609

Attorneys for Defendant,
The Trustees of the University of Pennsylvania

5

Case ID: 200302766
Control No.: 20051113

**TUCKER LAW GROUP, LLC**
Joe H. Tucker, Jr., Esquire (#56617)
Leslie Miller Greenspan, Esquire (#91639)
Dimitrios Mavroudis, Esquire (#93773)
Ten Penn Center
1801 Market Street, Suite 2500
Philadelphia, PA  19103
(215) 875-0609
jtucker@tlgattorneys.com
lgreenspan@tlgattorneys.com
dmavroudis@tlgattorneys.com

**ATTORNEYS FOR DEFENDANT,**
**THE TRUSTEES OF THE UNIVERSITY**
**OF PENNSYLVANIA**

|  |  |
|---|---|
| April Ploeger, | : **PHILADELPHIA COUNTY** |
| | : **COURT OF COMMON PLEAS** |
| Plaintiff, | : |
| | : **MARCH TERM 2020** |
| v. | : |
| | : **No:  2766** |
| Trustees of the University of Pennsylvania, | : |
| d/b/a The University of Pennsylvania, | : |
| | : |
| Defendant. | : |

**MEMORANDUM OF LAW IN SUPPORT OF PRELIMINARY OBJECTIONS OF**
**DEFENDANT, THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA,**
**TO PLAINTIFF'S COMPLAINT**

Defendant, The Trustees of the University of Pennsylvania ("Penn" or the

"University"), by and through its counsel, hereby files its Memorandum of Law in support

of its Preliminary Objections to Plaintiff's Complaint pursuant to Pa.R.Civ.P. 1028(a)(2)

because the Complaint violates the Pennsylvania Rules of Civil Procedure by failing to

identify or attach any contract allegedly breached.

**I.**    **MATTER BEFORE THE COURT**

Before the Court are Defendant's Preliminary Objections to Plaintiff's Complaint

based on Plaintiff's failure to identify in – or attach to – the Complaint any contract

allegedly breached.

## II.     STATEMENT OF ISSUES PRESENTED

Whether this Court should dismiss, pursuant to Pa.R.Civ.P.1028(a)(2), Plaintiff's

breach of contract claim for failure to identify or attach the writing(s) upon which the

alleged contract was based, in violation of Rules 1019(h) and (i)?

*Suggested Answer:  Yes.*

## III.    STATEMENT OF FACTS

Plaintiff, who was admitted as an undergraduate student at Penn in the Fall of

2006, asserts a breach of contract claim against Penn.  (Complaint, attached as Exhibit

1 at ¶¶ 3, 5.)  Plaintiff alleges that her health compelled her to take multiple leaves of

absence from Penn between 2006 and 2016 and that Penn granted those requests for

leave.  (Id. at ¶¶ 6, 9,12.)  Plaintiff also alleges that during the semesters she did attend

college at Penn, Penn granted her "reasonable modifications" of its policies, including

the "places in which, and the amount of time during which, academic work could be

completed at the University."  (Id. at ¶¶ 8, 10-11, 13.)

Plaintiff avers that in the Spring of 2015, she attempted to commit suicide by

overdose and reported that suicide attempt to the University's Counseling and

Psychological Services office ("CAPS").  (Id. at ¶¶ 14-15.)  According to the Complaint,

the response from CAPS was to release Plaintiff and prescribe more of the same

medications on which she had overdosed.  (Id. at ¶ 16.)  Plaintiff claims that when she

tried to meet with the University's top officials about CAPS' response, she was

threatened with arrest, and University police entered her apartment.  (Id. at ¶¶ 17-21.)

Case ID: 200302766
Control No.: 20051113

When Plaintiff sought to resume her studies in the Spring of 2016, she claims that the University's Students with Disabilities Services office refused to meet with her "under conditions providing for [Plaintiff's] sense of security during such meetings" and did not grant her the modifications she previously had been granted.  (Id. at ¶¶ 23-24.)  As a result, Plaintiff was unable to complete the Spring 2016 semester and took a leave of absence.  (Id. at ¶¶¶ 25-26.)

In the Conclusion section of the Complaint, Plaintiff makes her first mention of a contract by generically pleading that "a material term of the contractual provisions offered to [Plaintiff], provisions of the utmost necessity to [Plaintiff] and ones which she accepted by her enrollment at the University, have been breached and remain in breach."  (Id. at ¶ 32.)  Plaintiff does not identify the contract allegedly breached, does not identify the "contractual provisions" allegedly breached, and does not attach any contracts or other documents to the Complaint.

## IV.   LEGAL ARGUMENT

### Plaintiff's Complaint Should Be Dismissed Pursuant to Pa.R.C.P.1028(a)(2), As Plaintiff Violates Pa.R.Civ.P. 1019(h) and (i) By Failing to Attach the Alleged Contract to the Complaint.

Penn moves to dismiss Plaintiff's Complaint pursuant to Pa.R.Civ.P.1028(a)(2), which provides that a party may preliminarily object to a complaint for "failure . . . to conform to law or rule of court."   Pa.R.Civ.P.1028(a)(2).

Rule 1019(h) requires that, when any claim is based upon an agreement, the pleading must state specifically if the agreement is oral or written.  Pa.R.C.P. 1019(h). The Official Note to Rule 1019(h) confirms that "[i]f the agreement is in writing, it must

3

Case ID: 200302766
Control No.: 20051113

be attached to the pleading." Id., Official Note.  Pennsylvania Rule of Civil Procedure

1019(i) further provides:

> When any claim or defense is based upon a writing, the
> pleader shall attach a copy of the writing, or the material part
> thereof, but if the writing or copy is not accessible to the
> pleader, it is sufficient so to state, together with the reason,
> and to set forth the substance in writing.

Pa.R.C.P. No. 1019(i).

In her Complaint, Plaintiff makes a single passing reference to "contractual

provisions" that were allegedly breached, but does not identify what contract or

contractual provisions were allegedly breached, nor does Plaintiff attach any documents

to the Complaint or account for their absence or whereabouts, as required by the

Pennsylvania Rules of Civil Procedure.  (Complaint at ¶ 32.)  Penn cannot be expected

to defend this lawsuit without even the most basic notice of the contract and contractual

provisions Plaintiff claims were breached.  Thus, Plaintiff's breach of contract claim

should be dismissed for failure to conform to Rules 1019(h) and (i).  See Precision

Towers, Inc. v. Nat-Com, Inc., No. 2143, 2002 Phila. Ct. Com. Pl. LEXIS 16, *16 (Phila.

C.C.P. Sept. 23, 2002) (Cohen, G., J.) (sustaining preliminary objection and dismissing

contract claim for failure to attach a writing pursuant to Rule 1019(h)); Gemini Bakery

Equip. v. Baktek, No. 3204, 2005 Phila. Ct. Com. Pl. LEXIS 121, *8-9 (Phila. C.C.P. Apr.

11, 2005) (Abramson, J.) (same).

Case ID: 200302766
Control No.: 20051113

**V.**     **<u>CONCLUSION</u>**

For the foregoing reasons, Defendant, The Trustees of the University of

Pennsylvania, respectfully requests that the Court sustain its Preliminary Objections and

dismiss Plaintiff's Complaint with prejudice.  A proposed order is attached.


Respectfully submitted,

**TUCKER LAW GROUP**

Date:  May 15, 2020              /s/ Leslie M. Greenspan           
                                                       Joe H. Tucker, Jr., Esquire
                                                       Leslie M. Greenspan, Esquire
                                                       Dimitrios Mavroudis, Esquire
Ten Penn Center
1801 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 875-0609

Attorneys for Defendant,
The Trustees of the University of Pennsylvania

Case ID: 200302766
Control No.: 20051113

## <u>CERTIFICATE OF COMPLIANCE</u>

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania, Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

**TUCKER LAW GROUP, LLC**

Dated:   May 15, 2020

/s/ Leslie M. Greenspan
Leslie M. Greenspan, Esquire

## CERTIFICATE OF SERVICE

    I, Leslie M. Greenspan, Esquire, hereby certify that on May 15, 2020, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

 

                                       **TUCKER LAW GROUP, LLC**

 

Dated:  May 15, 2020               /s/ Leslie M. Greenspan
                                       Leslie M. Greenspan, Esquire

# EXHIBIT 1

Case ID: 200302766
Control No.: 20051113

In the Court of Common Pleas of Philadelphia County
Commonwealth of Pennsylvania

Filed and Attested by the
Office of Judicial Records
01 APR 2020 01:04 pm
A. SILIGRINI

April Ploeger
505 S. 42nd St., Apt. 1F
Philadelphia, PA 19104
      Plaintiff,

      v.

                            Case No. _____ _____

Trustees of the University of Pennsylvania,
*d.b.a.* The University of Pennsylvania,
a Pennsylvania nonprofit corporation
University of Pennsylvania
Philadelphia PA 19104.
      Defendant

## NOTICE TO
## DEFEND

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

<div align="center">

**Philadelphia Bar Association**
**Lawyer Referral and Information Service**
**One Reading Center**
**Philadelphia PA 19107**
**Telephone: (215) 238-1701**

</div>

Case ID: 200302766
Control No.: 20051113

## AVISO

Le han demando a usted en la corte. Si usted quiere defenderse de estas demandas expuestas e las paginas siguientes, usted tiene veinte dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no de defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

**LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE, SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION DE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.**

Asociacion De Licenciados De Filadelfia
Servicio De Referencia E Informacion Legal
One Reading Center
Filadelfia, Pennsylvania 19107
Telefono: (215) 238-1701

COMPLAINT

Parties

1. Plaintiff herein is April Ploeger ("Ploeger"), an adult individual currently residing at 505 S. 42nd St., Apt. 1F, Philadelphia, PA 19104.

2. Defendants herein are the Trustees of the University of Pennsylvania, *d.b.a.* The University of Pennsylvania (hereafter, "the University"), a Pennsylvania nonprofit corporation with an address at University of Pennsylvania, Philadelphia PA 19104.

Allegations upon which the Complaint rests

3. This is a Complaint for breach of contract, brought under the common law of Pennsylvania and seeking damages mandated by the common law of contract damages upon a finding of liability against Defendant.

4. Ploeger has suffered financial harm, caused by the University's wrongful actions and inaction, including those set forth in this Complaint.

5. Ploeger was admitted to the University as a full-time, undergraduate student for Fall Semester, 2006.

6. Her health compelled her to request, and the University granted, a leave of absence for that and the following semester (i.e., Fall 2006; Spring 2007).

7. She returned to the University for the Fall 2007 semester, expecting to begin her undergraduate work.

1.

Case ID: 200302766
Control No.: 20051113

8. Ploeger quickly realized that she would be unable to pursue her studies without the University's granting her reasonable modifications ("Modifications") in policies, practices, or procedures governing, *inter alia*, the places in which, and the amount of time during which, academic work could be completed at the University.

9. She sought and was granted a second leave of absence, to run through the Fall 2007 and Spring 2008 semesters, during which time she undertook to learn, and did learn, the process governing requests for Modifications at the University.

10.  Upon resumption of her studies at the University in Fall Semester 2008, she sought and was granted Modifications from the University's policies to enable her to proceed with her studies.

11. The Modifications granted for Fall Semester 2008 permitted Ploeger to complete that semester.

12.

   a. Her health did not permit her to continue in Spring 2009, compelling her to request a leave of absence.

   b. The University granted that request.

13.  Each semester through and including Spring 2015, Ploeger requested Modifications and they were granted to her through the actions of William Alexander ("Alexander"), at times relevant to this action Director of the University's Counseling and Psychological Services ("CAPS").

Case ID: 200302766
Control No.: 20051113

14.

    a. During spring 2015, responding to ongoing stress and despair, Ploeger tried to commit suicide via overdose.

    b. Her attempt failed, for which Ploeger was then and remains now grateful.

15. Ploeger remained acutely aware of the danger in which her mental health placed her and reported her suicide attempt to CAPS the day after her failed attempt.

16. CAPS' response was to release Ploeger and send her home with a prescription for more of the same pills on which she had overdosed.

17. Ploeger detailed this response to University officials, including the University President and the Vice Provost for University Life.

18. The University's response was to threaten Ploeger with arrest if she again sought to contact the University president.

19. The Vice Provost for Student Life then arranged to meet Ploeger on the University campus.

20. Ploeger went to the meeting hoping to discuss the action and inaction of CAPS and the University's threat of arrest should she again seek to contact the University President.

21. The University police were sent to, and did, enter Ploeger's apartment during her meeting with the Vice Provost.

3.

Case ID: 200302766
Control No.: 20051113

22. Despite being granted the Modifications she sought for Spring 2015, Ploeger was unable to continue through the Spring 2015 semester because of the distress caused her by the intimidating actions undertaken against her by the University and the harmful inaction of CAPS.

23.

    a. She did seek to resume her studies in the Spring, 2016, semester, with at least the Modifications that had been previously granted to her.

    b. Her continuing need for the requested Modifications was supported by her physicians.

24.

    a. The University's Student Disability Services refused to meet with her under conditions providing for Ploeger's sense of security in such meetings.

    b. The Modifications previously granted to Ploeger were not granted for Spring 2016.

25. The direct result of that refusal was Ploeger's inability to complete her semester midterms.

26. The direct result of that inability in turn compelled Ploeger to take a leave of absence for the Spring, 2016, semester.

27. Repeated requests from Ploeger's legal counsel to meet with the University General Counsel's office in pursuit of an amicable resolution were rebuffed.

4.

28.

    a. Ploeger's education at the University has been and continues to be disrupted.

    b. That disruption alone would and does create an increasingly grave burden

    upon Ploeger.

29. She is in increasingly grave financial distress.

30. Her health, already needful of care before these actions and inactions by the University, has suffered and continues to suffer increasingly from the latter.

31.

    a. She feels, for the reasons and under the circumstances alleged above, worse than abandoned by the University.

    b. she feels utterly rebuffed by and denied the special services within the University that the University presents to the public and presented to Ploeger as supported by the premier health facilities at the University and specifically at the service of the University's students.

## CONCLUSION

32. In short, a material term of the contractual provisions offered to Ploeger, provisions of the utmost necessity to Ploeger and ones that she accepted by her enrollment at the University, have been breached and remain in breach.

33. That breach, in all its manifestations is the material cause of the distress – financial, physical, educational – in which she has for long been placed by the University and in which she now remains.

5.

Case ID: 200302766
Control No.: 20051113

34. The allegations set forth in Paragraphs 1 through 33 above are incorporated in this Paragraph 34 as if set forth herein in full.

35.

    a. The allegations set forth in Paragraph 34 state a claim for breach of contract.

    b. That breach, and the damage it has caused and is causing, continues through the present and despite efforts by Ploeger and her counsel to resolve this dispute.

<u>DEMAND FOR RELIEF</u>

36. **WHEREFORE**, for the reasons and under the circumstances set forth above, Ploeger with respect for the Court and in reliance upon the law and facts demands of the Court a trial on the merits of this matter and will at the end of such trail seek an order in favor of Plaintiff and against Defendant; money damages in an amount in excess of the jurisdictional amount and in such specific amount as the Court finds just under applicable law applied to the evidence of record; and such further relief as the Court may determine to be just.

<u>/s/ E. Daniel Larkin</u>
E. Daniel Larkin - Counsel for Plaintiff
PA Atty. ID 32395
742 S. Latches Lane
Merion Station PA 19066
610.660.5201 (ph.); 610.660.5940 (fax)
dan@danlarkinlaw.com

Dated: March 4, 2020

6

**Dated: March 4, 2020**

<u>VERIFICATION</u>

The undersigned, April Ploeger, affirms and verifies that she is the Plaintiff named in the foregoing Complaint filed on her behalf with this Verification in the matter known as *Ploeger v. Trustees of the University of Pennsylvania, d.b.a University of Pennsylvania* (Philadelphia Court of Common Pleas); that she has read the foregoing Complaint; that she is familiar, through personal knowledge, with the facts averred therein; and that all factual averments in such Complaint are true and correct to the best of her knowledge.

The undersigned makes this statement subject to the penalties provided by 18 Pa.C.S. Section 4904 relating to unsworn falsification to authorities.

April Ploeger
Plaintiff in the matter referred

to above

Dated: March 4, 2020

https://mail.google.com/mail/u/0/?tab=rm&ogbl#advanced-search/from=april.ploeger%40gmail.com&subset=all&attach=true&within=1d&sizeoperator=...    1/1

Case ID: 200302766
Control No.: 20051113

CERTIFICATE OF SERVICE

I certify that on April 1, 2020, I caused a true and correct copy of the foregoing verified Complaint to be served upon Defendant by first class mail addressed to Wendy S. White, Esquire, identified as Defendant's Senior Vice President and General Counsel (*see*, https://www.upenn.edu/ogc/white.html, on this date) at the following address:

    Wendy S. White, Esquire
    Office of The Sr. Vice President and General Counsel
    FMC Tower At Cira Centre South
    2929 Walnut Street, Suite 400
    Philadelphia, Pa 19104

    and:

By attachment to an e-mail addressed to the General Counsel at wendy.white@ogc.upenn.edu

                    /s/E. Daniel Larkin
                    E. Daniel Larkin
                    742 S. Latches Lane
                    Merion PA 19066
                    610.660.5201

April Ploeger,                             :

                        : **PHILADELPHIA COUNTY**

               Plaintiff,    : **COURT OF COMMON PLEAS**

                        :

      v.                    : **MARCH TERM 2020**

                        :

Trustees of the University of Pennsylvania,   : **No: 2766**

d/b/a The University of Pennsylvania,        :

                        :

                Defendant.   :

*Filed and Attested by the Office of Judicial Records 06 MAY 2020 12:16 pm E. HAURIN*

## <u>ORDER</u>

     **AND NOW** this _____ day of _____2020, upon consideration of the

Preliminary Objections to Plaintiff's Amended Complaint filed by Defendant, The

Trustees of the University of Pennsylvania, and any response thereto, it is hereby

**ORDERED** that the Preliminary Objections are hereby **SUSTAINED**, and the Amended

Complaint is dismissed, with prejudice.

                   **BY THE COURT:**

                        _____

                                                 J.

**Notice to Plead to the Plaintiff:**

**You are hereby notified to file a response to the within Preliminary Objections within twenty (20) days from service hereof or a judgment may be entered against you.**

**/s/ Leslie M. Greenspan**
**Leslie M. Greenspan, Esquire**
**Attorney for Defendant**

**TUCKER LAW GROUP, LLC**
Joe H. Tucker, Jr., Esquire (#56617)
Leslie Miller Greenspan, Esquire (#91639)
Dimitrios Mavroudis, Esquire (#93773)
Ten Penn Center
1801 Market Street, Suite 2500
Philadelphia, PA  19103
(215) 875-0609
jtucker@tlgattorneys.com
lgreenspan@tlgattorneys.com
dmavroudis@tlgattorneys.com

**ATTORNEYS FOR DEFENDANT,**
**THE TRUSTEES OF THE UNIVERSITY**
**OF PENNSYLVANIA**

|  |  |
|---|---|
| April Ploeger, | **PHILADELPHIA COUNTY** |
| Plaintiff, | **COURT OF COMMON PLEAS** |
| v. | **MARCH TERM 2020** |
| Trustees of the University of Pennsylvania, d/b/a The University of Pennsylvania, | **No:  2766** |
| Defendant. |  |

### PRELIMINARY OBJECTIONS OF DEFENDANT, THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, TO PLAINTIFF'S AMENDED COMPLAINT

Defendant, The Trustees of the University of Pennsylvania ("Penn" or the "University"), by and through its counsel, hereby files Preliminary Objections to Plaintiff's Amended Complaint pursuant to Pa.R.Civ.P. 1028(a)(2), and in support thereof, avers as follows:

Case ID: 200302766
Control No.: 20061787

I.      **Relevant Facts**

1.      Plaintiff, who was admitted as an undergraduate student at Penn in the Fall of 2006, asserts a breach of contract claim against Penn.  (Amended Complaint, attached as Exhibit 1 at ¶¶ 3, 5.)

2.      Plaintiff alleges that her health compelled her to take multiple leaves of absence from Penn between 2006 and 2016 and that Penn granted those requests for leave.  (Id. at ¶¶ 6, 9,12.)

3.      Plaintiff also alleges that during the semesters she did attend college at Penn, Penn granted her "reasonable modifications" of its policies, including the "places in which, and the amount of time during which, academic work could be completed at the University."  (Id. at ¶¶ 8, 10-11, 13.)

4.      Plaintiff avers that in the Spring of 2015, she attempted to commit suicide by overdose and reported that suicide attempt to the University's Counseling and Psychological Services office ("CAPS").  (Id. at ¶¶ 14-15.)

5.      According to the Amended Complaint, the response from CAPS was to release Plaintiff and prescribe more of the same medications on which she had overdosed.  (Id. at ¶ 16.)

6.      Plaintiff claims that when she tried to meet with the University's top officials about CAPS' response, she was threatened with arrest, and University police entered her apartment.  (Id. at ¶¶ 17-21.)

7.      When Plaintiff sought to resume her studies in the Spring of 2016, she claims that the University's Students with Disabilities Services office refused to meet

2

Case ID: 200302766
Control No.: 20061787

with her "under conditions providing for [Plaintiff's] sense of security during such meetings" and did not grant her the modifications she previously had been granted.  (Id. at ¶¶ 23-24.)

8.     As a result, Plaintiff was unable to complete the Spring 2016 semester and took a leave of absence.  (Id. at ¶¶ 25-26.)

9.     In the Conclusion section of the Amended Complaint, Plaintiff makes her first mention of a contract by generically pleading that "a material term of the contractual provisions offered to [Plaintiff], provisions of the utmost necessity to [Plaintiff] and ones which she accepted by her enrollment at the University, have been breached and remain in breach."  (Id. at ¶ 32.)

10.     The only difference between the original Complaint and the Amended Complaint is the addition of paragraph 32(b) and Exhibit A, which purports to be the contract that was breached.

11.     Exhibit A is a print-out from Penn's website about Health and Wellness and includes resources available to the Penn community, including CAPS.

12.     Exhibit A, however, does not contain any contractual language or promises upon which Plaintiff relies in this case.

13.     Therefore, the Amended Complaint does not cure the legal deficiency raised in Penn's initial set of Preliminary Objections.

14.     It is not enough to attach *a* document to the Amended Complaint; rather, the document must be a contract between the parties that was allegedly breached.

Case ID: 200302766
Control No.: 20061787

**II.    Preliminary Objection Pursuant to Pa.R.C.P.1028(a)(2) Because Plaintiff Violates Pa.R.Civ.P. 1019(h) and (i) By Failing to Attach a Contract that was Allegedly Breached.**

15.    Penn moves to dismiss Plaintiff's Amended Complaint pursuant to Pa.R.Civ.P.1028(a)(2), which provides that a party may preliminarily object to a complaint for "failure . . . to conform to law or rule of court." Pa.R.Civ.P.1028(a)(2).

16.    Rule 1019(h) requires that, when any claim is based upon an agreement, the pleading must state specifically if the agreement is oral or written. Pa.R.C.P. 1019(h).

17.    The Official Note to Rule 1019(h) confirms that "[i]f the agreement is in writing, it must be attached to the pleading." Id., Official Note.

18.    Pennsylvania Rule of Civil Procedure 1019(i) further provides:

> When any claim or defense is based upon a writing, the pleader shall attach a copy of the writing, or the material part thereof, but if the writing or copy is not accessible to the pleader, it is sufficient so to state, together with the reason, and to set forth the substance in writing.

Pa. R.C.P. No. 1019(i).

19.    In the Amended Complaint, Plaintiff makes a single passing reference to "contractual provisions" that were allegedly breached.

20.    Contrary to the original Complaint, which contained no identification of a contract or attachment at all, the Amended Complaint includes an attached document. But the attached document does not include any contract or promises upon which Plaintiff claims to rely.  (Amended Complaint at ¶ 32(b) and Exhibit A.)

21.    It is not enough to attach *a* document to the Amended Complaint; rather, the document must be a contract between the parties that was allegedly breached.

4

22.     Exhibit A to the Amended Complaint is simply a list of health and wellness services provided by Penn.  Exhibit A does not contain any contract or promises to Plaintiff, nor does Plaintiff allege what services listed in Exhibit A Penn allegedly did not provide (assuming that is the allegation).

23.     Thus, Plaintiff's breach of contract claim should be dismissed for failure to conform to Rules 1019(h) and (i).  See Precision Towers, Inc. v. Nat-Com, Inc., No. 2143, 2002 Phila. Ct. Com. Pl. LEXIS 16, *16 (Phila. C.C.P. Sept. 23, 2002) (Cohen, G., J.) (sustaining preliminary objection and dismissing contract claim for failure to attach a writing pursuant to Rule 1019(h)); Gemini Bakery Equip. v. Baktek, No. 3204, 2005 Phila. Ct. Com. Pl. LEXIS 121, *8-9 (Phila. C.C.P. Apr. 11, 2005) (Abramson, J.) (same).

**WHEREFORE,** Defendant, The Trustees of the University of Pennsylvania, respectfully requests the Court to sustain its Preliminary Objections and dismiss Plaintiff's Amended Complaint with prejudice.  A proposed order is attached.

Respectfully submitted,

**TUCKER LAW GROUP, LLC**

Date:  June 24, 2020                    /s/ Leslie M. Greenspan
                                        Joe H. Tucker, Jr., Esquire
                                        Leslie M. Greenspan, Esquire
                                        Dimitrios Mavroudis, Esquire
                                        Ten Penn Center
                                        1801 Market Street, Suite 2500
                                        Philadelphia, PA 19103
                                        (215) 875-0609

                                        Attorneys for Defendant,
                                        The Trustees of the University of Pennsylvania

5

Case ID: 200302766
Control No.: 20061787

**TUCKER LAW GROUP, LLC**
Joe H. Tucker, Jr., Esquire (#56617)
Leslie Miller Greenspan, Esquire (#91639)
Dimitrios Mavroudis, Esquire (#93773)
Ten Penn Center
1801 Market Street, Suite 2500
Philadelphia, PA  19103
(215) 875-0609
jtucker@tlgattorneys.com
lgreenspan@tlgattorneys.com
dmavroudis@tlgattorneys.com

**ATTORNEYS FOR DEFENDANT,
THE TRUSTEES OF THE UNIVERSITY
OF PENNSYLVANIA**

---

| | |
|---|---|
| April Ploeger, | : **PHILADELPHIA COUNTY** |
| | : **COURT OF COMMON PLEAS** |
| Plaintiff, | : |
| | : **MARCH TERM 2020** |
| v. | : |
| | : **No:  2766** |
| Trustees of the University of Pennsylvania, | : |
| d/b/a The University of Pennsylvania, | : |
| | : |
| Defendant. | : |

**MEMORANDUM OF LAW IN SUPPORT OF PRELIMINARY OBJECTIONS OF
DEFENDANT, THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA,
TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant, The Trustees of the University of Pennsylvania ("Penn" or the

"University"), by and through its counsel, hereby files its Memorandum of Law in support

of its Preliminary Objections to Plaintiff's Amended Complaint pursuant to Pa.R.Civ.P.

1028(a)(2) because the Amended Complaint violates the Pennsylvania Rules of Civil

Procedure by failing to attach any contract allegedly breached.

**I.   MATTER BEFORE THE COURT**

Before the Court are Defendant's Preliminary Objections to Plaintiff's Amended

Complaint based on Plaintiff's failure to attach to the Amended Complaint any contract

allegedly breached.

**II.**      <u>**STATEMENT OF ISSUES PRESENTED**</u>

Whether this Court should dismiss, pursuant to Pa.R.Civ.P.1028(a)(2), Plaintiff's

breach of contract claim for failure to attach the writing(s) upon which the alleged

contract was based, in violation of Rules 1019(h) and (i)?

*Suggested Answer: Yes.*

**III.**      <u>**STATEMENT OF FACTS**</u>

Plaintiff, who was admitted as an undergraduate student at Penn in the Fall of

2006, asserts a breach of contract claim against Penn. (Amended Complaint, attached

as Exhibit 1 at ¶¶ 3, 5.) Plaintiff alleges that her health compelled her to take multiple

leaves of absence from Penn between 2006 and 2016 and that Penn granted those

requests for leave. (<u>Id.</u> at ¶¶ 6, 9,12.) Plaintiff also alleges that during the semesters

she did attend college at Penn, Penn granted her "reasonable modifications" of its

policies, including the "places in which, and the amount of time during which, academic

work could be completed at the University." (<u>Id.</u> at ¶¶ 8, 10-11, 13.)

Plaintiff avers that in the Spring of 2015, she attempted to commit suicide by

overdose and reported that suicide attempt to the University's Counseling and

Psychological Services office ("CAPS"). (<u>Id.</u> at ¶¶ 14-15.) According to the Amended

Complaint, the response from CAPS was to release Plaintiff and prescribe more of the

same medications on which she had overdosed. (<u>Id.</u> at ¶ 16.) Plaintiff claims that when

she tried to meet with the University's top officials about CAPS' response, she was

threatened with arrest, and University police entered her apartment. (<u>Id.</u> at ¶¶ 17-21.)

<p align="center">2</p>

When Plaintiff sought to resume her studies in the Spring of 2016, she claims that the University's Students with Disabilities Services office refused to meet with her "under conditions providing for [Plaintiff's] sense of security during such meetings" and did not grant her the modifications she previously had been granted.  (Id. at ¶¶ 23-24.)  As a result, Plaintiff was unable to complete the Spring 2016 semester and took a leave of absence.  (Id. at ¶¶¶ 25-26.)

In the Conclusion section of the Amended Complaint, Plaintiff makes her first mention of a contract by generically pleading that "a material term of the contractual provisions offered to [Plaintiff], provisions of the utmost necessity to [Plaintiff] and ones which she accepted by her enrollment at the University, have been breached and remain in breach."  (Id. at ¶ 32.)

The only difference between the original Complaint and the Amended Complaint is the addition of paragraph 32(b) and Exhibit A, which purports to be the contract that was breached.  Exhibit A is a print-out from Penn's website about Health and Wellness and includes resources available to the Penn community, including CAPS.  Exhibit A, however, does not contain any contractual language or promises upon which Plaintiff relies in this case. Therefore, the Amended Complaint does not cure the legal deficiency raised in Penn's initial set of Preliminary Objections.  It is not enough to attach *a* document to the Amended Complaint; rather, the document must be a contract between the parties that was allegedly breached.

Case ID: 200302766
Control No.: 20061787

## IV.   <u>LEGAL ARGUMENT</u>

**Plaintiff's Amended Complaint Should Be Dismissed Pursuant to Pa.R.C.P.1028(a)(2), As Plaintiff Violates Pa.R.Civ.P. 1019(h) and (i) By <u>Failing to Attach a Contract to the Amended Complaint.</u>**

Penn moves to dismiss Plaintiff's Amended Complaint pursuant to Pa.R.Civ.P.1028(a)(2), which provides that a party may preliminarily object to a complaint for "failure . . . to conform to law or rule of court." Pa.R.Civ.P.1028(a)(2).

Rule 1019(h) requires that, when any claim is based upon an agreement, the pleading must state specifically if the agreement is oral or written. Pa.R.C.P. 1019(h). The Official Note to Rule 1019(h) confirms that "[i]f the agreement is in writing, it must be attached to the pleading." <u>Id.</u>, Official Note. Pennsylvania Rule of Civil Procedure 1019(i) further provides:

> When any claim or defense is based upon a writing, the pleader shall attach a copy of the writing, or the material part thereof, but if the writing or copy is not accessible to the pleader, it is sufficient so to state, together with the reason, and to set forth the substance in writing.

Pa.R.C.P. No. 1019(i).

In her Amended Complaint, Plaintiff makes a single passing reference to "contractual provisions" that were allegedly breached. (Amended Complaint at ¶ 32.) Contrary to the original Complaint, which contained no identification of a contract or attachment at all, the Amended Complaint includes an attached document. But the attached document does not include any contract or promises upon which Plaintiff claims to rely. (Amended Complaint at ¶ 32(b) and Exhibit A.) It is not enough to attach *a* document to the Complaint; rather, the document must be a contract between the parties that was allegedly breached. Exhibit A to the Amended Complaint is simply a

4

list of health and wellness services provided by Penn.  Exhibit A does not contain any contract or promises to Plaintiff, nor does Plaintiff allege what services listed in Exhibit A Penn allegedly did not provide (assuming that is the allegation).

Thus, Plaintiff's breach of contract claim should be dismissed for failure to conform to Rules 1019(h) and (i).  See Precision Towers, Inc. v. Nat-Com, Inc., No. 2143, 2002 Phila. Ct. Com. Pl. LEXIS 16, *16 (Phila. C.C.P. Sept. 23, 2002) (Cohen, G., J.) (sustaining preliminary objection and dismissing contract claim for failure to attach a writing pursuant to Rule 1019(h)); Gemini Bakery Equip. v. Baktek, No. 3204, 2005 Phila. Ct. Com. Pl. LEXIS 121, *8-9 (Phila. C.C.P. Apr. 11, 2005) (Abramson, J.) (same).

## V.   **CONCLUSION**

For the foregoing reasons, Defendant, The Trustees of the University of Pennsylvania, respectfully requests that the Court sustain its Preliminary Objections and dismiss Plaintiff's Amended Complaint with prejudice.  A proposed order is attached.


Respectfully submitted,

**TUCKER LAW GROUP**

Date:  June 24, 2020                     /s/ Leslie M. Greenspan
                                         Joe H. Tucker, Jr., Esquire
                                         Leslie M. Greenspan, Esquire
                                         Dimitrios Mavroudis, Esquire
                                         Ten Penn Center
                                         1801 Market Street, Suite 2500
                                         Philadelphia, PA 19103
                                         (215) 875-0609

                                         Attorneys for Defendant,
                                         The Trustees of the University of Pennsylvania

5

Case ID: 200302766
Control No.: 20061787

## <u>CERTIFICATE OF COMPLIANCE</u>

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania, Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

**TUCKER LAW GROUP, LLC**

/s/ Leslie M. Greenspan

Leslie M. Greenspan, Esquire

**<u>CERTIFICATE OF SERVICE</u>**

I, Leslie M. Greenspan, Esquire, hereby certify that on May 15, 2020, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

**TUCKER LAW GROUP, LLC**

Dated:   June 24, 2020                          /s/ Leslie M. Greenspan
                                                         Leslie M. Greenspan, Esquire

# EXHIBIT 1

Case ID: 200302766
Control No.: 20061787

In the Court of Common Pleas of Philadelphia County
Commonwealth of Pennsylvania

*Filed and Attested by the
Office of Judicial Records
04 JUN 2020 07:35 pm
M. RUSSO*

April Ploeger
505 S. 42nd St., Apt. 1F
Philadelphia, PA 19104
      Plaintiff,

        v.

                                      **March Term 2020**
                                      **Case No.: 2766**

Trustees of the University of Pennsylvania,
*d.b.a.* The University of Pennsylvania,
a Pennsylvania nonprofit corporation
University of Pennsylvania
Philadelphia PA 19104.
      Defendant

## NOTICE TO DEFEND

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

Case ID: 200302766
Control No.: 20061787

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

**Philadelphia Bar Association**
**Lawyer Referral and Information Service**
**One Reading Center**
**Philadelphia PA 19107**
**Telephone: (215) 238-1701**

### AVISO

Le han demando a usted en la corte. Si usted quiere defenderse de estas demandas expuestas e las paginas siguentes, usted tiene veinte dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no de defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

**LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE, SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION DE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.**

**Asociacion De Licenciados De Filadelfia**
**Servicio De Referencia E Informacion Legal**
**One Reading Center**
**Filadelfia, Pennsylvania 19107**
**Telefono: (215) 238-1701**

## FIRST AMENDED COMPLAINT

### Parties

1. Plaintiff herein is April Ploeger ("Ploeger"), an adult individual currently residing at 505 S. 42nd St., Apt. 1F, Philadelphia, PA 19104.

2. Defendants herein are the Trustees of the University of Pennsylvania, *d.b.a.* The University of Pennsylvania (hereafter, "the University"), a Pennsylvania nonprofit corporation with an address at University of Pennsylvania, Philadelphia PA 19104.

### Allegations upon which the Complaint rests

3. This is an Amended Complaint for breach of contract, brought under the common law of Pennsylvania and seeking damages mandated by the common law of contract damages upon a finding of liability against Defendant.

4. Ploeger has suffered financial harm, caused by the University's wrongful actions and inaction, including those set forth in this Complaint.

5. Ploeger was admitted to the University as a full-time, undergraduate student for Fall Semester, 2006.

6. Her health compelled her to request, and the University granted, a leave of absence for that and the following semester (i.e., Fall 2006; Spring 2007).

7. She returned to the University for the Fall 2007 semester, expecting to begin her undergraduate work.

1.

Case ID: 200302766
Control No.: 20061787

8. Ploeger quickly realized that she would be unable to pursue her studies without the University's granting her reasonable modifications ("Modifications") in policies, practices, or procedures governing, *inter alia*, the places in which, and the amount of time during which, academic work could be completed at the University.

9. She sought and was granted a second leave of absence, to run through the Fall 2007 and Spring 2008 semesters, during which time she undertook to learn, and did learn, the process governing requests for Modifications at the University.

10. Upon resumption of her studies at the University in Fall Semester 2008, she sought and was granted Modifications from the University's policies to enable her to proceed with her studies.

11. The Modifications granted for Fall Semester 2008 permitted Ploeger to complete that semester.

12.

    a. Her health did not permit her to continue in Spring 2009, compelling her to request a leave of absence.

    b. The University granted that request.

2.

Case ID: 200302766
Control No.: 20061787

13. Each semester through and including Spring 2015, Ploeger requested Modifications and they were granted to her through the actions of William Alexander ("Alexander"), at times relevant to this action Director of the University's Counseling and Psychological Services ("CAPS").

14.

    a. During spring 2015, responding to ongoing stress and despair, Ploeger tried to commit suicide via overdose.

    b. Her attempt failed, for which Ploeger was then and remains now grateful.

15. Ploeger remained acutely aware of the danger in which her mental health placed her and reported her suicide attempt to CAPS the day after her failed attempt.

16. CAPS' response was to release Ploeger and send her home with a prescription for more of the same pills on which she had overdosed.

17. Ploeger detailed this response to University officials, including the University President and the Vice Provost for University Life.

18. The University's response was to threaten Ploeger with arrest if she again sought to contact the University president.

3.

Case ID: 200302766
Control No.: 20061787

19. The Vice Provost for Student Life then arranged to meet Ploeger on the University campus.

20. Ploeger went to the meeting hoping to discuss the action and inaction of CAPS and the University's threat of arrest should she again seek to contact the University President.

21. The University police were sent to, and did, enter Ploeger's apartment during her meeting with the Vice Provost.

22. Despite being granted the Modifications she sought for Spring 2015, Ploeger was unable to continue through the Spring 2015 semester because of the distress caused her by the intimidating actions undertaken against her by the University and the harmful inaction of CAPS.

23.

    a. She did seek to resume her studies in the Spring, 2016, semester, with at least the Modifications that had been previously granted to her.

    b. Her continuing need for the requested Modifications was supported by her physicians.

4.

Case ID: 200302766
Control No.: 20061787

24.

    a. The University's Student Disability Services refused to meet with her under conditions providing for Ploeger's sense of security in such meetings.

    b. The Modifications previously granted to Ploeger were not granted for Spring 2016.

25. The direct result of that refusal was Ploeger's inability to complete her semester midterms.

26. The direct result of that inability in turn compelled Ploeger to take a leave of absence for the Spring, 2016, semester.

27. Repeated requests from Ploeger's legal counsel to meet with the University General Counsel's office in pursuit of an amicable resolution were rebuffed.

28.

    a. Ploeger's education at the University has been and continues to be disrupted.

    b. That disruption alone would and does create an increasingly grave burden upon Ploeger.

29. She is in increasingly grave financial distress.

30. Her health, already needful of care before these actions and inactions by the University, has suffered and continues to suffer increasingly from the latter.

Case ID: 200302766
Control No.: 20061787

31.

a. She feels, for the reasons and under the circumstances alleged above, worse than abandoned by the University.

b. she feels utterly rebuffed by and denied the special services within the University that the University presents to the public and presented to Ploeger as supported by the premier health facilities at the University and specifically at the service of the University's students.

## CONCLUSION

32.

a. In short, a material terms of the contractual provisions (the "Contractual Provisions") offered to Ploeger by the University, provisions of the utmost necessity to Ploeger and ones that she accepted by her enrollment at the University, have been breached and remain in breach.

b. The terms alleged by Ploeger to have been breached are set forth by the University on its website and are cited to with specificity at Exhibit "A" to this Amended Complaint and are incorporated herein as if set forth in full.

33. That breach, in all its manifestations is the material cause of the distress – financial, physical, educational – in which she has for long been placed by the University and in which she now remains.

Case ID: 200302766
Control No.: 20061787

34. The allegations set forth in Paragraphs 1 through 33 above are incorporated in this Paragraph 34 as if set forth herein in full.

35.

    a. The allegations set forth in Paragraph 34 state a claim for breach of contract.

    b. That breach, and the damage it has caused and is causing, continues through the present and despite efforts by Ploeger and her counsel to resolve this dispute.

<div align="center">DEMAND FOR RELIEF</div>

36. **WHEREFORE**, for the reasons and under the circumstances set forth above, Ploeger with respect for the Court and in reliance upon the law and facts demands of the Court a trial on the merits of this matter and will at the end of such trail seek an order in favor of Plaintiff and against Defendant; money damages in an amount in excess of the jurisdictional amount and in such specific amount as the Court finds just under applicable law applied to the evidence of record; and such further relief as the Court may determine to be just.

        /s/ E. Daniel Larkin
        E. Daniel Larkin - Counsel for Plaintiff
        PA Atty. ID 32395
        742 S. Latches Lane
        Merion Station PA 19066
        610.660.5201 (ph.); 610.660.5940 (fax)
        dan@danlarkinlaw.com

Dated: June 3, 2020

<div align="center">7.</div>

Case ID: 200302766
Control No.: 20061787

*Ploeger v. Trustees of the University of Pennsylvania*

**First Amended Complaint**

**Philadelphia County Court of Common Pleas**

**March Term 2020 No: 2766**

**Exhibit "A"**

Health & Wellness

Home to a world-class medical, nursing and veterinary school, Penn is deeply dedicated to high-quality patient care and the advancement of medical, nursing and veterinary science. https://www.wellnessatpenn.com/

Medical Service Providers

**University of Pennsylvania Health System**

Penn Medicine's central source for information, including physician directories, directions to facilities, online appointment scheduling, and health advice from one of America's best hospitals. https://www.pennmedicine.org/

Health, Counseling, & Mediation for the Penn Community

**Campus Health**

The public health division of Penn's Student Health Service, Campus Health seeks to improve health and well-being across campus through policy, health education, and epidemiology. https://campushealth.wellness.upenn.edu/

**Office of the Chaplain**

Chaplains to the University Community are available to students, faculty and staff for pastoral support, guidance, or informal advising and counseling. https://chaplain.upenn.edu/

Exhibit "A" – p. 1

Case ID: 200302766
Control No.: 20061787

## Counseling & Psychological Services

CAPS offers confidential free professional mental health care for all Penn students. Available services include individual and group therapy, crisis intervention, structured workshops, psychological testing, medication reviews, and more. https://caps.wellness.upenn.edu/

## Student Health Service

Schedule appointments online and learn about health services available at Penn, including emergency care, insurance, vaccines, and women's health. https://shs.wellness.upenn.edu/

## Wellness at Penn

A core priority for Penn, Wellness at Penn emphasizes holistic health that considers safety, happiness, mental health, resilience, financial well-being. https://www.wellnessatpenn.com/

Exhibit "A" – p. 2

Case ID: 200302766
Control No.: 20061787

IMG-5140.jpg

Exhibit "A" – p. 2

## VERIFICATION

The undersigned, April Ploeger, affirms and verifies that she is the Plaintiff named in the foregoing Amended Complaint filed on her behalf with this Verification in the matter known as *Ploeger v. Trustees of the University of Pennsylvania, d.b.a University of Pennsylvania* (Philadelphia Court of Common Pleas); that she has read the foregoing Amended Complaint; that she is familiar, through personal knowledge or through information and belief, as pled with specificity in the foregoing Amended Complaint, with the facts averred therein; and that all factual averments in such Amended Complaint are true and correct to the best of her knowledge, information or belief, as specified in the Amended Complaint.

The undersigned makes this statement subject to the penalties provided by 18 Pa.C.S. Section 4904 relating to unsworn falsification to authorities.

April Ploeger
Plaintiff in the matter

referred to above

Dated: June 4, 2020

Case ID: 200302766
Control No.: 20061787

CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania, Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

/s/E. Daniel Larkin
E. Daniel Larkin
742 S. Latches Lane
Merion PA 19066
610.660.5201

CERTIFICATE OF SERVICE

I certify that on June 4, 2020, I caused a true and correct copy of the foregoing First Amended Complaint to be served upon Defendant's counsel of record, Leslie M. Greenspan, Esquire, by first class mail, postage prepaid, at the following address:

Leslie M. Greenspan, Esquire
TUCKER LAW GROUP
Ten Penn Center
1801 Market Street, Suite 2500
Philadelphia PA 19103

and:

By e-mail attachment sent to lgreenspan@tlgattorneys.com

/s/E. Daniel Larkin
E. Daniel Larkin
742 S. Latches Lane
Merion PA 19066
610.660.5201

CERTIFICATE OF SERVICE

*Filed and Attested by the
Office of Judicial Records
04 JUN 2020 07:35 pm
M. RUSSO*

I certify that on June 4, 2020, I caused a true and correct copy of the foregoing First Amended Complaint to be served upon Defendant's counsel of record, Leslie M. Greenspan, Esquire, by first class mail, postage prepaid, at the following address:

> Leslie M. Greenspan, Esquire
> TUCKER LAW GROUP
> Ten Penn Center
> 1801 Market Street, Suite 2500
> Philadelphia PA 19103
>
> and:
>
> By e-mail attachment sent to lgreenspan@tlgattorneys.com

> _/s/E. Daniel Larkin_
> E. Daniel Larkin
> 742 S. Latches Lane
> Merion PA 19066
> 610.660.5201

April Ploeger,                                    :
                                                  :   **PHILADELPHIA COUNTY**
                              Plaintiff,           :   **COURT OF COMMON PLEAS**
                                                  :
              v.                                  :   **MARCH TERM 2020**
                                                  :
Trustees of the University of Pennsylvania,       :   **No:  2766**
d/b/a The University of Pennsylvania,             :
                                                  :
                              Defendant.          :

*Filed and Attested by the Office of Judicial Records 05 JUN 2020 10:15 am E. RUSSO*

## <u>ORDER</u>

    **AND NOW** this _____ day of _____2020, upon consideration of the

Preliminary Objections to Plaintiff's Second Amended Complaint filed by Defendant,

The Trustees of the University of Pennsylvania, and any response thereto, it is hereby

**ORDERED** that the Preliminary Objections are hereby **SUSTAINED**, and the Second

Amended Complaint is dismissed, with prejudice.


                    **BY THE COURT:**


                    _____

                                               J.

**Notice to Plead to the Plaintiff:**

**You are hereby notified to file a response to the within Preliminary Objections within twenty (20) days from service hereof or a judgment may be entered against you.**

**/s/ Leslie Miller Greenspan**
**Leslie Miller Greenspan, Esquire**
**Attorney for Defendant**

**TUCKER LAW GROUP, LLC**
Joe H. Tucker, Jr., Esquire (#56617)
Leslie Miller Greenspan, Esquire (#91639)
Dimitrios Mavroudis, Esquire (#93773)
Ten Penn Center
1801 Market Street, Suite 2500
Philadelphia, PA  19103
(215) 875-0609
jtucker@tlgattorneys.com
lgreenspan@tlgattorneys.com
dmavroudis@tlgattorneys.com

**ATTORNEYS FOR DEFENDANT,**
**THE TRUSTEES OF THE UNIVERSITY**
**OF PENNSYLVANIA**

|  |  |
|---|---|
| April Ploeger, | **PHILADELPHIA COUNTY** |
|  | **COURT OF COMMON PLEAS** |
| Plaintiff, |  |
|  | **MARCH TERM 2020** |
| v. |  |
|  | **No:  2766** |
| Trustees of the University of Pennsylvania, d/b/a The University of Pennsylvania, |  |
|  |  |
| Defendant. |  |

**PRELIMINARY OBJECTIONS OF DEFENDANT,**
**THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA,**
**TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendant, The Trustees of the University of Pennsylvania ("Penn" or the

"University"), by and through its counsel, hereby files Preliminary Objections to Plaintiff's

Second Amended Complaint pursuant to Pa.R.Civ.P. 1028(a)(2) and 1028(a)(4).  After

Case ID: 200302766
Control No.: 20082394

three iterations of the Complaint, Plaintiff still has failed to cure the most basic deficiency of his breach of contract claim – the identification and attachment of a contract or contractual provision that was breached.  In support of the Preliminary Objections, Penn avers as follows:

I.    **Relevant Facts**

1.      Plaintiff, who was admitted as an undergraduate student at Penn in the Fall of 2006, asserts a breach of contract claim against Penn.  (Second Amended Complaint, attached as Exhibit 1 at ¶ 3.)

2.      Plaintiff alleges that her health compelled her to take multiple leaves of absence from Penn between 2006 and 2016 and that Penn granted those requests for leave.  (Id. at ¶¶ 11, 14, 17.)

3.      Plaintiff also alleges that during the semesters she did attend college at Penn, Penn granted her "reasonable modifications" of its policies, including the "places in which, and the amount of time during which, academic work could be completed at the University."  (Id. at ¶¶ 13, 16, 18.)

4.      Plaintiff avers that in the Spring of 2015, she attempted to commit suicide by overdose and reported that suicide attempt to the University's Counseling and Psychological Services office ("CAPS").  (Id. at ¶ 21.)

5.      According to the Second Amended Complaint, the response from CAPS was to release Plaintiff and prescribe more of the same medications on which she had overdosed.  (Id.)

2

6.      Plaintiff claims that when she tried to meet with the University's top officials about CAPS' response, she was threatened with arrest, and University police entered her apartment.  (Id. at ¶¶ 25-26.)

7.      When Plaintiff sought to resume her studies in the Spring of 2016, she claims that the University's Students with Disabilities Services office refused to meet with her and did not grant her the modifications she previously had been granted.  (Id. at ¶ 27.)

8.      As a result, Plaintiff claims that she was unable to complete the Spring 2016 semester.  (Id. at ¶ 28.)

9.      In the Conclusion section of the Second Amended Complaint, Plaintiff makes her first mention of "a contract" by generically pleading that "a material term of the contractual provisions offered to [Plaintiff], provisions of the utmost necessity to [Plaintiff] and ones which she accepted by her enrollment at the University, have been breached and remain in breach."  (Id. at ¶ 34.)

10.      The only pertinent difference between the First Amended Complaint and the Second Amended Complaint is that the Second Amended Complaint does not attach any writing (or contract), but instead references "Exhibit A" to the First Amended Complaint.  (Id. at ¶ 34(b).)

11.      Exhibit A to the First Amended Complaint is a print-out from Penn's website about Health and Wellness and includes resources available to the Penn community, including CAPS.

12.      Exhibit A, however, does not contain any contractual language or promises upon which Plaintiff relies in this case.

3

Case ID: 200302766
Control No.: 20082394

13.     Therefore, the Second Amended Complaint does not cure the legal deficiency raised in both of Penn's prior sets of Preliminary Objections, and even yields additional deficiencies that cannot be cured by further amendment.

14.     It is now time to dismiss all of Plaintiff's claims, with prejudice.

A. **Preliminary Objection Pursuant to Pa.R.C.P.1028(a)(4), As the Second Amended Complaint's Breach of Contract and Alternative Equitable Estoppel Claims Are on the Face of the Pleading Clearly Barred by the Applicable Statute of Limitations.**

15.     A court may sustain a preliminary objection asserting a statute of limitations defense if the defense is "clear on the face of the pleadings." Scavo v. Old Forge Borough, 978 A.2d 1076, 1078 (Pa. Commw. Ct. 2009).

16.     Here, Plaintiff avers that the majority of Penn's contract breaches occurred in 2007, 2008, and 2015.  Exhibit 1 at ¶¶ 20, 21, 23, 25.

17.     All such allegations are time-barred on the face of the Complaint, as this case was not filed until April 1, 2020.

18.     Plaintiff makes only one allegation that is potentially (but not clearly) timely, generically referencing the year 2016 but providing no specific month or day for the alleged conduct.  Id. at ¶¶ 27-28.

19.     Even that allegation (addressed in more detail below), however, lacks any specificity about the alleged contract that Penn breached.  Id.

20.     The statute of limitations applicable to breach of contract and equitable estoppel claims in Pennsylvania is four-years. See, 42 Pa.C.S. § 5525; Thatcher's Drug Store v. Consolidated Supermarkets, 636 A.2d 156, 163 (Pa. 1994); Crouse v. Cyclops Indus., 745 A.2d 606 (Pa. 2000).

21.     Therefore, it is clear on the face of the Second Amended Complaint that

Case ID: 200302766
Control No.: 20082394

Plaintiff's claims – which range back to as early as 2005 – are time-barred by 42 Pa. C.S. § 5525.

22.    Moreover, to the extent that Plaintiff attempts to "back door" a medical malpractice claim by her averments that Penn's physicians negligently treated her in 2007, 2008 and 2015,[1] so too is this claim barred by 42 Pa.C.S. § 5524(2) (applying a two-year statute of limitations to medical malpractice actions).  See also Stephenson v. Greenberg, 617 A.2d 364 (Pa. Super. Ct. 1992) (no error in granting hospital's preliminary objections where medical malpractice action was barred by the two-year-statute of limitations).

23.    As such, Penn's preliminary objection in the nature of a demurrer to the Second Amended Complaint should be sustained, and the Second Amended Complaint should be dismissed in its entirety, with prejudice.

**B.  Preliminary Objection Pursuant to Pa.R.C.P.1028(a)(2) to Plaintiff's Breach of Contract Claim, As Plaintiff Violates Pa.R.Civ.P. 1019(h) and (i) By Failing to Attach a Contract to the Second Amended Complaint.**

9.    Penn moves to dismiss Plaintiff's Second Amended Complaint pursuant to Pa.R.Civ.P.1028(a)(2), which provides that a party may preliminarily object to a complaint for "failure . . . to conform to law or rule of court."   Pa.R.Civ.P.1028(a)(2).

10.    Rule 1019(h) requires that, when any claim is based upon an agreement, the pleading must state specifically if the agreement is oral or written.  Pa.R.C.P. 1019(h).  The Official Note to Rule 1019(h) confirms that "[i]f the agreement is in writing,

---

[1] See Exhibit 1 at ¶¶ 19, 20, 21, 22, 23, 24.  Plaintiff does not fashion a separate count for Medical Malpractice in the Second Amended Complaint or meet the other pleading requirements for asserting a medical malpractice claim.  See, e.g., Pa. R. Civ. P. 1042.2.

Case ID: 200302766
Control No.: 20082394

it must be attached to the pleading."  Id., Official Note.  Pennsylvania Rule of Civil

Procedure 1019(i) further provides:

> When any claim or defense is based upon a writing, the
> pleader shall attach a copy of the writing, or the material part
> thereof, but if the writing or copy is not accessible to the
> pleader, it is sufficient so to state, together with the reason,
> and to set forth the substance in writing.

Pa.R.C.P. No. 1019(i).

11.    In her Second Amended Complaint, Plaintiff does not attach any contract

or other writing, but simply refers to a document attached to the First Amended

Complaint. (Second Amended Complaint at ¶ 34(b)).  But even that document does not

include any specific contract or promises upon which Plaintiff claims to rely.  (Id. at ¶

34(b) and Exhibit A to First Amended Complaint).

12.     Even assuming that the Court is willing to accept a document that is not

attached to the Second Amended Complaint, but rather, was attached to a prior iteration

of the Complaint, it is not enough to attach a document to the Complaint; rather, the

document must be a contract between the parties that was allegedly breached.

13.    Exhibit A to the First Amended Complaint is simply a list of health and

wellness services provided by Penn.

14.    Exhibit A to the First Amended Complaint does not contain any contract or

promises to Plaintiff, nor does Plaintiff allege what services listed in Exhibit A Penn

allegedly did not provide, i.e., what specific contractual provision Penn breached.

15.     "The contractual nature of the university-student relationship allows a

student, under Pennsylvania law, to sue for a breach of contract, but "the allegations

must relate to a specific and identifiable promise that the school failed to honor." David

6

Case ID: 200302766
Control No.: 20082394

v. Neumann Univ., 177 F. Supp. 3d 920, 925 (E.D. Pa. 2016) (citing Vurimindi v. Fuqua Sch. of Bus., 435 F. App'x 129, 133 (3d Cir. 2011) (nonprecedential)).  "[G]eneral references to handbook, syllabi, and protocols" will not suffice. Id. "  So must it be in the instant case.

16.    Without identifying the specific contract and contractual provisions that Penn allegedly breached, Penn is left to guess as to the misconduct of which it is accused.

17.    Plaintiff's breach of contract claim therefore should be dismissed for failure to conform to Rules 1019(h) and (i).  See Precision Towers, Inc. v. Nat-Com, Inc., No. 2143, 2002 Phila. Ct. Com. Pl. LEXIS 16, *16 (Phila. C.C.P. Sept. 23, 2002) (Cohen, G., J.) (sustaining preliminary objection and dismissing contract claim for failure to attach a writing pursuant to Rule 1019(h)); Gemini Bakery Equip. v. Baktek, No. 3204, 2005 Phila. Ct. Com. Pl. LEXIS 121, *8-9 (Phila. C.C.P. Apr. 11, 2005) (Abramson, J.) (same).

### C. Preliminary Objection Pursuant to Pa.R.C.P.1028(a)(4) to Plaintiff's Equitable Estoppel Claim, For Failure to Allege the Necessary Facts to Support the Legal Elements of Inducement and Justifiable Reliance.

15.    An equitable estoppel claim requires proof of two essential elements: 1) an inducement to act and 2) a justifiable reliance on that inducement. Havas v. Temple University, 516 A.2d 17, 18 (Pa. Super. Ct. 1986).

16.    The burden rests upon the party asserting estoppel to establish the elements thereof by evidence which is clear, precise, and unequivocal.  Novelty Knitting Mills, Inc. v. Siskind, 457 A.2d 502, 504 (1983).

Case ID: 200302766
Control No.: 20082394

17.     In the instant case are no facts alleged to support a claim of estoppel against Penn.

18.     There is no inducement by Penn and no averments that Plaintiff acted in justifiable reliance on a belief that she would become and remain physically healthy and anxiety-free while a student at Penn.  Farmers Trust Co. v. Bomberger, 523 A.2d 790, 794 (Pa. Super. Ct. 1987).

19.     Nothing in the Second Amended Complaint can support a claim that Penn misled Plaintiff to her prejudice, let alone clear, precise and unequivocal proofs of the same.  Id.

20.     As such, Plaintiff's alternative equitable estoppel claim must be dismissed, with prejudice.

### D. Preliminary Objections Pursuant to Pa.R.C.P.1028(a)(2) and 1028(a)(4) to Plaintiff's "Back Door" Medical Malpractice Claims for Failure to File Timely Certificates of Merit.

17.     Plaintiff, while she does not create a separate count for medical malpractice, seems to assert professional negligence claims against several of Penn's doctors in the Second Amended Complaint, all without filing corresponding Certificates of Merit.  Exhibit 1 at ¶¶ 19, 20, 21, 22, 23, 24.  See Grossman v. Barke, 868 A.2d 561, 569 (Pa. Super. Ct. 2005) ("conduct is considered to be malpractice … when it constitutes medical treatment, that is, when it involves diagnosis, care and treatment by licensed medical professionals.").

18.     Pa. R.C.P. 1042.3 provides, in relevant part:

(a) In any action based upon an allegation that a licensed professional deviated from an acceptable professional standard, the attorney for the plaintiff, or the plaintiff if not represented, **shall file with the complaint or within sixty days after the**

8

Case ID: 200302766
Control No.: 20082394

**filing of the complaint**, a certificate of merit signed by the attorney or party that either

(1) an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm, or

(2) the claim that the defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard, or

(3) expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim.

Pa. R.C.P. No. 1042.3(a) (emphasis added)

19.     Plaintiff's original Complaint was filed on April 1, 2020, over 120 days ago.

20.     No Certificates of Merit supporting claims against any Penn doctor were ever filed in this matter to date.  Exhibit 1.

21.     Plaintiff should not be permitted to circumvent the mandate of a Certificate of Merit and its timing requirements by bringing a medical malpractice claim through "the back door."

22.     Because Plaintiff has failed to conform to Rule 1042.3, all of her claims in the nature of medical malpractice are legally deficient.  See Pa.R.C.P. 1042.6. Therefore, Penn's preliminary objections pursuant to Pa.R.C.P. 1028(a)(2) and 1028(a)(4) should be sustained.

### E.  Preliminary Objection Pursuant to Pa. R. C.P. 1028(a)(2) For Failure of Complaint to Conform to Pa.R.C.P. 1020, Requiring All Claims to Be Pleaded in Separate Counts.

23.     Finally, Plaintiff's Second Amended Complaint should be dismissed in its entirety for failure to conform to Rule 1020, which provides in pertinent part:

Case ID: 200302766
Control No.: 20082394

**Rule 1020. Pleading More Than One Cause of Action. Alternative Pleading. Failure to Join. Bar.**

(a) The plaintiff may state in the complaint more than one cause of action cognizable in a civil action against the same defendant. Each cause of action and any special damage related thereto shall be stated in a separate count containing a demand for relief.

Pa. R.C.P. No. 1020(a).

24.     Close inspection of the Second Amended Complaint reveals claims of 1) breach of contract, 2) equitable estoppel, and potentially 3) professional negligence, none of which are stated in separate counts with independent prayers for relief. Exhibit 1, passim.

25.     As such, Plaintiff's Second Amended Complaint violates Rule of Court 1020, and should be dismissed pursuant to Pa.R.C.P. 1028(a)(2).

**WHEREFORE,** Defendant, The Trustees of the University of Pennsylvania, respectfully requests that this Court to sustain its Preliminary Objections and dismiss Plaintiff's Second Amended Complaint with prejudice.  A proposed order is attached.

Respectfully submitted,

**TUCKER LAW GROUP, LLC**

Date:  August 27, 2020

/s/ Leslie Miller Greenspan
Joe H. Tucker, Jr., Esquire
Leslie Miller Greenspan, Esquire
Dimitrios Mavroudis, Esquire
Ten Penn Center
1801 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 875-0609

Attorneys for Defendant,
The Trustees of the University of Pennsylvania

10

Case ID: 200302766
Control No.: 20082394

**TUCKER LAW GROUP, LLC**
Joe H. Tucker, Jr., Esquire (#56617)
Leslie Miller Greenspan, Esquire (#91639)
Dimitrios Mavroudis, Esquire (#93773)
Ten Penn Center
1801 Market Street, Suite 2500
Philadelphia, PA  19103
(215) 875-0609
jtucker@tlgattorneys.com
lgreenspan@tlgattorneys.com
dmavroudis@tlgattorneys.com

**ATTORNEYS FOR DEFENDANT,
THE TRUSTEES OF THE UNIVERSITY
OF PENNSYLVANIA**

| | |
|---|---|
| April Ploeger, | **PHILADELPHIA COUNTY**<br>**COURT OF COMMON PLEAS** |
| Plaintiff, | |
| | **MARCH TERM 2020** |
| v. | |
| | **No:  2766** |
| Trustees of the University of Pennsylvania,<br>d/b/a The University of Pennsylvania, | |
| Defendant. | |

**MEMORANDUM OF LAW IN SUPPORT OF PRELIMINARY OBJECTIONS OF
DEFENDANT, THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA,
TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendant, The Trustees of the University of Pennsylvania ("Penn" or the

"University"), by and through its counsel, hereby files its Memorandum of Law in support

of its Preliminary Objections to Plaintiff's Second Amended Complaint pursuant to

Pa.R.Civ.P. 1028(a)(2) and 1028(a)(4).

**I.** **MATTER BEFORE THE COURT**

Before the Court are Defendant's Preliminary Objections to Plaintiff's Second

Amended Complaint based on Plaintiff's continued failure to identify or attach contracts

or contractual provisions that Penn allegedly breached, in addition to statute of

limitations issues and failure to conform pleadings to the rules of Court.

## II.   <u>STATEMENT OF ISSUES PRESENTED</u>

**(A)** Whether this Court should dismiss, pursuant to Pa.R.Civ.P.1028(a)(4), Plaintiff's Second Amended Complaint, as its breach of contract and alternative equitable estoppel claims are on the face of the Complaint clearly barred by the applicable statute of limitations?

*Suggested Answer:  Yes.*

**(B)** Whether this Court should dismiss, pursuant to Pa.R.Civ.P.1028(a)(2), Plaintiff's breach of contract claim for failure to attach the writing(s) upon which the alleged contract was based, in violation of Rules 1019(h) and (i)?

*Suggested Answer:  Yes.*

**(C)** Whether this Court should dismiss, pursuant to Pa.R.Civ.P.1028(a)(4), Plaintiff's alternative equitable estoppel claim for failure to allege the necessary facts to support the legal elements of inducement and justifiable reliance?

*Suggested Answer:  Yes.*

**(D)** Whether this Court should dismiss, pursuant to Pa.R.Civ.P.1028(a)(2), Plaintiff's "back door" medical malpractice claim for failure to file a timely certificate of merit?

*Suggested Answer:  Yes*

**(E)** Whether this Court should dismiss, pursuant to Pa.R.Civ.P.1028(a)(2), Plaintiff's Complaint for failure to conform to Pa.R.C.P. 1020, requiring all claims to be asserted in separate counts with demands for relief?

*Suggested Answer:  Yes*

Case ID: 200302766
Control No.: 20082394

III.   **STATEMENT OF FACTS**

Plaintiff, who was admitted as an undergraduate student at Penn in the Fall of 2006, asserts a breach of contract claim against Penn.  (Second Amended Complaint, attached as Exhibit 1 at ¶ 3.)  Plaintiff alleges that her health compelled her to take multiple leaves of absence from Penn between 2006 and 2016 and that Penn granted those requests for leave.  (Id. at ¶¶ 11, 14, 17.)  Plaintiff also alleges that during the semesters she did attend college at Penn, Penn granted her "reasonable modifications" of its policies, including the "places in which, and the amount of time during which, academic work could be completed at the University."  (Id. at ¶¶ 13, 16, 18.)

Plaintiff avers that in the Spring of 2015, she attempted to commit suicide by overdose and reported that suicide attempt to the University's Counseling and Psychological Services office ("CAPS").  (Id. at ¶ 21.)  According to the Second Amended Complaint, the response from CAPS was to release Plaintiff and prescribe more of the same medications on which she had overdosed.  (Id.)  Plaintiff claims that when she tried to meet with the University's top officials about CAPS' response, she was threatened with arrest, and University police entered her apartment.  (Id. at ¶¶ 25-26.)

When Plaintiff sought to resume her studies in the Spring of 2016, she claims that the University's Students with Disabilities Services office refused to meet with her and did not grant her the modifications she previously had been granted.  (Id. at ¶ 27.)  As a result, Plaintiff claims that she was unable to complete the Spring 2016 semester.  (Id. at ¶ 28.)

Case ID: 200302766
Control No.: 20082394

In the Conclusion section of the Second Amended Complaint, Plaintiff makes her first mention of "a contract" by generically pleading that "a material term of the contractual provisions offered to [Plaintiff], provisions of the utmost necessity to [Plaintiff] and ones which she accepted by her enrollment at the University, have been breached and remain in breach."  (Id. at ¶ 34.)

The only pertinent difference between the First Amended Complaint and the Second Amended Complaint is that the Second Amended Complaint does not attach any writing (or contract), but instead references "Exhibit A" to the First Amended Complaint.  (Id. at ¶ 34(b).)  Exhibit A to the First Amended Complaint is a print-out from Penn's website about Health and Wellness and includes resources available to the Penn community, including CAPS.  Exhibit A, however, does not contain any contractual language or promises upon which Plaintiff relies in this case.  Therefore, the Second Amended Complaint does not cure the legal deficiency raised in both of Penn's prior sets of Preliminary Objections, and even yields additional deficiencies that cannot be cured by further amendment.  It is now time to dismiss all of Plaintiff's claims, with prejudice.

## IV.   LEGAL ARGUMENT

### A.  Plaintiff's Complaint Should Be Dismissed Pursuant to Pa.R.C.P.1028(a)(4), as the Breach of Contract and Alternative Equitable Estoppel Claims Are, On the Face of the Second Amended Complaint, Clearly Barred by the Applicable Statute of Limitations.

A court may sustain a preliminary objection asserting a statute of limitations defense if the defense is "clear on the face of the pleadings." Scavo v. Old Forge Borough, 978 A.2d 1076, 1078 (Pa. Commw. Ct. 2009).  Here, Plaintiff avers that the majority of Penn's contract breaches occurred in 2007, 2008, and 2015.  Exhibit 1 at ¶¶

4

20, 21, 23, 25.  All such allegations are time-barred on the face of the Complaint, as this case was not filed until April 1, 2020.  Plaintiff makes only one allegation that is potentially (but not clearly) timely, generically referencing the year 2016 but providing no specific month or day for the alleged conduct.  Id. at ¶¶ 27-28.  Even that allegation (addressed in more detail below), however, lacks any specificity about the alleged contract that Penn breached.  Id.

The statute of limitations applicable to breach of contract and equitable estoppel claims in Pennsylvania is four-years.  See, 42 Pa. C.S. § 5525; Thatcher's Drug Store v. Consolidated Supermarkets, 636 A.2d 156, 163 (Pa. 1994); Crouse v. Cyclops Indus., 745 A.2d 606 (Pa. 2000).  Therefore, it is clear on the face of the Second Amended Complaint that Plaintiff's claims – which range back as early as 2005 – are time-barred by 42 Pa. C.S. § 5525.

Moreover, to the extent that Plaintiff attempts to "back door" a medical malpractice claim by her averments that Penn's physicians negligently treated her in 2007, 2008 and 2015,[2] so too is this claim barred by 42 Pa. C.S. § 5524(2) (applying a two-year statute of limitations to medical malpractice actions).  See also Stephenson v. Greenberg, 617 A.2d 364 (Pa. Super. Ct. 1992) (no error in granting hospital's preliminary objections where medical malpractice action was barred by the two-year statute of limitations).  As such, Penn's preliminary objection in the nature of a demurrer to the Second Amended Complaint should be sustained, and the Second Amended

---

[2] See Exhibit 1 at ¶¶ 19, 20, 21, 22, 23, 24.  Plaintiff does not fashion a separate count for Medical Malpractice in the Second Amended Complaint or meet the other pleading requirements for asserting a medical malpractice claim.  See, e.g., Pa. R. Civ. P. 1042.2.

Case ID: 200302766
Control No.: 20082394

Complaint should be dismissed in its entirety, with prejudice.

### B. Plaintiff's Breach of Contract Claim Should Be Dismissed Pursuant to Pa.R.C.P.1028(a)(2), As Plaintiff Violates Pa.R.Civ.P. 1019(h) and (i) By Failing to Attach a Contract to the Second Amended Complaint.

Penn moves to dismiss Plaintiff's Second Amended Complaint pursuant to Pa.R.Civ.P.1028(a)(2), which provides that a party may preliminarily object to a complaint for "failure . . . to conform to law or rule of court." Pa.R.Civ.P.1028(a)(2). Rule 1019(h) requires that, when any claim is based upon an agreement, the pleading must state specifically if the agreement is oral or written. Pa.R.Civ.P. 1019(h). The Official Note to Rule 1019(h) confirms that "[i]f the agreement is in writing, it must be attached to the pleading." Id., Official Note. Pennsylvania Rule of Civil Procedure 1019(i) further provides:

> When any claim or defense is based upon a writing, the pleader shall attach a copy of the writing, or the material part thereof, but if the writing or copy is not accessible to the pleader, it is sufficient so to state, together with the reason, and to set forth the substance in writing.

Pa.R.Civ.P. No. 1019(i).

In her Second Amended Complaint, Plaintiff does not attach any contract or other writing, but simply refers to a document attached to the First Amended Complaint. (Second Amended Complaint at ¶ 34(b)). But even that document does not include any specific contract or promises upon which Plaintiff claims to rely. (Id. at ¶ 34(b) and Exhibit A to First Amended Complaint).

Even assuming that the Court is willing to accept a document that is not attached to the Second Amended Complaint, but rather, was attached to a prior iteration of the Complaint, it is not enough to attach a document to the Complaint; rather, the document

6

Case ID: 200302766
Control No.: 20082394

must be a <u>contract</u> between the parties that was allegedly breached.  Exhibit A to the First Amended Complaint is simply a list of health and wellness services provided by Penn.  Exhibit A to the First Amended Complaint does not contain any contract or promises to Plaintiff, nor does Plaintiff allege what services listed in Exhibit A Penn allegedly did not provide, <u>i.e.</u>, what specific contractual provision Penn breached.

"The contractual nature of the university-student relationship allows a student, under Pennsylvania law, to sue for a breach of contract, but "the allegations must relate to a specific and identifiable promise that the school failed to honor." <u>David v. Neumann Univ</u>., 177 F. Supp. 3d 920, 925 (E.D. Pa. 2016) (citing <u>Vurimindi v. Fuqua Sch. of Bus</u>., 435 F. App'x 129, 133 (3d Cir. 2011) (nonprecedential)).  "[G]eneral references to handbook, syllabi, and protocols" will not suffice. <u>Id.</u>  So must it be in the instant case.

Without identifying the specific contract and contractual provisions that Penn allegedly breached, Penn is left to guess as to the misconduct of which it is accused.  Plaintiff's breach of contract claim therefore should be dismissed for failure to conform to Rules 1019(h) and (i).  <u>See</u> <u>Precision Towers, Inc. v. Nat-Com, Inc</u>., No. 2143, 2002 Phila. Ct. Com. Pl. LEXIS 16, *16 (Phila. C.C.P. Sept. 23, 2002) (Cohen, G., J.) (sustaining preliminary objection and dismissing contract claim for failure to attach a writing pursuant to Rule 1019(h)); <u>Gemini Bakery Equip. v. Baktek,</u> No. 3204, 2005 Phila. Ct. Com. Pl. LEXIS 121, *8-9 (Phila. C.C.P. Apr. 11, 2005) (Abramson, J.) (same).

Case ID: 200302766
Control No.: 20082394

**C. Plaintiff's Equitable Estoppel Claim Should Be Dismissed Pursuant to Pa.R.C.P.1028(a)(4), For Failure To Allege the Necessary Facts to Support the Legal Elements Of Inducement And Justifiable Reliance.**

An equitable estoppel claim requires proof of two essential elements: 1) an inducement to act and 2) a justifiable reliance on that inducement. Havas v. Temple University, 516 A.2d 17, 18 (Pa. Super. Ct. 1986).  The burden rests upon the party asserting estoppel to establish the elements thereof by evidence which is clear, precise, and unequivocal.  Novelty Knitting  Mills, Inc. v. Siskind, 457 A.2d 502, 504 (1983).

In the instant case are no facts alleged to support a claim of estoppel against Penn.  There is no inducement by Penn and no averments that Plaintiff acted in justifiable reliance on a belief that she would become and remain physically healthy and anxiety-free while a student at Penn.  Farmers Trust Co. v. Bomberger, 523 A.2d 790, 794 (Pa. Super. Ct. 1987).  Nothing in the Second Amended Complaint can support a claim that Penn misled Plaintiff to her prejudice, let alone clear, precise and unequivocal proofs of the same.  Id.  As such, Plaintiff's alternative equitable estoppel claim must be dismissed, with prejudice.

**D. Plaintiff's "Back Door" Medical Malpractice Claim Should Be Dismissed Pursuant to Pa.R.C.P.1028(a)(2) And 1028(a)(4) For Failure to File Timely Certificates of Merit.**

Plaintiff, while she does not create a separate count for medical malpractice, seems to assert professional negligence claims against several of Penn's doctors in the Second Amended Complaint, all without filing corresponding Certificates of Merit. Exhibit 1 at ¶¶ 19, 20, 21, 22, 23, 24.   See Grossman v. Barke, 868 A.2d 561, 569 (Pa. Super. Ct. 2005) ("conduct is considered to be malpractice … when it constitutes

Case ID: 200302766
Control No.: 20082394

medical treatment, that is, when it involves diagnosis, care and treatment by licensed medical professionals.").

Pa. R.C.P. 1042.3 provides, in relevant part:

(b) In any action based upon an allegation that a licensed professional deviated from an acceptable professional standard, the attorney for the plaintiff, or the plaintiff if not represented, **shall file with the complaint or within sixty days after the filing of the complaint**, a certificate of merit signed by the attorney or party that either

   (4) an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm, or

   (5) the claim that the defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard, or

   (6) expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim.

Pa. R.C.P. No. 1042.3(a) (emphasis added)

Plaintiff's original Complaint was filed on April 1, 2020, over 120 days ago.  No Certificates of Merit supporting claims against any Penn doctor were ever filed in this matter to date.  Exhibit 1.  Plaintiff should not be permitted to circumvent the mandate of a Certificate of Merit and its timing requirements by bringing a medical malpractice claim through "the back door."  Because Plaintiff has failed to conform to Rule 1042.3, all of her claims in the nature of medical malpractice are legally deficient.  See Pa.R.Civ.P. 1042.6.  Therefore, Penn's preliminary objections pursuant to Pa.R.Civ.P. 1028(a)(2) and 1028(a)(4) should be sustained.

Case ID: 200302766
Control No.: 20082394

### E.   Plaintiff's Complaint Should Be Dismissed in its Entirety for Failure to Conform to Pa.R.C.P. 1020, Requiring All Claims to Be Pleaded in Separate Counts.

Finally, Plaintiff's Second Amended Complaint should be dismissed in its entirety

for failure to conform to Rule 1020, which provides in pertinent part:

**Rule 1020. Pleading More Than One Cause of Action. Alternative Pleading. Failure to Join. Bar.**

(b) The plaintiff may state in the complaint more than one cause of action cognizable in a civil action against the same defendant. Each cause of action and any special damage related thereto shall be stated in a separate count containing a demand for relief.

Pa. R.C.P. No. 1020(a).

Close inspection of the Second Amended Complaint reveals claims of 1) breach

of contract, 2) equitable estoppel, and potentially 3) professional negligence, none of

which are stated in separate counts with independent prayers for relief. Exhibit 1,

<u>passim</u>.  As such, Plaintiff's Second Amended Complaint violates Rule of Court 1020,

and should be dismissed pursuant to Pa.R.Civ.P. 1028(a)(2).

10

Case ID: 200302766
Control No.: 20082394

**V.**    **CONCLUSION**

For the foregoing reasons, Defendant, The Trustees of the University of Pennsylvania, respectfully requests that the Court sustain its Preliminary Objections and dismiss Plaintiff's Second Amended Complaint in its entirety, with prejudice.  A proposed order is attached.

Respectfully submitted,

**TUCKER LAW GROUP**

Date:  August 27, 2020      /s/ Leslie Miller Greenspan
Joe H. Tucker, Jr., Esquire
Leslie Miller Greenspan, Esquire
Dimitrios Mavroudis, Esquire
Ten Penn Center
1801 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 875-0609

Attorneys for Defendant,
The Trustees of the University of Pennsylvania

11

## <u>CERTIFICATE OF COMPLIANCE</u>

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania, Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.


**TUCKER LAW GROUP, LLC**


/s/ Leslie Miller Greenspan
Leslie Miller Greenspan, Esquire


Dated:   August 27, 2020

## <u>CERTIFICATE OF SERVICE</u>

I, Leslie M. Greenspan, Esquire, hereby certify that on the date set forth below a copy of the foregoing was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

**TUCKER LAW GROUP, LLC**

Dated:   August 27, 2020

/s/ Leslie Miller Greenspan
Leslie Miller Greenspan, Esquire

# EXHIBIT 1

Case ID: 200302766
Control No.: 20082394

In the Court of Common Pleas of Philadelphia County
Commonwealth of Pennsylvania

Filed and Attested by the
Office of Judicial Records
07 AUG 2020 12:43 am
M. RUSSO

April Ploeger
505 S. 42nd St., Apt. 1F
Philadelphia, PA 19104
       Plaintiff,

         v.

                                        **March Term 2020**
                                        **Case No.: 2766**

Trustees of the University of Pennsylvania,
*d.b.a.* The University of Pennsylvania,
a Pennsylvania nonprofit corporation
University of Pennsylvania
Philadelphia PA 19104.
             Defendant

### NOTICE TO DEFEND

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

**Philadelphia Bar Association**
**Lawyer Referral and Information Service**
**One Reading Center**
**Philadelphia PA 19107**
**Telephone: (215) 238-1701**

**AVISO**

Le han demando a usted en la corte. Si usted quiere defenderse de estas demandas expuestas e las paginas siguentes, usted tiene veinte dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no de defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

**LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE, SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION DE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.**

**Asociacion De Licenciados De Filadelfia**
**Servicio De Referencia E Informacion Legal**
**One Reading Center**
**Filadelfia, Pennsylvania 19107**
**Telefono: (215) 238-1701**

## SECOND AMENDED COMPLAINT

### Parties

1. Plaintiff herein is April Ploeger ("Ploeger"), an adult individual currently residing at 505 S. 42nd St., Apt. 1F, Philadelphia, PA 19104.

2. Defendants herein are the Trustees of the University of Pennsylvania, *d.b.a.* The University of Pennsylvania (hereafter, "the University"), a Pennsylvania nonprofit corporation with an address at University of Pennsylvania, Philadelphia PA 19104.

### Causes of Action Pled

3. This is an action for damages brought under the common law of contract controlling in Pennsylvania or, in the alternative, under the doctrine of equitable estoppel.

### Allegations upon which the Complaint rests

4.

　　a. Ploeger has suffered financial harm, caused by the University's material breaches of its contractual obligations to Ploeger, both through actions and failures to act, including those set forth in this Amended Complaint.

　　b. She has paid money to, and incurred debt owed to, the University in reliance upon and in payment for the University's promise of services to her.

1.

5.

    a. When Ploeger began here search for a college or university to attend she did so in the context of a superior academic record and precarious health.

    b. Her health concerns included several autoimmune disorders and severe depression and anxiety

    c. It was, therefore, both realistic to consider highly selective universities and essential that she choose a school that provided outstanding, compassionate, student health care.

6.

    a. Ploeger learned that the University's Counseling and Psychological Services ("CAPS") provided free counseling to students.

    b. She also learned that the University's Student Health Service ("SHS") provided physical healthcare to the University's students; unlike CAPS, there is a fee for SHS, paid by obligatory insurance coverage, but the University offered Ploeger a grant to pay for the insurance premiums.

7. She learned of these benefits by:

    a. reading the University's own proclamations on its website; and

Case ID: 200302766
Control No.: 20082394

b. by a reaffirmation given to her in a phone conversation with University officials serving in what Ploeger recalls was referred to as the "College office;" and

c. by being told, by the University's "College office," that the University's health services were not only free, they were very good.

8  The University's provision of these healthcare services, and its official's reaffirming them, was:

a. "one of the top reasons" Ploeger chose to enroll in the University; and

b. *the* reason she chose the University rather than Dartmouth.

9. Thus convinced, and motivated by the benefit of the health services promised her should she reroll at the University, Ploeger applied for admission to the University as a full-time, undergraduate student for Fall Semester, 2006.

10. Her application was accepted, and she entered her freshman year.

11. Her ill-health, however, compelled her to request, and the University granted, a leave of absence for what would have been her first two semesters at the University (i.e., Fall 2006; Spring 2007).

12. She returned to the University for the Fall 2007 semester, expecting then to begin her undergraduate work.

3

Case ID: 200302766
Control No.: 20082394

13. Upon her return Ploeger quickly realized that she would be unable to pursue her studies without the University's granting her reasonable modifications ("Modifications") in policies, practices, or procedures governing, *inter alia*, the places in which, and the amount of time during which, academic work could be completed at the University.

14. Not knowing the process governing requests for Modifications at the University. Ploeger sought and was granted a second leave of absence, to run through the Fall 2007 and Spring 2008 semesters, during which time she undertook to learn, and did learn, the process governing requests for Modifications at the University.

15. Upon resumption of her studies at the University in Fall Semester 2008, she sought and was granted Modifications from the University's policies to enable her to proceed with her studies.

16. The Modifications granted for Fall Semester 2008 permitted Ploeger to complete that semester.

17.

    a. Beneficial as the Modifications were, Ploeger's health nonetheless did not permit her to continue in Spring 2009, but compelled her to request a leave of absence.

Case ID: 200302766
Control No.: 20082394

b. The University granted that request.

18. Each semester through and including Spring 2015, Ploeger requested Modifications, and they were granted to her upon request through the actions of Dr. William Alexander ("Alexander"), at times relevant to this action Director of the University's CAPS.

19. Despite the benefit provided by the Modifications, and despite the University's proclaimed devotion to caring for the mental and physical health of its students, Ploeger's mental and physical health in fact continued to deteriorate because of improper treatment and actual cruelty at the hands of CAPS.

20.

a. In 2008 Ploeger showed Dr. Alexander where she had cut herself along her left arm and one of her wrists in an attempt to self-harm and attempt suicide.

b. Dr. Alexander told Ploeger to go home and "put a band aid on it."

21. In 2015 Dr. Alexander threatened Ploeger after she made it known that after she had tried to overdose and told Dr. Alexander what she had done, in hopes of being admitted to the University's mental health center,  Dr. Alexander instead gave her more of the same pills on which she had overdosed the night before.

5

22.

    a. In 2008 Ploeger sought out a radiologist at the University, Dr. Deborah Niles, complaining of intense pain in her back.

    b. Dr. Niles took x-rays of Ploeger's back.

    c. Instead of telling Ploeger -- as Ploeger was told by another doctor years later -- that the x-ray showed several compression fractures, Dr. Niles permitted Ploeger to believe that her pain was just a generalized problem.

23.

    a. In 2007 Ploeger went to a counselor at CAPS and told the counselor that she, Ploeger, was suicidal.

    b. The counselor in reply told Ploeger to "do what you have to do, I don't have time for this."

24. Rather than providing the superior health care of which the University boasted, Dr. Alexander's social behavior toward Ploeger materially harmed her already fragile mental health.

25. When Ploeger sought refuge from the distress of these actions by speaking of them in 2015 to Dr. Max King, Vice Provost for University Life and University President Dr. Amy Guttman, she was rebuffed and told by phone that she would be arrested if she addressed these issues with President Guttman again or attempted to

6.

Case ID: 200302766
Control No.: 20082394

say anything to anyone about Dr. Alexander's behavior.

26. Also in 2015, when Ploeger was meeting in the office of the Vice Provost for University Life the University police gained access to Ploeger's apartment and left it ransacked.

27.

    a. In 2016, on her attempt to resume studies at the University, Ploeger brought notes from three medical professionals, including a psychologist and a psychiatrist, all speaking of Ploeger's need for Modifications.

    b. Rather than granting Ploeger the Modifications she sought upon her request and the support of medical professionals, as had been done in the past, she was told that she would have to meet with counsellors at CAPS.

    c. She asked leave to bring an advocate with her, and was refused.

28.

    a. Unable to gain the accommodations she sought, and had always in the past been granted, Ploeger was not able to complete her midterms.

    b. That in turn forced her to drop the semester.

    c. That in turn destroyed her mental health and left her destitute and homeless.

7

Case ID: 200302766
Control No.: 20082394

29. Ploeger will testify that had she known the truth, rather than simply the claims presented, of CAPS she would, without question, have chosen to attend a different university.

30.

    a. Ploeger's education at the University has been and continues to be disrupted.

    b. That disruption alone would and does create an increasingly grave burden upon Ploeger.

31. She is in increasingly grave financial distress.

32. Her health, already needful of care before these actions and inactions by the University, has suffered and continues to suffer increasingly from the latter.

33.

    a. She feels, for the reasons and under the circumstances alleged above, worse than abandoned by the University.

    b. She feels utterly rebuffed by and denied the special services within the University that the University presents to the public and presented to Ploeger as supported by the premier health facilities at the University and specifically at the service of the University's students.

8

Case ID: 200302766
Control No.: 20082394

## CONCLUSION

34.

    a. In short, material terms of the contractual provisions (the "Contractual Provisions") offered to Ploeger by the University, provisions of the utmost necessity to Ploeger and ones that she accepted by her enrollment at the University, have been breached and remain in breach.

    b. The terms alleged by Ploeger to have been breached are set forth by the University on its website and are cited to with specificity at Exhibit "A" to the First Amended Complaint and are incorporated herein as if set forth in full.

35. That breach, in all its manifestations, is the material cause of the distress – financial, physical, educational – in which she has for long been placed by the University and in which she now remains.

36. The allegations set forth in Paragraphs 1 through 35 above are incorporated in this Paragraph 36 as if set forth herein in full.

37.

    a. The allegations set forth in Paragraph 36 state a claim for breach of contract or in the alternative for equitable relief under the doctrine of estoppel.

    b. That breach, and the damage it has caused and is causing, continues through the present.

Case ID: 200302766
Control No.: 20082394

<u>DEMAND FOR RELIEF</u>

38. **WHEREFORE**, for the reasons and under the circumstances set forth above, Ploeger with respect for the Court and in reliance upon the law and facts demands of the Court a trial on the merits of this matter and will at the end of such trail seek an order in favor of Plaintiff and against Defendant; money damages in an amount in excess of the jurisdictional amount and in such specific amount as the Court finds just under applicable law applied to the evidence of record; and such further relief as the Court may determine to be just.

<div align="right">

/s/ E. Daniel Larkin
E. Daniel Larkin,
Counsel for Plaintiff
PA Atty. ID 32395
742 S. Latches Lane
Merion Station PA 19066
610.660.5201 (ph.)
610.660.5940 (fax)
dan@danlarkinlaw.com

</div>

Tendered August 7, 2020, at c. 12:15 a.m.

10

CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania, Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

/s/E. Daniel Larkin
E. Daniel Larkin
742 S. Latches Lane
Merion PA 19066
610.660.5201

CERTIFICATE OF SERVICE

I certify that on August 7, 2020, at c. 12:15 a.m., I caused a true and correct copy of the foregoing Second Amended Complaint to be served upon Defendant's counsel of record, Leslie M. Greenspan, Esquire, by first class mail, postage prepaid, at the following address:

Leslie M. Greenspan, Esquire
TUCKER LAW GROUP
Ten Penn Center
1801 Market Street, Suite 2500
Philadelphia PA 19103

and:

By e-mail attachment sent to lgreenspan@tlgattorneys.com

/s/E. Daniel Larkin
E. Daniel Larkin

*Filed and Attested by the
Office of Judicial Records
07 AUG 2020 12:43 am
M. RUSSO*

VERIFICATION

The undersigned, April Ploeger, affirms and verifies that she is the Plaintiff named in the foregoing Second Amended Complaint filed on her behalf with this Verification in the matter known as *Ploeger v. Trustees of the University of Pennsylvania, d.b.a University of Pennsylvania* (Philadelphia Court of Common Pleas); that she has read the foregoing Second Amended Complaint; that she is familiar, through personal knowledge or through information and belief, as pled with specificity in the foregoing Second Amended Complaint, with the facts averred therein; and that all factual averments in such Second Amended Complaint are true and correct to the best of her knowledge, information or belief, as specified in the Amended Complaint.

The undersigned makes this statement subject to the penalties provided by 18 Pa.C.S. Section 4904 relating to unsworn falsification to authorities.

April Ploeger
Plaintiff in the matter referred to above

Dated: August 5, 2020

Case ID: 200302766
Control No.: 20082394

_____

April Ploeger,                          :
                                        :    **PHILADELPHIA COUNTY**
                     Plaintiff,         :    **COURT OF COMMON PLEAS**
                                        :
          v.                            :    **MARCH TERM 2020**
                                        :
Trustees of the University of Pennsylvania,  :    **No:  2766**
d/b/a The University of Pennsylvania,   :
                                        :
                     Defendant.         :
_____

*Filed and Attested by the Office of Judicial Records 06 APR 2020 03:51 pm A. SPERATO*

### ORDER

    **AND NOW** this _____ day of _____2020, upon consideration of the

Preliminary Objections to Plaintiff's Third Amended Complaint filed by Defendant, The

Trustees of the University of Pennsylvania, and any response thereto, it is hereby

**ORDERED** that the Preliminary Objections are hereby **SUSTAINED**, and the Third

Amended Complaint is **DISMISSED, with prejudice**.

    IT IS FURTHER **ORDERED** that Defendant shall be entitled to counsel fees and

costs associated with filing the instant fourth set of preliminary objections in response to

Plaintiff's fourth defective iteration of the Complaint.  Defendant shall submit a

statement of fees and costs within ten (10) days of this Order.

                                        **BY THE COURT:**

                                     _____

                                                     J.

**Notice to Plead to the Plaintiff:**

**You are hereby notified to file a response to the within Preliminary Objections within twenty (20) days from service hereof or a judgment may be entered against you.**

**/s/ Leslie Miller Greenspan**
**Leslie Miller Greenspan, Esquire**
**Attorney for Defendant**

**TUCKER LAW GROUP, LLC**
Joe H. Tucker, Jr., Esquire (#56617)
Leslie Miller Greenspan, Esquire (#91639)
Dimitrios Mavroudis, Esquire (#93773)
Ten Penn Center
1801 Market Street, Suite 2500
Philadelphia, PA  19103
(215) 875-0609
jtucker@tlgattorneys.com
lgreenspan@tlgattorneys.com
dmavroudis@tlgattorneys.com

**ATTORNEYS FOR DEFENDANT,**
**THE TRUSTEES OF THE UNIVERSITY**
**OF PENNSYLVANIA**

| | |
|---|---|
| April Ploeger, | **PHILADELPHIA COUNTY** |
| | **COURT OF COMMON PLEAS** |
| Plaintiff, | |
| | **MARCH TERM 2020** |
| v. | |
| | **No:  2766** |
| Trustees of the University of Pennsylvania, | |
| d/b/a The University of Pennsylvania, | |
| | |
| Defendant. | |

**PRELIMINARY OBJECTIONS OF DEFENDANT,**
**THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA,**
**TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

Defendant, The Trustees of the University of Pennsylvania ("Penn" or the

"University"), by and through its counsel, hereby files Preliminary Objections to Plaintiff's

Third Amended Complaint pursuant to Pa.R.Civ.P. 1028(a)(2) and 1028(a)(4).  After

Case ID: 200302766
Control No.: 20104098

four iterations of the Complaint, Plaintiff still has failed to cure the most basic deficiency of his breach of contract claim: the identification and attachment of a contract or contractual provision that was breached.  In addition to the failure to plead even the most basic elements of a breach of contract claim, most of Plaintiff's criticisms go back to 2007, 2008, and 2015 – all of which is barred by the applicable statute of limitations.

The Court should allow no further indulgences; Plaintiff's Complaint should be dismissed with prejudice in its entirety.  This Court may also award counsel's fees and costs to Penn for having to respond to four defective iterations of the Complaint and Plaintiff's repeated failures to cure even the most basic pleading defects, in endless and baseless pursuit of this matter.  In support of the Preliminary Objections, Penn avers as follows:

I.      **Relevant Facts**

1.      Plaintiff, who was admitted as an undergraduate student at Penn in the Fall of 2006, asserts a breach of contract claim and equitable estoppel claim against Penn.  (Third Amended Complaint, attached as Exhibit 1 at ¶¶ 3, 8.)

2.      Plaintiff alleges that her health compelled her to take multiple leaves of absence from Penn between 2006 and 2016 and that Penn granted those requests for leave.  (Id. at ¶¶ 10-17.)

3.      Plaintiff also alleges that during the semesters she did attend college at Penn, Penn granted her "reasonable modifications" of its policies, including the "places in which, and the amount of time during which, academic work could be completed at the University."  (Id. at ¶¶ 12-17.)

Case ID: 200302766
Control No.: 20100498

4.      According to Plaintiff, her mental and physical health deteriorated despite the modifications she had been granted by the University.  (Id. at ¶ 18.)

5.      Plaintiff references a failed suicide attempt in 2008 and how she brought the suicide attempt to the attention of Dr. William Alexander, the then-Director of the University's Counseling and Psychological Services office ("CAPS").  (Id. at ¶ 19.)

6.      Despite three prior iterations of the Complaint, Plaintiff raises new allegations for the first time about Dr. Alexander's "pursuit of personal intimacy with her."  (Id. at ¶ 19(d).)

7.      She claims that when, in 2015, she disclosed Dr. Alexander's conduct, he threatened her with "retribution."  (Id. at ¶ 20.)

8.      In 2007, Plaintiff claims to have called CAPS about her suicidal nature and was told "do what you have to do.  I don't have time for this."  (Id. at ¶ 22.)

9.      Plaintiff also complains of the treatment received by another Penn doctor in 2008 related to Plaintiff's back pain.  (Id. at ¶ 21.)

10.      Plaintiff claims that when she tried to meet with the University's top officials about CAPS' response in 2015, she was "rebuffed" and threatened with arrest, and University police entered her apartment during her meeting with the Vice Provost. (Id. at ¶¶ 23-24.)

11.      When Plaintiff sought to resume her studies in the Spring of 2016, she claims that the University's Students with Disabilities Services office ("SDS") refused to meet with her and did not grant her the modifications she previously had been granted. (Id. at ¶ 25-28.)

Case ID: 200302766
Control No.: 20100498

12.     As a result, Plaintiff claims that she was unable to complete the Spring 2016 semester.  (Id. at ¶ 28.)

13.     In the Conclusion section of the Third Amended Complaint, Plaintiff makes her first mention of "a contract" by generically pleading that "a material term of the contractual provisions ("Contractual Provisions") offered to Ploeger by the University and by Ploeger accepted through enrollment, including the promise of skilled, compassionate health set forth in Exhibit A and of the utmost necessity to Ploeger, have been breached and remain in breach."  (Id. at ¶ 39.)

14.     Other than some additional factual allegations of events in 2007, 2008, and 2015 – all of which occurred more than four years prior to the filing of this action on April 1, 2020 – the only pertinent difference between the Second Amended Complaint and the Third Amended Complaint is that the Third Amended Complaint, through a subsequently-filed Praecipe to Supplement or Attach, attaches a document referenced as "Exhibit A" which purports to be the contract between Plaintiff and the University.  (Id. at ¶ 34(b).)

15.     "Exhibit A" contains nothing more than a print-out from Penn's website about Health and Wellness and includes resources available to the Penn community, including CAPS.  (Plaintiff's Complaint at Exhibit A.)

16.     Exhibit A merely identifies the following health and wellness resources at Penn:

    a.  University of Pennsylvania Health System;

    b.  Campus Health;

    c.  Office of the Chaplain;

4

Case ID: 200302766
Control No.: 20100498

      d.   Counseling & Psychological Services ("CAPS");

      e.   Student Health Service; and

      f.   Wellness at Penn.

17.    Significantly, Exhibit A does not contain any contractual language or promises upon which Plaintiff relies in this case.

18.    Therefore, the Third Amended Complaint does not cure the legal deficiencies raised in Penn's three prior sets of Preliminary Objections, and even yields additional deficiencies that cannot be cured by further amendment.

19.    It is now time to dismiss all of Plaintiff's claims, with prejudice.

## II.   <u>ARGUMENT</u>

### A.  Preliminary Objection Pursuant to Pa.R.C.P.1028(a)(4), As the Third Amended Complaint's Breach of Contract and Alternative Equitable Estoppel Claims Are on the Face of the Pleading Clearly Barred by the <u>Applicable Statute of Limitations</u>.

20.    A court may sustain a preliminary objection asserting a statute of limitations defense if the defense is "clear on the face of the pleadings." <u>Scavo v. Old Forge Borough</u>, 978 A.2d 1076, 1078 (Pa. Commw. Ct. 2009).

21.    Here, Plaintiff avers that the majority of Penn's alleged contract breaches occurred in 2007, 2008, and 2015.  Exhibit 1 at ¶¶ 19, 20, 21, 22, 23, 24.

22.    All such allegations are time-barred on the face of the Complaint, as this case was not filed until April 1, 2020.

23.    Plaintiff makes only one allegation that is potentially (but not clearly) timely, generically referencing the year 2016 but providing no specific month or day for the alleged conduct.  <u>Id.</u> at ¶¶ 25-28.

24.    Even that allegation (addressed in more detail below), however, lacks any

Case ID: 200302766
Control No.: 20100498

specificity about the alleged contract that Penn breached.  Id.

25.     The statute of limitations applicable to breach of contract and equitable estoppel claims in Pennsylvania is four-years.  See 42 Pa. C.S. § 5525; Thatcher's Drug Store v. Consolidated Supermarkets, 636 A.2d 156, 163 (Pa. 1994); Crouse v. Cyclops Indus., 745 A.2d 606 (Pa. 2000).

26.     Therefore, it is clear on the face of the Third Amended Complaint that Plaintiff's claims – which range back to as early as 2005 – are time-barred by 42 Pa. C.S. § 5525.

27.     Moreover, to the extent that Plaintiff attempts to "back door" a medical malpractice claim by her averments that Penn's physicians negligently treated her in 2007, 2008 and 2015,[1] so too is this claim barred by 42 Pa.C.S. § 5524(2) (applying a two-year statute of limitations to medical malpractice actions).  See also Stephenson v. Greenberg, 617 A.2d 364 (Pa. Super. Ct. 1992) (no error in granting hospital's preliminary objections where medical malpractice action was barred by the two-year-statute of limitations).

28.     As such, Penn's preliminary objection in the nature of a demurrer to the Third Amended Complaint should be sustained, and the Third Amended Complaint should be dismissed in its entirety, with prejudice.

---

[1] See Exhibit 1 at ¶¶ 19, 20, 21, 22.  Plaintiff does not fashion a separate count for Medical Malpractice in the Third Amended Complaint or meet the other pleading requirements for asserting a medical malpractice claim.  See, e.g., Pa. R. Civ. P. 1042.2.

Case ID: 200302766
Control No.: 20100498

**B. Preliminary Objection Pursuant to Pa.R.C.P.1028(a)(2) to Plaintiff's Breach of Contract Claim, As Plaintiff Violates Pa.R.Civ.P. 1019(h) and (i) By Failing to Attach a Contract that was Breached to the Third Amended Complaint.**

29.     Penn moves to dismiss Plaintiff's Third Amended Complaint pursuant to Pa.R.Civ.P.1028(a)(2), which provides that a party may preliminarily object to a complaint for "failure . . . to conform to law or rule of court." Pa.R.Civ.P.1028(a)(2).

30.     Rule 1019(h) requires that, when any claim is based upon an agreement, the pleading must state specifically if the agreement is oral or written. Pa.R.C.P. 1019(h). The Official Note to Rule 1019(h) confirms that "[i]f the agreement is in writing, it must be attached to the pleading." Id., Official Note. Pennsylvania Rule of Civil Procedure 1019(i) further provides:

> When any claim or defense is based upon a writing, the pleader shall attach a copy of the writing, or the material part thereof, but if the writing or copy is not accessible to the pleader, it is sufficient so to state, together with the reason, and to set forth the substance in writing.

Pa.R.C.P. No. 1019(i).

31.     In her Third Amended Complaint, Plaintiff attaches a document that is nothing more than a print-out from Penn's website that lists Penn's health and wellness services, including CAPS, the Office of the Chaplain, and "Wellness at Penn." (Third Amended Complaint at Exhibit A.) But even that document does not include any specific contract or promises upon which Plaintiff claims to rely. (Id.)

32.     It is not enough to attach *a* document to the Complaint; rather, the document must be a <u>contract</u> between the parties that was allegedly breached.

7

33.     Exhibit A to the Third Amended Complaint is simply a list of health and wellness services provided by Penn.

34.     Exhibit A does not contain any contract or promises to Plaintiff, nor does Plaintiff allege what services listed in Exhibit A Penn allegedly did not provide, i.e., what specific contractual provision Penn breached.

35.     At most, Plaintiff appears to be unhappy with the services provided by CAPS in 2008 and 2015, but none of those allegations, even if true, fall within the four years prior to the filing of the Complaint on April 1, 2020.  (See Section II.A. above.)

36.      "The contractual nature of the university-student relationship allows a student, under Pennsylvania law, to sue for a breach of contract, but "the allegations must relate to a specific and identifiable promise that the school failed to honor." David v. Neumann Univ., 177 F. Supp. 3d 920, 925 (E.D. Pa. 2016) (citing Vurimindi v. Fuqua Sch. of Bus., 435 F. App'x 129, 133 (3d Cir. 2011) (nonprecedential)).  "[G]eneral references to handbook, syllabi, and protocols" will not suffice.  Id.  So must it be in the instant case.

37.     Without identifying the specific contract and contractual provisions that Penn allegedly breached, Penn is left to guess as to the misconduct of which it is accused.

38.     Plaintiff's breach of contract claim therefore should be dismissed for failure to conform to Rules 1019(h) and (i).  See Precision Towers, Inc. v. Nat-Com, Inc., No. 2143, 2002 Phila. Ct. Com. Pl. LEXIS 16, *16 (Phila. C.C.P. Sept. 23, 2002) (Cohen, G., J.) (sustaining preliminary objection and dismissing contract claim for failure to attach a writing pursuant to Rule 1019(h)); Gemini Bakery Equip. v. Baktek, No. 3204, 2005

Case ID: 200302766
Control No.: 20100498

Phila. Ct. Com. Pl. LEXIS 121, *8-9 (Phila. C.C.P. Apr. 11, 2005) (Abramson, J.)

(same).

### C. Preliminary Objection Pursuant to Pa.R.C.P.1028(a)(4) to Plaintiff's Equitable Estoppel Claim, For Failure to Allege the Necessary Facts to <u>Support the Legal Elements of Inducement and Justifiable Reliance.</u>

39.     An equitable estoppel claim requires proof of two essential elements: 1) an inducement to act and 2) a justifiable reliance on that inducement. <u>Havas v. Temple University</u>, 516 A.2d 17, 18 (Pa. Super. Ct. 1986).

40.     The burden rests upon the party asserting estoppel to establish the elements thereof by evidence which is clear, precise, and unequivocal. <u>Novelty Knitting Mills, Inc. v. Siskind,</u> 457 A.2d 502, 504 (1983).

41.     In the instant case, there are no facts alleged to support a claim of estoppel against Penn.

42.     There is no inducement by Penn and no averments that Plaintiff acted in justifiable reliance on a belief that she would become and remain physically healthy and anxiety-free while a student at Penn. <u>Farmers Trust Co. v. Bomberger</u>, 523 A.2d 790, 794 (Pa. Super. Ct. 1987).

43.     Nothing in the Third Amended Complaint can support a claim that Penn misled Plaintiff to her prejudice, let alone clear, precise and unequivocal proofs of the same. <u>Id</u>.

44.     As such, Plaintiff's alternative equitable estoppel claim must be dismissed, with prejudice.

Case ID: 200302766
Control No.: 20100498

**D. Preliminary Objections Pursuant to Pa.R.C.P.1028(a)(2) and 1028(a)(4) to Plaintiff's "Back Door" Medical Malpractice Claims for Failure to File Timely Certificates of Merit.**

45.     Plaintiff, while she does not create a separate count for medical malpractice, seems to assert professional negligence claims against several of Penn's doctors in the Third Amended Complaint, all without filing corresponding Certificates of Merit.  Exhibit 1 at ¶¶ 19, 20, 21, 22.   See Grossman v. Barke, 868 A.2d 561, 569 (Pa. Super. Ct. 2005) ("conduct is considered to be malpractice … when it constitutes medical treatment, that is, when it involves diagnosis, care and treatment by licensed medical professionals.").

46.     Pa. R.C.P. 1042.3 provides, in relevant part:

(a) In any action based upon an allegation that a licensed professional deviated from an acceptable professional standard, the attorney for the plaintiff, or the plaintiff if not represented, **shall file with the complaint or within sixty days after the filing of the complaint**, a certificate of merit signed by the attorney or party that either

(1) an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm, or
(2) the claim that the defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard, or

(3) expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim.

Pa. R.C.P. No. 1042.3(a) (emphasis added)

47.     Plaintiff's original Complaint was filed on April 1, 2020, over 120 days ago.

48.     No Certificates of Merit supporting claims against any Penn doctor were ever filed in this matter to date.

10

Case ID: 200302766
Control No.: 20100498

49.     Plaintiff should not be permitted to circumvent the mandate of a Certificate

of Merit and its timing requirements by bringing a medical malpractice claim through

"the back door."

50.     Because Plaintiff has failed to conform to Rule 1042.3, all of her claims in

the nature of medical malpractice are legally deficient.  See Pa.R.C.P. 1042.6.

Therefore, Penn's preliminary objections pursuant to Pa.R.C.P. 1028(a)(2) and

1028(a)(4) should be sustained.

### E.     Plaintiff is Wasting this Court's Time with Repeated Amended Complaints that Continue to Fail to Allege Timely Claims or Identify an Actual Contract Breached by Penn, and Dismissal with Prejudice is Warranted and the Imposition of Costs and Legal Fees.

51.     To date, this Court has patiently endured four iterations of the Complaint.

52.     Despite three prior iterations of the Complaint and three sets of

Preliminary Objections filed by Penn, Plaintiff is still unable to cure even the most basic

defects of alleging timely claims and identifying a specific contract or contractual

provision breached by Penn.

53.     Further amendment would be futile, as Plaintiff has been and will continue

to be unable to allege timely claims or a breached contract.

54.     When further amendment is futile, the claims should be dismissed with

prejudice.  Bitter Sweet Props., LP v. City of Farrell, No. 1640 C.D. 2016, 2017 Pa.

Commw. Unpub. LEXIS 828, *4 (Pa. Commw. Ct. Oct. 20, 2017), citing Weaver v.

Franklin County, 918 A.2d 194, 203 (Pa. Commw. Ct. 2007); Brickman Group, Ltd. v.

CGU Ins. Co., 865 A.2d 918, 926-27 (Pa. Super. Ct. 2004) (leave to further amend a

complaint should be denied when a party will be unable to state a claim on which relief

could be granted).

11

Case ID: 200302766
Control No.: 20100498

55.     For filing repeated baseless claims against Penn, this Court can and should award legal costs and fees to Penn, who has been forced to file four sets of Preliminary Objections to Plaintiff's repeatedly defective Complaints.  See 42 Pa. C.S. § 2503 (awarding counsel fees when, among other conduct, commencing or proceeding with a matter was "arbitrary, vexatious or in bad faith"); Levitt v. Brookmont Health Care Ctr., No. 9290 Civil 1997, 1999 Pa. Dist. & Cnty. Dec. LXIS 131, * 6 (Monroe Co. CCP Mar. 12, 1999) (defining "vexatious" as a suit filed "without sufficient grounds in either law or in fact and if the suit served the sole purpose of causing annoyance"); Feingold v. Hendrzak, 15 A.3d 937, 939 (Pa. Super. Ct. 2011) ("Due to Appellant's repetitive filing of baseless appeals in this Court, we sua sponte award all Appellees in the instant case attorney's fees and remand to the trial court for calculation of those fees.").

WHEREFORE, Defendant, The Trustees of the University of Pennsylvania, respectfully requests that this Court to sustain its Preliminary Objections and dismiss Plaintiff's Third Amended Complaint with prejudice.  A proposed order is attached.

Respectfully submitted,

**TUCKER LAW GROUP, LLC**

Date:  October 5, 2020          /s/ Leslie Miller Greenspan
                               Joe H. Tucker, Jr., Esquire
                               Leslie Miller Greenspan, Esquire
                               Dimitrios Mavroudis, Esquire
                               Ten Penn Center
                               1801 Market Street, Suite 2500
                               Philadelphia, PA 19103
                               (215) 875-0609

                               Attorneys for Defendant,
                               The Trustees of the University of Pennsylvania

12

**TUCKER LAW GROUP, LLC**
Joe H. Tucker, Jr., Esquire (#56617)
Leslie Miller Greenspan, Esquire (#91639)
Dimitrios Mavroudis, Esquire (#93773)
Ten Penn Center
1801 Market Street, Suite 2500
Philadelphia, PA  19103
(215) 875-0609
jtucker@tlgattorneys.com
lgreenspan@tlgattorneys.com
dmavroudis@tlgattorneys.com

**ATTORNEYS FOR DEFENDANT,
THE TRUSTEES OF THE UNIVERSITY
OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| April Ploeger, | : | **PHILADELPHIA COUNTY** |
|  | : | **COURT OF COMMON PLEAS** |
| Plaintiff, | : |  |
|  | : | **MARCH TERM 2020** |
| v. | : |  |
|  | : | **No:  2766** |
| Trustees of the University of Pennsylvania, | : |  |
| d/b/a The University of Pennsylvania, | : |  |
|  | : |  |
| Defendant. | : |  |

**MEMORANDUM OF LAW IN SUPPORT OF PRELIMINARY OBJECTIONS OF
DEFENDANT, THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA,
TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

Defendant, The Trustees of the University of Pennsylvania ("Penn" or the

"University"), by and through its counsel, hereby files its Memorandum of Law in support

of its Preliminary Objections to Plaintiff's Third Amended Complaint pursuant to

Pa.R.Civ.P. 1028(a)(2) and 1028(a)(4).

**I.      MATTER BEFORE THE COURT**

Before the Court are Defendant's Preliminary Objections to Plaintiff's Third

Amended Complaint based on Plaintiff's continued failure to identify or attach contracts

or contractual provisions that Penn allegedly breached, in addition to statute of

limitations issues and failure to conform pleadings to the rules of Court.

Case ID: 200302766
Control No.: 20100498

## II.  <u>STATEMENT OF ISSUES PRESENTED</u>

**(A)** Whether this Court should dismiss, pursuant to Pa.R.Civ.P.1028(a)(4),

Plaintiff's Third Amended Complaint, as its breach of contract and alternative

equitable estoppel claims are on the face of the Complaint clearly barred by

the applicable statute of limitations?

*Suggested Answer:  Yes.*

**(B)** Whether this Court should dismiss, pursuant to Pa.R.Civ.P.1028(a)(2),

Plaintiff's breach of contract claim for failure to attach the writing(s) upon

which the alleged contract was based, in violation of Rules 1019(h) and (i)?

*Suggested Answer:  Yes.*

**(C)** Whether this Court should dismiss, pursuant to Pa.R.Civ.P.1028(a)(4),

Plaintiff's alternative equitable estoppel claim for failure to allege the

necessary facts to support the legal elements of inducement and justifiable

reliance?

*Suggested Answer:  Yes.*

**(D)** Whether this Court should dismiss, pursuant to Pa.R.Civ.P.1028(a)(2),

Plaintiff's "back door" medical malpractice claim for failure to file a timely

certificate of merit?

*Suggested Answer:  Yes.*

**(E)** Whether this Court should dismiss the Third Amended Complaint with

prejudice based on the futility of filing a further amended complaint and award

legal costs and fees to Penn for Plaintiff's repeated baseless iterations of the

Complaint?

Case ID: 200302766
Control No.: 20100498

***Suggested Answer:  Yes.***

### III.    STATEMENT OF FACTS

Plaintiff, who was admitted as an undergraduate student at Penn in the Fall of 2006, asserts a breach of contract claim and equitable estoppel claim against Penn. (Third Amended Complaint, attached as Exhibit 1 at ¶¶ 3, 8.)  Plaintiff alleges that her health compelled her to take multiple leaves of absence from Penn between 2006 and 2016 and that Penn granted those requests for leave.  (Id. at ¶¶ 10-17.)  Plaintiff also alleges that during the semesters she did attend college at Penn, Penn granted her "reasonable modifications" of its policies, including the "places in which, and the amount of time during which, academic work could be completed at the University."  (Id. at ¶¶ 12-17.)

According to Plaintiff, her mental and physical health deteriorated despite the modifications she had been granted by the University.  (Id. at ¶ 18.)  Plaintiff references a failed suicide attempt in 2008 and how she brought the suicide attempt to the attention of Dr. William Alexander, the then-Director of the University's Counseling and Psychological Services office ("CAPS").  (Id. at ¶ 19.)  Despite three prior iterations of the Complaint, Plaintiff raises new allegations for the first time about Dr. Alexander's "pursuit of personal intimacy with her."  (Id. at ¶ 19(d).)  She claims that when, in 2015, she disclosed Dr. Alexander's conduct, he threatened her with "retribution."  (Id. at ¶ 20.)

In 2007, Plaintiff claims to have called CAPS about her suicidal nature and was told "do what you have to do.  I don't have time for this."  (Id. at ¶ 22.)  Plaintiff also

Case ID: 200302766
Control No.: 20100498

complains of the treatment received by another Penn doctor in 2008 related to Plaintiff's back pain.  (Id. at ¶ 21.)

Plaintiff claims that when she tried to meet with the University's top officials about CAPS' response in 2015, she was "rebuffed" and threatened with arrest, and University police entered her apartment during her meeting with the Vice Provost.  (Id. at ¶¶ 23-24.)  When Plaintiff sought to resume her studies in the Spring of 2016, she claims that the University's Students with Disabilities Services office ("SDS") refused to meet with her and did not grant her the modifications she previously had been granted.  (Id. at ¶ 25-28.)  As a result, Plaintiff claims that she was unable to complete the Spring 2016 semester.  (Id. at ¶ 28.)

In the Conclusion section of the Third Amended Complaint, Plaintiff makes her first mention of "a contract" by generically pleading that "a material term of the contractual provisions ("Contractual Provisions") offered to Ploeger by the University and by Ploeger accepted through enrollment, including the promise of skilled, compassionate health set forth in Exhibit A and of the utmost necessity to Ploeger, have been breached and remain in breach."  (Id. at ¶ 39.)  Other than some additional factual allegations of events in 2007, 2008, and 2015 – all of which occurred more than four years prior to the filing of this action on April 1, 2020 – the only pertinent difference between the Second Amended Complaint and the Third Amended Complaint is that the Third Amended Complaint, through a subsequently-filed Praecipe to Supplement or Attach, attaches a document referenced as "Exhibit A" which purports to be the contract between Plaintiff and the University.  (Id. at ¶ 34(b).)

Case ID: 200302766
Control No.: 20100498

"Exhibit A" contains nothing more than a print-out from Penn's website about Health and Wellness and includes resources available to the Penn community, including CAPS.  (Plaintiff's Complaint at Exhibit A.)  Exhibit A merely identifies the following health and wellness resources at Penn:

      a.  University of Pennsylvania Health System;

      b.  Campus Health;

      c.  Office of the Chaplain;

      d.  Counseling & Psychological Services ("CAPS");

      e.  Student Health Service; and

      f.  Wellness at Penn.

Significantly, Exhibit A does not contain any contractual language or promises upon which Plaintiff relies in this case.  Therefore, the Third Amended Complaint does not cure the legal deficiencies raised in Penn's three prior sets of Preliminary Objections, and even yields additional deficiencies that cannot be cured by further amendment.  It is now time to dismiss all of Plaintiff's claims, with prejudice.

## IV.   <u>LEGAL ARGUMENT</u>

### A.  **Plaintiff's Complaint Should Be Dismissed Pursuant to Pa.R.C.P.1028(a)(4), as the Breach of Contract and Alternative Equitable Estoppel Claims Are, On the Face of the Third Amended <u>Complaint, Clearly Barred by the Applicable Statute of Limitations</u>.**

A court may sustain a preliminary objection asserting a statute of limitations defense if the defense is "clear on the face of the pleadings." <u>Scavo v. Old Forge Borough</u>, 978 A.2d 1076, 1078 (Pa. Commw. Ct. 2009).  Here, Plaintiff avers that the majority of Penn's alleged contract breaches occurred in 2007, 2008, and 2015.  Exhibit 1 at ¶¶ 19, 20, 21, 22, 23, 24.  All such allegations are time-barred on the face of the

Case ID: 200302766
Control No.: 20100498

Complaint, as this case was not filed until April 1, 2020.  Plaintiff makes only one allegation that is potentially (but not clearly) timely, generically referencing the year 2016 but providing no specific month or day for the alleged conduct.  Id. at ¶¶ 25-28. Even that allegation (addressed in more detail below), however, lacks any specificity about the alleged contract that Penn breached.  Id.

The statute of limitations applicable to breach of contract and equitable estoppel claims in Pennsylvania is four-years.  See 42 Pa. C.S. § 5525; Thatcher's Drug Store v. Consolidated Supermarkets, 636 A.2d 156, 163 (Pa. 1994); Crouse v. Cyclops Indus., 745 A.2d 606 (Pa. 2000).  Therefore, it is clear on the face of the Third Amended Complaint that Plaintiff's claims – which range back to as early as 2005 – are time-barred by 42 Pa. C.S. § 5525.

Moreover, to the extent that Plaintiff attempts to "back door" a medical malpractice claim by her averments that Penn's physicians negligently treated her in 2007, 2008 and 2015,[2] so too is this claim barred by 42 Pa. C.S. § 5524(2) (applying a two-year statute of limitations to medical malpractice actions).  See also Stephenson v. Greenberg, 617 A.2d 364 (Pa. Super. Ct. 1992) (no error in granting hospital's preliminary objections where medical malpractice action was barred by the two-year-statute of limitations).  As such, Penn's preliminary objection in the nature of a demurrer to the Third Amended Complaint should be sustained, and the Third Amended Complaint should be dismissed in its entirety, with prejudice.

---

[2] See Exhibit 1 at ¶¶ 19, 20, 21, 22.  Plaintiff does not fashion a separate count for Medical Malpractice in the Third Amended Complaint or meet the other pleading requirements for asserting a medical malpractice claim.  See, e.g., Pa. R. Civ. P. 1042.2.

6

Case ID: 200302766
Control No.: 20100498

**B. Plaintiff's Breach of Contract Claim Should Be Dismissed Pursuant to Pa.R.C.P.1028(a)(2), As Plaintiff Violates Pa.R.Civ.P. 1019(h) and (i) By Failing to Attach a Contract to the Third Amended Complaint.**

Penn moves to dismiss Plaintiff's Third Amended Complaint pursuant to Pa.R.Civ.P.1028(a)(2), which provides that a party may preliminarily object to a complaint for "failure . . . to conform to law or rule of court." Pa.R.Civ.P.1028(a)(2). Rule 1019(h) requires that, when any claim is based upon an agreement, the pleading must state specifically if the agreement is oral or written. Pa.R.Civ.P. 1019(h). The Official Note to Rule 1019(h) confirms that "[i]f the agreement is in writing, it must be attached to the pleading." Id., Official Note. Pennsylvania Rule of Civil Procedure 1019(i) further provides:

> When any claim or defense is based upon a writing, the pleader shall attach a copy of the writing, or the material part thereof, but if the writing or copy is not accessible to the pleader, it is sufficient so to state, together with the reason, and to set forth the substance in writing.

Pa.R.Civ.P. No. 1019(i).

In her Third Amended Complaint, Plaintiff attaches a document that is nothing more than a print-out from Penn's website that lists Penn's health and wellness services, including CAPS, the Office of the Chaplain, and "Wellness at Penn." (Third Amended Complaint at Exhibit A.) But even that document does not include any specific contract or promises upon which Plaintiff claims to rely. (Id.) It is not enough to attach *a* document to the Complaint; rather, the document must be a contract between the parties that was allegedly breached.

7

Case ID: 200302766
Control No.: 20100498

Exhibit A to the Third Amended Complaint is simply a list of health and wellness services provided by Penn.  Exhibit A does not contain any contract or promises to Plaintiff, nor does Plaintiff allege what services listed in Exhibit A Penn allegedly did not provide, i.e., what specific contractual provision Penn breached.  At most, Plaintiff appears to be unhappy with the services provided by CAPS in 2008 and 2015, but none of those allegations, even if true, fall within the four years prior to the filing of the Complaint on April 1, 2020.  (See Section II.A. above.)

"The contractual nature of the university-student relationship allows a student, under Pennsylvania law, to sue for a breach of contract, but "the allegations must relate to a specific and identifiable promise that the school failed to honor." David v. Neumann Univ., 177 F. Supp. 3d 920, 925 (E.D. Pa. 2016) (citing Vurimindi v. Fuqua Sch. of Bus., 435 F. App'x 129, 133 (3d Cir. 2011) (nonprecedential)).  "[G]eneral references to handbook, syllabi, and protocols" will not suffice.  Id.  So must it be in the instant case.  Without identifying the specific contract and contractual provisions that Penn allegedly breached, Penn is left to guess as to the misconduct of which it is accused.  Plaintiff's breach of contract claim therefore should be dismissed for failure to conform to Rules 1019(h) and (i).  See Precision Towers, Inc. v. Nat-Com, Inc., No. 2143, 2002 Phila. Ct. Com. Pl. LEXIS 16, *16 (Phila. C.C.P. Sept. 23, 2002) (Cohen, G., J.) (sustaining preliminary objection and dismissing contract claim for failure to attach a writing pursuant to Rule 1019(h)); Gemini Bakery Equip. v. Baktek, No. 3204, 2005 Phila. Ct. Com. Pl. LEXIS 121, *8-9 (Phila. C.C.P. Apr. 11, 2005) (Abramson, J.) (same).

Case ID: 200302766
Control No.: 20100498

### C. Plaintiff's Equitable Estoppel Claim Should Be Dismissed Pursuant to Pa.R.C.P.1028(a)(4), For Failure to Allege the Necessary Facts to <u>Support the Legal Elements of Inducement and Justifiable Reliance</u>.

An equitable estoppel claim requires proof of two essential elements: 1) an inducement to act and 2) a justifiable reliance on that inducement. <u>Havas v. Temple University</u>, 516 A.2d 17, 18 (Pa. Super. Ct. 1986).  The burden rests upon the party asserting estoppel to establish the elements thereof by evidence which is clear, precise, and unequivocal.  <u>Novelty Knitting Mills, Inc. v. Siskind,</u> 457 A.2d 502, 504 (1983).

In the instant case are no facts alleged to support a claim of estoppel against Penn.  There is no inducement by Penn and no averments that Plaintiff acted in justifiable reliance on a belief that she would become and remain physically healthy and anxiety-free while a student at Penn.  <u>Farmers Trust Co. v. Bomberger</u>, 523 A.2d 790, 794 (Pa. Super. Ct. 1987).  Nothing in the Third Amended Complaint can support a claim that Penn misled Plaintiff to her prejudice, let alone clear, precise and unequivocal proofs of the same.  <u>Id</u>.  As such, Plaintiff's alternative equitable estoppel claim must be dismissed, with prejudice.

### D. Plaintiff's "Back Door" Medical Malpractice Claim Should Be Dismissed Pursuant to Pa.R.C.P.1028(a)(2) And 1028(a)(4) For Failure to File Timely Certificates of Merit.

Plaintiff, while she does not create a separate count for medical malpractice, seems to assert professional negligence claims against several of Penn's doctors in the Third Amended Complaint, all without filing corresponding Certificates of Merit.  Exhibit 1 at ¶¶ 19, 20, 21, 22.  <u>See</u> <u>Grossman v. Barke</u>, 868 A.2d 561, 569 (Pa. Super. Ct. 2005) ("conduct is considered to be malpractice … when it constitutes medical

Case ID: 200302766
Control No.: 20100498

treatment, that is, when it involves diagnosis, care and treatment by licensed medical professionals.").

Pa. R.C.P. 1042.3 provides, in relevant part:

(b) In any action based upon an allegation that a licensed professional deviated from an acceptable professional standard, the attorney for the plaintiff, or the plaintiff if not represented, **shall file with the complaint or within sixty days after the filing of the complaint**, a certificate of merit signed by the attorney or party that either

(4) an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm, or

(5) the claim that the defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard, or

(6) expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim.

Pa. R.C.P. No. 1042.3(a) (emphasis added)

Plaintiff's original Complaint was filed on April 1, 2020, over 120 days ago. No Certificates of Merit supporting claims against any Penn doctor were ever filed in this matter to date. Plaintiff should not be permitted to circumvent the mandate of a Certificate of Merit and its timing requirements by bringing a medical malpractice claim through "the back door." Because Plaintiff has failed to conform to Rule 1042.3, all of her claims in the nature of medical malpractice are legally deficient. See Pa.R.C.P. 1042.6. Therefore, Penn's preliminary objections pursuant to Pa.R.C.P. 1028(a)(2) and 1028(a)(4) should be sustained.

10

Case ID: 200302766
Control No.: 20100498

**E. Plaintiff is Wasting this Court's Time with Repeated Amended Complaints that Continue to Fail to Allege Timely Claims or Identify an Actual Contract Breached by Penn, and Dismissal with Prejudice is Warranted and the Imposition of Costs and Legal Fees.**

To date, this Court has patiently endured four iterations of the Complaint. Despite three prior iterations of the Complaint and three sets of Preliminary Objections filed by Penn, Plaintiff is still unable to cure even the most basic defects of alleging timely claims and identifying a specific contract or contractual provision breached by Penn.  Further amendment would be futile, as Plaintiff has been and will continue to be unable to allege timely claims or a breached contract.  When further amendment is futile, the claims should be dismissed with prejudice.  Bitter Sweet Props., LP v. City of Farrell, No. 1640 C.D. 2016, 2017 Pa. Commw. Unpub. LEXIS 828, *4 (Pa. Commw. Ct. Oct. 20, 2017), citing Weaver v. Franklin County, 918 A.2d 194, 203 (Pa. Commw. Ct. 2007); Brickman Group, Ltd. v. CGU Ins. Co., 865 A.2d 918, 926-27 (Pa. Super. Ct. 2004) (leave to further amend a complaint should be denied when a party will be unable to state a claim on which relief could be granted).

For filing repeated baseless claims against Penn, this Court can and should award legal costs and fees to Penn, who has been forced to file four sets of Preliminary Objections to Plaintiff's repeatedly defective Complaints.  See 42 Pa. C.S. § 2503 (awarding counsel fees when, among other conduct, commencing or proceeding with a matter was "arbitrary, vexatious or in bad faith"); Levitt v. Brookmont Health Care Ctr., No. 9290 Civil 1997, 1999 Pa. Dist. & Cnty. Dec. LXIS 131, * 6 (Monroe Co. CCP Mar. 12, 1999) (defining "vexatious" as a suit filed "without sufficient grounds in either law or in fact and if the suit served the sole purpose of causing annoyance"); Feingold v. Hendrzak, 15 A.3d 937, 939 (Pa. Super. Ct. 2011) ("Due to Appellant's repetitive filing

11

Case ID: 200302766
Control No.: 20100498

of baseless appeals in this Court, we *sua sponte* award all Appellees in the instant case attorney's fees and remand to the trial court for calculation of those fees.").

## V.   **CONCLUSION**

For the foregoing reasons, Defendant, The Trustees of the University of Pennsylvania, respectfully requests that the Court sustain its Preliminary Objections and dismiss Plaintiff's Third Amended Complaint in its entirety, with prejudice.  A proposed order is attached.

<br/>

Respectfully submitted,

**TUCKER LAW GROUP**

Date:  October 5, 2020                    /s/ Leslie Miller Greenspan
                                          Joe H. Tucker, Jr., Esquire
                                          Leslie Miller Greenspan, Esquire
                                          Dimitrios Mavroudis, Esquire
                                          Ten Penn Center
                                          1801 Market Street, Suite 2500
                                          Philadelphia, PA 19103
                                          (215) 875-0609

                                          Attorneys for Defendant,
                                          The Trustees of the University of Pennsylvania

Case ID: 200302766
Control No.: 20100498

## <u>CERTIFICATE OF COMPLIANCE</u>

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania, Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

**TUCKER LAW GROUP, LLC**

/s/ Leslie Miller Greenspan
Leslie Miller Greenspan, Esquire

## CERTIFICATE OF SERVICE

I, Leslie M. Greenspan, Esquire, hereby certify that on the date set forth below a copy of the foregoing was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

**TUCKER LAW GROUP, LLC**

Dated:   October 5, 2020

/s/ Leslie Miller Greenspan

Leslie Miller Greenspan, Esquire

# EXHIBIT 1

Case ID: 200302766
Control No.: 20100498

In the Court of Common Pleas of Philadelphia County
Commonwealth of Pennsylvania

Filed and Attested by the
Office of Judicial Records
15 SEP 2020 11:47 pm
A. SILIGRINI

April Ploeger
505 S. 42nd St., Apt. 1F
Philadelphia, PA 19104
   Plaintiff,

    v.

Trustees of the University of Pennsylvania,
*d.b.a.* The University of Pennsylvania,
a Pennsylvania nonprofit corporation
University of Pennsylvania
Philadelphia PA 19104.
   Defendant

**March Term 2020**
**Case No.: 2766**

### NOTICE TO DEFEND

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

<div align="center">

**Philadelphia Bar Association**
**Lawyer Referral and Information Service**
**One Reading Center**
**Philadelphia PA 19107**
**Telephone: (215) 238-1701**

**AVISO**

</div>

Le han demando a usted en la corte. Si usted quiere defenderse de estas demandas expuestas e las paginas siguientes, usted tiene veinte dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no de defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

**LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE, SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION DE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.**

<div align="center">

**Asociacion De Licenciados De Filadelfia**
**Servicio De Referencia E Informacion Legal**
**One Reading Center**
**Filadelfia, Pennsylvania 19107**
**Telefono: (215) 238-1701**

</div>

## THIRD AMENDED COMPLAINT

### Parties

1. Plaintiff herein is April Ploeger ("Ploeger"), an adult individual currently residing at 505 S. 42nd St., Apt. 1F, Philadelphia, PA 19104.

2. Defendants herein are the Trustees of the University of Pennsylvania, *d.b.a*. The University of Pennsylvania (hereafter, "the University" or "Penn"), a Pennsylvania nonprofit corporation with an address at University of Pennsylvania, Philadelphia PA 19104.

### Causes of Action Pled

3. This is an action in two counts for damages brought under the common law of contract controlling in Pennsylvania (Count 1.) or, in the alternative, under the doctrine of equitable estoppel (Count 2.)

### Factual Allegations upon which the Complaint Rests

**Count 1.**

4.

    a. Ploeger began her search for a college or university to attend in the context of a superior academic record and precarious health.

1.

Case ID: 200302766
Control No.: 20100498

b. Her health concerns included several autoimmune disorders and severe depression and anxiety.

c. It was, therefore, both realistic for her to consider highly selective universities and essential that she choose a school that both offered and provided outstanding, compassionate, student health care.

5.

a. Ploeger's quest for a university offering outstanding, compassionate, student health care brought the University's offering to her attention.

b. Ploeger learned that the University's Counseling and Psychological Services ("CAPS") provided free counseling to students.

c.  She also learned that the University's Student Health Service ("SHS") provided physical healthcare to the University's students; unlike CAPS, there is a fee for SHS, paid by obligatory insurance coverage, but the University offered Ploeger a grant to pay for the insurance premiums.

6. She learned of these benefits by:

a. reading the University's own proclamations on its website;

b. by a reaffirmation of those proclamations given to her in a phone conversation with University officials serving in what Ploeger recalls was referred then referred to as the "College office;" and

2.

Case ID: 200302766
Control No.: 20100498

c. by being told, by the University's "College office," that the University's health services were not only free, they were very good.

7 The University's provision of these healthcare services, and its officials' reaffirming them, was:

a. "one of the top reasons" Ploeger chose to enroll in the University; and

b. *the* reason she chose the University rather than Dartmouth.

8. Motivated by the benefit of the health services promised her by the University should she enroll at Penn, Ploeger applied for admission to the University as a full-time, undergraduate student for Fall Semester, 2006.

9. Her application was accepted, and she expected to begin her freshman year in Fall 2006.

10. Her ill-health, however, compelled her to request, and the University granted, a leave of absence for what would have been her first two semesters at the University (i.e., Fall 2006; Spring 2007).

11. She returned to the University for the Fall 2007 semester, expecting then to begin her undergraduate work.

3.

Case ID: 200302766
Control No.: 20100498

12. Upon her return Ploeger quickly realized that she would be unable to pursue her studies without the University's granting her reasonable modifications ("Modifications") in policies, practices, or procedures governing, *inter alia*, the places in which, and the amount of time during which, academic work could be completed at the University.

13. Not knowing the process governing requests for Modifications at the University, Ploeger sought and was granted a second leave of absence, to run through the Fall 2007 and Spring 2008 semesters, during which time she undertook to learn, and did learn, the process governing requests for Modifications at the University.

14. Upon resumption of her studies at the University in Fall Semester 2008, she sought and was granted Modifications from the University's policies to enable her to proceed with her studies.

15. The Modifications granted for Fall Semester 2008 permitted Ploeger to complete that semester.

16.

    a. The Modifications continued to be beneficial for Ploeger, but her health did not permit her to continue in Spring 2009.

    b. She was compelled her to request a leave of absence.

    c. The University granted that request.

<div align="center">4.</div>

17.

    a. Ploeger requested Modifications for each semester through and including Spring 2015.

    b. Her requests were uncontested, and granted to her upon request through the actions of Dr. William Alexander ("Alexander"), at times relevant to this action Director of the University's CAPS.

18. Despite the benefit provided by the Modifications, and despite the University's proclaimed devotion to caring for the mental and physical health of its students, Ploeger's mental and physical health in fact continued to deteriorate because of improper treatment and actual cruelty at the hands of the University's health services.

19.

    a. In 2008 Ploeger showed Dr. Alexander cuts that she had inflicted along her left arm and on one of her wrists in an attempt to self-harm and attempt suicide.

    b. Her hope, having survived, had been to be admitted to Hall Mercer, a mental health care clinic.

    c. Dr. Alexander instead gave her a prescription for the same pills on which she had overdosed the night before and told Ploeger to go home and "put a band aid on it."

<div align="center">5.</div>

Case ID: 200302766
Control No.: 20100498

d. In addition to the harm done to her by Alexander's response to her physical and mental health needs, Ploeger was caused deep distress by his pursuit of personal intimacy with her.

20.

a. Ploeger subsequently disclosed Dr. Alexander's response to her physical and mental health needs, the circumstances in which that response had been made, and the distress caused her by Alexander's pursuit of personal intimacy with her.

b. In 2015 Dr. Alexander threatened Ploeger with retribution for that disclosure.

c. Rather than providing the superior health care offered by the University as a material inducement to her enrollment at the University, Dr. Alexander's conduct toward Ploeger materially harmed her already fragile mental health.

21.

a. In 2008, suffering from intense pain in her back, Ploeger sought out Dr. Deborah Niles, a doctor at the University's Student Health Services.

b. Dr. Niles wrote orders for x-rays of Ploeger's back.

c.

i. Dr. Niles did not tell Ploeger -- as Ploeger was told by another doctor years later -- that the x-ray showed several compression fractures.

6.

Case ID: 200302766
Control No.: 20100498

ii. Rather, Dr. Niles permitted Ploeger to believe that her pain was just a generalized problem.

22.

a. In 2007 Ploeger called a counselor at CAPS' afterhours service and told the counselor that she, Ploeger, was suicidal.

b. The counselor in reply told Ploeger to "do what you have to do, I don't have time for this."

23.

a. In 2015 Ploeger sought refuge from the distress of these actions by speaking of them to Dr. Max King, Vice Provost for University Life, as well as to University President Dr. Amy Guttman.

b. The University's response was to rebuff her, telling her by phone that she would be arrested if she addressed these issues with President Guttman again or attempted to say anything to anyone about Dr. Alexander's behavior.

24. Also in 2015, while Ploeger was meeting with the Vice Provost for University Life in the Vice Provost's office, the University police gained access to Ploeger's apartment without Ploeger's permission or prior knowledge and left the apartment ransacked.

7.

Case ID: 200302766
Control No.: 20100498

25.

    a. In 2016 Ploeger sought to resume her studies at the University, and sought the same Modifications that had been granted to her in the past.

    b. In support of her request, Ploeger brought notes from three medical professionals, including a psychologist and a psychiatrist, all speaking of Ploeger's need for Modifications.

    c. On prior occasions tendering such support sufficient to gain Ploeger the Modifications she sought.

    d. In 2016 she was told that she would have to meet with counsellors at SDS.

26.

    a. Ploeger's experiences with SDS in the Spring of 2015 made her feel unsafe about such a meeting, and she asked leave to bring an advocate with her.

    b. Her request was refused.

27.

    a. When exam dates approached Ploeger felt a desperate need for Modifications.

    b. Impelled by her desperation, she made numerous calls to SDS to state that she would meet with them under any terms just to gain the same Modifications she had always had in the past.

<div align="center">8.</div>

Case ID: 200302766
Control No.: 20100498

c. Her calls were ignored by SDS.

28.

a. Unable to gain the Modifications she sought, and had always in the past been granted, Ploeger was not able to complete her midterms.

b. That in turn forced her to drop the semester.

c. That in turn destroyed her mental health and left her destitute and homeless.

29. Ploeger will testify that had she known how she brutally different her treatment by CAPS and SDS would be from the claims set forth in the University's offer tendered to entice her enrollment, she would, without question, have chosen to attend a different university.

30.

a. Ploeger's education at the University has been and continues to be disrupted by the breaches cited above of the University's contractual obligations.

b. That disruption alone would and does create an increasingly grave burden upon Ploeger.

31. She is also in increasingly grave financial distress.

32. Her health, already needful of care before these actions and inactions by the University, has suffered and continues to suffer increasingly from the latter.

9.

Case ID: 200302766
Control No.: 20100498

33.

a. She feels, for the reasons and under the circumstances alleged above, worse than abandoned by the University.

b. She feels utterly rebuffed by and denied the special services within the University that the University presents to the public and presented to Ploeger as supported by the premier health facilities at the University and specifically at the service of the University's students.

34. Ploeger incorporates the allegations set forth in Paragraphs 4 through 33 in this Paragraph 34.

35. The allegations set forth by incorporation in Paragraph 34 state a claim for breach of contract.

**Count 2.**

36. The allegations of fact set forth by incorporation in Paragraph 34 above are set forth by incorporation in this Paragraph 36.

37. The allegations of fact set forth by incorporation in Paragraph 36 above state, in the alternative, a breach under the equitable doctrine of estoppel.

**10.**

## CONCLUSION

38.

    a. By 2017 Ploeger despaired of her ability to persuade the University to provide the benefits whose offer to her had induced her to enroll at Penn.

    b. She therefore engaged the undersigned as legal counsel, with the mutual understanding that every effort would be obtain for Ploeger, without litigation, the support that she had been offered prior to, and whose offer induced, her enrollment at the University.

    c. Those efforts having failed to achieve their desired end, this litigation followed.

39. The material terms of the contractual provisions (the "Contractual Provisions") offered to Ploeger by the University and by Ploeger accepted through her enrollment, including the promise of skilled, compassionate health set forth in Exhibit A and of the utmost necessity to Ploeger, have been breached and remain in breach.

40. That breach, in all its manifestations, is the material cause of the distress – financial, physical, educational – in which she has for long been placed by the University and in which she now remains.

11.

Case ID: 200302766
Control No.: 20100498

<u>DEMAND FOR RELIEF</u>

41. **WHEREFORE**, for the reasons and under the circumstances set forth above,

Ploeger with respect for the Court and in reliance upon the law and facts demands

of the Court a trial on the merits of this matter and will at the end of such trial seek

an order in favor of Plaintiff and against Defendant; money damages in an amount

in excess of the jurisdictional amount and in such specific amount as the Court finds

just under applicable law applied to the evidence of record; and such further relief

as the Court may determine to be just.

<div style="text-align:right">

<u>/s/ E. Daniel Larkin</u>
E. Daniel Larkin,
Counsel for Plaintiff
PA Atty. ID 32395
742 S. Latches Lane
Merion Station PA 19066
610.660.5201 (ph.)
610.660.5940 (fax)
dan@danlarkinlaw.com

</div>

Tendered September 15, 2020

12

Case ID: 200302766
Control No.: 20100498

**Exhibit "A"**

Case ID: 200302766
Control No.: 20100498

<u>VERIFICATION</u>

The undersigned, April Ploeger, affirms and verifies that she is the Plaintiff named in the foregoing Third Amended Complaint filed on her behalf with this Verification in the matter known as *Ploeger v. Trustees of the University of Pennsylvania, d.b.a University of Pennsylvania* (Philadelphia Court of Common Pleas); that she has read the foregoing Third Amended Complaint; that she is familiar, through personal knowledge or through information and belief, as pled with specificity in the foregoing Third Amended Complaint, with the facts averred therein; and that all factual averments in such Third Amended Complaint are true and correct to the best of her knowledge, information or belief, as specified in the Amended Complaint.

The undersigned makes this statement subject to the penalties provided by 18 Pa.C.S. Section 4904 relating to unsworn falsification to authorities.

_____
April Ploeger
Plaintiff in the matter referred to above

Dated:  September 15, 2020

Case ID: 200302766
Control No.: 20100498

CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania, Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

/s/E. Daniel Larkin
E. Daniel Larkin
742 S. Latches Lane
Merion PA 19066
610.660.5201

CERTIFICATE OF SERVICE

I certify that on September 15, 2020, I caused a true and correct copy of the foregoing

Third Amended Complaint to be served upon Defendant's counsel of record, Leslie

M. Greenspan, Esquire, by the Court's civil e-service

and:

By e-mail attachment sent to lgreenspan@tlgattorneys.com

                    /s/E. Daniel Larkin
                    E. Daniel Larkin

## PHILADELPHIA COURT OF COMMON PLEAS
# PETITION/MOTION COVER SHEET

| CONTROL NUMBER: |
| --- |
| 20100498 |
| **(RESPONDING PARTIES MUST INCLUDE THIS NUMBER ON ALL FILINGS)** |

### FOR COURT USE ONLY

ASSIGNED TO JUDGE:

ANSWER/RESPONSE DATE:

*Do not send Judge courtesy copy of Petition/Motion/Answer/Response.*
*Status may be obtained online at http://courts.phila.gov*

March _____ Term, 2020
*Month* — *Year*
No. _____ 02766

Name of Filing Party:
APRIL PLOEGER-PLF

PLOEGER VS TRUSTEES OF THE UNIVERSITY
OF PENNSYLVA

**INDICATE NATURE OF DOCUMENT FILED:**

☐ Petition *(Attach Rule to Show Cause)*  ☐ Motion
☒ Answer to Petition  ☐ Response to Motion

Has another petition/motion been decided in this case?  ☐ Yes  ☐ No
Is another petition/motion pending?  ☐ Yes  ☐ No
*If the answer to either question is yes, you must identify the judge(s):*

_____

| TYPE OF PETITION/MOTION (see list on reverse side) | PETITION/MOTION CODE (see list on reverse side) |
| --- | --- |
| ANSWER (MOTION/PETITION) FILED | MTANS |

ANSWER / RESPONSE FILED TO (Please insert the title of the corresponding petition/motion to which you are responding):
PROBJ - PRELIMINARY OBJECTIONS

### I.  CASE PROGRAM

DAY FORWARD/MAJOR JURY PROGRAM

Court Type: JUDGE ARNOLD NEW
Applicable Petition/Motion Deadline: N/A
Has deadline been previously extended by the Court: N/A

### II.  PARTIES *(required for proof of service)*
(Name, address and **telephone number** of all counsel of record and unrepresented parties. Attach a stamped addressed envelope for each attorney of record and unrepresented party.)

E DANIEL LARKIN
 742 S LATCHES LN , MERION PA 19066

LESLIE M GREENSPAN
 TUCKER LAW GROUP TEN PENN CENTER 1801 MARKET ST., SUITE 2500 , PHILADELPHIA PA 19103

### III.  OTHER

By filing this document and signing below, the moving party certifies that this motion, petition, answer or response along with all documents filed, will be served upon all counsel and unrepresented parties as required by rules of Court (see PA. R.C.P. 206.6, Note to 208.2(a), and 440). Furthermore, moving party verifies that the answers made herein are true and correct and understands that sanctions may be imposed for inaccurate or incomplete answers.

_____   November 5, 2020   E DANIEL. LARKIN   _____
*(Attorney Signature/Unrepresented Party)*   *(Date)*   *(Print Name)*   *(Attorney I.D. No.)*

**The Petition, Motion and Answer or Response, if any, will be forwarded to the Court after the Answer/Response Date.**
**No extension of the Answer/Response Date will be granted even if the parties so stipulate.**

30-1061B E-File# 2011009652
06-NOV-20 10:05:11

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| April Ploeger | Trustees of The University of Pennsylvania |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
| | |
| PLAINTIFF'S NAME | DEFENDANT'S NAME |
| | |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
| | |
| PLAINTIFF'S NAME | DEFENDANT'S NAME |
| | |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
| | |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NO. OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| One (1) | One (1) | ☒ Complaint  ☐ Petition Action  ☐ Notice of Appeal<br>☐ Writ of Summons  ☐ Transfer From Other Jurisdictions |

**AMOUNT IN CONTROVERSY**
☐ $50,000.00 or less
☒ More than $50,000.00

**COURT PROGRAMS**
☐ Arbitration   ☐ Mass Tort   ☐ Minor Court Appeal   ☐ Settlement
☒ Jury   ☐ Savings Action   ☐ Statutory Appeals   ☐ Minors
☒ Non-Jury   ☐ Petition   ☐ Commerce (Completion of   ☐ W/D/Survival
☐ Other:         Addendum Required)

**CASE TYPE AND CODE (SEE INSTRUCTIONS)**

1 C

**STATUTORY BASIS FOR CAUSE OF ACTION (SEE INSTRUCTIONS)**

**RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)**

IS CASE SUBJECT TO
COORDINATION ORDER?

|  | Yes | No |
|---|---|---|
|  | ☐ | ☐ |
|  | ☐ | ☐ |
|  | ☐ | ☐ |

## TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant:

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS (SEE INSTRUCTIONS) |
|---|---|
| E. Daniel Larkin | 742 S. Latches Lane<br>Merion Station PA<br>19066 |
| PHONE NUMBER: 610 660 5201   FAX NUMBER: 610 660 5940 | |
| SUPREME COURT IDENTIFICATION NO.: 32395 | E-MAIL ADDRESS: dan@danlarkinlaw.com |
| SIGNATURE: E. [signature] | DATE: November 5, 2020 |

01-101 (Rev. 6/08)

Case ID: 200302766
Control No.: 20100498

# IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
## FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
### CIVIL TRIAL DIVISION

**APRIL PLOEGER**
    **Plaintiff,**

**v.**

**TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA**, *d.b.a.* **THE UNIVERSITY OF PENNSYLVANIA**
    **Defendant**

**March Term 2020**
**Case No.: 2766**

## ORDER

AND NOW, this      day of     , 2020, upon consideration of Plaintiff April Ploeger's Answer and Memorandum of Law in Response to Defendant's Preliminary Objections to the Third Amended Complaint it is hereby ORDERED that the Preliminary Objections are **denied** sustained and leave granted Defendant, should it wish to do so, to proceed pursuant to Rules 1030 and 1023.2, respectively with appropriate filings not later than _____ days from the date of this Order.

BY THE COURT:

_____
                         J.

Case ID: 200302766
Control No.: 20100498

# IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
## FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
### CIVIL TRIAL DIVISION

**APRIL PLOEGER**
    **Plaintiff,**

   **v.**

**TRUSTEES OF THE UNIVERSITY OF
PENNSYLVANIA,** *d.b.a.* **THE
UNIVERSITY OF PENNSYLVANIA**
    **Defendant**

    **March Term 2020**
    **Case No.: 2766**

**Plaintiff April Ploeger's Answer and Memorandum of Law in Response
to Defendant's Preliminary Objections to the Third Amended Complaint**

E. Daniel Larkin
Counsel for Plaintiff
PA Atty. ID 32395
742 S. Latches Lane
Merion Station PA 19066
610.660.5201 (ph.)
610.660.5940 (fax)
dan@danlarkinlaw.com

**Plaintiff, by and through her counsel,**
**hereby tenders to the Court and to Defendant, through its counsel,**
**her Answer and Memorandum of Law in response to**
**<u>Defendant's Preliminary Objections to the Third Amended Complaint</u>**

## I. <u>Summary Statement of the Matter Presented</u>

Defendant has, through its Preliminary Objections, asked the Court for an Order dismissing with prejudice the entirety of Plaintiff's action.

The Defendant tenders two grounds for its request:

1. Plaintiff has plead no claim upon which the law permits a finding that a contract ever existed between her and the University – and without a contract there can as a matter of law be no breach.

2. Even assuming, without conceding, that a claim was plead upon which the law permits a finding that a contract ever existed between Plaintiff and the University, her claim is barred by the statute of limitations.

In addition to its claims seeking dismissal of Plaintiff's action, Defendant asks the Court to impose financial sanctions upon Plaintiff.

## II. <u>Plaintiff's Answers to the Preliminary Objections</u>

1. Admitted

2. Admitted

3. Denied as a material misstatement of Plaintiff's factual allegations.

4. Admitted

1.

Case ID: 200302766
Control No.: 20100498

5. Admitted

6. Admitted

7. Admitted

8. Admitted

9. Denied as stated.

10. Admitted.

11. Denied as stated.

12. Admitted.

13. Denied as stated.

14. Denied as stated.

15. Denied as stated.

16. Denied as stated.

17. Denied as stated.

18. Denied as stated.

19. Denied as a legal conclusion unsupported by law or fact.

2.

Case ID: 200302766
Control No.: 20100498

III. <u>Memorandum of Law in Support of Plaintiff's Request that the Preliminary Objections to the Third Amended Complaint be Denied</u>

1. <u>This is an action for breach of contract</u>

The University has spent much time in its Preliminary Objections asserting – with no basis in fact – that what is cast as an action for breach of contract is actually an attempt to bring an action for medical malpractice without having to conform to the rules and law applicable to a medical malpractice action.

These assertions are baseless, and false.

The party against whom this action is brought is the University of Pennsylvania. It is the University – not the University's doctors and other health care providers -- whose offer was accepted by Ploeger. It is the University that Plaintiff asks this Court to find in breach.

2. <u>The law in Pennsylvania is long-settled and well established that questions of fact are not before the Court on preliminary objections</u>

Where, as here, a matter is before the Court on preliminary objections, the Court is

"required to accept as true the well-pled averments set forth in the . . . complaint, and all inferences reasonably deducible therefrom.  Moreover, the court need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion. In order to sustain preliminary objections, it must appear with certainty that the law will not permit recovery, and, where any doubt exists as to whether the preliminary objections should be sustained, the doubt must be resolved in favor of overruling the preliminary objections." *Pennsylvania State Lodge, Fraternal Order of Police v. Department of Conservation & Resources*, 909 A.2d 413, 415-16, *aff'd*, 924 A.2d 1203 (Pa. 2007).

3.

Case ID: 200302766
Control No.: 20100498

It was and remains in the face of that burden that the University sought dismissal of the Second Amended Complaint on the ground that the Amended Complaint does not give "the most basic notice of the contract and contractual provisions Plaintiff claims were breached."

With respect, Plaintiff notes, through her counsel, that she has in fact given quite specific "notice" of the undertakings made, in writing, on line, and orally, upon which Ploeger relied – and more than relied, upon which she based her decision to enroll at the University.

She has not – her counsel has not – contended and does not here contend that the exhibits following her Complaints are photocopies of a contract. She contends – her counsel contends – that those exhibits present material terms of the contract offered by the University to Ploeger, accepted by Ploeger, and then repeatedly breached by the University.

That the University made the statements presented in Ploeger's exhibits would be difficult to deny, they being on the University's website. The University could of course deny that those statements were an inducement to which Ploeger's enrollment responded. Ploeger would testify, as her verified Complaint has alleged, that they formed the fundamental reason for her enrolling. That issue – the truth of Ploeger's allegations in her Complaint – is not, on Preliminary Objections, before the Court.

4.

Case ID: 200302766
Control No.: 20100498

3. <u>Pennsylvania law is clear that a writing is not required for the formation of a contract</u>.

"It is hornbook law that in order to form a contract, there must be an **offer,** an **acceptance,** and consideration." *Yoder v. American Travellers Life Ins. Co.*, 814 A.2d 229, 233 (Pa. Super. 2002).

"Three elements are necessary to plead properly a cause of action for breach of contract: `[ (1) ] the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract and (3) resultant damages.'" *Williams v. Nationwide Mut. Ins. Co.,* 750 A.2d 881, 884 (Pa.Super.2000), quoting *CoreStates Bank Nat'l. Assn. v. Cutillo,* 723 A.2d 1053, 1058 (Pa.Super.1999). Additionally, it is axiomatic that a contract may be manifest orally, in writing, or as an inference from the acts and conduct of the parties. John Edward Murray, Jr., Cases and Materials on Contracts 184 (3rd ed.1983) (citation omitted)." *J.F. Walker Company, Inc. v. Excalibur Oil Group, Inc., et al*., 792 A.2d 1269, 1272 (Pa. Super 2002)

Pennsylvania law has also long recognized "implied contracts", holding such contracts to be "such as reason and justice dictate, and which the law presumes from the relations and circumstances of the parties." *In re Porter's Estate*, 167 A. 490, 492, 110 Pa. Super. 27, 30 (1933).

Case ID: 200302766
Control No.: 20100498

"'[I]t is the intention of the parties which is the ultimate guide, and, in order to ascertain that intention, the court may take into consideration the surrounding circumstances, the situation of the parties, the objects they apparently have in view, and the nature of the subject matter of the agreement. Thus, contracts which do not fix a definite time for the duration of the relationship which they [354 Pa.Super. 217] create are sometimes construed as providing for a reasonable time or some particular period inferred from the nature and surrounding circumstances of the undertaking.' Price v. Confair, 366 Pa. 538, 542, 79 A.2d 224, 226 (1951). *Martin v. Capital Cities Media, Inc.*, 354 Pa. Super. 199, 216, 511 A.2d 830, 839 (Pa. Super. 1986)."

What inferences are to be "inferred from the nature and surrounding circumstances of the undertaking" is a question of fact, to be addressed by the trier of fact, and not determined on Preliminary Objections.

Because of the fact-based nature of the inquiry into the parties' intention required by Superior Court, the Court in *Martin* taught that "the form of [the parties' intent] . . . can only be determined on a case-by-case basis." The requirement of a fact-based inquiry precludes dismissal of the claims on a preliminary objection.

4. <u>In the alternative, the facts alleged by Ploeger state a claim for damages under the doctrine of equitable estoppel cognizable under Pennsylvania law.</u>

In support of the contention just stated, Ploeger relies upon the well-established law of Pennsylvania cited in the paragraphs that follow and relied upon in her Complaint.

6.

Case ID: 200302766
Control No.: 20100498

"In Pickard *v.* Sears, 6 Ad. & El. 469, a leading case of estoppel by conduct, it was said 'the rule of law is clear that where one by his words or conduct wilfully causes another to believe in the existence of a certain state of things, and induces him to act on that belief, so as to alter his own previous position, the former is concluded from averring against the latter a different state of things as existing at the same time.'

It may now be declared as a general rule, that where an act is done, or a statement made by a party, the truth or efficacy of which it would be a fraud on his part to controvert or impair, the character of an estoppel shall be given to what otherwise would be mere matter of evidence. It is not necessary that the party against whom an estoppel is alleged, should have intended to deceive: it is sufficient if he intended that his conduct should induce another to act upon it, and the other, relying on it, did so act: Bisp. Eq., § 290." *Bidwell v. City of Pittsburgh,* 85 Pa. 412, 417-418 (1877).

"One of the purposes of estoppel is to prevent a party from asserting to another's disadvantage a right inconsistent with a position previously taken by him." *Titus v. Mapel-Sterling Coal Co.*, 167 A. 229, 230, 511 Pa. 529 (1933).

"An estoppel exists where one by his words or conduct causes another to believe in the existence of a state of facts, inducing reliance thereon in some act of mutual concern, and the inducing person wishes to assert, prejudicially, facts in opposition to those first held out to be true, on which action was taken. This cannot be done; the one making the inducement is estopped." *Fedas v. Insurance Company of Pennsylvania,* 300 Pa. 555, 560, 151 A 285, 287 (1930)

7.

Case ID: 200302766
Control No.: 20100498

5. <u>Conclusion and Request for Relief</u>

For the reasons and in reliance upon the authorities set forth above, Ploeger asks this Court to deny all Preliminary Objections to the Third Amended Complaint, permitting the Defendant, if it wishes to do so, to respond on the questions of sanctions and that statute of limitations in the manner provided by the Pennsylvania Rules of Civil Procedure.

Respectfully submitted,

<u>/s/ E. Daniel Larkin</u>
E. Daniel Larkin
Counsel for Plaintiff
PA Atty. ID 32395
742 S. Latches Lane
Merion Station PA 19066
610.660.5201 (ph.)
610.660.5940 (fax)
dan@danlarkinlaw.com

Tendered November 5, 2020

8.

Case ID: 200302766
Control No.: 20100498

CERTIFICATE OF COMPLIANCE

I certify that this filing, to wit, Plaintiff April Ploeger's Answer and Memorandum of Law in Response to Defendant's Preliminary Objections to the Third Amended Complaint, complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania, Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

<div align="right">

/s/E. Daniel Larkin
E. Daniel Larkin
742 S. Latches Lane
Merion PA 19066
610.660.5201

</div>

Tendered November 5, 2020

Case ID: 200302766
Control No.: 20100498

CERTIFICATE OF SERVICE

I certify that on November 5, 2020, I caused a true and correct copy of the foregoing

Plaintiff's Answer and Memorandum of Law in Response to Defendant's

Preliminary Objections to the Third Amended Complaint to be served upon

Defendant's counsel of record, Leslie M. Greenspan, Esquire, by e-mail attachment

sent to lgreenspan@tlgattorneys.com and by the Court's e-service system.

                /s/E. Daniel Larkin
                E. Daniel Larkin
                742 S. Latches Lane
                Merion PA 19066
                610.660.5201

**FILED**
06 NOV 2020 05:20 pm
Civil Administration
E. MEENAN

# IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
## FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
### CIVIL TRIAL DIVISION

**APRIL PLOEGER**
      Plaintiff,

**v.**

**TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA,** *d.b.a.* **THE UNIVERSITY OF PENNSYLVANIA**
      Defendant

**March Term 2020**
**Case No.: 2766**

E. Daniel Larkin
Counsel for Plaintiff
PA Atty. ID 32395
742 S. Latches Lane
Merion Station PA 19066
610.660.5201 (ph.)
610.660.5940 (fax)
dan@danlarkinlaw.com

**Plaintiff April Ploeger's Memorandum of Law
in Support of
Plaintiff's Preliminary Objections to
<u>Defendant's Preliminary Objections to the Third Amended Complaint</u>**

## I. <u>The Legal Grounds for Plaintiff's Preliminary Objection Pursuant to Pa.R.Civ.P. 1028(a)(4) and Pa.R.Civ.P. 1030</u>

The Official Note to Pa.R.Civ.P. 1028(a)(4) provides that "The defense of the bar of the statute of frauds or statute of limitations can be asserted only in a responsive pleading as new matter under Rule 1030."

## II. <u>The Legal Grounds for Plaintiff's Preliminary Objection Pursuant to Pa.R.Civ.P. Rule 1023</u>

Pa.R.Civ.P. Rule 1023 (a) provides that "An application for sanctions under this rule shall be made by motion, shall be made separately from other applications and shall describe the specific conduct alleged to violate Rule 1023.1(c)."

## III. <u>Conclusion</u>

Pennsylvania's Rules of Civil Procedure provide grounds and means by and through which parties to civil litigation may seek relief for what they contend are actions begun after the applicable statute of limitations has expired. The Rules provide as well grounds and means by which and through which parties to civil litigation may seek relief for conduct by the opposing party or counsel alleged to be sanctionable.

1.

Defendant has asserted its entitlement to relief on both of the latter grounds, but it has done so by means that are not provided by the Rules.

Plaintiff through her counsel respectfully asks the Court for an Order in the form tendered to the Court at the head of Plaintiff's Preliminary Objections, to which this Memo and Law is attached and respectfully suggests that such an Order would permit Defendant to seek such relief as its counsel finds proper while permitting Plaintiff to respond in the proper context as provided in and by the Rules of Civil Procedure.

Having made such a request, Plaintiff's undersigned counsel represents to the Court that were Defendant to seek such relief in the proper manner Plaintiff would respond. Counsel further represents to the Court that in his considered legal judgment Plaintiff's claims for breach of contract are not barred by the statute of limitations and that no conduct by Plaintiff or by her counsel has been sanctionable.

Respectfully submitted,

/s/ E. Daniel Larkin
E. Daniel Larkin
Counsel for Plaintiff

First tendered to the Court at November 5, 2020 as a single document; revised and resubmitted at November 6, 2020.

2.

Case ID: 200302766
Control No.: 20100498

CERTIFICATE OF COMPLIANCE

I certify that this filing, to wit, Plaintiff April Ploeger's Memorandum of Law in support of her Preliminary Objections to Defendant's Preliminary Objections to the Third Amended Complaint, complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania, Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

/s/E. Daniel Larkin
E. Daniel Larkin
742 S. Latches Lane
Merion PA 19066
610.660.5201

Tendered November 6, 2020

## CERTIFICATE OF SERVICE

I certify that on November 6, 2020, I caused a true and correct copy of the foregoing Plaintiff's Memorandum of Law in support of her Preliminary Objections to Defendant's Preliminary Objections to the Third Amended Complaint to be served upon Defendant's counsel of record, Leslie M. Greenspan, Esquire, by e-mail attachment sent to lgreenspan@tlgattorneys.com and by the Court's e-service system.

<div align="right">

/s/ E. Daniel Larkin
E. Daniel Larkin
742 S. Latches Lane
Merion PA 19066
610.660.5201

</div>

Court of Common Pleas of Philadelphia County

FILED
14 NOV 2020 05:15 pm
Civil Administration
E. MEENAN

Trial Division

**Civil Cover Sheet**

For Prothonotary Use Only (Docket Number)

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| April Ploeger | Trustees of The University of Pennsylvania |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
| | |
| PLAINTIFF'S NAME | DEFENDANT'S NAME |
| | |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
| | |
| PLAINTIFF'S NAME | DEFENDANT'S NAME |
| | |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
| | |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NO. OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| One (1) | One (1) | ☑ Complaint ☐ Petition Action ☐ Notice of Appeal ☐ Writ of Summons ☐ Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | |
|---|---|---|---|
| ☐ $50,000.00 or less ☑ More than $50,000.00 | ☐ Arbitration ☐ Jury ☑ Non-Jury ☐ Other: | ☐ Mass Tort ☐ Savings Action ☐ Petition | ☐ Minor Court Appeal ☐ Statutory Appeals ☐ Commerce (Completion of Addendum Required) | ☐ Settlement ☐ Minors ☐ W/D/Survival |

CASE TYPE AND CODE (SEE INSTRUCTIONS)

1 C

STATUTORY BASIS FOR CAUSE OF ACTION (SEE INSTRUCTIONS)

RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)

IS CASE SUBJECT TO COORDINATION ORDER?

Yes ☐ ☐ ☐   No ☐ ☐ ☐

**TO THE PROTHONOTARY:**

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant:

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS (SEE INSTRUCTIONS) |
|---|---|
| E. Daniel Larkin | 742 So. Latches Lane Merion Station PA 19066 |
| PHONE NUMBER: 610 660 5201   FAX NUMBER: 610 660 5940 | |
| SUPREME COURT IDENTIFICATION NO.: 32395 | E-MAIL ADDRESS: dan@danlarkinlaw.com |
| SIGNATURE | DATE: November 5, 2020 |

01-101 (Rev. 6/08)

Case ID: 200302766
Control No.: 20100498

**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**CIVIL TRIAL DIVISION**

**APRIL PLOEGER**
      **Plaintiff,**

  **v.**
                                        **March Term 2020**
                                          **Case No.: 2766**

**TRUSTEES OF THE UNIVERSITY OF**
**PENNSYLVANIA,** *d.b.a.* **THE**
**UNIVERSITY OF PENNSYLVANIA**
      **Defendant**

## ORDER

      **AND NOW**, this _____ day of _____, 2020, upon consideration of Plaintiff April Ploeger's Preliminary Objections to the Preliminary Objections to the Third Amended Complaint filed by Defendant The Trustees of the University of Pennsylvania and any response thereto, it is hereby ORDERED that the Plaintiff's Preliminary Objections are sustained, with leave granted Defendant, should it wish to do so, to proceed pursuant to Rules 1030 and 1023.2, respectively with appropriate filings not later than _____ days from the date of this Order.

                                     BY THE COURT:

                                  _____
                                              **J.**

Case ID: 200302766
Control No.: 20100498

Notice to Plead to the Defendant:

You are hereby notified to file a
Response to the within Preliminary
Objections within twenty (20) days
from service hereof or a judgment
may be entered against you.

**/s/ E. Daniel Larkin**
**E. Daniel Larkin, Esquire,**
**Attorney for Plaintiff**

## IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
## FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
## CIVIL TRIAL DIVISION

**APRIL PLOEGER**
        Plaintiff,

**v.**                                                    **March Term 2020**
                                                         **Case No.: 2766**

**TRUSTEES OF THE UNIVERSITY OF**
**PENNSYLVANIA,** *d.b.a.* **THE**
**UNIVERSITY OF PENNSYLVANIA**
        Defendant

E. Daniel Larkin
Counsel for Plaintiff
PA Atty. ID 32395
742 S. Latches Lane
Merion Station PA 19066
610.660.5201 (ph.)
610.660.5940 (fax)
dan@danlarkinlaw.com

**Plaintiff April Ploeger's Preliminary Objections to Certain of Defendant's**
**<u>Preliminary Objections to the Third Amended Complaint</u>**

Pursuant to Pa.R.Civ.P. 1028(a)(4) and 1023.2 Plaintiff, April Ploeger, by and through her counsel, hereby files Preliminary Objections to certain of Defendant's Preliminary Objections to the Third Amended Complaint and with respect asks this Court for relief in the form of the proposed Order tendered to the Court at the head of these Objections. Defendant's Preliminary Objections to which objection is here made are stated with specificity under "Relevant Facts." Plaintiff's objections are supported at law by the Memo of Law attached to these Objections.

## I. <u>Relevant Facts</u>

Defendant's Preliminary Objections to the Third Amended Complaint include allegations that Plaintiff's Third Amended Complaint should be dismissed with prejudice if for no other reason then on the grounds that it was filed out of time.

Defendant's Preliminary Objections also ask the Court to impose sanctions upon Plaintiff, for reasons alleged in Defendant's filing.

## II. <u>Statement of Grounds for Plaintiff's Objections</u>

The Pennsylvania Rules of Civil Procedure provide that Defendant's objections stated above under "I. Relevant Facts" cannot be asserted through Preliminary Objections.

<p style="text-align:center">1.</p>

Case ID: 200302766
Control No.: 20100498

### III. Request for Relief

Plaintiff through her counsel respectfully asks the Court for an Order in the form tendered to the Court at the head of these Objections, and respectfully suggests that such an Order would permit Defendant to seek such relief as its counsel finds proper while permitting Plaintiff to respond in the proper context as provided in and by the Rules of Civil Procedure.

<div align="right">

Respectfully submitted,

/s/ E. Daniel Larkin
E. Daniel Larkin
Counsel for Plaintiff

</div>

First tendered to the Court at November 5, 2020 as a single document; revised and resubmitted at November 6, 2020.

2.

Case ID: 200302766
Control No.: 20100498

CERTIFICATE OF COMPLIANCE

I certify that this filing, to wit, Plaintiff April Ploeger's Preliminary Objections to Defendant's Preliminary Objections to the Third Amended Complaint, complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania, Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

<div style="text-align:right">

_____/s/E. Daniel Larkin_____
E. Daniel Larkin
742 S. Latches Lane
Merion PA 19066
610.660.5201

</div>

Tendered November 6, 2020

CERTIFICATE OF SERVICE

I certify that on November 6, 2020, I caused a true and correct copy of the foregoing

Plaintiff's Preliminary Objections to Defendant's Preliminary Objections to the

Third Amended Complaint to be served upon Defendant's counsel of record, Leslie

M. Greenspan, Esquire, by e-mail attachment sent to lgreenspan@tlgattorneys.com

and by the Court's e-service system.

<div align="right" style="padding-left:40%;">

/s/ E. Daniel Larkin
E. Daniel Larkin
742 S. Latches Lane
Merion PA 19066
610.660.5201

</div>

FILED
29 NOV 2020 06:31 pm
Civil Administration
E. MEENAN

| | |
|---|---|
| April Ploeger, | : |
| | : **PHILADELPHIA COUNTY** |
| Plaintiff, | : **COURT OF COMMON PLEAS** |
| | : |
| v. | : **MARCH TERM 2020** |
| | : |
| Trustees of the University of Pennsylvania, | : **No: 2766** |
| d/b/a The University of Pennsylvania, | : |
| | : |
| Defendant. | : |

## ORDER

**AND NOW** this _____ day of _____2020, upon consideration of

Plaintiff's Preliminary Objections to the Preliminary Objections of Defendant, The

Trustees of the University of Pennsylvania, to Plaintiff's Third Amended Complaint, and

the response thereto filed by Defendant on November 29, 2020, it is hereby **ORDERED**

that Plaintiff's Preliminary Objections are hereby **OVERRULED** as to statute of

limitations.

**BY THE COURT:**

_____
J.

Case ID: 200302766
Control No.: 20100498

**TUCKER LAW GROUP, LLC**
Joe H. Tucker, Jr., Esquire (#56617)
Leslie Miller Greenspan, Esquire (#91639)
Dimitrios Mavroudis, Esquire (#93773)
Ten Penn Center
1801 Market Street, Suite 2500
Philadelphia, PA  19103
(215) 875-0609
jtucker@tlgattorneys.com
lgreenspan@tlgattorneys.com
dmavroudis@tlgattorneys.com

**ATTORNEYS FOR DEFENDANT,
THE TRUSTEES OF THE UNIVERSITY
OF PENNSYLVANIA**

|  |  |
|---|---|
| April Ploeger, | **PHILADELPHIA COUNTY** |
| | **COURT OF COMMON PLEAS** |
| Plaintiff, | |
| | **MARCH TERM 2020** |
| v. | |
| | **No:  2766** |
| Trustees of the University of Pennsylvania, | |
| d/b/a The University of Pennsylvania, | |
| | |
| Defendant. | |

**MEMORANDUM OF LAW OF DEFENDANT,
THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, IN OPPOSITION TO
PLAINTIFF'S PRELIMINARY OBJECTIONS TO DEFENDANT'S PRELIMINARY
OBJECTIONS TO PLAINTIFF'S THIRD AMENDED COMPLAINT[1]**

Defendant, The Trustees of the University of Pennsylvania ("Penn" or the

"University"), by and through its counsel, submits this Memorandum of Law in

---

[1] The lone issue addressed in this memorandum – whether the statute of limitations
may be asserted in preliminary objections – appears to have been mooted by this
Court's Order docketed on November 25, 2020, in which this Court sustained in part
and overruled in part Penn's preliminary objections based on the statute of limitations.
This Court dismissed all averments in the Third Amended Complaint from before 2016.
The Order did not specifically reference Plaintiff's Preliminary Objections to Defendant's
Preliminary Objections.  This short memorandum is, therefore, submitted in an
abundance of caution and to assure the Court of the propriety of ruling on a preliminary
objection based on the statute of limitations when the untimeliness of claims is clear
from the face of the Complaint.

opposition to the Preliminary Objections filed by Plaintiff on or about November 6 and 9, 2020 to refute one misstatement of law by Plaintiff.  Plaintiff argued, in part, that the defense of the statute of limitations can only be asserted as new matter.  Relevant case law, however, permits a defendant to raise the statute of limitations in the context of preliminary objections when it is clear on the face of the complaint that the claims are time-barred.  E.g., Scavo v. Old Forge Borough, 978 A.2d 1076, 1078 (Pa. Commw. Ct. 2009) (while plaintiff was correct that Pa. R. Civ. P. 1030 stated that a statute of limitations defense is properly raised in new matter, "where an affirmative defense is clear on the face of the pleadings, it may be addressed by the court at the preliminary objection stage.").

In the instant case, the large majority of Plaintiff's allegations refer to conduct dating back to 2007, 2008, and 2015.  See Third Amended Complaint at ¶¶ 19, 20, 21, 22, 23, 24.  The face of the Complaint, therefore, makes clear that Plaintiff's claims from prior to April 1, 2016 are time-barred, as this case was not filed until April 1, 2020.

Respectfully submitted,

**TUCKER LAW GROUP, LLC**

Date:  November 29, 2020

/s/ Leslie Miller Greenspan
Joe H. Tucker, Jr., Esquire
Leslie Miller Greenspan, Esquire
Dimitrios Mavroudis, Esquire
Ten Penn Center
1801 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 875-0609

Attorneys for Defendant,
The Trustees of the University of Pennsylvania

2

Case ID: 200302766
Control No.: 20100498

## <u>CERTIFICATE OF COMPLIANCE</u>

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania, Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

**TUCKER LAW GROUP, LLC**

/s/ Leslie Miller Greenspan
Leslie Miller Greenspan, Esquire

## <u>CERTIFICATE OF SERVICE</u>

I, Leslie M. Greenspan, Esquire, hereby certify that on the date set forth below a copy of the foregoing was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

**TUCKER LAW GROUP, LLC**

Dated:   November 29, 2020

/s/ Leslie Miller Greenspan
Leslie Miller Greenspan, Esquire

Case ID: 200302766
Control No.: 20100498

**TUCKER LAW GROUP, LLC**
Joe H. Tucker, Jr., Esquire (#56617)
Leslie Miller Greenspan, Esquire (#91639)
Ten Penn Center
1801 Market Street, Suite 2500
Philadelphia, PA  19103
(215) 875-0609
jtucker@tlgattorneys.com
lgreenspan@tlgattorneys.com

**ATTORNEYS FOR DEFENDANT,**
**THE TRUSTEES OF THE UNIVERSITY**
**OF PENNSYLVANIA**

*Filed and Attested by the*
*Office of Judicial Records*
*05:07 pm*

| | |
|---|---|
| April Ploeger, | **PHILADELPHIA COUNTY** |
| | **COURT OF COMMON PLEAS** |
| Plaintiff, | |
| | **MARCH TERM 2020** |
| v. | |
| | **No:  2766** |
| Trustees of the University of Pennsylvania, | |
| d/b/a The University of Pennsylvania, | |
| | |
| Defendant. | |

### ANSWER AND NEW MATTER OF DEFENDANT, THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, TO PLAINTIFF'S THIRD AMENDED COMPLAINT

Defendant, The Trustees of the University of Pennsylvania ("Penn," the

"University," or "Defendant"), by and through its counsel, hereby answers the Third

Amended Complaint of Plaintiff, April Ploeger ("Plaintiff"), with New Matter as follows:

1.      Denied.  After reasonable investigation, Penn is without knowledge or

information sufficient to respond to the allegations set forth in this paragraph, and they

are, therefore, denied.

2.      Denied as stated.  It is admitted only that Penn is a Pennsylvania non-

profit corporation with an address of 3451 Walnut Street, Room 329, Philadelphia, PA

19104.

3.     Admitted in part and denied in part.  It is admitted that Plaintiff filed claims for breach of contract and equitable estoppel.  The claim for equitable estoppel was dismissed per Order of the Court dated November 24, 2020.  It is denied that Plaintiff is entitled to the relief she seeks under these legal theories.

**Count 1**

4.     Denied.  After reasonable investigation, Penn is without knowledge or information sufficient to respond to the allegations set forth in this paragraph, and they are, therefore, denied.  Further responding, the allegations from prior to 2016 were dismissed by Order of the Court dated November 24, 2020.

5.     Admitted in part and denied in part.  It is admitted only that Penn provides counseling services through its Counseling and Psychological Services ("CAPS") and other healthcare services through the University's Student Health Service ("SHS"). After reasonable investigation, Penn is without knowledge or information sufficient to respond to the remaining allegations set forth in this paragraph, specifically as to what Plaintiff learned, and they are, therefore, denied.  Further responding, the allegations from prior to 2016 were dismissed by Order of the Court dated November 24, 2020.

6.     Denied.  After reasonable investigation, Penn is without knowledge or information sufficient to respond to the allegations set forth in this paragraph, specifically as to what Plaintiff learned and how, and they are, therefore, denied. Further responding, the allegations from prior to 2016 were dismissed by Order of the Court dated November 24, 2020.

7.     Denied.  After reasonable investigation, Penn is without knowledge or information sufficient to respond to the allegations set forth in this paragraph,

Case ID: 200302766

specifically as to on what bases Plaintiff based her college decision, and they are, therefore, denied.  Further responding, the allegations from prior to 2016 were dismissed by Order of the Court dated November 24, 2020.

8.      Denied.  After reasonable investigation, Penn is without knowledge or information sufficient to respond to the allegations set forth in this paragraph, specifically as to what "motivated" Plaintiff, and they are, therefore, denied.  Further responding, the allegations from prior to 2016 were dismissed by Order of the Court dated November 24, 2020.

9.      Admitted that Plaintiff was accepted to Penn and was expected to begin her studies in the Fall 2006 semester.  Further responding, the allegations from prior to 2016 were dismissed by Order of the Court dated November 24, 2020.

10.      Admitted in part and denied in part.  It is admitted that Penn granted Plaintiff a leave of absence on or about September 1, 2006 for the Fall 2006 semester and for the Spring 2007 semester.  After reasonable investigation, Penn is without knowledge or information sufficient to respond to the allegations set forth in this paragraph, and they are, therefore, denied.  Further responding, the allegations from prior to 2016 were dismissed by Order of the Court dated November 24, 2020.

11.      Admitted in part and denied in part.  It is admitted that Penn granted Plaintiff another leave of absence on or about November 8, 2007 for the Fall 2007 semester and the Spring 2008 semester.  After reasonable investigation, Penn is without knowledge or information sufficient to respond to the allegations set forth in this paragraph, and they are, therefore, denied.  Further responding, the allegations from prior to 2016 were dismissed by Order of the Court dated November 24, 2020.

Case ID: 200302766

12.     Denied.  After reasonable investigation, Penn is without knowledge or information sufficient to respond to the allegations set forth in this paragraph, specifically what Plaintiff "realized" and when, and they are, therefore, denied.  Further responding, the allegations from prior to 2016 were dismissed by Order of the Court dated November 24, 2020.

13.     Admitted in part and denied in part.  It is admitted that Penn granted Plaintiff another leave of absence on or about November 8, 2007 for the Fall 2007 semester and the Spring 2008 semester.  After reasonable investigation, Penn is without knowledge or information sufficient to respond to the remainder of the allegations set forth in this paragraph, specifically what Plaintiff knew and learned, and they are, therefore, denied.  Further responding, the allegations from prior to 2016 were dismissed by Order of the Court dated November 24, 2020.

14.     Admitted in part and denied in part.  It is admitted that Plaintiff resumed her studies in the Fall 2008 semester and was granted accommodations by the University's Student Disability Services ("SDS").  The accommodations granted were: (a) extended test-taking time, 50% more time for in-class tests and quizzes, and (b) alternative test locations to reduce distractions.  Plaintiff reviewed and approved these accommodations on October 21, 2008.  After reasonable investigation, Penn is without knowledge or information sufficient to respond to the remainder of the allegations set forth in this paragraph, and they are, therefore, denied.  Further responding, the allegations from prior to 2016 were dismissed by Order of the Court dated November 24, 2020.

Case ID: 200302766

15.     Admitted in part and denied in part.  It is admitted that Plaintiff resumed her studies in the Fall 2008 semester and was granted accommodations by SDS.  The accommodations granted were: (a) extended test-taking time, 50% more time for in-class tests and quizzes, and (b) alternative test locations to reduce distractions.  Plaintiff reviewed and approved these accommodations on October 21, 2008.  Plaintiff completed the Fall 2008 semester.  After reasonable investigation, Penn is without knowledge or information sufficient to respond to the remainder of the allegations set forth in this paragraph, and they are, therefore, denied.  Further responding, the allegations from prior to 2016 were dismissed by Order of the Court dated November 24, 2020.

16.     Admitted in part and denied in part.  It is admitted only that the University granted Plaintiff a leave of absence on or about February 13, 2009 for the Spring 2009 semester.  After reasonable investigation, Penn is without knowledge or information sufficient to respond to the remainder of the allegations set forth in this paragraph, and they are, therefore, denied.  Further responding, the allegations from prior to 2016 were dismissed by Order of the Court dated November 24, 2020.

17.     Denied as stated.  It is admitted only that Plaintiff requested and was granted accommodations in the Fall 2008 semester.  It is denied that Plaintiff completed coursework at Penn other than the Fall 2008 semester.  It is denied that Dr. William Alexander granted Plaintiff any accommodations; only SDS is authorized to assess requests for accommodations and approve accommodations.  Further responding, the allegations from prior to 2016 were dismissed by Order of the Court dated November 24, 2020.

Case ID: 200302766

18.    Admitted in part and denied in part.  It is admitted only that Plaintiff requested and was granted accommodations in the Fall 2008 semester.  After reasonable investigation, Penn is without knowledge or information sufficient to respond to the remainder of the allegations set forth in this paragraph, and they are, therefore, denied.  Further responding, the allegations from prior to 2016 were dismissed by Order of the Court dated November 24, 2020.  It is specifically denied that Penn treated Plaintiff improperly or with cruelty.

19.    Denied.  The allegations from prior to 2016 were dismissed by Order of the Court dated November 24, 2020.  Penn further denies the wrongdoing alleged by Plaintiff.

20.    Denied.  The allegations from prior to 2016 were dismissed by Order of the Court dated November 24, 2020.  Penn further denies the wrongdoing alleged by Plaintiff.

21.    Denied.  The allegations from prior to 2016 were dismissed by Order of the Court dated November 24, 2020.  Penn further denies the wrongdoing alleged by Plaintiff.

22.    Denied.  The allegations from prior to 2016 were dismissed by Order of the Court dated November 24, 2020.  Penn further denies the wrongdoing alleged by Plaintiff.

23.    Denied.  The allegations from prior to 2016 were dismissed by Order of the Court dated November 24, 2020.  Penn further denies the wrongdoing alleged by Plaintiff.

Case ID: 200302766

24.     Denied.  The allegations from prior to 2016 were dismissed by Order of the Court dated November 24, 2020.  Penn further denies the wrongdoing alleged by Plaintiff.

25.     Admitted in part and denied in part.  It is admitted only that Plaintiff contacted SDS in 2016.  It is denied that Plaintiff fully or properly completed the process for requesting academic accommodations, including a collaborative interview with SDS staff.

26.     Admitted in part and denied in part.  It is admitted only that Plaintiff requested to bring an advocate and/or attorney to a phone call with SDS staff.  After reasonable investigation, Penn is without knowledge or information sufficient to respond to the remainder of the allegations set forth in this paragraph, specifically how Plaintiff felt, and they are, therefore, denied.  The allegations from prior to 2016 were dismissed per Order of the Court dated November 24, 2020.

27.     Admitted in part and denied in part.  It is admitted only that Plaintiff contacted SDS in 2016.  It is denied that Plaintiff fully or properly completed the process for requesting academic accommodations, including a collaborative interview with SDS staff.  It is further denied that SDS "ignored" Plaintiff's calls.  After reasonable investigation, Penn is without knowledge or information sufficient to respond to the remainder of the allegations set forth in this paragraph, specifically how Plaintiff felt, and they are, therefore, denied.

28.     Admitted in part and denied in part.  It is admitted only that Penn granted Plaintiff a leave of absence on or about February 25, 2016 for the Spring 2016 semester.  After reasonable investigation, Penn is without knowledge or information

7

Case ID: 200302766

sufficient to respond to the remainder of the allegations set forth in this paragraph, and they are, therefore, denied.

29.     Denied.  After reasonable investigation, Penn is without knowledge or information sufficient to respond to the allegations set forth in this paragraph, specifically as to how Plaintiff will testify and what Plaintiff thought, and they are, therefore, denied.  Further responding, Penn denies the wrongdoing alleged by Plaintiff.

30.     Denied as a legal conclusion to which no response is required.  To the extent a response is required, it is denied that Penn breached any agreement with Plaintiff.  Further responding, after reasonable investigation, Penn is without knowledge or information sufficient to respond to the remainder of the allegations set forth in this paragraph, specifically as to how Plaintiff feels, and they are, therefore, denied.

31.     Denied.  After reasonable investigation, Penn is without knowledge or information sufficient to respond to the allegations set forth in this paragraph, specifically as to Plaintiff's financial situation, and they are, therefore, denied.

32.     Denied.  After reasonable investigation, Penn is without knowledge or information sufficient to respond to the allegations set forth in this paragraph, specifically as to Plaintiff's health, and they are, therefore, denied.

33.     Denied.  After reasonable investigation, Penn is without knowledge or information sufficient to respond to the allegations set forth in this paragraph, specifically as to how Plaintiff feels, and they are, therefore, denied.

34.     This paragraph merely contains an incorporation clause that does not require a response.

35.     Denied as a legal conclusion to which no response is required.

Case ID: 200302766

**Count 2**

36.     This paragraph merely contains an incorporation clause that does not require a response.

37.     Denied as a legal conclusion to which no response is required.  To the extent a response is required, Plaintiff's equitable estoppel claim was dismissed by Order of the Court dated November 24, 2020.

38.     Denied.  After reasonable investigation, Penn is without knowledge or information sufficient to respond to the allegations set forth in this paragraph, specifically as to how Plaintiff felt and when and why she hired an attorney, and they are, therefore, denied.

39.     Denied as a legal conclusion to which no response is required.  To the extent a response is required, it is denied that Penn breached any agreement with Plaintiff.

40.     Denied as a legal conclusion to which no response is required.  To the extent a response is required, it is denied that Penn breached any agreement to Plaintiff.  Further responding, after reasonable investigation, Penn is without knowledge or information sufficient to respond to the remaining allegations set forth in this paragraph, specifically as to Plaintiff's alleged damages, and they are, therefore, denied.

41.     Denied as a legal conclusion and prayer for relief, to which no response is required.  To the extent a response is required, it is denied that Plaintiff is entitled to the relief she seeks.

Case ID: 200302766

WHEREFORE, Defendant, The Trustees of the University of Pennsylvania, respectfully requests that this Court dismiss all claims asserted by Plaintiff and enter judgment in favor of Defendant and grant any and all other relief this Court deems just and appropriate.

**To Plaintiff:**

You are hereby notified to file a written response to the enclosed New Matter within twenty (20) days from service hereof or a judgment may be entered against you.

/s/ Leslie Miller Greenspan
Attorney for the Defendant

## **NEW MATTER**

1.      Plaintiff's Third Amended Complaint fails to state a cause of action against the Penn upon which relief can be granted.

2.      Plaintiff's claims are barred by the doctrine of laches.

3.      Defendant is prejudiced by Plaintiff's delay in filing this lawsuit.

4.      Plaintiff's claims may be barred, in whole or in part, by the applicable statute of limitations or contractual limitations period.

5.      Plaintiff did not request and/or was not denied reasonable accommodations.

6.      Requests for reasonable accommodations must be evaluated and assessed by the University's Office of Student Disabilities Services and are not determined by individual providers in the CAPS program.

10

Case ID: 200302766

7.      Plaintiff was not entitled to further accommodations beyond those approved by the University's Office of Student Disabilities Services.

8.      Plaintiff may not have followed the University's required process for requesting reasonable accommodations.

9.      The University took reasonable steps to accommodate Plaintiff's alleged disability.

10.     At all times material hereto, the University acted in a manner that was proper, reasonable, lawful, and in the exercise of good faith.

11.     Defendant owed no duty to Plaintiff outside of any written agreements between the parties.

12.     To the extent Defendant owed any duty to Plaintiff, Defendant performed each and every duty in full.

13.     Any act or failure to act on the part of Defendant was neither a substantial nor causative factor of the subject incident or claimed damages.

14.     Defendant's conduct did not cause, proximately cause, or solely cause the injuries and/or damages claimed by Plaintiff.

15.     Plaintiff has failed to prove that she suffered any damages.

16.     The parol evidence rule may bar some or all of Plaintiff's claims and allegations.

17.     Plaintiff's claims may be barred by the doctrines of release, waiver, or estoppel.

18.     Plaintiff may have failed to mitigate her damages.

19.     Defendant hereby gives notice that it reserves the right to amend its Answer

Case ID: 200302766

to assert any additional defenses and matters in avoidance that may be disclosed during the course of additional investigation and discovery.

**WHEREFORE,** Defendant, The Trustees of the University of Pennsylvania, respectfully requests that this Court dismiss all claims asserted by Plaintiff and enter judgment in favor of Defendant and grant any and all other relief this Court deems just and appropriate.

Respectfully submitted,

**TUCKER LAW GROUP, LLC**

Date:  January 28, 2020

/s/ Leslie Miller Greenspan
Joe H. Tucker, Jr., Esquire
Leslie Miller Greenspan, Esquire
Ten Penn Center
1801 Market Street, Suite 2500
Philadelphia, PA  19103
(215) 875-0609
jtucker@tlgattorneys.com
lgreenspan@tlgattorneys.com

Attorneys for Defendant,
The Trustees of the University of Pennsylvania

Case ID: 200302766

## **VERIFICATION**

I, Jane F. Holahan, hereby declare that I am the Executive Director of the Weingarten Learning Resources Center and am authorized to make this verification on behalf of Defendant The Trustees of the University of Pennsylvania ("Penn").  The factual averments in the foregoing Answer and New Matter of Penn to Plaintiff's Complaint are based upon information which I have furnished to my counsel and information which has been gathered by my counsel in the preparation of the lawsuit. The language of the pleading is that of counsel and not mine.  I have read the pleading and to the extent that the statements therein are based upon information I have given to my counsel, they are true and correct to the best of my knowledge, information, and belief.  To the extent that the contents of the pleading are that of counsel, I have relied upon counsel in making this Verification.  I understand that false statements herein are made subject to the penalties of 18 Pa. C.S. Section 4904 relating to unsworn falsification to authorities.

*Jane F. Holahan* (Electronic Signature)
Jane F. Holahan

Dated: January 27, 2021

**<u>CERTIFICATE OF COMPLIANCE</u>**

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania, Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

**TUCKER LAW GROUP, LLC**

/s/ Leslie Miller Greenspan
Leslie Miller Greenspan, Esquire

## **CERTIFICATE OF SERVICE**

I, Leslie M. Greenspan, Esquire, hereby certify that on the date set forth below a copy of the foregoing was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

**TUCKER LAW GROUP, LLC**

Dated:   January 28, 2020

/s/ Leslie Miller Greenspan
Leslie Miller Greenspan, Esquire



*Filed and Attested by the*
*Office of Judicial Records*
*05 APR 2021 07:09 am*
*A. STAMATO*

In the Court of Common Pleas of Philadelphia County
Commonwealth of Pennsylvania

April Ploeger
505 S. 42nd St., Apt. 1F
Philadelphia, PA 19104
            Plaintiff,


            v.

                                    Case No. 181103039

Trustees of the University of Pennsylvania,
*d.b.a.* The University of Pennsylvania,
a Pennsylvania nonprofit corporation
University of Pennsylvania
Philadelphia PA 19104.
            Defendant

            REPLY TO DEFENDANT'S NEW MATTER

1. Denied

2. Denied

3. Denied

4. Denied

5. Denied

6. Denied

7. Denied

8. Denied

9. Denied

10. Denied

11. Denied

12. Denied

13. Denied

14. Denied

15. Denied

16. Denied

17. Denied

1.

Case ID: 200302766

18. Denied

19. The statement made in Defendant's Para. 19 of its New Matter is not a statement

to which a reply is required by the Rules of Civil Procedure or other relevant authority.

Should the Court find my reply to Para. 19 to be in error, the statement made in Para.

19 is denied.

<div style="text-align: center;">Respectfully submitted,</div>

/s/ E. Daniel Larkin
E. Daniel Larkin - Counsel of Record for
Plaintiff at April 2, 2021
PA Atty. ID 32395
742 S. Latches Lane
Merion Station PA 19066
610.660.5201 (ph.); 610.660.5940 (fax)
dan@danlarkinlaw.com

**Dated: April 5, 2021**

<div style="text-align: center;">2.</div>

**CERTIFICATE OF COMPLIANCE**

I certify that this filing, to wit, Plaintiff's Reply to Defendant's New Matter, complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania, Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

<div style="text-align: right">

/s/E. Daniel Larkin
E. Daniel Larkin
742 S. Latches Lane
Merion PA 19066
610.660.5201

</div>

Tendered April 5, 2021

## CERTIFICATE OF SERVICE

I certify that on April 5, 2021, I caused a true and correct copy of the foregoing Plaintiff's Reply to Defendant's New Matter to be served upon Defendant's counsel of record, Leslie M. Greenspan, Esquire, by e-mail attachment sent to lgreenspan@tlgattorneys.com.

<div align="center">

/s/E. Daniel Larkin
E. Daniel Larkin
742 S. Latches Lane
Merion PA 19066
610.660.5201

</div>

# EXHIBIT 9

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CIVIL TRIAL DIVISION

| | | |
|---|---|---|
| APRIL PLOEGER | : | MARCH TERM, 2020 |
| | : | |
| v. | : | No. 2766 |
| | : | |
| TRUSTEES OF THE UNIVERSITY OF | : | Control No. 20061787 |
| PENNSYLVANIA, d/b/a THE | : | |
| UNIVERSITY OF PENNSYLVANIA | : | |

*DOCKETED*

*JUL 17 2020*

*S. HARVEY, JR.*
*CIVIL TRIAL DIVISION*

## ORDER

AND NOW, this 17ᵗʰ day of July, 2020, upon consideration of the Preliminary

Objections of Defendant, Trustees of the University of Pennsylvania, d/b/a The University of

Pennsylvania, to Plaintiff's First Amended Complaint, and any response thereto, it is hereby

**ORDERED** and **DECREED** said Preliminary Objections are **SUSTAINED.** It is hereby

**ORDERED** that Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE.** Plaintiff has

twenty (20) days from the docketing of this Order to file a Second Amended Complaint including

attachments of **ANY and ALL** contracts Plaintiff alleges were breached by Defendant. If Plaintiff

fails to file a Second Amended Complaint within twenty (20) days, the Defendant may file a praecipe

to dismiss this matter with prejudice.

BY THE COURT:

_____

ARNOLD L. NEW, J.

Ploeger Vs Trustees Of -ORDER

20030276600012

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CIVIL TRIAL DIVISION

DOCKETED

| | | |
|---|---|---|
| **APRIL PLOEGER** | : | **MARCH TERM, 2020** |
| | : | AUG 1 9 2020 |
| **v.** | : | **No. 2766** |
| | : | S. HARVEY, JR. |
| **TRUSTEES OF THE UNIVERSITY OF** | : | CIVIL TRIAL DIVISION |
| **PENNSYLVANIA, d/b/a THE** | : | **Control No. 20081472** |
| **UNIVERSITY OF PENNSYLVANIA** | : | |

### ORDER

**AND NOW**, this 19th day of August, 2020, upon consideration of the Motion for

Reconsideration filed by Plaintiff, it is hereby **ORDERED** and **DECREED** said Motion is

**GRANTED IN PART.** It is hereby **ORDERED** that this Court's July 17, 2020 Order is

**AMENDED** by striking the section stating "including attachments of **ANY and ALL** contracts

Plaintiff alleges were breached by Defendant" from the Order.

**BY THE COURT:**

Ploeger Vs Trustees Of -ORDER

20030276600017

ARNOLD L. NEW, J.

**From:**      scheduling.notices@courts.phila.gov
**To:**         Mary Beth Stanley
**Subject:**    Notice of Court Event
**Date:**       Friday, September 4, 2020 6:10:49 PM



IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION - CIVIL

DIMITRIOS MAVROUDIS
1801 MARKET ST
SUITE 2500
PHILADELPHIA, PA 19103

PLOEGER VS TRUSTEES OF THE UNIVERSITY OF PENNSYLVA
200302766

SCHEDULING ORDER

AND NOW, SEPTEMBER 04, 2020, it is hereby Ordered that:

1. A Case Management Order will be issued on September 15, 2020,
after 09:00 A.M., subsequent to a review by a civil case manager
of the electronic court record, civil docket, and case management
memoranda in 613, City Hall, Philadelphia, PA 19107.

2. Counsel for Plaintiff is directed to serve a copy of this
Order on any unrepresented party or any attorney entering an
appearance subsequent to the issuance of this Order.

3. Attendance by all counsel of record and unrepresented is
waived. No Case Management Conference will be held in Room 613
City Hall.

4. Failure to file a Complaint or effectuate service of process
prior to the Case Management Order issuance date may result in
issuance of a Rule to Show Cause.

5. Five (5) days prior to the Case Management Order issuance date, all parties are required to electronically file with the Court and serve upon all opposing counsel and/or opposing parties not electronically served by the court a fully completed Case Management Memorandum. To electronically file the Case Management Memorandum, access the "Existing Case" section of the court's electronic electronic filing system. Select "Conference Submissions" as the filing category. Select "Management Memorandum" as the filing type.

6. The Conference will be conducted by a Civil Case Manager who shall act on behalf of the Honorable ARNOLD NEW.

7. This case has been presumptively assigned to the MAJOR JURY-EXPEDITED Case Management Track. This is subject to modification by a civil case manager.

SCHEDULING ORDER - Page 2

PLOEGER VS TRUSTEES OF THE UNIVERSITY OF PENNSYLVA 200302766

8. If the case settles prior to the Case Management Order issuance date, counsel shall electronically file a settlement letter. To file the letter electronically, access the "Existing Case" section of the court's electronic filing system. Select "Conference Submissions" as the filing category. Select "Settlement Letter" as the document type.

9. Please direct any questions concerning this Order and its contents to CivilCaseManagement@courts.phila.gov.

Click the following link to access important documents related to the scheduled event. http://www.courts.phila.gov/pdf/forms/civil/CMC-105.pdf

OFFICE OF THE CHIEF DEPUTY COURT ADMINISTRATOR

D I S C L A I M E R
----------------------------------------------------------------
The First Judicial District will use your electronic mail address and other personal information only for purposes of Electronic Filing as authorized by Pa. R.C.P. 205.4 and Philadelphia Civil *Rule 205.4.

Use of the Electronic Filing System constitutes an acknowledgment
that the user has read the Electronic Filing Rules and Disclaimer
and agrees to comply with same.

-------------------------------------------------------------------

This is an automated e-mail, please do not respond!





**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA
COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION – CIVIL**

|  |  |
|---|---|
| *PLOEGER* | *March Term 2020* |
| *VS* | *No. 02766* |
| *TRUSTEES OF THE UNIVERSITY OF PENNSYLVA* | |

*CASE MANAGEMENT ORDER
STANDARD TRACK*

DOCKETED
TRIAL DIVISION - CIVIL
16-SEP-2020
**J. SULLIVAN**

AND NOW, **Wednesday, September 16, 2020,** it is Ordered that:

1.   The case management and time standards adopted for standard track cases shall be applicable to this case and are hereby incorporated into this Order.

2.   All **discovery** on the above matter shall be completed not later than **07-JUN-2021.**

3.   **Plaintiff** shall identify and submit **curriculum vitae and expert reports** of all expert witnesses intended to testify at trial to all other parties not later than **07-JUN-2021.**

4.   **Defendant and any additional defendants** shall identify and submit **curriculum vitae and expert reports** of all expert witnesses intended to testify at trial not later than **05-JUL-2021.**

5.   All **pre-trial motions** shall be filed not later than **05-JUL-2021.**

6.   A **settlement conference** may be scheduled at any time after **05-JUL-2021.** Prior to the settlement conference all counsel shall serve all opposing counsel and file a settlement memorandum containing the following:

   (a).      A concise summary of the nature of the case if plaintiff or of the defense if defendant or additional defendant;

   (b).      A statement by the plaintiff or all damages accumulated, including an itemization of injuries and all special damages claimed by categories and amount;

   (c).      Defendant shall identify all applicable insurance carriers, together with applicable limits of liability.

7.     A *pre-trial conference* will be scheduled any time after *06-SEP-2021.*  Fifteen days prior to pre-trial conference, all counsel shall serve all opposing counsel and file a pre-trial memorandum containing the following:

(a).         A concise summary of the nature of the case if plaintiff or the defense if defendant or additional defendant;

(b).         A list of all witnesses who may be called to testify at trial by name and address. Counsel should expect witnesses not listed to be precluded from testifying at trial;

(c).         A list of all exhibits the party intends to offer into evidence.  All exhibits shall be pre-numbered and shall be exchanged among counsel prior to the conference. Counsel should expect any exhibit not listed to be precluded at trial;

(d).         Plaintiff shall list an itemization of injuries or damages sustained together with all special damages claimed by category and amount.  This list shall include as appropriate, computations of all past lost earnings and future lost earning capacity or medical expenses together with any other unliquidated damages claimed; and

(e).         Defendant shall state its position regarding damages and shall identify all applicable insurance carriers, together with applicable limits of liability;

(f).         Each counsel shall provide an estimate of the anticipated length of trial.

8.     *It is expected that the case will be ready for trial 04-OCT-2021,* and counsel should anticipate trial to begin expeditiously thereafter.

9.     All counsel are under a continuing obligation and are hereby ordered to serve a copy of this order upon all unrepresented parties and upon all counsel entering an appearance subsequent to the entry of this Order.


                              *BY THE COURT:*



                              _____
                              *ARNOLD NEW,   J.*
                              *TEAM LEADER*

JMS00147(REV 11/04)

**From:** scheduling.notices@courts.phila.gov
**To:** Mary Beth Stanley
**Subject:** Notice of Court Event
**Date:** Wednesday, September 16, 2020 6:36:13 PM



IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION - CIVIL

LESLIE GREENSPAN
TUCKER LAW GROUP
TEN PENN CENTER
1801 MARKET ST., SUITE 2500
PHILADELPHIA, PA 19103

PLOEGER VS TRUSTEES OF THE UNIVERSITY OF PENNSYLVA
200302766

SCHEDULING ORDER

AND NOW, SEPTEMBER 16, 2020, it is hereby Ordered that:

1. A Case Management Order will be issued on October 20, 2020,
after 09:00 A.M., subsequent to a review by a civil case manager
of the electronic court record, civil docket, and case management
memoranda in 613, City Hall, Philadelphia, PA 19107.

2. Counsel for Plaintiff is directed to serve a copy of this
Order on any unrepresented party or any attorney entering an
appearance subsequent to the issuance of this Order.

3. Attendance by all counsel of record and unrepresented is
waived. No Case Management Conference will be held in Room 613
City Hall.

4. Failure to file a Complaint or effectuate service of process
prior to the Case Management Order issuance date may result in
issuance of a Rule to Show Cause.

5. Five (5) days prior to the Case Management Order issuance date, all parties are required to electronically file with the Court and serve upon all opposing counsel and/or opposing parties not electronically served by the court a fully completed Case Management Memorandum. To electronically file the Case Management Memorandum, access the "Existing Case" section of the court's electronic electronic filing system. Select "Conference Submissions" as the filing category. Select "Management Memorandum" as the filing type.

6. The Conference will be conducted by a Civil Case Manager who shall act on behalf of the Honorable ARNOLD NEW.

7. This case has been presumptively assigned to the MAJOR JURY-EXPEDITED Case Management Track. This is subject to modification by a civil case manager.


SCHEDULING ORDER - Page 2


PLOEGER VS TRUSTEES OF THE UNIVERSITY OF PENNSYLVA
200302766


8. If the case settles prior to the Case Management Order issuance date, counsel shall electronically file a settlement letter. To file the letter electronically, access the "Existing Case" section of the court's electronic filing system. Select "Conference Submissions" as the filing category. Select "Settlement Letter" as the document type.

9. Please direct any questions concerning this Order and its contents to CivilCaseManagement@courts.phila.gov.

Click the following link to access important documents related to the scheduled event.
http://www.courts.phila.gov/pdf/forms/civil/CMC-105.pdf


OFFICE OF THE CHIEF DEPUTY
COURT ADMINISTRATOR


D I S C L A I M E R
-----------------------------------------------------------------
The First Judicial District will use your electronic mail address and other personal information only for purposes of Electronic Filing as authorized by Pa. R.C.P. 205.4 and Philadelphia Civil *Rule 205.4.

Use of the Electronic Filing System constitutes an acknowledgment
that the user has read the Electronic Filing Rules and Disclaimer
and agrees to comply with same.

------------------------------------------------------------------

This is an automated e-mail, please do not respond!



RECEIVED

NOV 24 2020

S. HARVEY, JR.
CIVIL TRIAL DIVISION

**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY**
**FIRST JUDICIAL DISTRICT OF PENNSYVANIA**
**TRIAL DIVISION – CIVIL**

| | |
|---|---|
| APRIL PLOEGER, | : COURT OF COMMON PLEAS |
| | : PHILADELPHIA COUNTY |
| Plaintiff, | : |
| v. | : CIVIL TRIAL DIVISION |
| | : |
| | : MARCH TERM, 2020 |
| TRUSTEES OF THE UNIVERSITY OF | : |
| PENNSYLVANIA, d/b/a THE | : |
| UNIVERSITY OF PENNSYLVANIA, | : NO. 02766 |
| | : |
| Defendant. | : |

DOCKETED

NOV 24 2020

S. HARVEY, JR.
CIVIL TRIAL DIVISION

Ploeger Vs Trustees Of -ORDER

20030276600043

## O R D E R

**AND NOW**, this ___24th___ day of November, 2020, upon consideration of Defendant's

Preliminary Objections to Plaintiff's Third Amended Complaint filed by Defendant, The

Trustees of the University of Pennsylvania d/b/a The University of Pennsylvania, and any

response thereto, it is hereby **ORDERED** that Defendant's Preliminary Objections asserted

pursuant to Pa.R.C.P.1028(a)(4), based upon the defense of statute of limitations, are hereby

**OVERRULED** in part and **SUSTAINED** in part. The averments in Plaintiff's Complaint prior

to 2016 are **DISMISSED**. The averments against Defendant in 2016 or later remain.

     **IT IS FURTHER ORDERED** that Defendant's Preliminary Objections pursuant to

Pa.R.C.P.1028(a)(2) are hereby **OVERRULED**.

     **IT IS FURTHER ORDERED** that Defendant's Preliminary Objections pursuant to

Pa.R.C.P. 1028(a)(4) regarding Plaintiff's equitable estoppel claim are hereby **SUSTAINED**.

Defendant's request for costs and legal fees are hereby **DENIED**.

                          **BY THE COURT:**

                          _____ J.

**FILED**
14 DEC 2020 06:50 am
**Civil Administration**
E. MEENAN

| | |
|---|---|
| April Ploeger, | : |
| Plaintiff, | : **PHILADELPHIA COUNTY** |
| | : **COURT OF COMMON PLEAS** |
| v. | : |
| | : **MARCH TERM 2020** |
| Trustees of the University of Pennsylvania, | : **No: 2766** |
| d/b/a The University of Pennsylvania, | : |
| Defendant. | : |

DOCKETED

DEC 1 6 2020

S. HARVEY, JR.
CIVIL TRIAL DIVISION

## ORDER

**AND NOW** this _15th_ day of _Dec._ 2020, upon consideration of

Plaintiff's Motion for Reconsideration, and the response thereto filed by Defendant, it is

hereby **ORDERED** that Plaintiff's Motion is **DENIED**.

**BY THE COURT:**

_____ J.

Ploeger Vs Trustees Of -ORDER

20030276600049

Case ID: 200302766
Control No.: 20120606

## IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
## FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
### TRIAL DIVISION – CIVIL

| | | |
|---|---|---|
| **APRIL PLOEGER** | : | **MARCH TERM, 2020** |
| | : | |
| **v.** | : | **NO. 2766** |
| | : | |
| **TRUSTEES OF THE UNIVERSITY OF** | : | **Control No. 21063105** |
| **PENNSYLVANIA D/B/A THE** | : | |
| **UNIVERSITY OF PENNSYLVANIA** | : | |

### *EX PARTE* ORDER

**AND NOW**, this 17th day of June, 2021, upon consideration of the Emergency Motion to Stay filed by Plaintiff's Counsel, and the Court having determined that no emergency basis exists for the relief requested, it is hereby **ORDERED** and **DECREED** that the Motion shall proceed through the normal court process.

ORDER-Ploeger Vs Trustees Of The University Of Pennsylva

**BY THE COURT:**

_____ J.

20030276600064

**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**CIVIL TRIAL DIVISION**

| | | |
|---|---|---|
| **APRIL PLOEGER** | : | **MARCH TERM, 2020** |
| | : | |
| **v.** | : | **No. 2766** |
| | : | |
| **TRUSTEES OF THE UNIVERSITY OF** | : | **Control No. 21061029** |
| **PENNSYLVANIA d/b/a THE** | : | **Control No. 21061031** |
| **UNIVERSITY OF PENNSYLVANIA** | : | |

<u>**ORDER**</u>

**AND NOW,** this 9th day of July, 2021, upon the request for a continuance for the

Discovery Hearing in the above captioned matter by Plaintiff, unopposed by Defendant, it is

hereby **ORDERED** and **DECREED** the Discovery Hearing in this matter scheduled for July

12th, 2021 is hereby **CONTINUED** and this matter will be re-listed for a Discovery Hearing in

approximately thirty (30) days.

**BY THE COURT:**

_____

**ARNOLD L. NEW, J.**

ORDER-Ploeger Vs Trustees Of The University Of Pennsylva

20030276600077



**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**TRIAL DIVISION – CIVIL**

PLOEGER

Vs

TRUSTESS OF THE UNIVERSITY OF
PENNSYLVANIA, d/b/a THE
UNIVERSITY OF PENNSYLVANIA

MARCH TERM 2020

No.2766



RLFIS-Ploeger Vs Trustees Of The University Of Pennsylva

20030276600103

## RULE RETURNABLE

AND NOW, this 8th day of SEPTEMBER, 2021, a rule is hereby issued to

show cause why attorney, E. Daniel Larkin, Esq., should be granted leave to withdraw as

counsel for Plaintiff, April Ploeger.

Rule Returnable via Zoom Virtual Courtroom video-conference scheduled for

SEPTEMBER 23rd, 2021 at 10:00 a.m.

All counsel and unrepresented parties shall appear via video-conference.  The

moving attorney shall promptly serve their client with a copy of this Order and submit

proof of service to the Court.[1]

**IT IS FURTHER ORDERED** as follows:

1.     The Hearing will be conducted using Advanced Communication
Technology. Counsel shall access the Conference by using the Zoom link posted on the
following website under "Remote Hearing Information by Judge."
https://www.courts.phila.gov/livestreams/civil/hearings/.

---

[1] Moving attorney shall docket and provide the Court with proof that their client was served with a copy of
the motion to withdraw and a copy of this Order.  The Court will accept the following proof of service: 1.
The client signs an affidavit that states that the client understands the intent to withdraw and does not
object, 2. Personal service of the motion and this Order by an individual authorized to serve process, or 3.
The moving attorney must provide the Court with a copy of the certified mailing receipt to the client at
their last known address.

Please note that the Zoom link may be updated from time to time so you should access the Zoom link on the day of the Hearing. All counsel and participants must follow the Court's "Notice to the Bar" Policies and Protocols for Use of Advanced Communication Technology for Court Proceedings in Civil Matters (available http://www.courts.phila.gov/covid-19).

Counsel shall provide a copy of this Notice to the Bar to each participant that they intend to invite to the proceeding. Any participant who does not have access to Zoom technology may request leave of court to participate by audio only. Any participant joining by audio must email the phone number from which they will access the proceeding to email to Judge Shreeves-Johns at Shreeves-Johns.VirtualCourtroom@courts.phila.gov no less than one hour in advance of the proceeding.

Counsel and any self-represented party should join the Zoom proceeding at least 10 minutes prior to the start of the proceeding in case there are any technical difficulties. Counsel and any self-represented party are advised that if they are not in the Zoom waiting room at least 10 minutes prior to the start of the proceeding (or they have not otherwise contacted Chambers), they risk having the proceeding start in their absence.

Counsel and all self-represented parties must email Judge Shreeves-Johns at Shreeves-Johns.VirtualCourtroom@courts.phila.gov and provide cell phone numbers prior to the proceeding in the event of an unexpected technology interruption before or during the Zoom proceeding. All persons are advised that in the event any person's Zoom visual connection fails, the audio function will continue and the proceeding will continue as planned. Persons are further advised to participate in the proceeding by calling the toll free number in the event that any person's Zoom technology fails in its entirety.

    2.     Counsel for the plaintiff(s)/defendant(s) are directed to serve a copy of this Notice/Order on any attorney entering an appearance after the issuance of this order.

BY THE COURT:

_____
Shreeves-Johns, J.

**FILED**
23 SEP 2021 03:02 pm
**Civil Administration**
F. HEWITT

|  |  |  |
|---|---|---|
| April Ploeger, | : | **PHILADELPHIA COUNTY** |
|  | : | **COURT OF COMMON PLEAS** |
| Plaintiff, | : |  |
|  | : | **MARCH TERM 2020** |
| v. | : |  |
|  | : | **No: 2766** |
| Trustees of The University of | : |  |
| Pennsylvania, d/b/a The University of | : |  |
| Pennsylvania, | : |  |
|  | : |  |
| Defendant. | : |  |

## ORDER

**AND NOW**, this ⎯27ᵗʰ⎯ day of ⎯September⎯ 2021, it is hereby **ORDERED** and

**DECREED** that the Motion for Extraordinary Relief filed by Defendant, The Trustees of

The University of Pennsylvania, is **GRANTED**.  IT IS FURTHER **ORDERED** that all

Court deadlines are extended by 6 months, and the Court will issue a new Case

Management Order.

_____ J.

**Discovery deadline:  June 7, 2021**

200302766-Ploeger Vs Trustees Of The University Of Pennsylva

20030276600114

**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CIVIL TRIAL DIVISION**

| | |
|---|---|
| **APRIL PLOEGER,**<br>**Plaintiff,** | **COURT OF COMMON PLEAS**<br>**PHILADELPHIA COUNTY** |
| **v.** | **MARCH TERM 2020**<br>**NO. 02766** |
| **TRUSTEES OF THE UNIVERSITY**<br>**OF PENNSYLVANIA d/b/a**<br>**THE UNIVERSITY OF PENNSYLVANIA,**<br>**Defendant.** | **CONTROL: 21061029, 21061031,**<br>**CONTROL: 21062492, 21063105** |

## <u>ORDER</u>

**AND NOW**, this 23rd day of September, 2021, upon consideration of Attorney,

Daniel E. Larkin, Esq.'s Motion to Withdraw as Counsel for Plaintiff (Control:

21062492) and Motion to Stay Proceedings Pending the Determination of the Motion to

Withdraw (Control: 21063105), and upon a hearing on said Motions, it is hereby

**ORDERED** and **DECREED** that said Motions are **GRANTED**. Counsel is granted

leave to withdraw as Plaintiff's counsel.

Within ten (10) days of the docketing of this Order, Counsel shall file a Praecipe

to Withdraw as Counsel with the Office of Judicial Records, attaching an affidavit of

service certifying that this Order has been sent to the client(s) and also updating the

Office of Judicial Records with the address(es) upon which all further notices from the

Court shall be sent to the client(s).

It is further **ORDERED** and **DECREED** that Plaintiff shall have sixty (60) days

from the entry of this Order to seek new counsel or decide to proceed *pro se.*



20030276600110

It is further **ORDERED** and **DECREED** that this matter shall be stayed during the above-mentioned sixty (60) day period during which no motions will be accepted for filing.

It is further **ORDERED** and **DECREED** that Defendant's Discovery Motions filed under Control Numbers 21061029 and 21061031 are deemed **MOOT** by operation of the stay in this matter.

**BY THE COURT:**

_____
**K. SHREEVES JOHNS, J.**

**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**CIVIL TRIAL DIVISION**

| | |
|---|---|
| **APRIL PLOEGER,**<br>**Plaintiff,**<br><br>**v.**<br><br>**TRUSTEES OF THE UNIVERSITY**<br>**OF PENNSYLVANIA d/b/a**<br>**THE UNIVERSITY OF PENNSYLVANIA,**<br>**Defendant.** | **COURT OF COMMON PLEAS**<br>**PHILADELPHIA COUNTY**<br><br>**MARCH TERM 2020**<br>**NO. 02766**<br><br>**CONTROL: 21061029, 21061031,**<br>**CONTROL: 21062492, 21063105** |

## <u>ORDER</u>

**AND NOW**, this 23rd day of September, 2021, upon consideration of Attorney,

Daniel E. Larkin, Esq.'s Motion to Withdraw as Counsel for Plaintiff (Control:

21062492) and Motion to Stay Proceedings Pending the Determination of the Motion to

Withdraw (Control: 21063105), and upon a hearing on said Motions, it is hereby

**ORDERED** and **DECREED** that said Motions are **GRANTED**.  Counsel is granted

leave to withdraw as Plaintiff's counsel.

Within ten (10) days of the docketing of this Order, Counsel shall file a Praecipe

to Withdraw as Counsel with the Office of Judicial Records, attaching an affidavit of

service certifying that this Order has been sent to the client(s) and also updating the

Office of Judicial Records with the address(es) upon which all further notices from the

Court shall be sent to the client(s).

It is further **ORDERED** and **DECREED** that Plaintiff shall have sixty (60) days

from the entry of this Order to seek new counsel or decide to proceed *pro se*.

20030276600111 - Ploeger Vs Trustees Of The University Of Pennsylva



20030276600111

It is further **ORDERED** and **DECREED** that this matter shall be stayed during the above-mentioned sixty (60) day period during which no motions will be accepted for filing.

It is further **ORDERED** and **DECREED** that Defendant's Discovery Motions filed under Control Numbers 21061029 and 21061031 are deemed **MOOT** by operation of the stay in this matter.

BY THE COURT:

_____
**K. SHREEVES JOHNS, J.**

**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**CIVIL TRIAL DIVISION**

| | |
|---|---|
| **APRIL PLOEGER,**<br>**Plaintiff,**<br><br>**v.**<br><br>**TRUSTEES OF THE UNIVERSITY**<br>**OF PENNSYLVANIA d/b/a**<br>**THE UNIVERSITY OF PENNSYLVANIA,**<br>**Defendant.** | **COURT OF COMMON PLEAS**<br>**PHILADELPHIA COUNTY**<br><br>**MARCH TERM 2020**<br>**NO. 02766**<br><br>**CONTROL: 21061029, 21061031,**<br>**CONTROL: 21062492, 21063105** |

## <u>ORDER</u>

**AND NOW**, this 23rd day of September, 2021, upon consideration of Attorney,

Daniel E. Larkin, Esq.'s Motion to Withdraw as Counsel for Plaintiff (Control:

21062492) and Motion to Stay Proceedings Pending the Determination of the Motion to

Withdraw (Control: 21063105), and upon a hearing on said Motions, it is hereby

**ORDERED** and **DECREED** that said Motions are **GRANTED**.  Counsel is granted

leave to withdraw as Plaintiff's counsel.

Within ten (10) days of the docketing of this Order, Counsel shall file a Praecipe

to Withdraw as Counsel with the Office of Judicial Records, attaching an affidavit of

service certifying that this Order has been sent to the client(s) and also updating the

Office of Judicial Records with the address(es) upon which all further notices from the

Court shall be sent to the client(s).

It is further **ORDERED** and **DECREED** that Plaintiff shall have sixty (60) days

from the entry of this Order to seek new counsel or decide to proceed *pro se*.

200302766-Ploeger Vs Trustees Of The University Of Pennsylva



20030276600112

It is further **ORDERED** and **DECREED** that this matter shall be stayed during the above-mentioned sixty (60) day period during which no motions will be accepted for filing.

It is further **ORDERED** and **DECREED** that Defendant's Discovery Motions filed under Control Numbers 21061029 and 21061031 are deemed **MOOT** by operation of the stay in this matter.

**BY THE COURT:**

_____
**K. SHREEVES JOHNS, J.**

## IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
## FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
## CIVIL TRIAL DIVISION

| | |
|---|---|
| APRIL PLOEGER,<br>**Plaintiff,**<br><br>v.<br><br>TRUSTEES OF THE UNIVERSITY<br>OF PENNSYLVANIA d/b/a<br>THE UNIVERSITY OF PENNSYLVANIA,<br>**Defendant.** | **COURT OF COMMON PLEAS**<br>**PHILADELPHIA COUNTY**<br><br>**MARCH TERM 2020**<br>**NO. 02766**<br><br>**CONTROL: 21061029, 21061031,**<br>**CONTROL: 21062492, 21063105** |

## <u>ORDER</u>

**AND NOW**, this 23rd day of September, 2021, upon consideration of Attorney,

Daniel E. Larkin, Esq.'s Motion to Withdraw as Counsel for Plaintiff (Control:

21062492) and Motion to Stay Proceedings Pending the Determination of the Motion to

Withdraw (Control: 21063105), and upon a hearing on said Motions, it is hereby

**ORDERED** and **DECREED** that said Motions are **GRANTED**.  Counsel is granted

leave to withdraw as Plaintiff's counsel.

Within ten (10) days of the docketing of this Order, Counsel shall file a Praecipe

to Withdraw as Counsel with the Office of Judicial Records, attaching an affidavit of

service certifying that this Order has been sent to the client(s) and also updating the

Office of Judicial Records with the address(es) upon which all further notices from the

Court shall be sent to the client(s).

It is further **ORDERED** and **DECREED** that Plaintiff shall have sixty (60) days

from the entry of this Order to seek new counsel or decide to proceed *pro se*.



200302766-Ploeger Vs Trustees Of The University Of Pennsylva

20030276600113

It is further **ORDERED** and **DECREED** that this matter shall be stayed during the above-mentioned sixty (60) day period during which no motions will be accepted for filing.

It is further **ORDERED** and **DECREED** that Defendant's Discovery Motions filed under Control Numbers 21061029 and 21061031 are deemed **MOOT** by operation of the stay in this matter.

BY THE COURT:

_____
K. SHREEVES-JOHNS, J.

**FILED**
23 SEP 2021 03:02 pm
**Civil Administration**
F. HEWITT

|  |  |
|---|---|
| April Ploeger, | **PHILADELPHIA COUNTY** |
| | **COURT OF COMMON PLEAS** |
| Plaintiff, | |
| | **MARCH TERM 2020** |
| v. | |
| | **No: 2766** |
| Trustees of The University of Pennsylvania, d/b/a The University of Pennsylvania, | |
| Defendant. | |

## ORDER

**AND NOW**, this 27th day of September 2021, it is hereby **ORDERED** and **DECREED** that the Motion for Extraordinary Relief filed by Defendant, The Trustees of The University of Pennsylvania, is **GRANTED**. IT IS FURTHER **ORDERED** that all Court deadlines are extended by 6 months, and the Court will issue a new Case Management Order.

_____
                                                            J.

**Discovery deadline: June 7, 2021**

200302766-Ploeger Vs Trustees Of The University Of Pennsylva

20030276600114

Case ID: 200302766
Control No.: 21094371

**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**CIVIL TRIAL DIVISION**

| | |
|---|---|
| **APRIL PLOEGER,**<br>**Plaintiff,**<br><br>**v.**<br><br>**TRUSTEES OF THE UNIVERSITY**<br>**OF PENNSYLVANIA d/b/a**<br>**THE UNIVERSITY OF PENNSYLVANIA,**<br>**Defendant.** | **COURT OF COMMON PLEAS**<br>**PHILADELPHIA COUNTY**<br><br>**MARCH TERM 2020**<br>**NO. 02766**<br><br>**CONTROL: 21061029, 21061031,**<br>**CONTROL: 21062492, 21063105** |

## <u>ORDER</u>

**AND NOW**, this 23rd day of September, 2021, upon consideration of Attorney,

Daniel E. Larkin, Esq.'s Motion to Withdraw as Counsel for Plaintiff (Control:

21062492) and Motion to Stay Proceedings Pending the Determination of the Motion to

Withdraw (Control: 21063105), and upon a hearing on said Motions, it is hereby

**ORDERED** and **DECREED** that said Motions are **GRANTED**.  Counsel is granted

leave to withdraw as Plaintiff's counsel.

Within ten (10) days of the docketing of this Order, Counsel shall file a Praecipe

to Withdraw as Counsel with the Office of Judicial Records, attaching an affidavit of

service certifying that this Order has been sent to the client(s) and also updating the

Office of Judicial Records with the address(es) upon which all further notices from the

Court shall be sent to the client(s).

It is further **ORDERED** and **DECREED** that Plaintiff shall have sixty (60) days

from the entry of this Order to seek new counsel or decide to proceed *pro se.*

200302766-Ploeger Vs Trustees Of The University Of Pennsylva



20030276600110

It is further **ORDERED** and **DECREED** that this matter shall be stayed during the above-mentioned sixty (60) day period during which no motions will be accepted for filing.

It is further **ORDERED** and **DECREED** that Defendant's Discovery Motions filed under Control Numbers 21061029 and 21061031 are deemed **MOOT** by operation of the stay in this matter.

BY THE COURT:

_____
**K. SHREEVES JOHNS, J.**

**FILED**
23 SEP 2021 03:02 pm
Civil Administration
F. HEWITT

|  |  |
|---|---|
| April Ploeger, | : |
| Plaintiff, | : **PHILADELPHIA COUNTY** |
| | : **COURT OF COMMON PLEAS** |
| | : |
| v. | : **MARCH TERM 2020** |
| | : |
| Trustees of The University of | : **No: 2766** |
| Pennsylvania, d/b/a The University of | : |
| Pennsylvania, | : |
| Defendant. | : |

## <u>ORDER</u>

**AND NOW**, this _27th_ day of _September_ 2021, it is hereby **ORDERED** and

**DECREED** that the Motion for Extraordinary Relief filed by Defendant, The Trustees of

The University of Pennsylvania, is **GRANTED**.  IT IS FURTHER **ORDERED** that all

Court deadlines are extended by 6 months, and the Court will issue a new Case

Management Order.

_____
J.

**<u>Discovery deadline</u>:  June 7, 2021**

200302766-Ploeger Vs Trustees Of The University Of Pennsylva

20030276600114

Case ID: 200302766
Control No.: 21094371



**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**TRIAL DIVISION – CIVIL**

| | |
|---|---|
| **PLOEGER** | **March Term 2020** |
| **VS** | **No. 02766** |
| **TRUSTEES OF THE UNIVERSITY OF PENNSYLVA** | |

### *REVISED CASE MANAGEMENT ORDER*

Be advised that the Case Management Order issued for the above-captioned action has been revised as follows:

1.   All discovery shall be completed not later than 06-DEC-2021.

2.   Plaintiff shall submit expert reports not later than 06-DEC-2021.

3.   Defendant shall submit expert reports not later than 03-JAN-2022.

4.   All pre-trial motions other than motions in limine shall be filed not later than 03-JAN-2022.

5.   A settlement conference will be scheduled any time after 03-JAN-2022.

6.   A pre-trial conference will be scheduled at any time after 07-MAR-2022.

7.   It is expected that this case shall be ready for trial by 04-APR-2022.

All other terms and conditions on the original Case Management Order will remain in full force and effect.

*BY THE COURT:*

RVCMO-Ploeger Vs Trustees Of

20030276600115

27-SEP-2021

**KAREN SHREEVES-JOHNS, J.**
**TEAM LEADER**

SHJ07074(REV. 5/21/18)

April Ploeger,

                    Plaintiff,

        v.

Trustees of the University of Pennsylvania,
d/b/a The University of Pennsylvania,

                    Defendant.

PHILADELPHIA COUNTY
COURT OF COMMON PLEAS

MARCH TERM 2020

No: 2766

Filed and Attested by the
Office of Judicial Records
            am

200302766-Ploeger Vs Trustees Of The University Of Pennsylva

20030276600134

### #1       ORDER

**AND NOW** this __27__ day of __Dec__ 202_1_, upon consideration of the

Renewed Motion of Defendant, The Trustees of the University of Pennsylvania, to

Compel the Discovery Responses of Plaintiff, it is hereby **ORDERED** and **DECREED**

that Defendant's Motion is **GRANTED**.  It is further **ORDERED** that Plaintiff shall

provide full and complete answers to Defendant's Interrogatories and Requests for

Production of Documents within ten (10) ~~days~~ (15) days of the date of this Order.

                                                    _____
                                                    J.

Discovery Deadline:  December 6, 2021

GRANTING THIS MOTION WILL NOT EXTEND
ANY EXISTING CASE MANAGEMENT DEADLINES

Certification Due Date: 12/13/2021
Response Date: 12/20/2021
Case ID: 200302766
Control No.: 21120962

April Ploeger,

                          Plaintiff,

    v.

Trustees of the University of Pennsylvania,
d/b/a The University of Pennsylvania,

                        Defendant.

**PHILADELPHIA COUNTY
COURT OF COMMON PLEAS**

**MARCH TERM 2020**

**No: 2766**

Filed and Attested by the
Office of Judicial Records
__ MAR __ __ am
AUTH

200302766-Ploeger Vs Trustees Of The University Of Pennsylva

20030276600135

## ORDER

**AND NOW** this _27_ day of _Dec_ 202_1_, upon consideration of the

Renewed Motion of Defendant, The Trustees of the University of Pennsylvania, to

Compel the Deposition of Plaintiff, it is hereby **ORDERED** and **DECREED** that

Defendant's Motion is **GRANTED**.  It is further **ORDERED** that Plaintiff shall appear for

deposition within thirty (30) days of this Order or suffer sanctions as deemed

appropriate by the Court upon further application.

                                      J.

Discovery Deadline:  December 6, 2021

GRANTING THIS MOTION WILL NOT EXTEND
ANY EXISTING CASE MANAGEMENT DEADLINES

Certification Due Date: 12/13/2021
Response Date: 12/20/2021
Case ID: 200302766
Control No.: 21120969

**FILED**
08 OCT 2021 05:37 pm
Civil Administration
D. MCGINNIS

| | |
|---|---|
| April Ploeger | : **COURT OF COMMON PLEAS,** |
| Plaintiff | : **PHILADLEPHIA COUNTY** |
| | : |
| v. | : **MARCH TERM, 2020** |
| | : |
| Trustees of the University of | : **No: 2766** |
| Pennsylvania. | : |
| | : |
| Defendant. | : |

## ORDER

**AND NOW** this __19ᵗʰ__ day of __April__, ~~2021~~ ²⁰²², upon consideration of the

Motion of Defendant, The Trustees of the University of Pennsylvania, for Reconsideration

and/or Clarification of this Court's Order docketed on September 27, 2021, and any

response thereto, it is hereby **ORDERED** that:

1.     The Defendant's Motion for Reconsideration is ~~**GRANTED;**~~ DENIED .

2.     ~~The Order signed on September 23, 2021 and docketed on September 27,~~

~~2021, granting an extension of all Court deadlines by 6 months, is hereby~~

~~**VACATED;**~~

3.     ~~All Court deadlines in this action are **EXTENDED** by 180 days as of~~

~~September 27, 2021, as follows:~~

~~a.     Discovery deadline: March 25, 2022.~~

~~b.     Plaintiff's expert reports: March 25, 2022.~~

~~c.     Defendant expert reports: April 22, 2022.~~

~~d.     All pretrial motions, other than motions in limine: April 22, 2022.~~

~~e.     Settlement conference scheduled any time after: April 22, 2022.~~

~~f.     Pretrial conference schedules any time after: June 21, 2022.~~

BY THE COURT:



200302766-Ploeger Vs Trustees Of The University Of Pennsylva

20030276600142

Case ID: 200302766
Control No.: 21101958

**FILED**

08 OCT 2021 05:37 pm

Civil Administration

D. MCGINNIS

| | |
|---|---|
| April Ploeger | : **COURT OF COMMON PLEAS,** |
| Plaintiff | : **PHILADLEPHIA COUNTY** |
| | : |
| v. | : **MARCH TERM, 2020** |
| | : |
| Trustees of the University of Pennsylvania. | : **No: 2766** |
| | : |
| Defendant. | : |

## ORDER

**AND NOW** this <u>19th</u> day of <u>April</u>, ~~2021~~ 2022, upon consideration of the

Motion of Defendant, The Trustees of the University of Pennsylvania, for Reconsideration

and/or Clarification of this Court's Order docketed on September 27, 2021, and any

response thereto, it is hereby **ORDERED** that:

1.     The Defendant's Motion for Reconsideration is ~~GRANTED;~~ DENIED.

2.     ~~The Order signed on September 23, 2021 and docketed on September 27,~~
~~2021, granting an extension of all Court deadlines by 6 months, is hereby~~
~~VACATED;~~

3.     ~~All Court deadlines in this action are EXTENDED by 180 days as of~~
~~September 27, 2021, as follows:~~

   a.     ~~Discovery deadline: March 25, 2022;~~

   b.     ~~Plaintiff's expert reports: March 25, 2022.~~

   c.     ~~Defendant expert reports: April 22, 2022.~~

   d.     ~~All pretrial motions, other than motions in limine: April 22, 2022.~~

   e.     ~~Settlement conference scheduled any time after: April 22, 2022.~~

   f.     ~~Pretrial conference schedules any time after: June 21, 2022.~~

BY THE COURT:



200302766-Ploeger Vs Trustees Of The University Of Pennsylva

Case ID: 200302766

Control No.: 21101958

20030276600142

**FILED**

22 APR 2022 10:52 am

**Civil Administration**

M. RUSSO

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CIVIL TRIAL DIVISION

|  |  |
|---|---|
| April Ploeger, | **PHILADELPHIA COUNTY** |
| | **COURT OF COMMON PLEAS** |
| Plaintiff, | |
| | **MARCH TERM, 2020** |
| v. | |
| | **NO. 2766** |
| Trustees of the University of Pennsylvania, | |
| d/b/a The University of Pennsylvania, | 200302766-Ploeger Vs Trustees Of The University Of Pennsylva |
| Defendant. | |

200302766600146

**ORDER**

**AND NOW**, this 26th day of ___April___, 2022, it is hereby **ORDERED** and **DECREED** that the Unopposed Motion for Extraordinary Relief filed by Defendant, The Trustees of The University of Pennsylvania, is **GRANTED.** IT IS FURTHER **ORDERED** that, for good cause shown and based on extraordinary circumstances, the dispositive motion deadline and trial dates only are extended by eight (8) months, and the Court will issue a new Case Management Order.

By the Court:

_____ J.

Discovery Deadline: December 6, 2021

Case ID: 200302766
Control No.: 22043953



**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**TRIAL DIVISION – CIVIL**

| | |
|---|---|
| PLOEGER | **March Term 2020** |
| **VS** | **No. 02766** |
| **TRUSTEES OF THE UNIVERSITY OF PENNSYLVA** | |

## *REVISED CASE MANAGEMENT ORDER*

Be advised that the Case Management Order issued for the above-captioned action has been revised as follows:

1. All discovery shall be completed not later than 06-DEC-2021.

2. Plaintiff shall submit expert reports not later than 06-DEC-2021.

3. Defendant shall submit expert reports not later than 03-JAN-2022.

4. All pre-trial motions other than motions in limine shall be filed not later than 04-JUL-2022.

5. A settlement conference will be scheduled any time after 04-JUL-2022.

6. A pre-trial conference will be scheduled at any time after 05-SEP-2022.

7. It is expected that this case shall be ready for trial by 03-OCT-2022.

All other terms and conditions on the original Case Management Order will remain in full force and effect.

RVCMO-Ploeger Vs Trustees Of

**BY THE COURT:**

20030276600147

26-APR-2022

**K SHREEVES-JOHNS, J.**
**TEAM LEADER**

SHJ38288(REV. 5/21/18)



# IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
## FIRST JUDICIAL DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PLOEGER** | : | **TRIAL DIVISION – CIVIL** |
| **VS.** | : | **MARCH   TERM, 2020** |
| **TRUSTEES OF THE UNIVERSITY OF PENNSYLVA** | : | **NO. 2766** |

## ORDER

**AND NOW**, this _2nd_ day of June 2022, it is hereby **ORDERED** that the Motion for Sanctions filed by Defendant, The Trustees of The University of Pennsylvania, is **GRANTED.** IT IS FURTHER **ORDERED** that; Plaintiff's shall provide to Defendant's Interrogatories and Requests for Production of Documents within 20 days of the docketing of this order and appear for deposition within 40 days by Zoom.

DOCKETED

JUN 0 8 2022

MICHAEL TIERNEY
JUDICIAL RECORDS

BY THE COURT:

20030276-Ploeger Vs Trustees Of The University Of Pennsylva

20030276600155

22050807

# EXHIBIT 10



🛒 No Items in Cart    LOGOUT  lgreenspa
Civil Docket Report
A $5 Convenience fee will be added to the transaction at checkout.

## Case Description

| | |
|---|---|
| **Case ID:** | 200302766 |
| **Case Caption:** | PLOEGER VS TRUSTEES OF THE UNIVERSITY OF PENNSYLVA |
| **Filing Date:** | Wednesday, April 01st, 2020 |
| **Court:** | MAJOR JURY-STANDARD |
| **Location:** | City Hall |
| **Jury:** | JURY |
| **Case Type:** | CONTRACTS OTHER |
| **Status:** | LISTED FOR SETTLEMENT CONF |

## Related Cases

*No related cases were found.*

## Case Event Schedule

| Event | Date/Time | Room | Location | Judge |
|---|---|---|---|---|
| PROJECTED SETTLEMENT CONF DATE | 04-JUL-2022 09:00 AM | City Hall | CITY HALL COURTROOM 254 | SHREEVES-JOHNS, K |
| PROJECTED PRE-TRIAL CONF. DATE | 05-SEP-2022 09:00 AM | City Hall | CITY HALL COURTROOM 254 | SHREEVES-JOHNS, K |
| PROJECTED TRIAL DATE | 03-OCT-2022 09:00 AM | City Hall | CITY HALL COURTROOM 254 | SHREEVES-JOHNS, K |

## Case motions

*No case motions were found.*

## Case Parties

| Seq # | | Assoc | Expn Date | Type | Name |
|---|---|---|---|---|---|
| 1 | | | 20-SEP-2021 | ATTORNEY FOR PLAINTIFF | LARKIN, E DANIEL |
| **Address:** | 742 S LATCHES LN MERION PA 19066 (610)660-5201 dan@danlarkinlaw.com | | **Aliases:** | *none* | |
| | | | | | |

| 2 | 12 | | PLAINTIFF | PLOEGER, APRIL |
|---|---|---|---|---|
| **Address:** | 505 S. 42ND ST., APT. 1F PHILADELPHIA PA 19104 | **Aliases:** | *none* | |
| | | | | |
| 3 | 5 | | DEFENDANT | TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA |
| **Address:** | UNIVERSITY OF PENNSYLVANIA, PHILADELPHIA PA 19104 | **Aliases:** | UNIVERSITY OF PENNSYLVANIA | |
| | | | | |
| 4 | | 04-JUL-2021 | TEAM LEADER | NEW, ARNOLD L |
| **Address:** | 606 CITY HALL PHILADELPHIA PA 19107 (215)686-7260 | **Aliases:** | *none* | |
| | | | | |
| 5 | | | ATTORNEY FOR DEFENDANT | GREENSPAN, LESLIE M |
| **Address:** | TUCKER LAW GROUP TEN PENN CENTER 1801 MARKET ST., SUITE 2500 PHILADELPHIA PA 19103 (215)875-0609 lgreenspan@tlgattorneys.com | **Aliases:** | *none* | |
| | | | | |
| 6 | 5 | | ATTORNEY FOR DEFENDANT | TUCKER JR, JOE H |
| **Address:** | THE TUCKER LAW GROUP, LLC TEN PENN CENTER 1801 MARKET STREET, SUITE 2500 PHILADELPHIA PA 19103 (215)875-0609 jtucker@tlgattorneys.com | **Aliases:** | *none* | |
| | | | | |
| 7 | 5 | | ATTORNEY FOR DEFENDANT | MAVROUDIS, DIMITRIOS |
| **Address:** | 1801 MARKET ST | **Aliases:** | *none* | |

| | | | | |
|---|---|---|---|---|
| | SUITE 2500<br>PHILADELPHIA PA 19103<br>(215)875-0609<br>dmavroudis@tlgattorneys.com | | | |
| | | | | |
| 8 | | | JUDGE | FOGLIETTA, ANGELO |
| **Address:** | 692 CITY HALL<br>PHILADELPHIA PA 19107 | **Aliases:** | *none* | |
| | | | | |
| 9 | | | JUDGE | EMERGENCY JUDGE, JUDGE |
| **Address:** | ROOM 280 CITY HALL<br>PHILADELPHIA PA 19107 | **Aliases:** | *none* | |
| | | | | |
| 10 | | | TEAM LEADER | SHREEVES-JOHNS, K |
| **Address:** | 364 CITY HALL<br>PHILADELPHIA PA 19107 | **Aliases:** | *none* | |
| | | | | |
| 11 | | 05-OCT-2021 | ATTORNEY FOR PLAINTIFF | LARKIN, E DANIEL |
| **Address:** | 742 S LATCHES LN<br>MERION PA 19066<br>(610)660-5201<br>dan@danlarkinlaw.com | **Aliases:** | *none* | |
| | | | | |
| 12 | | | ATTORNEY FOR PLAINTIFF | HARRIS, MART |
| **Address:** | 428 FORBES AVE<br>SUITE 1700<br>PITTSBURGH PA 15219<br>(412)588-0030<br>MH@TLawF.com | **Aliases:** | *none* | |
| | | | | |
| 13 | | | JUDGE | SHREEVES-JOHNS, K |
| **Address:** | 364 CITY HALL<br>PHILADELPHIA PA 19107 | **Aliases:** | *none* | |

## Docket Entries

| Filing Date/Time | Docket Type | Filing Party | Disposition Amount | Approval/ Entry Date |
|---|---|---|---|---|
| 01-APR-2020 01:04 PM | ACTIVE CASE | | | 01-APR-2020 02:06 PM |
| **Docket Entry:** | E-Filing Number: 2004000651 | | | |
| | | | | |
| 01-APR-2020 01:04 PM | COMMENCEMENT CIVIL ACTION JURY | LARKIN, E DANIEL | | 01-APR-2020 02:06 PM |
| **Documents:** | Final Cover | | | |
| **Docket Entry:** | *none.* | | | |
| | | | | |
| 01-APR-2020 01:04 PM | COMPLAINT FILED NOTICE GIVEN | LARKIN, E DANIEL | | 01-APR-2020 02:06 PM |
| **Documents:** | AP -- verified Complaint v. Trustees -- filed and served at 04 01 2020.pdf | | | |
| **Docket Entry:** | COMPLAINT WITH NOTICE TO DEFEND WITHIN TWENTY (20) DAYS AFTER SERVICE IN ACCORDANCE WITH RULE 1018.1 FILED. | | | |
| | | | | |
| 01-APR-2020 01:04 PM | JURY TRIAL PERFECTED | LARKIN, E DANIEL | | 01-APR-2020 02:06 PM |
| **Docket Entry:** | 8 JURORS REQUESTED. | | | |
| | | | | |
| 01-APR-2020 01:04 PM | WAITING TO LIST CASE MGMT CONF | LARKIN, E DANIEL | | 01-APR-2020 02:06 PM |
| **Docket Entry:** | *none.* | | | |
| | | | | |
| 24-APR-2020 03:39 PM | ENTRY OF APPEARANCE | GREENSPAN, LESLIE M | | 27-APR-2020 08:59 AM |
| **Documents:** | EOA for JHT LMG and DM for Defendant The Trustees of UOP.pdf | | | |
| **Docket Entry:** | ENTRY OF APPEARANCE OF DIMITRIOS MAVROUDIS, LESLIE M GREENSPAN AND JOE H TUCKER JR FILED. (FILED ON BEHALF OF TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA) | | | |
| | | | | |
| 15-MAY-2020 08:32 AM | PRELIMINARY OBJECTIONS | GREENSPAN, LESLIE M | | 15-MAY-2020 08:36 AM |
| **Documents:** | Penn Defendant POs to Complaint _final.pdf | | | |

| | | | | |
|---|---|---|---|---|
| **Docket Entry:** | 13-20051113 PRELIMINARY OBJECTIONS TO PLAINTIFF'S COMPLAINT FILED. RESPONSE DATE: 06/04/2020 (FILED ON BEHALF OF TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA) | | | |
| | | | | |
| 04-JUN-2020 07:35 PM | AMENDED COMPLAINT FILED | LARKIN, E DANIEL | | 05-JUN-2020 09:18 AM |
| **Documents:** | April Ploeger -- Amended Complaint - tendered .pdf<br>CERTIFICATE OF SERVIC2.pdf | | | |
| **Docket Entry:** | AMENDED COMPLAINT WITH NOTICE TO DEFEND WITHIN TWENTY(20) DAYS AFTER SERVICE IN ACCORDANCE WITH RULE 1018.1 FILED. (FILED ON BEHALF OF APRIL PLOEGER) | | | |
| | | | | |
| 08-JUN-2020 10:58 AM | PRELIM OBJECTIONS-MARKED MOOT | | | 08-JUN-2020 10:58 AM |
| **Docket Entry:** | 13-20051113 AMENDED COMPLAINT FILED 06/04/20 | | | |
| | | | | |
| 24-JUN-2020 12:16 PM | PRELIMINARY OBJECTIONS | GREENSPAN, LESLIE M | | 24-JUN-2020 12:18 PM |
| **Documents:** | Defendant Preliminary Objections POs to Amended Complaint_w_exhibit.pdf | | | |
| **Docket Entry:** | 87-20061787 PRELIMINARY OBJECTIONS TO PLAINTIFF'S AMENDED COMPLAINT FILED. RESPONSE DATE: 07/14/2020 (FILED ON BEHALF OF TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA) | | | |
| | | | | |
| 16-JUL-2020 09:49 AM | PRELIM OBJECTIONS ASSIGNED | | | 16-JUL-2020 09:49 AM |
| **Docket Entry:** | 87-20061787 PRELIMINARY OBJECTIONS ASSIGNED TO JUDGE: NEW, ARNOLD L. ON DATE: JULY 16, 2020 | | | |
| | | | | |
| 17-JUL-2020 03:05 PM | ORDER ENTERED/236 NOTICE GIVEN | NEW, ARNOLD L | | 17-JUL-2020 03:05 PM |
| **Documents:** | ORDER_12.pdf | | | |
| **Docket Entry:** | 87-20061787 IT IS HEREBY ORDERED AND DECREED SAID PRELIMINARY OBJECTIONS ARE SUSTAINED. IT IS HEREBY ORDERED THAT PLAINTIFF'S COMPLAINT IS DISMISSED WITHOUT PREJUDICE. PLAINTIFF HAS TWENTY (20) DAYS FROM THE DOCKETING OF THIS ORDER TO FILE A SECOND AMENDED COMPLAINT INCLUDING ATTACHMENTS OF ANY AND ALL CONTRACTS PLAINTIFF ALLEGES WERE BREACHED BY DEFENDANT. IF PLAINTIFF FAILS TO FILE A SECOND AMENDED COMPLAINT WITHIN TWENTY (20) DAYS, THE DEFENDANT MAY FILE A PRAECIPE TO DISMISS THIS MATTER WITH PREJUDICE. ...BY THE COURT: NEW, JUDGE 07/17/2020 | | | |

| 17-JUL-2020 03:05 PM | NOTICE GIVEN UNDER RULE 236 | | | 20-JUL-2020 08:30 PM |
|---|---|---|---|---|
| **Docket Entry:** | NOTICE GIVEN ON 20-JUL-2020 OF ORDER ENTERED/236 NOTICE GIVEN ENTERED ON 17-JUL-2020. | | | |

| 07-AUG-2020 12:43 AM | AMENDED COMPLAINT FILED | LARKIN, E DANIEL | | 07-AUG-2020 09:31 AM |
|---|---|---|---|---|
| **Documents:** | A.P. Second Amended Complaint - Verification.pdf<br>Ploeger v. Trustees -- Second Am. C. -- tendered.pdf<br>Ploeger v. Trustees -- Second Am. C. -- tendered.pdf | | | |
| **Docket Entry:** | SECOND AMENDED COMPLAINT WITH NOTICE TO DEFEND WITHIN TWENTY(20) DAYS AFTER SERVICE IN ACCORDANCE WITH RULE 1018.1 FILED. (FILED ON BEHALF OF APRIL PLOEGER) | | | |

| 13-AUG-2020 03:18 PM | MOTION FOR RECONSIDERATION | LARKIN, E DANIEL | | 13-AUG-2020 03:33 PM |
|---|---|---|---|---|
| **Documents:** | A.P. Motion to Reconsider 08 13 2020.pdf<br>AP -- Brief in support of Motion --08 13 2020.pdf<br>Motion CoverSheet Form | | | |
| **Docket Entry:** | 72-20081472 MOTION FOR RECONSIDERATION OF JUDGE NEW'S ORDER ISSUED 7/17/20 (FILED ON BEHALF OF APRIL PLOEGER) | | | |

| 14-AUG-2020 01:24 PM | MOTION ASSIGNED | | | 14-AUG-2020 01:24 PM |
|---|---|---|---|---|
| **Docket Entry:** | 72-20081472 MOTION FOR RECONSIDERATION ASSIGNED TO JUDGE: NEW, ARNOLD L. ON DATE: AUGUST 14, 2020 | | | |

| 19-AUG-2020 04:32 PM | ORDER ENTERED/236 NOTICE GIVEN | NEW, ARNOLD L | | 19-AUG-2020 04:32 PM |
|---|---|---|---|---|
| **Documents:** | ORDER_17.pdf | | | |
| **Docket Entry:** | 72-20081472 IT IS HEREBY ORDERED AND DECREED SAID MOTION IS GRANTED IN PART . IT IS HEREBY ORDERED THAT THIS COURT'S JULY 17,2020 ORDER IS AMENDED BY STRIKING THE SECTION STATING " INCLUDING ATTACHEMENTS OF ANY AND ALL CONTRACTS PLAINTIFF ALLEGES WERE BREACHED BY DEFENDANT FROM THE ORDER. ...BY THE COURT: NEW, JUDGE 08/19/2020 | | | |

| 19-AUG-2020 04:32 PM | NOTICE GIVEN UNDER RULE 236 | | | 21-AUG-2020 05:51 PM |
|---|---|---|---|---|
| **Docket** | NOTICE GIVEN ON 21-AUG-2020 OF ORDER ENTERED/236 NOTICE GIVEN | | | |

| Entry: | ENTERED ON 19-AUG-2020. | | | |
|---|---|---|---|---|
| | | | | |
| 26-AUG-2020 10:15 AM | PRELIMINARY OBJECTIONS | GREENSPAN, LESLIE M | | 26-AUG-2020 10:17 AM |
| Documents: | Defendant Preliminary Objections POs to Second Amended Complaint_w_exhibit.pdf | | | |
| Docket Entry: | 94-20082394 PRELIMINARY OBJECTIONS TO PLAINTIFF'S SECOND AMENDED COMPLAINT FILED. RESPONSE DATE: 09/15/2020 (FILED ON BEHALF OF TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA) | | | |
| | | | | |
| 03-SEP-2020 02:19 PM | LISTED FOR CASE MGMT CONF | | | 03-SEP-2020 02:19 PM |
| Docket Entry: | *none.* | | | |
| | | | | |
| 05-SEP-2020 12:30 AM | NOTICE GIVEN | | | 05-SEP-2020 12:30 AM |
| Docket Entry: | *none.* | | | |
| | | | | |
| 15-SEP-2020 03:37 PM | CMCF RESCHEDULED BY COURT | SULLIVAN, JOAN | | 15-SEP-2020 03:37 PM |
| Docket Entry: | *none.* | | | |
| | | | | |
| 15-SEP-2020 03:38 PM | LISTED FOR CASE MGMT CONF | | | 15-SEP-2020 03:38 PM |
| Docket Entry: | *none.* | | | |
| | | | | |
| 15-SEP-2020 03:38 PM | NOTICE GIVEN | | | 15-SEP-2020 03:38 PM |
| Docket Entry: | *none.* | | | |
| | | | | |
| 15-SEP-2020 11:47 PM | AMENDED COMPLAINT FILED | LARKIN, E DANIEL | | 16-SEP-2020 09:28 PM |
| Documents: | Ploeger -- tendered at 09 15 2020.pdf | | | |
| Docket Entry: | AMENDED COMPLAINT WITH NOTICE TO DEFEND WITHIN TWENTY(20) DAYS AFTER SERVICE IN ACCORDANCE WITH RULE 1018.1 FILED. (FILED ON | | | |

BEHALF OF APRIL PLOEGER)

| 16-SEP-2020 11:49 AM | CASE MGMT CONFERENCE COMPLETED | SULLIVAN, JOAN | | 16-SEP-2020 11:49 AM |
|---|---|---|---|---|
| **Docket Entry:** | *none.* | | | |

| 16-SEP-2020 11:49 AM | CASE MANAGEMENT ORDER ISSUED | | | 16-SEP-2020 11:49 AM |
|---|---|---|---|---|
| **Documents:** | CMOIS_26.pdf | | | |
| **Docket Entry:** | CASE MANAGEMENT ORDER STANDARD TRACK - AND NOW, 16-SEP-2020, it is Ordered that: 1. The case management and time standards adopted for standard track cases shall be applicable to this case and are hereby incorporated into this Order. 2. All discovery on the above matter shall be completed not later than 07-JUN-2021. 3. Plaintiff shall identify and submit curriculum vitae and expert reports of all expert witnesses intended to testify at trial to all other parties not later than 07-JUN-2021. 4. Defendant and any additional defendants shall identify and submit curriculum vitae and expert reports of all expert witnesses intended to testify at trial not later than 05-JUL-2021. 5. All pre-trial motions shall be filed not later than 05-JUL-2021. 6. A settlement conference may be scheduled at any time after 05-JUL-2021. Prior to the settlement conference all counsel shall serve all opposing counsel and file a settlement memorandum containing the following: (a) A concise summary of the nature of the case if plaintiff or of the defense if defendant or additional defendant;(b) A statement by the plaintiff or all damages accumulated, including an itemization of injuries and all special damages claimed by categories and amount; (c) Defendant shall identify all applicable insurance carriers, together with applicable limits of liability. 7. A pre-trial conference will be scheduled any time after 06-SEP-2021. Fifteen days prior to pre-trial conference, all counsel shall serve all opposing counsel and file a pre-trial memorandum containing the following: (a) A concise summary of the nature of the case if plaintiff or the defense if defendant or additional defendant; (b) A list of all witnesses who may be called to testify at trial by name and address. Counsel should expect witnesses not listed to be precluded from testifying at trial; (c) A list of all exhibits the party intends to offer into evidence. All exhibits shall be pre-numbered and shall be exchanged among counsel prior to the conference. Counsel should expect any exhibit not listed to be precluded at trial; (d) Plaintiff shall list an itemization of injuries or damages sustained together with all special damages claimed by category and amount. This list shall include as appropriate, computations of all past lost earnings and future lost earning capacity or medical expenses together with any other unliquidated damages claimed; and (e) Defendant shall state its position regarding damages and shall identify all applicable insurance carriers, together with applicable limits of liability; (f) Each counsel shall provide an estimate of the anticipated length of trial. 8. It is expected that the case will be ready for trial 04-OCT-2021, and counsel should anticipate trial to begin expeditiously thereafter. 9. All counsel are under a continuing obligation and are hereby ordered to serve a copy of this order upon all unrepresented parties and upon all counsel entering an appearance subsequent to the entry of this order. ...BY THE COURT: ARNOLD NEW, J. |

| 16-SEP-2020 11:49 AM | LISTED FOR SETTLEMENT CONF | | | 16-SEP-2020 11:49 AM |
|---|---|---|---|---|
| **Docket Entry:** | *none.* | | | |
| | | | | |
| 16-SEP-2020 11:49 AM | LISTED FOR PRE-TRIAL CONF | | | 16-SEP-2020 11:49 AM |
| **Docket Entry:** | *none.* | | | |
| | | | | |
| 16-SEP-2020 11:49 AM | LISTED FOR TRIAL | | | 16-SEP-2020 11:49 AM |
| **Docket Entry:** | *none.* | | | |
| | | | | |
| 16-SEP-2020 11:49 AM | NOTICE GIVEN UNDER RULE 236 | | | 16-SEP-2020 12:38 PM |
| **Docket Entry:** | NOTICE GIVEN ON 16-SEP-2020 OF CASE MANAGEMENT ORDER ISSUED ENTERED ON 16-SEP-2020. | | | |
| | | | | |
| 17-SEP-2020 12:30 AM | NOTICE GIVEN | | | 17-SEP-2020 12:30 AM |
| **Docket Entry:** | *none.* | | | |
| | | | | |
| 17-SEP-2020 10:27 AM | PRELIM OBJECTIONS-MARKED MOOT | | | 17-SEP-2020 10:27 AM |
| **Docket Entry:** | 94-20082394 AMENDED COMPLAINT FILED 09/15/20 | | | |
| | | | | |
| 20-SEP-2020 08:42 PM | PRAECIPE-SUBSTITUTE/ATTACH | LARKIN, E DANIEL | | 21-SEP-2020 12:16 PM |
| **Documents:** | A.P.Praecipe Tendered 09 20 2020.pdf | | | |
| **Docket Entry:** | PRAECIPE TO SUBSTITUTE/ATTACH FILED. (FILED ON BEHALF OF APRIL PLOEGER) | | | |
| | | | | |
| 05-OCT-2020 03:51 PM | PRELIMINARY OBJECTIONS | GREENSPAN, LESLIE M | | 06-OCT-2020 10:49 AM |
| **Documents:** | Defendant Preliminary Objections POs to ThirdAmended Complaint_w_exh.pdf | | | |

| Docket Entry: | 98-20100498 PRELIMINARY OBJECTIONS TO PLAINTIFF'S THIRD AMENDED COMPLAINT FILED. RESPONSE DATE: 10/26/2020 (FILED ON BEHALF OF TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA) | | | |

| 19-OCT-2020 10:12 PM | STIPULATION FILED | LARKIN, E DANIEL | | 20-OCT-2020 09:02 AM |

| Documents: | Ploeger -- Stipulation to Extend.pdf |

| Docket Entry: | 98-20100498 STIPULATION TO EXTEND TIME TO FILE RESPONSE FILED. (FILED ON BEHALF OF APRIL PLOEGER) |

| 20-OCT-2020 09:02 AM | PREL OBJECT-RESP DATE UPDATED | | | 20-OCT-2020 09:02 AM |

| Docket Entry: | 98-20100498 PRELIMINARY OBJECTIONS MOTION RESPONSE DATE UPDATED TO 11/05/2020. |

| 05-NOV-2020 11:59 PM | ANSWER (MOTION/PETITION) FILED | LARKIN, E DANIEL | | 06-NOV-2020 10:04 AM |

| Documents: | A.P. Answer to P.O.s -- 11 05 2020.pdf<br>Motion CoverSheet Form |

| Docket Entry: | 98-20100498 ANSWER IN OPPOSITION OF PRELIMINARY OBJECTIONS FILED. (FILED ON BEHALF OF APRIL PLOEGER) |

| 06-NOV-2020 05:15 PM | ANSWER TO PRELIMINARY OBJCTNS | LARKIN, E DANIEL | | 09-NOV-2020 08:58 AM |

| Documents: | A.P. POs retendered at 2020-11-06_165834.pdf |

| Docket Entry: | 98-20100498 ANSWER IN OPPOSITION OF PRELIMINARY OBJECTIONS FILED. (FILED ON BEHALF OF APRIL PLOEGER) |

| 06-NOV-2020 05:20 PM | BRIEF-PRELIM. OBJECT. FILED | LARKIN, E DANIEL | | 09-NOV-2020 08:58 AM |

| Documents: | A.P. Memo of Law tendered as attachment at 2020-11-06_170156.pdf |

| Docket Entry: | 98-20100498 BRIEF IN SUPPORT OF PRELIMINARY OBJECTIONS FILED. (FILED ON BEHALF OF APRIL PLOEGER) |

| 09-NOV-2020 11:19 AM | PRELIM OBJECTIONS ASSIGNED | | | 09-NOV-2020 11:19 AM |

| Docket Entry: | 98-20100498 PRELIMINARY OBJECTIONS ASSIGNED TO JUDGE: NEW, ARNOLD L. ON DATE: NOVEMBER 09, 2020 |

| 12-NOV-2020 11:53 AM | PREL OBJECT-ASSIGNMENT UPDATED | | | 12-NOV-2020 11:53 AM |
|---|---|---|---|---|
| **Docket Entry:** | 98-20100498 REASSIGNED TO JUDGE FOGLIETTA, ANGELO ON 12-NOV-20 | | | |
| | | | | |
| 24-NOV-2020 04:10 PM | ORDER ENTERED/236 NOTICE GIVEN | FOGLIETTA, ANGELO | | 24-NOV-2020 04:10 PM |
| **Documents:** | ORDER_43.pdf | | | |
| **Docket Entry:** | 98-20100498 IT IS HEREBY ORDERED THAT DEFENDANT'S PRELIMINARY OBJECTIONS ARE HEREBY OVERRULED IN PART AND SUSTAINED IN PART. THE AVERMENTS IN PLAINTIFF'S COMPLAINT PRIOR TO 2016 ARE DISMISSED. THE AVERMENTS AGAINST DEFENDANT IN 2016 OR LATER REMAIN. IT IS FURTHER ORDERED THAT DEFENDANT'S PRELIMINARY OBJECTIONS ARE HEREBY OVERRULED. IT IS FURTHER ORDERED THAT DEFENDANT'S PRELIMINARY OBJECTIONS REGARDING PLAINTIFF'S EQUITABLE ESTOPPEL CLAIM ARE HEREBY SUSTAINED. DEFEDNANT'S REQUEST FOR COSTS AND LEGAL FEES ARE HEREBY DENIED. ...BY THE COURT: FOGLIETTA, JUDGE 11/24/2020 | | | |
| | | | | |
| 24-NOV-2020 04:10 PM | NOTICE GIVEN UNDER RULE 236 | | | 25-NOV-2020 02:53 PM |
| **Docket Entry:** | NOTICE GIVEN ON 25-NOV-2020 OF ORDER ENTERED/236 NOTICE GIVEN ENTERED ON 24-NOV-2020. | | | |
| | | | | |
| 29-NOV-2020 06:31 PM | MEMO-PRELIM. OBJECT. FILED | GREENSPAN, LESLIE M | | 30-NOV-2020 10:33 AM |
| **Documents:** | Defendant Response to Plaintiff POs to Defendant POs to Third Amended Complaint.pdf | | | |
| **Docket Entry:** | 98-20100498 MEMORANDUM IN OPPOSITION OF PRELIMINARY OBJECTIONS FILED. (FILED ON BEHALF OF TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA) | | | |
| | | | | |
| 04-DEC-2020 09:29 PM | MOTION FOR RECONSIDERATION | LARKIN, E DANIEL | | 07-DEC-2020 09:03 AM |
| **Documents:** | A.P. Motion with Brief Attached -- 2020-12-04 .pdf  Motion CoverSheet Form | | | |
| **Docket Entry:** | 06-20120606 MOTION FOR RECONSIDERATION OF JUDGE FOGLIETTA'S ORDER DATED 11/24/2020(FILED ON BEHALF OF APRIL PLOEGER) | | | |
| | | | | |
| 07-DEC-2020 01:19 PM | MOTION ASSIGNED | | | 07-DEC-2020 01:19 PM |
| **Docket** | 06-20120606 MOTION FOR RECONSIDERATION ASSIGNED TO JUDGE: | | | |

| **Entry:** | FOGLIETTA, ANGELO . ON DATE: DECEMBER 07, 2020 | | | |
|---|---|---|---|---|
| | | | | |
| 14-DEC-2020 06:50 AM | ANSWER (MOTION/PETITION) FILED | GREENSPAN, LESLIE M | | 14-DEC-2020 09:02 AM |
| **Documents:** | Defendant Response to Plaintiff Motion for Reconsideration.pdf Motion CoverSheet Form | | | |
| **Docket Entry:** | 06-20120606 ANSWER IN OPPOSITION OF MOTION FOR RECONSIDERATION FILED. (FILED ON BEHALF OF TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA) | | | |
| | | | | |
| 16-DEC-2020 01:11 PM | ORDER ENTERED/236 NOTICE GIVEN | FOGLIETTA, ANGELO | | 16-DEC-2020 01:11 PM |
| **Documents:** | ORDER_49.pdf | | | |
| **Docket Entry:** | 06-20120606 IT IS HEREBY ORDERED THAT PLAINTIFF'S MOTION IS DENIED. ...BY THE COURT: FOGLIETTA, JUDGE 12/15/2020 | | | |
| | | | | |
| 16-DEC-2020 01:11 PM | NOTICE GIVEN UNDER RULE 236 | | | 17-DEC-2020 09:56 AM |
| **Docket Entry:** | NOTICE GIVEN ON 17-DEC-2020 OF ORDER ENTERED/236 NOTICE GIVEN ENTERED ON 16-DEC-2020. | | | |
| | | | | |
| 28-JAN-2021 05:07 PM | ANSWER TO COMPLAINT FILED | GREENSPAN, LESLIE M | | 29-JAN-2021 11:29 AM |
| **Documents:** | Defendant Answer and New Matter to Third Amended Complaint_01.28.21_final.pdf | | | |
| **Docket Entry:** | ANSWER WITH NEW MATTER TO PLAINTIFF'S AMENDED COMPLAINT FILED. (FILED ON BEHALF OF TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA) | | | |
| | | | | |
| 05-APR-2021 07:09 AM | REPLY TO NEW MATTER | LARKIN, E DANIEL | | 05-APR-2021 02:23 PM |
| **Documents:** | Reply to New Matter.pdf | | | |
| **Docket Entry:** | REPLY TO NEW MATTER OF TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA FILED. (FILED ON BEHALF OF APRIL PLOEGER) ENTRY OF APPEARANCE FILED ON BEHALF OF APRIL PLOEGER. | | | |
| | | | | |
| 04-JUN-2021 05:22 PM | DISCOVERY MOTION FILED | GREENSPAN, LESLIE M | | 06-JUN-2021 05:17 PM |
| **Documents:** | Final Defendant Motion to Compel Plaintiff Deposition_6.4.21.pdf | | | |
| **Docket Entry:** | 26-21061026 MOTION TO COMPEL DEPOSITION. CERTIFICATION DUE DATE: 06/14/2021. RESPONSE DATE: 06/21/2021. (FILED ON BEHALF OF TRUSTEES | | | |

OF THE UNIVERSITY OF PENNSYLVANIA)

| 04-JUN-2021 05:27 PM | DISCOVERY MOTION FILED | GREENSPAN, LESLIE M | | 06-JUN-2021 05:18 PM |
|---|---|---|---|---|
| **Documents:** | Final Defendant Motion to Compel Plaintiff Discovery Responses_6.4.21.pdf | | | |
| **Docket Entry:** | 27-21061027 MOTION TO COMPEL REQUEST FOR PRODUCTION. CERTIFICATION DUE DATE: 06/14/2021. RESPONSE DATE: 06/21/2021. (FILED ON BEHALF OF TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA) | | | |

| 04-JUN-2021 06:41 PM | DISCOVERY MOTION FILED | GREENSPAN, LESLIE M | | 06-JUN-2021 05:24 PM |
|---|---|---|---|---|
| **Documents:** | Final Defendant Motion to Compel Plaintiff Deposition_6.4.21(efiled).pdf | | | |
| **Docket Entry:** | 29-21061029 MOTION TO COMPEL DEPOSITION. CERTIFICATION DUE DATE: 06/14/2021. RESPONSE DATE: 06/21/2021. (FILED ON BEHALF OF TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA) | | | |

| 04-JUN-2021 06:47 PM | DISCOVERY MOTION FILED | GREENSPAN, LESLIE M | | 06-JUN-2021 05:28 PM |
|---|---|---|---|---|
| **Documents:** | Final Defendant Motion to Compel Plaintiff Discovery Responses_6.4.21(efile).pdf | | | |
| **Docket Entry:** | 31-21061031 MOTION TO COMPEL REQUEST FOR PRODUCTION. CERTIFICATION DUE DATE: 06/14/2021. RESPONSE DATE: 06/21/2021. (FILED ON BEHALF OF TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA) | | | |

| 07-JUN-2021 02:54 PM | MOTION/PETITION/STIP WITHDRAWN | GREENSPAN, LESLIE M | | 07-JUN-2021 03:40 PM |
|---|---|---|---|---|
| **Documents:** | Praecipe to Withdraw Discovery Motion_re Plt Dep_Final.pdf | | | |
| **Docket Entry:** | 26-21061026 PRAECIPE TO WITHDRAW MOTION. (FILED ON BEHALF OF TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA) | | | |

| 07-JUN-2021 02:56 PM | MOTION/PETITION/STIP WITHDRAWN | GREENSPAN, LESLIE M | | 07-JUN-2021 03:40 PM |
|---|---|---|---|---|
| **Documents:** | Praecipe to Withdraw Discovery Motion re Roggs and RFP_Final.pdf | | | |
| **Docket Entry:** | 27-21061027 PRAECIPE TO WITHDRAW MOTION. (FILED ON BEHALF OF TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA) | | | |

| 11-JUN-2021 08:28 PM | MISCELLANEOUS MOTION/PETITION | LARKIN, E DANIEL | | 14-JUN-2021 08:54 AM |
|---|---|---|---|---|
| **Documents:** | A.Pl. v. EDL Motion to Withdraw.pdf | | | |

| | | | |
|---|---|---|---|
| | Motion CoverSheet Form | | |
| **Docket Entry:** | 92-21062492 RESPONSE DATE 07/06/2021. MOTION BY PLAINTIFF'S COUNSEL FOR LEAVE TO WITHDRAW (FILED ON BEHALF OF DAN LARKIN) | | |
| | | | |
| 14-JUN-2021 01:21 PM | CERT MOTION IS CONTESTED | GREENSPAN, LESLIE M | 14-JUN-2021 01:35 PM |
| **Documents:** | UOP Praecipe for Contested Discovery Motion re plaintiff dep.pdf | | |
| **Docket Entry:** | 29-21061029 MOTION IS CONTESTED. (FILED ON BEHALF OF TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA) | | |
| | | | |
| 14-JUN-2021 01:22 PM | CERT MOTION IS CONTESTED | GREENSPAN, LESLIE M | 14-JUN-2021 01:36 PM |
| **Documents:** | Praecipe for Contested Discovery Motion re discovery responses.pdf | | |
| **Docket Entry:** | 31-21061031 MOTION IS CONTESTED. (FILED ON BEHALF OF TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA) | | |
| | | | |
| 16-JUN-2021 05:08 PM | MISCELLANEOUS MOTION/PETITION | LARKIN, E DANIEL | 17-JUN-2021 08:27 AM |
| **Documents:** | Emergency motion for stay.pdf<br>Motion for stay -- Proposed Order.pdf<br>Memo of law.pdf<br>Emergency motion for stay - Exhibit A.pdf<br>Emergency motion for stay - Exhibit B.pdf<br>Emergency motion for stay - Exhibit C (1).pdf<br>Emergency motion for stay - Exhibit D.pdf<br>cert of service.pdf<br>Motion CoverSheet Form | | |
| **Docket Entry:** | 05-21063105 EMERGENCY MOTION FOR STAY -- PLAINTIFF'S COUNSEL HAS MOVED TO WITHDRAW (FILED ON BEHALF OF E. DANIEL LARKIN) | | |
| | | | |
| 17-JUN-2021 08:29 AM | MOTION ASSIGNED | | 17-JUN-2021 08:29 AM |
| **Docket Entry:** | 05-21063105 MISCELLANEOUS MOTION/PETITION ASSIGNED TO JUDGE: JUDGE, EMERGENCY . ON DATE: JUNE 17, 2021 | | |
| | | | |
| 17-JUN-2021 09:18 AM | ORDER ENTERED/236 NOTICE GIVEN | PATRICK, PAULA | 17-JUN-2021 12:00 AM |
| **Documents:** | ORDER_64.pdf | | |
| **Docket Entry:** | 05-21063105 UPON CONSIDERATION OF THE EMERGENCY MOTION TO STAY FILED BY PLAINTIFF?S COUNSEL, AND THE COURT HAVING DETERMINED THAT NO EMERGENCY BASIS EXISTS FOR THE RELIEF REQUESTED, IT IS HEREBY ORDERED AND DECREED THAT THE MOTION SHALL PROCEED | | |

THROUGH THE NORMAL COURT PROCESS. ...BY THE COURT: PATRICK, J. 06/17/2021

| | | | | |
|---|---|---|---|---|
| 17-JUN-2021 09:18 AM | NOTICE GIVEN UNDER RULE 236 | | | 21-JUN-2021 08:52 AM |
| **Docket Entry:** | NOTICE GIVEN ON 21-JUN-2021 OF ORDER ENTERED/236 NOTICE GIVEN ENTERED ON 17-JUN-2021. | | | |
| 17-JUN-2021 09:20 AM | MOTION ASSIGNMENT UPDATED | | | 17-JUN-2021 09:20 AM |
| **Docket Entry:** | 05-21063105 REASSIGNED TO JUDGE NEW, ARNOLD L ON 17-JUN-21 | | | |
| 21-JUN-2021 11:16 PM | ANSWER (MOTION/PETITION) FILED | LARKIN, E DANIEL | | 22-JUN-2021 09:19 AM |
| **Documents:** | Response - Interrogatories.pdf<br>Motion CoverSheet Form | | | |
| **Docket Entry:** | 31-21061031 ANSWER IN OPPOSITION OF DISCOVERY MOTION FILED FILED. (FILED ON BEHALF OF APRIL PLOEGER) | | | |
| 21-JUN-2021 11:20 PM | ANSWER (MOTION/PETITION) FILED | LARKIN, E DANIEL | | 22-JUN-2021 09:20 AM |
| **Documents:** | Response -- Deposition.pdf<br>Motion CoverSheet Form | | | |
| **Docket Entry:** | 29-21061029 ANSWER IN OPPOSITION OF DISCOVERY MOTION FILED FILED. (FILED ON BEHALF OF APRIL PLOEGER) | | | |
| 24-JUN-2021 01:01 PM | LISTED FOR DISCOVERY HEARING | | | 24-JUN-2021 01:01 PM |
| **Docket Entry:** | 29-21061029 DISCOVERY MOTION FILED SCHEDULED FOR A HEARING ON JULY 12, 2021 AT 09:00 AM IN REMOTE HEARING VIA ADVANCED COMMUN. TECH. | | | |
| 24-JUN-2021 01:01 PM | LISTED FOR DISCOVERY HEARING | | | 24-JUN-2021 01:01 PM |
| **Docket Entry:** | 31-21061031 DISCOVERY MOTION FILED SCHEDULED FOR A HEARING ON JULY 12, 2021 AT 09:00 AM IN REMOTE HEARING VIA ADVANCED COMMUN. TECH. | | | |
| 26-JUN-2021 12:30 AM | NOTICE GIVEN-DISCOVERY HEARING | | | 26-JUN-2021 12:30 AM |

| Documents: | CLNGD_71.pdf | | | |
|---|---|---|---|---|
| **Docket Entry:** | *none.* | | | |
| | | | | |
| 26-JUN-2021 12:30 AM | NOTICE GIVEN-DISCOVERY HEARING | | | 26-JUN-2021 12:30 AM |
| **Documents:** | CLNGD_72.pdf | | | |
| **Docket Entry:** | *none.* | | | |
| | | | | |
| 26-JUN-2021 12:30 AM | NOTICE GIVEN UNDER RULE 236 | | | 07-JUL-2021 02:39 PM |
| **Docket Entry:** | NOTICE GIVEN ON 07-JUL-2021 OF NOTICE GIVEN-DISCOVERY HEARING ENTERED ON 26-JUN-2021. | | | |
| | | | | |
| 02-JUL-2021 03:42 PM | MOTION ASSIGNMENT UPDATED | | | 02-JUL-2021 03:42 PM |
| **Docket Entry:** | 05-21063105 REASSIGNED TO JUDGE SHREEVES-JOHNS, KAREN ON 06-JUL-21 | | | |
| | | | | |
| 08-JUL-2021 02:09 PM | MOTION ASSIGNED | | | 08-JUL-2021 02:09 PM |
| **Docket Entry:** | 92-21062492 MISCELLANEOUS MOTION/PETITION ASSIGNED TO JUDGE: SHREEVES-JOHNS, KAREN . ON DATE: JULY 08, 2021 | | | |
| | | | | |
| 09-JUL-2021 03:05 PM | ORDER ENTERED/236 NOTICE GIVEN | NEW, ARNOLD L | | 09-JUL-2021 03:07 PM |
| **Documents:** | ORDER_76.pdf | | | |
| **Docket Entry:** | 29-21061029 UPON REQUEST FOR A CONTINUANCE FOR THE DISCOVERY HEARING IN THE ABOVE CAPTIONED MATTER BY PLAINTIFF, UNOPPOSED BY DEFENDANT, IT IS HEREBY ORDERED AND DECREED THE DISCOVERY HEARING IN THIS MATTER SCHEDULED FOR JULY 12, 2021 IS HEREBY CONTINUED AND THIS MATTER WILL BE RE-LISTED FOR A DISCOVERY HEARINHG IN APPROXIMATELY THIRTY (30) DAYS. ...BY THE COURT: NEW, JUDGE 07/09/2021 | | | |
| | | | | |
| 09-JUL-2021 03:05 PM | NOTICE GIVEN UNDER RULE 236 | | | 09-JUL-2021 03:34 PM |
| **Docket Entry:** | NOTICE GIVEN ON 09-JUL-2021 OF ORDER ENTERED/236 NOTICE GIVEN ENTERED ON 09-JUL-2021. | | | |

| 09-JUL-2021 03:07 PM | ORDER ENTERED/236 NOTICE GIVEN | NEW, ARNOLD L | | 09-JUL-2021 03:07 PM |
|---|---|---|---|---|
| **Documents:** | ORDER_77.pdf | | | |
| **Docket Entry:** | 31-21061031 UPON REQUEST FOR A CONTINUANCE FOR THE DISCOVERY HEARING IN THE ABOVE CAPTIONED MATTER BY PLAINTIFF, UNOPPOSED BY DEFENDANT, IT IS HEREBY ORDERED AND DECREED THE DISCOVERY HEARING IN THIS MATTER SCHEDULED FOR JULY 12, 2021 IS HEREBY CONTINUED AND THIS MATTER WILL BE RE-LISTED FOR A DISCOVERY HEARINHG IN APPROXIMATELY THIRTY (30) DAYS. ...BY THE COURT: NEW, JUDGE 07/09/2021 | | | |
| | | | | |
| 09-JUL-2021 03:07 PM | NOTICE GIVEN UNDER RULE 236 | | | 09-JUL-2021 03:34 PM |
| **Docket Entry:** | NOTICE GIVEN ON 09-JUL-2021 OF ORDER ENTERED/236 NOTICE GIVEN ENTERED ON 09-JUL-2021. | | | |
| | | | | |
| 09-JUL-2021 03:39 PM | REFUND OF FEES/PROTHY APPROVED | | | 09-JUL-2021 12:00 AM |
| **Docket Entry:** | CHECK #11087 IN THE AMOUNT OF $52.68 WAS DISBURSED TO TUCKER LAW GROUP. DUPLICATE FILING CHECK #11088 IN THE AMOUNT OF $52.68 WAS DISBURSED TO TUCKER LAW GROUP. DUPLICATE FILING | | | |
| | | | | |
| 12-JUL-2021 01:06 PM | MOTION ASSIGNMENT UPDATED | | | 12-JUL-2021 01:06 PM |
| **Docket Entry:** | 31-21061031 REASSIGNED TO JUDGE SHREEVES-JOHNS, KAREN ON 12-JUL-21 | | | |
| | | | | |
| 12-JUL-2021 01:06 PM | MOTION ASSIGNMENT UPDATED | | | 12-JUL-2021 01:06 PM |
| **Docket Entry:** | 29-21061029 REASSIGNED TO JUDGE SHREEVES-JOHNS, KAREN ON 12-JUL-21 | | | |
| | | | | |
| 12-JUL-2021 01:08 PM | LISTED FOR DISCOVERY HEARING | | | 12-JUL-2021 01:08 PM |
| **Docket Entry:** | 29-21061029 DISCOVERY MOTION FILED SCHEDULED FOR A HEARING ON AUGUST 11, 2021 AT 1:30 PM IN REMOTE HEARING VIA ADVANCED COMMUN. TECH. | | | |
| | | | | |
| 12-JUL-2021 01:09 PM | LISTED FOR DISCOVERY HEARING | | | 12-JUL-2021 01:09 PM |

| | | | | |
|---|---|---|---|---|
| **Docket Entry:** | 31-21061031 DISCOVERY MOTION FILED SCHEDULED FOR A HEARING ON AUGUST 11, 2021 AT 1:30 PM IN REMOTE HEARING VIA ADVANCED COMMUN. TECH. | | | |
| | | | | |
| 14-JUL-2021 12:30 AM | NOTICE GIVEN-DISCOVERY HEARING | | | 14-JUL-2021 12:30 AM |
| **Docket Entry:** | *none.* | | | |
| | | | | |
| 14-JUL-2021 12:30 AM | NOTICE GIVEN-DISCOVERY HEARING | | | 14-JUL-2021 12:30 AM |
| **Docket Entry:** | *none.* | | | |
| | | | | |
| 26-JUL-2021 03:53 PM | LISTED FOR SETTLEMENT CONF | | | 26-JUL-2021 03:53 PM |
| **Docket Entry:** | *none.* | | | |
| | | | | |
| 26-JUL-2021 03:53 PM | CONFERENCE DATE SET | | | 26-JUL-2021 03:53 PM |
| **Docket Entry:** | *none.* | | | |
| | | | | |
| 28-JUL-2021 12:31 AM | NOTICE GIVEN | | | 28-JUL-2021 12:31 AM |
| **Docket Entry:** | OF SETTLEMENT CONFERENCE SCHEDULED FOR 12-AUG-2021. | | | |
| | | | | |
| 12-AUG-2021 02:16 PM | CASE RESCHEDULED BY COURT | | | 12-AUG-2021 02:16 PM |
| **Docket Entry:** | *none.* | | | |
| | | | | |
| 12-AUG-2021 02:16 PM | CASE RESCHEDULED BY COURT | | | 12-AUG-2021 02:16 PM |
| **Docket Entry:** | *none.* | | | |
| | | | | |
| 12-AUG-2021 | LISTED FOR DISCOVERY | | | 12-AUG-2021 |

| | | | | |
|---|---|---|---|---|
| 02:16 PM | HEARING | | | 02:16 PM |
| **Docket Entry:** | 29-21061029 DISCOVERY MOTION FILED SCHEDULED FOR A HEARING ON AUGUST 25, 2021 AT 1:30 IN REMOTE HEARING VIA ADVANCED COMMUN. TECH | | | |
| | | | | |
| 12-AUG-2021 02:17 PM | LISTED FOR DISCOVERY HEARING | | | 12-AUG-2021 02:17 PM |
| **Docket Entry:** | 31-21061031 DISCOVERY MOTION FILED SCHEDULED FOR A HEARING ON AUGUST 25, 2021 AT 1:30 IN REMOTE HEARING VIA ADVANCED COMMUN. TECH | | | |
| | | | | |
| 14-AUG-2021 12:30 AM | NOTICE GIVEN-DISCOVERY HEARING | | | 14-AUG-2021 12:30 AM |
| **Docket Entry:** | *none.* | | | |
| | | | | |
| 14-AUG-2021 12:30 AM | NOTICE GIVEN-DISCOVERY HEARING | | | 14-AUG-2021 12:30 AM |
| **Docket Entry:** | *none.* | | | |
| | | | | |
| 18-AUG-2021 10:21 AM | CASE RESCHEDULED BY COURT | | | 18-AUG-2021 10:21 AM |
| **Docket Entry:** | *none.* | | | |
| | | | | |
| 18-AUG-2021 10:21 AM | CASE RESCHEDULED BY COURT | | | 18-AUG-2021 10:21 AM |
| **Docket Entry:** | *none.* | | | |
| | | | | |
| 18-AUG-2021 10:26 AM | LISTED FOR DISCOVERY HEARING | | | 18-AUG-2021 10:26 AM |
| **Docket Entry:** | 29-21061029 DISCOVERY MOTION FILED SCHEDULED FOR A HEARING ON SEPTEMBER 8, 2021 AT 1:30 IN REMOTE HEARING VIA ADVANCED COMMUN. TECH | | | |
| | | | | |
| 18-AUG-2021 10:26 AM | LISTED FOR DISCOVERY HEARING | | | 18-AUG-2021 10:26 AM |
| **Docket Entry:** | 31-21061031 DISCOVERY MOTION FILED SCHEDULED FOR A HEARING ON SEPTEMBER 8, 2021 AT 1:30 IN REMOTE HEARING VIA ADVANCED COMMUN. | | | |

| | TECH | | | |
|---|---|---|---|---|
| 20-AUG-2021 12:30 AM | NOTICE GIVEN-DISCOVERY HEARING | | | 20-AUG-2021 12:30 AM |
| **Docket Entry:** | *none.* | | | |

| | | | | |
|---|---|---|---|---|
| 20-AUG-2021 12:30 AM | NOTICE GIVEN-DISCOVERY HEARING | | | 20-AUG-2021 12:30 AM |
| **Docket Entry:** | *none.* | | | |

| | | | | |
|---|---|---|---|---|
| 25-AUG-2021 09:19 AM | CASE RESCHEDULED BY COURT | SHREEVES-JOHNS, K | | 25-AUG-2021 09:19 AM |
| **Docket Entry:** | *none.* | | | |

| | | | | |
|---|---|---|---|---|
| 08-SEP-2021 02:25 PM | RULE ISSUED | SHREEVES-JOHNS, K | | 08-SEP-2021 02:28 PM |
| **Documents:** | RLFIS_103.pdf | | | |
| **Docket Entry:** | 92-21062492 A RULE IS ISSUED TO SHOW CAUSE WHY ATTORNEY E. DANIEL LARKIN ESQ. , SHOULD BE GRANTED LEAVE TO WITHDRAW AS COUNSEL FOR PLAINTIFF, APRIL PLOEGER. RULE RETURNABLE VIA ZOOM VIRTUAL COURTROOM VIDEO CONFERENCE SCHEDULED FOR SEPTEMBER 23, 2021 AT 10:00 AM. ALL COUNSEL AND UNREPRESENTED PARTIES SHALL APPEAR VIA VIDEO CONFERENCE. THE MOVING ATTORNEY SHALL PROMPTLY SERVE THEIR CLIENT WITH A COPY OF THIS ORDER AND SUBMIT PROOF OF SERVICE TO THE COURT(1). IT IS FURTHER ORDERED AS FOLLOWS: SEE ORDER FOR COMPLETE TERMS AND FOOTNOTE. ...BY THE COURT: SHREEVES-JOHNS, JUDGE 09/08/2021 | | | |

| | | | | |
|---|---|---|---|---|
| 08-SEP-2021 02:25 PM | NOTICE GIVEN UNDER RULE 236 | | | 09-SEP-2021 05:01 PM |
| **Docket Entry:** | NOTICE GIVEN ON 09-SEP-2021 OF RULE ISSUED ENTERED ON 08-SEP-2021. | | | |

| | | | | |
|---|---|---|---|---|
| 08-SEP-2021 02:29 PM | MOTION HEARING SCHEDULED | | | 08-SEP-2021 02:29 PM |
| **Docket Entry:** | 92-21062492 | | | |

| 20-SEP-2021 03:12 PM | WITHDRAWAL OF APPEARANCE | LARKIN, E DANIEL | | 20-SEP-2021 03:13 PM |
|---|---|---|---|---|
| **Documents:** | Affidavit of Fuchs, Esq. on behalf of A. Ploeger -- 2021-09-20_150353.pdf | | | |
| **Docket Entry:** | WITHDRAWAL OF APPEARANCE OF E DANIEL. LARKIN FILED. (FILED ON BEHALF OF APRIL PLOEGER) | | | |
| | | | | |
| 21-SEP-2021 10:04 AM | ACCEPTANCE OF SERVICE FILED | LARKIN, E DANIEL | | 21-SEP-2021 10:08 AM |
| **Documents:** | Affidavit of Fuchs, Esq. on behalf of A. Ploeger -- 2021-09-20_150353.pdf | | | |
| **Docket Entry:** | SERVICE OF WITHDRAW AS COUNSEL ACCEPTED BY APRIL PLOEGER ON 09/17/2021 FILED. (FILED ON BEHALF OF APRIL PLOEGER) | | | |
| | | | | |
| 23-SEP-2021 03:02 PM | MOT-FOR EXTRAORDINARY RELIEF | GREENSPAN, LESLIE M | | 23-SEP-2021 03:08 PM |
| **Documents:** | 2021.09.23 - Def Mtn for Extraordinary Relief.pdf<br>Motion CoverSheet Form | | | |
| **Docket Entry:** | 71-21094371 RESPONSE DATE 10/04/2021. (FILED ON BEHALF OF TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA) | | | |
| | | | | |
| 23-SEP-2021 05:35 PM | PRAECIPE TO SUPPL/ATTACH FILED | LARKIN, E DANIEL | | 24-SEP-2021 09:32 AM |
| **Documents:** | Praecipe to Attach and Exhibit 2021-09-23.pdf | | | |
| **Docket Entry:** | 92-21062492 PRAECIPE TO SUPPLEMENT/ATTACH RE: MISCELLANEOUS MOTION/PETITION FILED. (FILED ON BEHALF OF APRIL PLOEGER) | | | |
| | | | | |
| 27-SEP-2021 10:43 AM | STAYED BY ORDER OF COURT | SHREEVES-JOHNS, K | | 27-SEP-2021 10:43 AM |
| **Documents:** | ORDST_110.pdf | | | |
| **Docket Entry:** | 92-21062492 IT IS HEREBY ORDERED AND DECREED THAT SAID MOTIONS ARE GRANTED. COUNSEL IS GRANTED LEAVE TO WITHDRAW AS PLAINTIFF'S COUNSEL. WITHIN TEN (10) DAYS OF THE DOCKETING OF THIS ORDER , COUNSEL SHALL FILE A PRAECIPE TO WITHDRAW AS COUNSEL WITH THE OFFICE OF JUDICIAL RECORDS, ATTACHING AN AFFIDAVIT OF SERVICE CERTIFYING THAT THIS ORDER HAS BEEN SENT TO THE CLIENT(S) AND ALSO UPDATING THE OFFICE OF JUDICIAL RECORS WITH THE ADDRESS(ES) UPON WHICH ALL FURTHER NOTICES FROM THE COURT SHALL BE SENT TO THE CLIENT(S). IT IS FURTHER ORDERED AND DECREED THAT PLAINTIFF SHALL HAVE SIXTY(60) DAYS FROM THE ENTRY OF THIS ORDER TO SEEK NEW COUNSEL OR DECIDE TO PROCEED PRO SE. IT IS FURTHER ORDERED AND DECREED THAT THIS MATTER SHALL BE STAYED DURING THE ABOVE MENTIONED SIXTY (60) DAY PERIOD DURING WHICH NO MOTIONS WILL BE ACCEPTED FOR FILING.IT IS FURTHER | | | |

ORDERED AND DECREED THAT DEFENDANTS DISCOVERY MOTIONS FILED UNDER CONTROL NUMBER 21061029 AND 21061031 ARE DEEMED MOOT BY OPERATION OF THE STAY IN THIS MATTER. ...BY THE COURT: SHREEVES-JOHNS, JUDGE 09/23/2021

| 27-SEP-2021 10:43 AM | NOTICE GIVEN UNDER RULE 236 | | | 27-SEP-2021 03:24 PM |
|---|---|---|---|---|
| **Docket Entry:** | NOTICE GIVEN ON 27-SEP-2021 OF STAYED BY ORDER OF COURT ENTERED ON 27-SEP-2021. | | | |

| 27-SEP-2021 10:45 AM | ORDER ENTERED/236 NOTICE GIVEN | SHREEVES-JOHNS, K | | 27-SEP-2021 10:45 AM |
|---|---|---|---|---|
| **Documents:** | ORDER_111.pdf | | | |
| **Docket Entry:** | 29-21061029 IT IS HEREBY ORDERED AND DECREED THAT SAID MOTIONS ARE GRANTED. COUNSEL IS GRANTED LEAVE TO WITHDRAW AS PLAINTIFF'S COUNSEL. WITHIN TEN (10) DAYS OF THE DOCKETING OF THIS ORDER , COUNSEL SHALL FILE A PRAECIPE TO WITHDRAW AS COUNSEL WITH THE OFFICE OF JUDICIAL RECORDS, ATTACHING AN AFFIDAVIT OF SERVICE CERTIFYING THAT THIS ORDER HAS BEEN SENT TO THE CLIENT(S) AND ALSO UPDATING THE OFFICE OF JUDICIAL RECORS WITH THE ADDRESS(ES) UPON WHICH ALL FURTHER NOTICES FROM THE COURT SHALL BE SENT TO THE CLIENT(S). IT IS FURTHER ORDERED AND DECREED THAT PLAINTIFF SHALL HAVE SIXTY(60) DAYS FROM THE ENTRY OF THIS ORDER TO SEEK NEW COUNSEL OR DECIDE TO PROCEED PRO SE. IT IS FURTHER ORDERED AND DECREED THAT THIS MATTER SHALL BE STAYED DURING THE ABOVE MENTIONED SIXTY (60) DAY PERIOD DURING WHICH NO MOTIONS WILL BE ACCEPTED FOR FILING.IT IS FURTHER ORDERED AND DECREED THAT DEFENDANTS DISCOVERY MOTIONS FILED UNDER CONTROL NUMBER 21061029 AND 21061031 ARE DEEMED MOOT BY OPERATION OF THE STAY IN THIS MATTER. ...BY THE COURT: SHREEVES-JOHNS, JUDGE 09/23/2021 | | | |

| 27-SEP-2021 10:45 AM | NOTICE GIVEN UNDER RULE 236 | | | 27-SEP-2021 03:24 PM |
|---|---|---|---|---|
| **Docket Entry:** | NOTICE GIVEN ON 27-SEP-2021 OF ORDER ENTERED/236 NOTICE GIVEN ENTERED ON 27-SEP-2021. | | | |

| 27-SEP-2021 10:45 AM | ORDER ENTERED/236 NOTICE GIVEN | SHREEVES-JOHNS, K | | 27-SEP-2021 10:45 AM |
|---|---|---|---|---|
| **Documents:** | ORDER_112.pdf | | | |
| **Docket Entry:** | 31-21061031 IT IS HEREBY ORDERED AND DECREED THAT SAID MOTIONS ARE GRANTED. COUNSEL IS GRANTED LEAVE TO WITHDRAW AS PLAINTIFF'S COUNSEL. WITHIN TEN (10) DAYS OF THE DOCKETING OF THIS ORDER , COUNSEL SHALL FILE A PRAECIPE TO WITHDRAW AS COUNSEL WITH THE OFFICE OF JUDICIAL RECORDS, ATTACHING AN AFFIDAVIT OF | | | |

SERVICE CERTIFYING THAT THIS ORDER HAS BEEN SENT TO THE CLIENT(S) AND ALSO UPDATING THE OFFICE OF JUDICIAL RECORS WITH THE ADDRESS(ES) UPON WHICH ALL FURTHER NOTICES FROM THE COURT SHALL BE SENT TO THE CLIENT(S). IT IS FURTHER ORDERED AND DECREED THAT PLAINTIFF SHALL HAVE SIXTY(60) DAYS FROM THE ENTRY OF THIS ORDER TO SEEK NEW COUNSEL OR DECIDE TO PROCEED PRO SE. IT IS FURTHER ORDERED AND DECREED THAT THIS MATTER SHALL BE STAYED DURING THE ABOVE MENTIONED SIXTY (60) DAY PERIOD DURING WHICH NO MOTIONS WILL BE ACCEPTED FOR FILING.IT IS FURTHER ORDERED AND DECREED THAT DEFENDANTS DISCOVERY MOTIONS FILED UNDER CONTROL NUMBER 21061029 AND 21061031 ARE DEEMED MOOT BY OPERATION OF THE STAY IN THIS MATTER. ...BY THE COURT: SHREEVES-JOHNS, JUDGE 09/23/2021

| 27-SEP-2021 10:45 AM | NOTICE GIVEN UNDER RULE 236 | | | 27-SEP-2021 03:24 PM |
|---|---|---|---|---|
| **Docket Entry:** | NOTICE GIVEN ON 27-SEP-2021 OF ORDER ENTERED/236 NOTICE GIVEN ENTERED ON 27-SEP-2021. | | | |

| 27-SEP-2021 10:46 AM | ORDER ENTERED/236 NOTICE GIVEN | SHREEVES-JOHNS, K | | 27-SEP-2021 10:46 AM |
|---|---|---|---|---|
| **Documents:** | ORDER_113.pdf | | | |
| **Docket Entry:** | 05-21063105 IT IS HEREBY ORDERED AND DECREED THAT SAID MOTIONS ARE GRANTED. COUNSEL IS GRANTED LEAVE TO WITHDRAW AS PLAINTIFF'S COUNSEL. WITHIN TEN (10) DAYS OF THE DOCKETING OF THIS ORDER , COUNSEL SHALL FILE A PRAECIPE TO WITHDRAW AS COUNSEL WITH THE OFFICE OF JUDICIAL RECORDS, ATTACHING AN AFFIDAVIT OF SERVICE CERTIFYING THAT THIS ORDER HAS BEEN SENT TO THE CLIENT(S) AND ALSO UPDATING THE OFFICE OF JUDICIAL RECORS WITH THE ADDRESS(ES) UPON WHICH ALL FURTHER NOTICES FROM THE COURT SHALL BE SENT TO THE CLIENT(S). IT IS FURTHER ORDERED AND DECREED THAT PLAINTIFF SHALL HAVE SIXTY(60) DAYS FROM THE ENTRY OF THIS ORDER TO SEEK NEW COUNSEL OR DECIDE TO PROCEED PRO SE. IT IS FURTHER ORDERED AND DECREED THAT THIS MATTER SHALL BE STAYED DURING THE ABOVE MENTIONED SIXTY (60) DAY PERIOD DURING WHICH NO MOTIONS WILL BE ACCEPTED FOR FILING.IT IS FURTHER ORDERED AND DECREED THAT DEFENDANTS DISCOVERY MOTIONS FILED UNDER CONTROL NUMBER 21061029 AND 21061031 ARE DEEMED MOOT BY OPERATION OF THE STAY IN THIS MATTER. ...BY THE COURT: SHREEVES-JOHNS, JUDGE 09/23/2021 | | | |

| 27-SEP-2021 10:46 AM | NOTICE GIVEN UNDER RULE 236 | | | 27-SEP-2021 03:24 PM |
|---|---|---|---|---|
| **Docket Entry:** | NOTICE GIVEN ON 27-SEP-2021 OF ORDER ENTERED/236 NOTICE GIVEN ENTERED ON 27-SEP-2021. | | | |

| 27-SEP-2021 10:54 AM | ORDER ENTERED/236 NOTICE GIVEN | SHREEVES-JOHNS, K | | 27-SEP-2021 10:54 AM |
|---|---|---|---|---|
| **Documents:** | ORDER_114.pdf | | | |
| **Docket Entry:** | 71-21094371 IT IS HEREBY ORDERED AND DECREED THAT THE MOTION FOR EXTRA RELIEF IS GRANTED . IT IS FURTHER ORDERED THAT ALL COURT DEADLINES ARE EXTENDED BY 6 MONTHS, AND THE COURT WILL ISSUE A NEW CASE MANAGEMENT ORDER. ...BY THE COURT: SHREEVES-JOHNS, JUDGE 09/27/2021 | | | |
| | | | | |
| 27-SEP-2021 10:54 AM | NOTICE GIVEN UNDER RULE 236 | | | 27-SEP-2021 03:24 PM |
| **Docket Entry:** | NOTICE GIVEN ON 27-SEP-2021 OF ORDER ENTERED/236 NOTICE GIVEN ENTERED ON 27-SEP-2021. | | | |
| | | | | |
| 27-SEP-2021 10:55 AM | REVISED CASE MGMT ORDER ISSUED | | | 27-SEP-2021 12:00 AM |
| **Documents:** | RVCMO_115.pdf | | | |
| **Docket Entry:** | REVISED CASE MANAGEMENT ORDER - Be advised that the Case Management Order issued for the above-captioned action has been revised as follows: All discovery shall be completed not later than 06-DEC-2021. Plaintiff shall submit expert reports not later than 06-DEC-2021. Defendant shall submit expert reports not later than 03-JAN-2022. All pre-trial motions other than motions in limine shall be filed not later than 03-JAN-2022. A settlement conference will be scheduled any time after 03-JAN-2022. A pre-trial conference will be scheduled at any time after 07-MAR-2022. It is expected that this case shall be ready for trial by 04-APR-2022. All other terms and conditions on the original Case Management Order will remain in full force and effect. ...BY THE COURT: KAREN SHREEVES-JOHNS, J. | | | |
| | | | | |
| 27-SEP-2021 10:55 AM | NOTICE GIVEN UNDER RULE 236 | | | 27-SEP-2021 03:24 PM |
| **Docket Entry:** | NOTICE GIVEN ON 27-SEP-2021 OF REVISED CASE MGMT ORDER ISSUED ENTERED ON 27-SEP-2021. | | | |
| | | | | |
| 27-SEP-2021 11:09 AM | LISTED FOR SETTLEMENT CONF | | | 27-SEP-2021 11:09 AM |
| **Docket Entry:** | *none.* | | | |
| | | | | |
| 27-SEP-2021 02:41 PM | PRAECIPE TO SUPPL/ATTACH FILED | GREENSPAN, LESLIE M | | 27-SEP-2021 02:44 PM |
| **Documents:** | Praecipe to Attach Supplemental COS.pdf | | | |
| | | | | |

| Docket Entry: | 71-21094371 PRAECIPE TO SUPPLEMENT/ATTACH RE: MOT-FOR EXTRAORDINARY RELIEF FILED. (FILED ON BEHALF OF TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA) |
|---|---|

| 05-OCT-2021 03:33 PM | WITHDRAWAL OF APPEARANCE | LARKIN, E DANIEL | | 05-OCT-2021 03:40 PM |
|---|---|---|---|---|
| **Documents:** | Withdraw Appearance.pdf | | | |
| **Docket Entry:** | WITHDRAWAL OF APPEARANCE OF E DANIEL. LARKIN FILED. (FILED ON BEHALF OF APRIL PLOEGER) | | | |

| 08-OCT-2021 05:37 PM | MOTION FOR RECONSIDERATION | GREENSPAN, LESLIE M | | 12-OCT-2021 09:55 AM |
|---|---|---|---|---|
| **Documents:** | 10.8.21 Ploeger v. UOP Reconsideration Motion_final.pdf<br>Motion CoverSheet Form | | | |
| **Docket Entry:** | 58-21101958 MOTION FOR RECONSIDERATION (FILED ON BEHALF OF TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA) | | | |

| 12-OCT-2021 11:19 AM | MOTION ASSIGNED | | | 12-OCT-2021 11:19 AM |
|---|---|---|---|---|
| **Docket Entry:** | 58-21101958 MOTION FOR RECONSIDERATION ASSIGNED TO JUDGE: SHREEVES-JOHNS, K . ON DATE: OCTOBER 12, 2021 | | | |

| 06-DEC-2021 10:53 AM | DISCOVERY MOTION FILED | GREENSPAN, LESLIE M | | 06-DEC-2021 10:57 AM |
|---|---|---|---|---|
| **Documents:** | Defendant Renewed Motion to Compel Plaintiff Discovery Responses_12.6.21 (efile).pdf | | | |
| **Docket Entry:** | 62-21120962 RENEWED MOTION TO COMPEL DISCOVERY RESPONSES OF PLAINTIFF. CERTIFICATION DUE DATE: 12/13/2021. RESPONSE DATE: 12/20/2021. (FILED ON BEHALF OF TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA) | | | |

| 06-DEC-2021 11:02 AM | DISCOVERY MOTION FILED | GREENSPAN, LESLIE M | | 06-DEC-2021 11:08 AM |
|---|---|---|---|---|
| **Documents:** | Defendant Renewed Motion to Compel Plaintiff Deposition_12.6.21 (efile).pdf | | | |
| **Docket Entry:** | 69-21120969 RENEWED MOTION TO COMPEL THE DEPOSITION OF PLAINTIFF. CERTIFICATION DUE DATE: 12/13/2021. RESPONSE DATE: 12/20/2021. (FILED ON BEHALF OF TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA) | | | |

| 13-DEC-2021 08:34 AM | CERT MOTION IS CONTESTED | GREENSPAN, LESLIE M | | 13-DEC-2021 09:42 AM |
|---|---|---|---|---|

| Documents: | Ploeger - Certification to mark as contestd MTC Deposition directed to Plaintiff (efile).pdf | | | |
|---|---|---|---|---|
| **Docket Entry:** | 69-21120969 MOTION IS CONTESTED. (FILED ON BEHALF OF TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA) | | | |

| 13-DEC-2021 08:38 AM | CERT MOTION IS CONTESTED | GREENSPAN, LESLIE M | | 13-DEC-2021 09:43 AM |
|---|---|---|---|---|
| **Documents:** | Ploeger - Certification to mark as contestd MTC Discovery Responses(efile).pdf | | | |
| **Docket Entry:** | 62-21120962 MOTION IS CONTESTED. (FILED ON BEHALF OF TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA) | | | |

| 14-DEC-2021 02:32 PM | REMOVED FROM DEFERRED STATUS | | | 14-DEC-2021 12:00 AM |
|---|---|---|---|---|
| **Docket Entry:** | *none.* | | | |

| 22-DEC-2021 11:26 AM | MOTION ASSIGNED | | | 22-DEC-2021 11:26 AM |
|---|---|---|---|---|
| **Docket Entry:** | 62-21120962 DISCOVERY MOTION FILED ASSIGNED TO JUDGE: SHREEVES-JOHNS, K . ON DATE: DECEMBER 22, 2021 | | | |

| 22-DEC-2021 11:26 AM | MOTION ASSIGNED | | | 22-DEC-2021 11:26 AM |
|---|---|---|---|---|
| **Docket Entry:** | 69-21120969 DISCOVERY MOTION FILED ASSIGNED TO JUDGE: SHREEVES-JOHNS, K . ON DATE: DECEMBER 22, 2021 | | | |

| 28-DEC-2021 12:28 PM | ORDER ENTERED/236 NOTICE GIVEN | SHREEVES-JOHNS, K | | 28-DEC-2021 12:28 PM |
|---|---|---|---|---|
| **Documents:** | ORDER_134.pdf | | | |
| **Docket Entry:** | 62-21120962 AND NOW, THIS 27TH DAY OF DECEMBER, 2021 UPON CONSIDERATION OF THE RENEWED MOTION OF DEFENDANT, THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, TO COMPEL THE DISCOVERY RESPONSES OF PLAINTIFF, IT IS HEREBY ORDERED AND DECREED THAT DEFENDANT'S MOTION IS GRANTED... BY THE COURT: SHREEVES-JOHNS,J. 12/28/21 | | | |

| 28-DEC-2021 12:28 PM | NOTICE GIVEN UNDER RULE 236 | | | 28-DEC-2021 02:52 PM |
|---|---|---|---|---|
| **Docket Entry:** | NOTICE GIVEN ON 28-DEC-2021 OF ORDER ENTERED/236 NOTICE GIVEN ENTERED ON 28-DEC-2021. | | | |

| 28-DEC-2021 12:29 PM | ORDER ENTERED/236 NOTICE GIVEN | SHREEVES-JOHNS, K | | 28-DEC-2021 12:29 PM |
|---|---|---|---|---|
| Documents: | ORDER_135.pdf | | | |
| Docket Entry: | 69-21120969 AND NOW, THIS 27TH DAY OF DECEMBER, 2021 UPON CONSIDERATION OF THE RENEWED MOTION OF DEFENDANT, THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, TO COMPEL THE DEPOSITION OF PLAINTIFF, IT IS HEREBY ORDERED AND DECREED THAT DEFENDANT'S MOTION IS GRANTED... BY THE COURT: SHREEVES-JOHNS, J. 12/28/21 | | | |

| 28-DEC-2021 12:29 PM | NOTICE GIVEN UNDER RULE 236 | | | 28-DEC-2021 02:52 PM |
|---|---|---|---|---|
| Docket Entry: | NOTICE GIVEN ON 28-DEC-2021 OF ORDER ENTERED/236 NOTICE GIVEN ENTERED ON 28-DEC-2021. | | | |

| 04-APR-2022 09:30 AM | ENTRY OF APPEARANCE | HARRIS, MART | | 04-APR-2022 10:25 AM |
|---|---|---|---|---|
| Documents: | NoA Penn.pdf | | | |
| Docket Entry: | ENTRY OF APPEARANCE OF MART HARRIS FILED. (FILED ON BEHALF OF APRIL PLOEGER) | | | |

| 04-APR-2022 09:30 AM | JURY TRIAL PERFECTED | HARRIS, MART | | 04-APR-2022 10:25 AM |
|---|---|---|---|---|
| Docket Entry: | 12 JURORS REQUESTED. | | | |

| 08-APR-2022 09:21 AM | LISTED FOR SETTLEMENT CONF | | | 08-APR-2022 09:21 AM |
|---|---|---|---|---|
| Docket Entry: | *none.* | | | |

| 12-APR-2022 12:30 AM | NOTICE GIVEN | | | 12-APR-2022 12:30 AM |
|---|---|---|---|---|
| Docket Entry: | OF SETTLEMENT CONFERENCE SCHEDULED FOR 22-APR-2022. | | | |

| 19-APR-2022 11:11 AM | ORDER ENTERED/236 NOTICE GIVEN | SHREEVES-JOHNS, K | | 19-APR-2022 11:11 AM |
|---|---|---|---|---|
| Documents: | ORDER_142.pdf | | | |

| Docket Entry: | 58-21101958 IT IS HEREBY ORDERED THAT THE DEFENDANTS MOTION FOR RECONSIDERATION IS DENIED.. ...BY THE COURT: SHREEVES-JOHNS, JUDGE 4/19/2022 | | | |
|---|---|---|---|---|
| | | | | |
| 19-APR-2022 11:11 AM | NOTICE GIVEN UNDER RULE 236 | | | 19-APR-2022 07:54 PM |
| Docket Entry: | NOTICE GIVEN ON 19-APR-2022 OF ORDER ENTERED/236 NOTICE GIVEN ENTERED ON 19-APR-2022. | | | |
| | | | | |
| 22-APR-2022 10:52 AM | MOT-FOR EXTRAORDINARY RELIEF | GREENSPAN, LESLIE M | | 22-APR-2022 11:01 AM |
| Documents: | 2022.04.22_UOP Motion for Extraordinary Relief_final.pdf Motion CoverSheet Form | | | |
| Docket Entry: | 53-22043953 MOTION SUBMITTED UNOPPOSED (FILED ON BEHALF OF TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA) | | | |
| | | | | |
| 22-APR-2022 11:49 AM | MOTION ASSIGNED | | | 22-APR-2022 11:49 AM |
| Docket Entry: | 53-22043953 MOT-FOR EXTRAORDINARY RELIEF ASSIGNED TO JUDGE: SHREEVES-JOHNS, K . ON DATE: APRIL 22, 2022 | | | |
| | | | | |
| 26-APR-2022 02:42 PM | REVISED CASE MGMT ORDER ISSUED | | | 26-APR-2022 12:00 AM |
| Documents: | RVCMO_147.pdf | | | |
| Docket Entry: | REVISED CASE MANAGEMENT ORDER - Be advised that the Case Management Order issued for the above-captioned action has been revised as follows: All discovery shall be completed not later than 06-DEC-2021. Plaintiff shall submit expert reports not later than 06-DEC-2021. Defendant shall submit expert reports not later than 03-JAN-2022. All pre-trial motions other than motions in limine shall be filed not later than 04-JUL-2022. A settlement conference will be scheduled any time after 04-JUL-2022. A pre-trial conference will be scheduled at any time after 05-SEP-2022. It is expected that this case shall be ready for trial by 03-OCT-2022. All other terms and conditions on the original Case Management Order will remain in full force and effect. ...BY THE COURT: K SHREEVES-JOHNS, J. | | | |
| | | | | |
| 26-APR-2022 02:42 PM | NOTICE GIVEN UNDER RULE 236 | | | 27-APR-2022 08:44 PM |
| Docket Entry: | NOTICE GIVEN ON 27-APR-2022 OF REVISED CASE MGMT ORDER ISSUED ENTERED ON 26-APR-2022. | | | |
| | | | | |
| 26-APR-2022 02:45 PM | ORDER ENTERED/236 NOTICE GIVEN | SHREEVES-JOHNS, K | | 26-APR-2022 02:45 PM |

| Documents: | ORDER_146.pdf | | | |
|---|---|---|---|---|
| **Docket Entry:** | 53-22043953 IT IS HEREBY ORDERED AND DECREED THAT SAID MOTION FOR EXTRA RELIEF IS GRANTED. IT IS FURTHER ORDERED THAT FOR GOOD CAUSE SHOWN AND BASED ON EXTRAORDINARY CIRCUMSTANCES THE DISPOSITIVE MOTION DEADLINE AND TRIAL DEADLINES ARE HEREBY EXTENDED BY 240 DAYS.. SEE ORDER FOR COMPLETE TERMS?BY THE COURT: SHREEVES-JOHNS, JUDGE 4/26/2022 | | | |

| 26-APR-2022 02:45 PM | NOTICE GIVEN UNDER RULE 236 | | | 27-APR-2022 09:38 PM |
|---|---|---|---|---|
| **Docket Entry:** | NOTICE GIVEN ON 27-APR-2022 OF ORDER ENTERED/236 NOTICE GIVEN ENTERED ON 26-APR-2022. | | | |

| 03-MAY-2022 03:04 PM | DISCOVERY MOTION FILED | GREENSPAN, LESLIE M | | 03-MAY-2022 03:18 PM |
|---|---|---|---|---|
| **Documents:** | 2022.05.03_Ploeger v. UOP_Defendant Motion for Sanctions.pdf<br>Exhibits to MFS against Pltf. 5.3.2022.pdf | | | |
| **Docket Entry:** | 07-22050807 MOTION FOR SANCTIONS. CERTIFICATION DUE DATE: 05/10/2022. RESPONSE DATE: 05/17/2022. (FILED ON BEHALF OF TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA) | | | |

| 10-MAY-2022 02:15 PM | ANSWER (MOTION/PETITION) FILED | HARRIS, MART | | 10-MAY-2022 03:00 PM |
|---|---|---|---|---|
| **Documents:** | Sanctions Response.pdf | | | |
| **Docket Entry:** | 07-22050807 ANSWER/RESPONSE IN OPPOSITION TO MOTION/PETITION. (FILED ON BEHALF OF APRIL PLOEGER) | | | |

| 10-MAY-2022 02:32 PM | CERT MOTION IS CONTESTED | GREENSPAN, LESLIE M | | 10-MAY-2022 03:06 PM |
|---|---|---|---|---|
| **Documents:** | 2022.05.10_Praecipe for Contested Discovery Motion (Control No. 807)_final.pdf | | | |
| **Docket Entry:** | 07-22050807 MOTION IS CONTESTED. (FILED ON BEHALF OF TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA) | | | |

| 19-MAY-2022 09:06 AM | LISTED FOR DISCOVERY HEARING | | | 19-MAY-2022 09:06 AM |
|---|---|---|---|---|
| **Docket Entry:** | 07-22050807 DISCOVERY MOTION FILED SCHEDULED FOR A HEARING ON JUNE 01, 2022 AT 01:00 PM IN REMOTE HEARING VIA ADVANCED COMMUN. TECH. | | | |

| 21-MAY-2022 | NOTICE GIVEN-DISCOVERY | | | 21-MAY-2022 |
|---|---|---|---|---|

| 12:26 AM | HEARING | | | 12:26 AM |
|---|---|---|---|---|
| **Docket Entry:** | *none.* | | | |
| | | | | |
| 08-JUN-2022 07:17 AM | STIPULATION FILED | HARRIS, MART | | 08-JUN-2022 01:35 PM |
| **Documents:** | 4AC Stip Signed.pdf<br>4AC to FILE.pdf | | | |
| **Docket Entry:** | STIPULATION TO FILE FOURTH AMENDED COMPLAINT FILED. (FILED ON BEHALF OF APRIL PLOEGER) | | | |
| | | | | |
| 08-JUN-2022 01:32 PM | ORDER ENTERED/236 NOTICE GIVEN | KENNEDY, SEAN F | | 08-JUN-2022 01:32 PM |
| **Documents:** | ORDER_155.pdf | | | |
| **Docket Entry:** | 07-22050807 IT IS HEREBY ORDERED THAT THE MOTION FOR SANCTIONS FILE DBY DEFENDANT, THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA IS GRANTED. IT IS FURTHER ORDERED THAT: PLAINTIFF'S SHALL PROVIDE TO DEFENDANT'S INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS WITHIN 20 DAYS OF THE DOCKETING OF THIS ORDER AND APPEAR FOR DEPOSITION WITHIN 40 DAYS BY ZOOM..................BY THE COURT: KENNEDY, J. 06/02/2022 | | | |
| | | | | |
| 08-JUN-2022 01:33 PM | NOTICE GIVEN UNDER RULE 236 | | | 09-JUN-2022 10:07 AM |
| **Docket Entry:** | NOTICE GIVEN ON 09-JUN-2022 OF ORDER ENTERED/236 NOTICE GIVEN ENTERED ON 08-JUN-2022. | | | |
| | | | | |
| 12-JUN-2022 08:07 AM | SETTLEMENT CONF COMPLETED | SHREEVES-JOHNS, K | | 12-JUN-2022 08:07 AM |
| **Docket Entry:** | *none.* | | | |

# EXHIBIT 11

**TUCKER LAW GROUP, LLC**
Joe H. Tucker, Jr., Esquire (#56617)
Leslie Miller Greenspan, Esquire (#91639)
Dimitrios Mavroudis, Esquire (#93773)
Ten Penn Center
1801 Market Street, Suite 2500
Philadelphia, PA  19103
(215) 875-0609
jtucker@tlgattorneys.com
lgreenspan@tlgattorneys.com
dmavroudis@tlgattorneys.com

**ATTORNEYS FOR DEFENDANT,
THE TRUSTEES OF THE UNIVERSITY
OF PENNSYLVANIA**

| | |
|---|---|
| April Ploeger, | : |
| | : **PHILADELPHIA COUNTY** |
| Plaintiff, | : **COURT OF COMMON PLEAS** |
| | : |
| v. | : **MARCH TERM 2020** |
| | : |
| Trustees of the University of Pennsylvania, et al | : **No:  2766** |
| | : |
| | : |
| Defendants. | : |

**NOTICE OF FILING OF NOTICE OF REMOVAL**

**To the Prothonotary:**

Pursuant to 28 U.S.C. § 1446(d), notice is hereby given that on June 17, 2022, Defendant, The Trustees of the University of Pennsylvania, filed the attached Notice of Removal in the United States District Court for the Eastern District of Pennsylvania to remove the above-captioned action from this Court, where it is currently pending,

to Federal Court in the Eastern District of Pennsylvania, under Civil Action Number _____.


                        Respectfully submitted,

                        **TUCKER LAW GROUP, LLC**

Date:  June __, 2022           <u>/s/ Leslie Miller Greenspan</u>
                        Joe H. Tucker, Jr., Esquire
                        Leslie Miller Greenspan, Esquire
                        Dimitrios Mavroudis, Esquire
                        Ten Penn Center
                        1801 Market Street, Suite 2500
                        Philadelphia, PA 19103
                        (215) 875-0609

                        Attorneys for Defendant,
                        The Trustees of the University of Pennsylvania

## **CERTIFICATE OF COMPLIANCE**

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania, Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

**TUCKER LAW GROUP, LLC**

Dated:   June __, 2022                    /s/ Leslie Miller Greenspan
                                          Leslie Miller Greenspan, Esquire

## **CERTIFICATE OF SERVICE**

I, Leslie M. Greenspan, Esquire, hereby certify that on June ___, 2022, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

**TUCKER LAW GROUP, LLC**

Dated:   June ___, 2022

/s/ Leslie Miller Greenspan
Leslie Miller Greenspan, Esquire