

November 25, 2024

<u>**Via ECF**</u>
The Honorable Joel H. Slomsky
United States District Court
5614 James A. Byrne United States Courthouse
601 Market Street
Philadelphia, PA 19106

RE:    **April Ploeger v. The Trustees of the University of**
       <u>**Pennsylvania, E.D. Pa., No. 2:22-cv-02389-JHS**</u>

Dear Judge Slomsky:

I write on behalf of the Defendant, The Trustees of the University of Pennsylvania, to alert the Court to an issue with respect to our experts' evaluations of Plaintiff that necessitates a further extension of the expert deadlines in this case.

We scheduled evaluations of Plaintiff with our two experts - Dr. Alexis Beattie, a psychiatrist, and Amanda Sizemore, a vocational expert – for October 17 and October 29, 2024, respectively.  (A copy of my Oct. 16, 2024 email is attached as Exhibit 1.)  These evaluations were scheduled virtually for Plaintiff's convenience, although in-person evaluations were preferred.  The instructions for each evaluation were included in this email, including the need for Plaintiff to use a laptop/computer for the vocational evaluation and not a cell phone.  (<u>Id.</u>)

On October 17, the day of Plaintiff's evaluation by Dr. Beattie, Plaintiff refused to turn on her camera. Therefore, Dr. Beattie was relegated to evaluating Plaintiff without the ability to even see her or observe her.  These are obviously less than ideal circumstances for a psychiatric evaluation.

Following the evaluation by Dr. Beattie, I emailed Plaintiff's counsel to address the issue of Plaintiff's refusal to put on her camera.  Although Plaintiff's counsel did not agree that Plaintiff "refused" to put on her camera, he understood that we were expecting Plaintiff to put her camera on for the vocational evaluation scheduled for October 29.  (A copy of this email exchange from Oct. 17 is attached as Exhibit 2.)

On October 29, at 11:52 a.m., Plaintiff's counsel emailed me to cancel the vocational evaluation due to a "flareup" of Plaintiff's auto-immune condition.  This cancellation was approximately one hour before the evaluation was scheduled to begin.  Nonetheless, we rescheduled the evaluation to November 13, 2024. I once again reminded Plaintiff's counsel of the requirements for the vocational evaluation, including that Plaintiff needed a laptop and not just a cell phone to complete the vocational evaluation.  (A copy of this email exchange from Oct. 29-Nov. 6, 2024 is attached as

*"Making Results Happen"*
*Ten Penn Center • 1801 Market Street, Suite 2500 • Philadelphia, PA 19103*
*Tel 215.875.0609 • Fax 215.559.6209*
<u>*www.tlgattorneys.com*</u>

The Honorable Joel H. Slomsky
November 25, 2024
Page 2


Exhibit 3.)  I also noted the late cancellation fee, twice.  (<u>See</u> Exhibit 3; <u>see also</u> email of Nov. 11, 2024, attached as Exhibit 4.)

Nonetheless, on November 13, Plaintiff appeared for her virtual vocational evaluation via cell phone.  She and her counsel claimed that they did not know that she was required to have a laptop/computer, despite having received multiple notices that a laptop/computer was necessary to complete the testing.  As a result, Ms. Sizemore was unable to complete the evaluation.  At least another two hours are necessary to complete the evaluation and testing.

Given Plaintiff's delays and obstructions, we respectfully request a further extension of the expert deadlines in this case.  We respectfully request 30 more days to complete Plaintiff's evaluation(s), thereby extending the deadlines as follows:

|  | Current Deadline, per ECF Doc. 33 | New Proposed Deadline |
| --- | --- | --- |
| Expert Reports | Dec. 2, 2024 | Jan. 2, 2024 |
| Rebuttal Expert Reports | Dec. 16, 2024 | Jan. 16, 2024 |
| Expert Depositions | Dec. 29, 2024 | Jan. 30, 2024 |


No other pretrial deadlines should be impacted by the extension of the expert deadlines, although, in candor, Plaintiff's counsel and I are discussing a forthcoming joint request to postpone the final pretrial conference and trial due to scheduling conflicts.

I have emailed Plaintiff's counsel multiple times to obtain his position on this request to extend the expert deadlines, but he has not provided his position as of the time of this submission.


Respectfully yours,

Leslie Miller Greenspan

Leslie Miller Greenspan

cc:    Mart Harris, Esquire (via email)