# EXHIBIT 1

*SENT IN WORD FORMAT TO PLAINTIFF'S COUNSEL ON 02.05.2025 TO REFLECT PLAINTIFF'S COUNSEL'S PREVIOUS EDITS*

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| APRIL PLOEGER, | : |
| Plaintiff, | : CIVIL ACTION |
| v. | : No. 2:22-cv-2389-JHS |
| THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, | : |
| Defendant. | : |

**OBJECTIONS OF DEFENDANT, THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, TO PLAINTIFF'S NOTICE OF DEPOSITION PURSUANT TO FED. R. CIV. P. 30(b)(6) AND NOTICE OF SCHEDULE OF DOCUMENTS DIRECTED TO <u>DEFENDANT PURSUANT TO FED. R. CIV. P. 30(b)(2).</u>**

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Defendant, The Trustees of the University of Pennsylvania ("Defendant" or "Penn"), by and through its undersigned counsel, hereby serves the following objections and responses to Plaintiff's Notice of Deposition and "Notice of Schedule of Documents" directed to Defendant.

Counsel for the parties met and conferred by telephone on October 2, 2024 and went through each and every deposition topic. Counsel for the parties also met and conferred by telephone on this Notice on December 10 and 12, 2024.

Defendant objects to Plaintiff's Rule 30(b)(6) Notice to the extent the information requested is not known or reasonably available to the organization, as required by Rule 30(b)(6).

Defendant further objects because certain of these topics should be

**Exhibit D-43**

addressed by Fed. R. Civ. P. 33 Interrogatories or Rule 34 Document Requests and not in a Rule 30(b)(6) deposition, as these "topics" request Defendant to "identify" sources, authors, and topics specifically referenced in the documents.

Defendant further objects to Plaintiff's effort to litigate her entire case through a Rule 30(b)(6) deposition.

Defendant further objects because the temporal scope of Plaintiff's Deposition Notice is overbroad, unduly burdensome, disproportionate to the needs of this case, and violative of Rule 30(b)(6).  To the extent Plaintiff's topics go back in time beyond viable claims under the applicable statutes of limitations, Defendant objects.  To the extent the topics include no temporal scope at all, Defendant objects.

Defendant remains willing to further confer with Plaintiff's counsel about the topics addressed herein.

1. The factual foundations for ~~the responses to~~ PENN's written discovery response to interrogatory number 9 ("Please identify the individual(s) who corresponded with Attorney Daniel Larkin…")~~s~~.

> **OBJECTIONS: Defendant objects to this topic to the extent it seeks potentially privileged information.  Defendant further objects because this request is better couched as an interrogatory and will be (and already has been) answered as such.  Subject to and without waiving any objections, Mr. Larkin corresponded with Penn's in-house attorney, Brenda Fraser, and subsequently the undersigned counsel.**

2. The factual foundations for the allegations and defenses made in PENN's pleadings at ECF 13 in paragraphs 43, 44, 49, 50, 52, 54, and 55, as well as

<u>affirmative defenses 3, 7, 8, 9, 24, and 26</u>.

>**OBJECTIONS: Defendant objects to this topic on the grounds that this request is vague, overly broad, and because it seeks potentially privileged information. Defendant further objects to this request because it seeks information that is no longer relevant to Plaintiff's claims in this case. This case is not about a denial of Plaintiff's requests for accommodations. Subject to and without waiving any objections, Defendant produced documents that pertain to Plaintiff's 2016 requests to meet with SDS and SDS's willingness to meet with Plaintiff and set up her accommodations, including, but not limited to the following documents at D_000009, D_000015, D_000862-863, D_000617-619.**
>
>**Defendant produced documents that pertain to Plaintiff's 2018 request to return from leave, including, but not limited to the following documents at D_000198-200, as well as written correspondence to Plaintiff regarding what steps she would have to take to return, at D_001382, D_000879, D_0000655, D_000766-68.**
>
>**Defendant produced documents that pertain to correspondence between Plaintiff's attorney and Penn, including, but not limited to the following documents at LARKIN_0001-92.**
>
>**Defendant produced documents that pertain to Plaintiff's 2021 request to return from leave, including, but not limited to the following documents: D_000205-206, D_000170, D_000102-103, D_000095, D_000778.**
>
>**Defendant produced documents that pertain to Plaintiff 2022 request to return from leave, including but not limited to the following documents: D_000207-209, D_000102, D_000066, D_000174-75, D_000792. Defendant produced documents that pertain to Plaintiff's outstanding fees that she owed to Defendant, including but not limited to the following documents: D_000074-75, 77-78, D_000095, D_000602-3, D_000948-49, D_000965-67, D_000971-975, D_000977-981, D_000803-814.**
>
>**Plaintiff herself produced documents responsive to this request, at TLFPLOEGER-1, 281.**
>
>**Penn reserves the right to amend this response.**

3. PENN's process of determining what if any ADA accommodations are

given to students from ~~PLOEGER's matriculation through the present~~<span style="color:red">2015-2020</span>.

> **OBJECTIONS: Defendant objects to this topic because it seeks information that is not relevant to Plaintiff's claims in this case. This case is not about what ADA accommodations were given to other students during Plaintiff's matriculation at the University, or even the grant or denial of accommodations to Plaintiff herself. Defendant further objects on the basis that this request is overbroad, unduly burdensome, and disproportionate to the needs of this case. Defendant further objects to the extent this request seeks potentially privileged information. Penn further objects to the time frame of this request, as overbroad, unduly burdensome, and disproportionate to the needs of this case, which focuses on alleged retaliation in or after 2020. Penn further objects to this request as overbroad, as it seeks information about "students" in general and not to Plaintiff specifically. Subject to and without waiving any objections, Defendant produced documents relevant to this request, including but not limited to the policy documents produced at D_000114-138.**

4. Any adjustments PENN made to requests for ADA accommodations and leave of absence policies and procedures due to COVID-19. <span style="color:red">*[Defense counsel agreed to find out if COVID-19 had any impact.]*</span>

> **OBJECTIONS: Defendant objects to this topic on the basis that it is vague as to the word "adjustments." Defendant further objects because this request seeks information that is not relevant to Plaintiff's claims in this case. This case is not about any changes to the ADA policies and procedures during the COVID-19 epidemic, nor does it concern Plaintiff's or other students' requests for ADA accommodations and leaves of absence due to COVID-19. Subject to and without waiving any objections, it is counsel's understanding that COVID-19 did not impact Penn's policies in this regard.**

5. PENN's determination of ADA accommodation requests of PLOEGER and the handling of PLOEGER's requested accommodations.

> **OBJECTIONS: Defendant objects to this topic because it seeks information that is not relevant to Plaintiff's claims in this case. This case is not about the grant or denial of any of Plaintiff's ADA accommodation requests. Defendant further objects to this request on the basis that it is vague as to the phrase, "handling of Ploeger's requested accommodations." Defendant further objects to this**

4

request on the grounds that many of the individuals who may have knowledge of this topic are no longer employed by the University, and therefore, some portion of the subject matter is not known or reasonably knowable.

6. ~~PENN's knowledge of and policies related to Title IX and its anti-retaliation provisions and h~~How PENN monitors and enforces the anti-retaliation provisions of Title IX.  *[Note: Plaintiff limited this topic to 2020 forward.]*

> **OBJECTIONS: Defendant objects to this topic because it seeks information that can be gleaned from Defendant's written policies related to Title IX and its anti-retaliation provisions, which is a less intrusive, less burdensome, less expensive, and less time-intensive manner of obtaining the information sought.**

7. How PENN monitors and enforces the anti-retaliation provisions of the ADA.  *[Note: Plaintiff limited this topic to 2020 forward.]*

> **RESPONSE: Defendant objects to this topic because it seeks information that can easily be gleaned from Defendant's written policies related to ADA and its anti-retaliation provisions, which is a less intrusive, less burdensome, less expensive, and less time-intensive manner of obtaining the information sought.**

~~7~~8. PENN's use of "collection holds" of the type referenced at Bates D102. Further, pursuant to Rule 30b2, produce at the deposition all policies and procedures regarding the use of "collection holds" as well as "collection hold" documents regarding or relating to PLOEGER.  *Defense counsel agreed to identify the policies, which may eliminate the need for this topic. Plaintiff's counsel still requests questions on these documents as necessary.*

> **OBJECTIONS: Defendant objects to this topic on the grounds that this request related to "collection holds" is overly broad in that it is without any temporal limitation, and therefore unduly burdensome and disproportionate to the needs of this case.  Defendant further objects on overbreadth grounds, in that this request presumably encompasses the University's general "use of 'collection holds'"**

5

**without reference to Plaintiff specifically.**

**Regarding Plaintiff's request for policies and procedures regarding the "use of collection holds", Defendant produced the Leave of Absence Checklist Policy at D_000158-159, which details that "Students who have been placed on financial hold by the Student Financial Services office must resolve these issues and have the hold cleared before August 1 for a fall return, December 1 for a spring return and May 1 for a summer return." With respect to "collection hold" documents related to Plaintiff, documents were produced detailing Plaintiff's outstanding financial liabilities, including but not limited to: D_000074-75, 77-78, D_000095, D_000602-3, D_000948-49, D_000965-67, D_000971-975, D_000977-981, D_000803-814.**

8.9.    Each of PLOEGER's leaves of absences and returns or attempted returns from leaves of absences. This includes the processing and approving and/or disapproving of PLOEGER taking leave and also the same for her returning from leave on dates: September 1, 2006, Fall 2007, November 8, 2007, Fall 2008. February 13, 2009, January 12, 2012, Fall 2012, October 11, 2012, Spring 2013, February 14, 2013, Fall 2013, September 26, 2013, Spring 2015, February 9, 2015, Spring 2016, February 25, 2016, May 21, 2018, and any requests to return since May 21, 2018. Further, pursuant to Rule 30b2, produce at the deposition all documents regarding PLOEGER's taking leave from PENN and returning to PENN from leave regardless of whether PLOEGER successfully took leave or returned from leave. *[Parties agreed to circle back on this topic.]*

> **OBJECTIONS: Defendant objects to this topic on overbreadth, burden, disproportionality, and relevance, as far as this proposed topic going back to 2006, and the only remaining two claims of retaliation purportedly occurring in or after 2020. Defendant further objects to this topic on the grounds that the information requested in this topic is not known or reasonably knowable by Defendant due to many of the individuals who may have had knowledge of this topic no longer being employed by the University. Defendant further objects to this topic on relevance grounds because whether Penn**

> processed, approved, and/or disapproved Plaintiff's various leaves of absence is not relevant to the two remaining retaliation claims.
>
> Regarding the request for documents regarding Plaintiff's taking leave from and returning to Penn, a summary of some of Plaintiff's requests to return and denials of the same can be found in response to Plaintiff's Request No.2, and in the following documents, previously produced at D_000948-949, D_000803-814, and also detailed in Defendants' Response to Plaintiff's Requests for Admission.

    ~~9.~~10.    PLOEGER's financial responsibilities regarding her attendance at PENN. Further, pursuant to Rule 30b2 produce at the deposition all documents regarding PLOEGER's financial standing with Penn to include account statements, notices, ledgers, and communications regarding PLOEGER's financial standing. **[Defense counsel agreed to look into whether and/or where these are produced.]**

> **OBJECTIONS:** Defendant objects to this topic on the grounds that this request is vague as to the phrase "financial responsibilities." Defendant further objects to this topic on the grounds that the information requested in this topic is not known or reasonably knowable by Defendant due to many of the individuals who may have had knowledge of this topic no longer being employed by the University. Subject to and without waiving any objections, regarding the request for all documents regarding Plaintiff's "financial standing with Penn," many of these documents have previously been produced, including, but not limited to the following documents: D_000074-75, 77-78, D_000095, D_000602-3, D_000948-49, D_000965-67, D_000971-975, D_000977-981, D_000803-814.

    ~~10.~~11.  All information concerning PLOEGER's financial accounts with PENN, to include loans, scholarships, insurance, tuition, fees, grants, and other financial interactions with or involving PENN. **Defense counsel agreed to look into whether and/or where these are produced.**

> **OBJECTIONS:** Defendant objects to this topic as overbroad, vague, and unduly burdensome as to the phrase "financial accounts with

7

> Penn." Defendant further objects to this topic on the grounds that the information requested in this topic is not known or reasonably knowable by Defendant due to many of the individuals who may have had knowledge of this topic no longer being employed by the University. Subject to and without waiving any objections, Defendant has previously produced "information concerning Ploeger's financial accounts with Penn" including, but not limited to the following documents: D_000074-75, 77-78, D_000095, D_000602-3, D_000948-49, D_000965-67, D_000971-975, D_000977-981, D_000803-814.

11.12. PENN's office of Student Health and Counseling's interactions with and treatment of PLOEGER. *Defense counsel agreed to look into whether and/or where these are produced.*

> **OBJECTIONS:** Defendant objects to this topic on the grounds that the information requested in this topic is not known or reasonably knowable by Defendant due to many of the individuals who may have had knowledge of this topic no longer being employed by the University. Subject to and without waiving any objections, Defendant has previously produced Student Health and Counseling documents, including but not limited to the following range: D_001256-1384.

12.13. Interactions between PENN and Campus Products & Services and any other financial aid provider regarding PLOEGER. Further, pursuant to Rule 30b2, produce at the deposition all communications between PENN and Campus Products & Services regarding PLOEGER. *Defense counsel agreed to look into whether and/or where these are produced.*

> **OBJECTIONS:** Defendant objects to this topic on the grounds that this request is overly broad in that it requests interactions between Penn and third parties, which documents may not be in Defendant's possession or may be equally available to Plaintiff. Defendant objects to this topic on the grounds that the information requested in this topic is not known or reasonably knowable by Defendant due to many of the individuals who may have had knowledge of this topic

8

no longer being employed by the University.  Subject to and without waiving any objections, regarding the request for all communications between Penn and Campus Products & Services, all such documents have previously been produced, including but not limited to the following: D_000067, 880-884, 977-981, 1046-1049, 1126-1130.

13.14.  The determination of the amounts owed by PLOEGER to PENN found at Bates D65-66, 93-95, 102, 571, 579, 581, 879-884, 896-897, 960, 986-987, 1000-1003, 1045 *Looking for the formula or calculations that gave rise to the numbers on these Bates ranges*

> **OBJECTIONS: Defendant objects to this topic on the basis that it is vague as to the phrase "determination of the amounts owed by Ploeger to Penn."  Defendant further objects to this topic on the grounds that the information requested in this topic is not known or reasonably knowable by Defendant due to many of the individuals who may have had knowledge of this topic no longer being employed by the University.**

14.15.  PENN's interpretation of all produced "DOCUMENT AUDIT TRAIL" forms at Bates D70, D73, and D76.

> **OBJECTIONS: Defendant objects to this topic on the basis that the request is vague as to the phrase "interpretation."  Defendant further objects to this topic on the basis of relevance, as the topic is not related to the two remaining retaliation claims.**

15.16.  PENN's interpretation of the "SAP" policy found at Bates D110-113. *Defense counsel agreed to talk to their client on PENN's interpretation.*

> **OBJECTIONS: Defendant objects to this topic on the basis that the request is vague as to the phrase "interpretation."  Defendant further objects because this request is not relevant to the remaining retaliation claims at issue in this litigation.  Defendant further objects to this topic because it seeks information that can easily be gleaned from Defendant's written SAP policy, which is a less intrusive, less burdensome, less expensive, and less time-intensive manner of obtaining the information sought.**

16.17. PENN's interpretation of the "Reconsideration Process" found at Bates D125-126.  *<u>Defense counsel agreed to talk to their client on PENN's interpretation.</u>*

> **OBJECTIONS: Defendant objects to this topic on the basis that the request is vague as to the phrase "interpretation."  Defendant further objects because this request is not relevant to the remaining retaliation claims at issue in this litigation.  Defendant further objects to this topic because it seeks information that can easily be gleaned from Defendant's written Reconsideration Process policy, which is a less intrusive, less burdensome, less expensive, and less time-intensive manner of obtaining the information sought.**

17.18. PENN's interpretation of the "Withdrawals and Leaves of Absence" policy found at Bates D144-148.  *<u>Defense counsel agreed to talk to their client on PENN's interpretation.</u>*

> **OBJECTIONS: Defendant objects to this topic on the basis that the request is vague as to the phrase "interpretation."  Defendant further objects because this request is not relevant to the remaining retaliation claims at issue in this litigation.  Defendant further objects to this topic because it seeks information that can easily be gleaned from Defendant's written policies related to Withdrawals and Leaves of Absence, which is a less intrusive, less burdensome, less expensive, and less time-intensive manner of obtaining the information sought.**

18.19. PENN's interpretation of the "Reduction of Tuition and Fees Policy" found at Bates D148-150.  *<u>Defense counsel agreed to talk to their client on PENN's interpretation.</u>*

> **OBJECTIONS: Defendant objects to this topic on the basis that the request is vague as to the phrase "interpretation."  Defendant further objects because this request is not relevant to the remaining retaliation claims at issue in this litigation.  Defendant further objects to this topic because it seeks information that can easily be gleaned from Defendant's Reduction of Tuition and Fees Policy, which is a less intrusive, less burdensome, less expensive, and less time-**

**intensive manner of obtaining the information sought.**

**19 20.   PENN's interpretation of the "Unofficial Withdrawal Policy" found at Bates D151-152.   *Defense counsel agreed to talk to their client on PENN's interpretation.***

**OBJECTIONS: Defendant objects to this topic on the basis that the request is vague as to the phrase "interpretation."  Defendant further objects because this request is not relevant to the remaining retaliation claims at issue in this litigation.  Defendant further objects to this topic because it seeks information that can easily be gleaned from Defendant's Unofficial Withdrawal Policy, which is a less intrusive, less burdensome, less expensive, and less time-intensive manner of obtaining the information sought.**

**20 21.   PENN's interpretation of the "Return of Funds Policy" found at Bates D154-156.   *Defense counsel agreed to talk to their client on PENN's interpretation.***

**OBJECTIONS: Defendant objects to this topic on the basis that the request is vague as to the phrase "interpretation."  Defendant further objects because this request is not relevant to the remaining retaliation claims at issue in this litigation.  Defendant further objects to this topic because it seeks information that can easily be gleaned from Defendant's written policies related to Return of Funds, which is a less intrusive, less burdensome, less expensive, and less time-intensive manner of obtaining the information sought.**

**21 22.   PENN's interpretation of the document at Bates D885.**

**OBJECTIONS: Defendant objects to this request on the basis that the request is vague as to the phrase "interpretation of the document…" Defendant further objects to this request on the grounds that this request seeks potentially privileged information.  Defendant further objects to the extent the information requested is not known or reasonably available to the organization, as required by Rule 30(b)(6), due to the passage of time and employee turn-over.**

**22 23.   PENN's interpretation of the document at Bates D948-949.**

**OBJECTIONS: Defendant objects to this request on the basis that the**

request is vague as to the phrase "interpretation of the document…" Defendant further objects to this request on the grounds that this request seeks potentially privileged information.  Defendant further objects to the extent the information requested is not known or reasonably available to the organization, as required by Rule 30(b)(6), due to the passage of time and employee turn-over.

23.24.   PENN's interpretation of the document at Bates D1988.

**OBJECTIONS: Defendant further objects to this request on the basis that the request is vague as to the phrase "interpretation of the document…"  Defendant further objects to this request on the grounds that this request seeks potentially privileged information. Defendant further objects to the extent the information requested is not known or reasonably available to the organization, as required by Rule 30(b)(6), due to the passage of time and employee turn-over.**

24.25.   All policies and procedures regarding the scheduling, conducting, recording, analyzing information, and making decisions in "Return from Leave" meetings as that term is used at Bates D2015. *Defense counsel agreed to talk to their client about how meeting itineraries were scheduled, recorded, and what the rubric was for analysis and decisions.*

**OBJECTIONS: Defendant objects to this request because this request is vague in what exactly it is requesting.  Subject to and without waiving any objections, Penn already produced the policies referenced in this request.**

25.26.   All information and analysis that led to the determination that PLOEGER must conduct the two tasks identified by hash dots at Bates D785.

**OBJECTIONS: Defendant objects to this request on the basis that the request is overbroad, unduly burdensome, and disproportionate to the needs of this case to the extent it requires "all information and analysis."**

26.27.   The terms and conditions of PLOEGER's Trustee's Scholarship that she received from PENN. Further, pursuant to Rule 30b2, produce at the deposition all

policies and procedures regarding the Trustee's Scholarship, PLOEGER's receipt of same, and all communications regarding PLOEGER's Trustee's Scholarship as well as same for any other financial aid PLOEGER received. ***Defense counsel agreed to look into a Bates range where these are produced.***

> **OBJECTIONS: Defendant objects to this topic on the basis of relevance, as Plaintiff's scholarship is not related to the remaining two retaliation claims. Defendant further objects to the portion of this topic seeking "all" policies and procedures regarding the Trustee's Scholarship as vague as it is unclear what policies and procedures Plaintiff would be referring to. Defendant further objects to Plaintiff's request for "Ploeger's receipt of the same" for the same reasons. Subject to and without waiving any objections, all such documents have previously been produced, including but not limited to the following: D_000581-582; 840-42; 896-897; 927-28; 948-949; 1018-1019.**

27 28.  The terms and conditions of PENN's "all grant financial aid program" referenced at Bates D581. Further, pursuant to Rule 30b2, produce at the deposition all policies and procedures regarding the "all grant financial aid program" and its application to PLOEGER in light of the Trustee's Scholarship.

> **OBJECTIONS: Defendant objects to the portion of this topic requesting "all" policies and procedures regarding the "all grant financial aid program" as vague, as it is unclear what policies and procedures Plaintiff would be referring to. Defendant further objects to the extent the information requested is not known or reasonably available to the organization, as required by Rule 30(b)(6), due to the passage of time and employee turn-over. Subject to and without waiving any objections, Defendant already has produced documents responsive to and related to this topic, at D_840-842, 927, and 948-949.**

28 29.  The information that PENN believes is possessed by its Student Registration and Financial Services office as referenced in its Rule 26(a)(1)(A)(i) Disclosure Number 5. ***This topic can be provisionally dropped, pending the***

13

*deposition of Matthew Sessa.*

**OBJECTIONS: Defendant objects to any request for deposition that was made by Plaintiff after the discovery deadline of October 4, 2024, as set forth in the Court's Scheduling Order (doc. 25), including the deposition of Matthew Sessa.**

~~29~~30.  The information that PENN believes is possessed by its Student Disability Services office as referenced in its Rule 26(a)(1)(A)(i) Disclosure Number 3. *This topic can be provisionally dropped, pending the deposition of Susan Shapiro.*

**OBJECTIONS: Defendant objects to any request for deposition that was made by Plaintiff after the discovery deadline of October 4, 2024, as set forth in the Court's Scheduling Order (doc. 25), including the deposition of Susan Shapiro.**

~~30~~31.  PENN's policies and procedures regarding its unwillingness to offer a loan as indicated on Bates D1022.

**OBJECTIONS: Defendant objects to this request as it misrepresents the document cited, specifically, Defendant's alleged "unwillingness to offer a loan."  Defendant further objects to the extent the information requested is not known or reasonably available to the organization, as required by Rule 30(b)(6), due to the passage of time and employee turn-over.**

~~31~~32.  PENN's actions regarding or in response to the documents found at Bates D51-54, 573-578, 593-595, 615-619, 640-641, 677-678, 681, 701-704, 716-737, 758, 764, 772, 819-829, 835-840, 843-845, 850-851, 877-878, 889-894, 900-906, 926, 958-959, 961, 972-975, 982-985, 1004, 1015, 1020-1021, 1035-1037, 1046, 1055, 1074-1075, 1090- 1093, 1104-1112, 1679, 1700, as well as Bates TLFPLTAP 2202. ~~(attached)~~

**OBJECTIONS: Defendant objects to this request on the grounds that this request is vague in that it is unclear what Plaintiff intends when referencing**

14

**Defendant's "actions regarding or in response to" the documents spanning multiple bates ranges. Defendant further objects to this request as being overly broad in that the request spans multiple topics, without Plaintiff explaining what exactly it is requesting. Defendant further objects because many of the documents cited are not relevant to the remaining retaliation claims at issue in this litigation. Defendant further objects to the extent this request seeks potentially privileged information. Defendant further objects to the extent the information requested is not known or reasonably available to the organization, as required by Rule 30(b)(6), due to the passage of time (some of these requests go back, for instance, to 2007) and employee turn-over.**

|  |  |
|---|---|
|  | **TUCKER LAW GROUP, LLC** |
| Date: February 5, 2025 | /s/ Leslie Miller Greenspan |
|  | Joe H. Tucker, Jr., Esquire |
|  | Leslie Miller Greenspan, Esquire |
|  | Ten Penn Center |
|  | 1801 Market Street, Suite 2500 |
|  | Philadelphia, PA 19103 |
|  | Attorneys for Defendant, The Trustees of the University of Pennsylvania |

## **CERTIFICATE OF SERVICE**

I, Leslie Miller Greenspan, Esquire, hereby certify that a copy of the foregoing document was served via email as follows:

Mart Harris, Esquire
The Trial Law Firm, LLC
Fort Pitt Commons
445 Fort Pitt Boulevard, Suite 220
Pittsburgh, Pennsylvania 15219
mh@tlawf.com

**TUCKER LAW GROUP, LLC**

Dated: February 5, 2025 /s/ Leslie Miller Greenspan
Leslie Miller Greenspan, Esquire