**TUCKER LAW GROUP**

June 5, 2025

**Via ECF**
The Honorable Joel H. Slomsky
United States District Court
5614 James A. Byrne United States Courthouse
601 Market Street
Philadelphia, PA 19106

      RE:    April Ploeger v. The Trustees of the University of Pennsylvania, E.D. Pa., No. 2:22-cv-02389-JHS

Dear Judge Slomsky:

      On behalf of the Defendant, The Trustees of the University of Pennsylvania, I write in response to Plaintiff's letter dated May 30, 2025 (doc. 61) requesting to take yet another deposition, despite the fact that discovery expired nearly 8 months ago.  Having failed to elicit any evidence of retaliation, Plaintiff throws a "Hail Mary" to eke out one more deposition – that of Penn's Vice Provost for University Life at the University of Pennsylvania, Dr. Hikaru Kazuma.

### Plaintiff's Request for the Deposition of Dr. Kozuma

      Plaintiff's purported basis for taking Dr. Kozuma's deposition is Penn's alleged lack of preparedness for its Rule 30(b)(6) depositions.  Plaintiff seeks to know what Dr. Kozuma did in response to a specific email on February 10, 2016 that Plaintiff copied him on and which is attached as Exhibit 1.  The email at issue involves Penn's process of requesting reasonable accommodations, a process in which Dr. Kozuma did not participate in 2016.  Only Penn's Students with Disabilities Services office ("SDS") can grant reasonable accommodations to Penn students.

      As set forth in Penn's Response to Plaintiff's Motion to Compel Discovery (doc. 49), Penn's Rule 30(b)(6) witnesses were more than adequately prepared for their depositions. Rule 30(b)(6) does not require "perfect" knowledge by a corporate representative; it requires an organization such as Penn to testify about "information known or reasonably available to the organization."  Fed. R. Civ. P. 30(b)(6).  See also Private Solutions Inc. v. SCMC, LLC, No. 15-3241 (AET), 2016 U.S. Dist. LEXIS 67696, at **17-18 (D.N.J. May 20, 2026) ("Rule 30(b)(6) does not require perfection and [the witness] provided over 123 pages of usable testimony on several of the noticed topics"), citing cases rejecting requests for sanctions; Russo v. Aerojet Rocketdyne, Inc., No. 18-3024, 2020 U.S. Dist. LEXIS 140208, at *44 n.13 (E.D. Pa. Aug. 6, 2020) ("When deciding a motion requesting additional Rule 30(b)(6) testimony, courts have considered the impact of the passage of time and its effects on the ability of a party to produce the requested information"), citing Barron v. Caterpillar, Inc., 168

The Honorable Joel H. Slomsky
June 5, 2025
Page 2

F.R.D. 175, 177 (E.D. Pa. 1996) (noting that the designated corporate representative was queried regarding events and projects approximately thirty years in the past and stating that "both parties should expect that the inescapable and unstoppable forces of time have erased items from his memory which neither party can retrieve") and <u>Janki Bai Sahu v. Union Carbide Corp.</u>, 528 F. App'x 96, 104 (2d Cir. 2013) (affirming district court finding that denied request for certain Rule 30(b)(6) depositions as unduly burdensome wherein the depositions would have required the defendant to "prepare witnesses to respond to questions regarding events that took place between fifteen and thirty-five years ago. Not only would this be difficult and costly, but the benefit to the Plaintiffs would likely be extremely low: no witness can be expected to provide accurate and detailed accounts of events so far in the past.").

This Court already has heard and addressed this issue in its April 17, 2025 teleconference with counsel for the parties, and the Court made no finding that Penn's Rule 30(b)(6) witnesses were not adequately prepared.

Ryan Miller, Senior Director in the Weingarten Center at Penn, testified that he spent approximately six hours preparing for his deposition. (Miller Dep. at 34:20-22, excerpts of which are attached as Exhibit 2.) Mr. Miller was prepared to answer questions about his designated topics, reviewed materials in advance of his deposition, sought out additional documentation, which was provided to Plaintiff ahead of the deposition, and answered questions based on information known or reasonably available to Penn. Mr. Miller explained why he did not contact Dr. Kozuma ahead of the deposition – because only SDS can grant reasonable accommodations. Dr. Kozuma played (and plays) no role in granting accommodations. (<u>Id.</u> at 157:5-14, 157:25-158:14.) There was no reason for Mr. Miller to contact Dr. Kozuma.

In addition, and without waiver of any privileged information, ahead of this filing, Dr. Kozuma confirmed that he does not remember the email at issue or what he did in response to it, therefore further confirming that allowing Plaintiff to depose Dr. Kozuma would be a colossal waste of time and resources. If the Court wishes for Penn to submit a sworn document of Dr. Kozuma's lack of relevant knowledge, Penn will do so.

### **Plaintiff's Request for Additional Documents**

Plaintiff further asks the Court to compel Penn to produce documents it already has produced. Plaintiff seeks a copy of the paper file from SDS. The undersigned counsel already informed Plaintiff that the entire file has been produced and identified the bates range of that document. There is nothing further to compel; Plaintiff already has a copy of the entire SDS paper file in her possession.

Respectfully yours,

*Leslie Miller Greenspan*
Leslie Miller Greenspan

cc:   Mart Harris, Esquire (via ECF)