IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| APRIL PLOEGER,<br><br>                Plaintiff,<br>v.<br><br>TRUSTEES OF THE UNIVERSITY<br>OF PENNSYLVANIA,<br><br>                Defendant. | CIVIL ACTION<br>NO. 22-02389 |

**ORDER**

**AND NOW**, this 9th day of June 2025, upon consideration of the letter dated May 30, 2025 (Doc. No. 61) filed by Mart Harris, Esquire, counsel for Plaintiff, requesting leave to depose Dr. Hikaru Kozuma and to compel production of documents, and the letter in response dated June 5, 2025 (Doc. No. 62) filed by Leslie Miller Greenspan, Esquire, counsel for Defendant, it is **ORDERED** that the request is **DENIED**.[1]

---

[1] Fact discovery in this case closed on October 4, 2024. In the Seventh Amended Scheduling Order (Doc. No. 38), expert discovery was extended to February 13, 2025. After that deadline passed, this Court on April 17, 2025 afforded Plaintiff the opportunity to depose Susan Shapiro, formerly the Jesselson Director of the Office of Student Disabilities Services at Penn. This allowance was due to what Plaintiff stated was inadequate preparation on the part of another witness, Marcus Ryan Miller, Senior Director in the Weingarten Center at Penn, the Rule 30(b)(6) witness, regarding Defendant's actions when reasonable accommodations are requested. Plaintiff has now requested to depose yet another witness for allegedly the same reason, eight months after the close of fact discovery. This request will be denied for the reasons stated below.

Plaintiff seeks to depose Vice Provost for University Life at the University of Pennsylvania, Dr. Hikaru Kozuma, again based on Defendant's alleged lack of preparedness for its Rule 30(b)(6) deposition of Marcus Ryan Miller on what response Defendant had to a February 10, 2016 email involving Penn's procedures when reasonable accommodations are requested. Dr. Hikaru Kozuma, however, played no role in whether to grant such accommodations in 2016, something that only the Students with Disabilities Services office could grant. (See Doc. No. 62.)

BY THE COURT:

/s/ Joel H. Slomsky, J.
JOEL H. SLOMSKY, J.

---

Furthermore, Defendants' counsel stated in her letter that Dr. Hikaru Kozuma confirmed that he has no recollection of the email at issue:

> In addition, and without waiver of any privileged information, ahead of this filing, Dr. Kozuma confirmed that he does not remember the email at issue or what he did in response to it, therefore further confirming that allowing Plaintiff to depose Dr. Kozuma would be a colossal waste of time and resources. If the Court wishes for Penn to submit a sworn statement of Dr. Kozuma's lack of relevant knowledge, Penn will do so.

(Doc. No. 62 at 2.)

In Marcus Ryan Miller's deposition, he states:

> I don't see in the text or the email any reference to Dr. Kozuma. I can't tell from the email from Dr. Shapiro if he was included on her messages. So, as far as I can see, he's a staff member that the student included in their — as a recipient, but didn't have any other kind of observable role in this communication.

(Doc. No. 62-2 at 4.)  Moreover, when Marcus Ryan Miller was asked if Dr. Kozuma had a role in the determination or handling of Plaintiff's accommodation request, he stated:

> Based on the documentation and the — that is available and the additional documentation that I was able to provide, Weingarten Center staff are the only staff members who are — who coordinate and run — or, like, make determinations about accommodations relating to disability.

(Id. at 3.)  The Weingarten Center is described on Defendant's website as "Penn's Home for Academic Support & Disability Services."

For these reasons, Dr. Hikaru Kozuma's testimony would not provide information relevant to this case and the request to take his deposition will be denied.  Plaintiff also has been provided the relevant file from the Students with Disabilities Services office so the request to compel further documents also will be denied.