IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION

| | |
|---|---|
| **APRIL PLOEGER,** | Case No. 22-2389 |
| Appellant, | |
| v. | **PRETRIAL MEMO** |
| **TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA,** | |
| Appellees. | |

## **MEMO**

### A. Detailed Factual Summary of PLOEGER's Contentions

PLOEGER has several medical conditions, some chronic, which renders her "disabled" pursuant to the ADA. Ploeger had been accepted to PENN in 2006 and had cycled through several leaves through 2008-2009.

Dr. Alexander began treating PLOEGER in 2008. He approved PLOEGER for disability accommodations, more testing time and a quiet place to take her tests. Shortly thereafter, he made sexually inappropriate comments and propositions, which she reported to administrator Sharon Smith. Ms. Smith did not follow up on PLOEGER's complaint. PLOEGER then had numerous leaves through 2011. In 2012, PLOEGER used those accommodations again. She again went on leave through 2014.

In 2015, PLOEGER attempted suicide via pills. In response Dr. Alexander had her prescribed more pills and told her to "go home and do what you have to do." PLOEGER again reported to Ms. Smith, who threatened PLOEGER with arrest. The next day, PLOEGER was summoned to a meeting on campus where she was further threatened. During this meeting, PENN sent its private police force off campus, outside

its jurisdiction to PLOEGER's apartment. They entered without a warrant, and when PLOEGER returned home, the new prescription was missing as were her personal notes about Dr. Alexander's behavior.

A couple weeks later, PLOEGER signed loan documents with PENN, but the money was never actually disbursed to PLOEGER; it went from one PENN account to another PENN account. Shortly thereafter, she went on leave for medical reasons (caused by PENN's response to her report about Dr. Alexander). She returned for the Spring 2016 semester. Her full scholarship was changed in how it functioned. PENN insisted there was no change but have no documentation to support that contention. PLOEGER asked for the same testing accommodations she'd long had, backed by January 2016 medical documentation.

PENN did not respond to PLOEGER, then refused to meet if she brought an advocate or lawyer, refused to conduct the process in writing, then stopped communicating entirely. With midterms missed and no interim accommodations, she took a leave she labeled non-medical and told PENN, twelve separate times, that SDS's ADA violations forced the leave, not any change in her health. After she started threatening OCR complaints and litigation and pressing senior administrators, she says Penn broke from its prior practice: only a 50% tuition adjustment instead of the 100% she'd received on earlier leaves, altered treatment of her outside scholarship, and a run of collection threats.

When she tried to return, PENN moved the goalposts. In August 2017 it sat on her request for more than three weeks, then gave her eleven days to file mental-health forms even though her 2016 leave was expressly non-medical. PENN denied her in August 2017 for missing the documentation deadline; when she reapplied for Spring

2018, Penn first raised "collections" and an advising hold and denied her again in December 2017.

In 2018 Penn withdrew her, then denied return again, first, because of "collections" but then because she'd submitted the "same" form three times in a row. In August of 2018, PENN stated to lift the collections hold, PLOEGER had to pay about $1,400.00. The same pattern, but worse, repeated in 2021 and 2022: PENN again demanded medical documentation even though her leave remained non-medical but the collections hold would not lift until PLOEGER paid almost $15,000.00. The change between 2018 and 2021 and onwards was the lawsuits PLOEGER filed against PENN alleging ADA and Title IX facts.

B. **Witness List and Offers of Proof**

1. April Ploeger. As plaintiff, she will discuss her background, her time at PENN, her interactions with PENN employees and the impact PENN's retaliation had on her.

2. Victor Galli was a witness to PLOEGER's conversation with Susan Smith where PLOEGER was threatened with arrest for reporting Dr. Alexander. Mr. Galli was also with PLOEGER at a meeting with the ombudsman. He can testify as to facts as well as PLOEGER's damages.

3. Joshua Isrealowitz is a former romantic partner and current friend/roommate of PLOEGER. He can testify as to damages.

4. Dr. William Alexander is/was a PENN employee. He sexually harassed and assaulted PLOEGER and was the subject of her complaints to administration giving rise to the Title IX claims. He also signed off on PLOEGER's leave returns and accommodation requests through 2014.

5. Hikaru Kozuma is/was a PENN employee. He received numerous complaints from PLOEGER giving rise to her retaliation claims.

6. Sharon Smith is/was a PENN employee. She received numerous complaints from PLOEGER giving rise to her retaliation claims and also threatened PLOEGER in relation to her complaint about Dr. Alexander.

7. John Stein is/was a PENN employee. He prescribed the medication to PLOEGER after she reported her suicide attempt to Dr. Alexander.

8. Holly Valerio is a private mental health provider PLOEGER used after she was too afraid to use PENN/CAPS.

9. Abby Slakoff was PLOEGER's neighbor of PLOEGER who has knowledge of her struggles with PENN circa 2018.

10. Taylor Nash was a former romantic partner of PLOEGER who has knowledge of her struggles with PENN circa 2016.

11. Matthew Sessa is/was a PENN employee who sent the August 2018 letter indicating the roughly $1,400.00 hold amount.

12. Sharon Pepe is/was a PENN employee who sent the August 2021 letter indicating the roughly $15,000.00 hold amount.

13. Jo Delaney is/was a PENN employee who interacted with PLOEGER regarding financial issues.

14. Elaine Varas is/was a PENN employee who interacted with PLOEGER regarding financial issues. Ms. Varas was one of PENN's Rule 30(b)(6) designees.

15. Heather Hunsberger is/was a PENN employee who interacted with PLOEGER regarding financial issues.

16. Max King is/was a PENN employee who interacted with PLOEGER regarding complaints which gives rise to her retaliation claims.

17. Amy Guttmann is/was a PENN employee who interacted with PLOEGER regarding complaints which gives rise to her retaliation claims.

18. Michelle Brown-Nevers is/was a PENN employee who interacted with PLOEGER regarding financial issues.

19. Daniel Larkin was PLOEGER's former attorney who interacted with PENN and filed the lawsuits underlying these retaliation claims.

20. Susan Shapiro is/was a PENN employee who interacted with PLOEGER regarding disability issues.

21. Gary Purpura is/was a PENN employee who interacted with PLOEGER as her academic advisor. He took numerous complaints about Dr. Alexander, SDS, and financial issues.

22. Janet Harntranft is a private mental health provider PLOEGER used after she was too afraid to use PENN/CAPS.

23. Rachel Talley is a private mental health provider PLOEGER used after she was too afraid to use PENN/CAPS.

24. Joel Karstens is/was a PENN employee who interacted with PLOEGER regarding financial issues.

25. Elizabeth Cairns is/was a PENN employee who interacted with PLOEGER regarding financial issues.

26. Lisa Burton-Grika is/was a PENN employee who interacted with PLOEGER regarding financial issues.

27. Wally Pansing is/was a PENN employee who interacted with PLOEGER as the chair for PLOEGER's return from leave committees. He also was one of the Rule 30(b)(6) designees.

28. Marcus Miller is/was a PENN employee who was one of its Rule 30(b)(6) designees.

### C. Deposition Designations

PLOEGER anticipates calling all witnesses live at trial. Should a witness become unavailable she requests leave to submit designations.

### D. Damages

Compensatory damages to be determined by the jury. Punitive damages to be determined by the jury. Pre and Post judgment interest to be determined by the prevailing rate. Attorney fees and costs to be determined by the Court. PLOEGER further seeks a declaration that she is not required, per PENN's policy, to submit medical documentation to return from leave, and that the amount of her financial hold is limited to the amount identified by Mr. Sessa in his August 2018 letter.

### E. Stipulations

None.

### F. Objections to Defense Evidence

See attached chart.

### G. Anticipated Legal Issues

PENN made numerous discovery productions as late as October/November 2025, well past the discovery deadline. PLOEGER anticipates that the Court will have to address Rule 37 sanctions against PENN.

Respectfully submitted on November 6, 2025

                          **THE TRIAL LAW FIRM, LLC**

**By:**     **/s/Marty Harris**
           Marty Harris, Esquire
           Pa. Id. No. 319504
           445 Fort Pitt Boulevard, Suite 220
           Pittsburgh PA 15219
           412.588.0030 (p)
           412.265.6505 (f)
           MH@TLawF.com
           *Trial Lawyer for April Ploeger*